SHORT RECORD
NO. 25-8004
FILED 02/05/2025

**No. ___**

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

_____

IN RE: TURKEY ANTITRUST LITIGATION

_____

HORMEL FOODS CORPORATION, et al.,

*Petitioners*,

v.

MAPLEVALE FARMS, INC., et al.,

*Respondents*.

On Appeal from the United States District Court for the
Northern District of Illinois,
No. 1:19-cv-08318

_____

**PETITION FOR PERMISSION TO APPEAL UNDER RULE 23(f)**

_____

Colby Anne Kingsbury
FAEGRE DRINKER BIDDLE & REATH
LLP
320 S. Canal Street, #3300
Chicago, IL 60606

Melinda Hudson
FAEGRE DRINKER BIDDLE & REATH
LLP
300 N. Meridian Street, Suite 2500 Street
Indianapolis, IN 46204

Craig S. Coleman
*Counsel of Record*
Emily E. Chow
Anderson Tuggle
FAEGRE DRINKER BIDDLE & REATH
LLP
90 S. Seventh Street, Suite 2200
Minneapolis, MN 55402
(612) 766-7000
craig.coleman@faegredrinker.com

*Counsel for Defendants Hormel Foods Corporation and Hormel Foods, LLC*

February 5, 2025

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. ii

INTRODUCTION ........................................................................................... 1

STATEMENT OF THE CASE ............................................................................ 3

    A.    Factual Background ...................................................................... 3

    B.    Plaintiffs' Supposed Classwide Proof .......................................... 5

    C.    The District Court's Certification Order ....................................... 6

QUESTIONS PRESENTED ............................................................................... 7

STANDARD OF REVIEW ................................................................................ 7

REASONS FOR GRANTING THE PETITION .................................................... 7

I.    The District Court Improperly Shifted the Burden of Proof in Certifying Classes That Include Significant Numbers of Uninjured Class Members. .................................................. 7

    A.    This case presents the Court with the opportunity to clarify the number of uninjured class members that bars class certification. ............................................. 8

    B.    The district court erred by failing to resolve expert disputes over uninjured class members and by shifting the burden of proof to Defendants. ....................... 9

II.    The District Court Improperly Certified an Indirect Purchaser Class Asserting Claims Under Widely Varying State Laws of 29 Jurisdictions. ....................................... 13

III.    The District Court Improperly Held That the Named Direct Purchaser Plaintiffs Were Adequate Class Representatives. ......................................................... 16

CONCLUSION .............................................................................................. 17

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                           **Page(s)**

*Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Grp. L.P.*,
    247 F.R.D. 156 (C.D. Cal. 2007) .........................................................................................16

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 625 (1997) ...................................................................................................16

*Blair v. Equifax Check Servs., Inc.*,
    181 F.3d 832 (7th Cir. 1999) ..............................................................................................7

*Comcast Corp. v. Behrend*,
    569 U.S. 27 (2013) ........................................................................................................9, 11

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011) ............................................................................................11

*Hale v. Emerson Elec. Co.*,
    942 F.3d 401 (8th Cir. 2019) ............................................................................................14

*Illinois Brick Co. v. Illinois*,
    431 U.S. 720 (1977) .........................................................................................................15

*In re Asacol Antitrust Litig.*,
    907 F.3d 42 (1st Cir. 2018)........................................................................................2, 8, 9

*In re Bridgestone/Firestone, Inc.*,
    288 F.3d 1012 (7th Cir. 2002) ...........................................................................2, 13, 14, 15

*In re Broiler Chicken Antitrust Litig.*,
    2022 WL 1720468 (N.D. Ill. May 27, 2022)...........................................................3, 11, 15

*In re Insulin Pricing Litig.*,
    2024 WL 416500 (D.N.J. Feb. 5, 2024) ...........................................................................14

*In re Interest Rate Swaps Antitrust Litig.*,
    2023 WL 8675625 (S.D.N.Y. Dec. 15, 2023) ...................................................................12

*In re Pork Antitrust Litig.*,
    665 F. Supp. 3d 967 (D. Minn. 2023) .................................................................3, 15, 16, 17

*In re Processed Egg Prods. Antitrust Litig.*,
    312 F.R.D. 124 (E.D. Pa. 2015)........................................................................................14

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
    725 F.3d 244 (D.C. Cir. 2013) ..........................................................................................12

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
    292 F. Supp. 3d 14 (D.D.C. 2017) ................................................................. 8, 12

*In re Rail Freight Surcharge Antitrust Litig.*,
    934 F.3d 619 (D.C. Cir. 2019) ................................................................. 2, 8, 9

*Kohen v. Pac. Inv. Mgmt. Co.*,
    571 F.3d 672 (7th Cir. 2009) ................................................................. 2, 8, 13

*Laboratory Corp. of Am. Holdings v. Davis*,
    No. 24-304 (U.S.) ................................................................................... 8

*Lamictal Direct Purchaser Antitrust Litig.*,
    957 F.3d 184, 191 (3d Cir. 2020) .............................................................. 9

*Matter of Rhone-Poulenc Rorer, Inc.*,
    51 F.3d 1293 (7th Cir. 1995) ............................................................... 2, 14

*Mejdrech v. Met-Coil Sys. Corp.*,
    319 F.3d 910 (7th Cir. 2003) .................................................................. 17

*Messner v. Northshore Univ. HealthSystem*,
    669 F.3d 802 (7th Cir. 2012) ................................................................... 8

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods*,
    31 F.4th 651 (9th Cir. 2022) .......................................................... 8, 11, 13

*Siegel v. Shell Oil Co.*,
    256 F.R.D. 580 (N.D. Ill. 2008) .............................................................. 13

*Szabo v. Bridgeport Machines, Inc.*,
    249 F.3d 672 (7th Cir. 2001) ......................................................... 2, 14, 15

*Thorogood v. Sears, Roebuck & Co.*,
    547 F.3d 742 (7th Cir. 2008) ............................................................ 2, 13

*Tyson Foods, Inc. v. Bouaphakeo*,
    577 U.S. 442 (2016) ............................................................................. 8

*Valley Drug Co. v. Geneva Pharms., Inc.*,
    350 F.3d 1181 (11th Cir. 2003) .......................................................... 3, 16

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ................................................................... 1, 12, 15

*West v. Prudential Sec., Inc.*,
    282 F.3d 935 (7th Cir. 2002) ........................................................... 9, 15

iii

*White v. Symetra Assigned Benefits Serv. Co.*,
   104 F.4th 1182 (9th Cir. 2024) .............................................................................2

**Federal Statutes**

Sherman Act ...................................................................................................... 4, 15

**Rules**

Fed. R. Civ. P. 23 ...............................................................................................*passim*

Fed. R. Civ. P. 23(a)(4) .................................................................................. 3, 7, 16

Fed. R. Civ. P. 23(b)(3) ............................................................................. 7, 8, 13, 14

Fed. R. Civ. P. 23(c)(1) ...........................................................................................9

Fed. R. Civ. P. 23(f) ...................................................................................... 2, 3, 7

**Other Authorities**

Antitrust Law ABA Section,
   *Econometrics: Legal, Practical, and Technical Issues* (2d ed. 2014)....................11

# INTRODUCTION

This petition raises critical questions of law impacting antitrust class actions. Plaintiffs allege a sprawling price-fixing conspiracy in the turkey industry. Despite substantial individualized differences among both Petitioners[1] ("Defendants") and class members, Plaintiffs claim that all class members paid an overcharge on turkey products purchased between 2010 and 2016 and that injury can be determined on a class-wide basis through expert economic analysis. The district court agreed and certified two massive classes of turkey purchasers: one of direct purchasers ("Direct Purchaser Class") and another of downstream indirect purchasers ("Indirect Purchaser Class"). For at least three reasons, this Court should grant the petition and reverse the district court's order.

**First**, the district court improperly shifted the burden of proof from Plaintiffs to Defendants and, as a result, certified two classes that contain significant numbers of uninjured class members. Plaintiffs' experts' own regression models cannot show an overcharge (and, thus, injury) for at least **11%** of the Direct Purchaser Class and as much as **38.5%** of all commerce to the Indirect Purchaser Class. Rather than conducting the requisite rigorous analysis in deciding whether classes can be certified with that many uninjured class members, the district court treated disputes about the implications of Plaintiffs' experts' models as a "battle of the experts" to resolve at some later stage of the litigation. The Court then faulted Defendants for testing Plaintiffs' experts' models rather than developing their own model to affirmatively disprove injury, despite Plaintiffs bearing the burden of proof on this critical issue at the heart of Rule 23's predominance requirement. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

---

[1] Petitioners Cargill, Incorporated and Cargill Meat Solutions Corporation (collectively, "Cargill") reached a proposed settlement with the Direct Purchaser Class and seek review of the district court's order certifying the Indirect Purchaser Class only. Cargill joins the arguments set forth herein that pertain to the Indirect Purchaser Class.

This was clear legal error. Other circuits have held that, when a class contains this many uninjured class members, predominance is lacking. *See, e.g.*, *In re Asacol Antitrust Litig.*, 907 F.3d 42, 51, 53-54 (1st Cir. 2018) (granting Rule 23(f) petition and reversing class certification where "approximately ten percent of the class was uninjured"); *In re Rail Freight Surcharge Antitrust Litig.*, 934 F.3d 619, 625 (D.C. Cir. 2019) (granting Rule 23(f) petition and affirming denial of class certification where 12.7% of class members were uninjured); *see also Kohen v. Pac. Inv. Mgmt. Co.,* 571 F.3d 672, 677 (7th Cir. 2009) ("a class should not be certified if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant"). The same result should have followed here, but it did not because the district court failed to hold Plaintiffs to their burden of proof and unduly deferred to Plaintiffs' experts. Rule 23 requires more.

***Second***, the district court should not have certified the Indirect Purchaser Class because those Plaintiffs bring damages claims under the varying laws of 29 different jurisdictions. When a plaintiff whose claims arise under the laws of one state proposes to represent entities whose claims arise under the laws of other states, the commonality, predominance, and superiority requirements of Rule 23 can almost never be satisfied. *See Thorogood v. Sears, Roebuck & Co*., 547 F.3d 742, 746-47 (7th Cir. 2008); *In re Bridgestone/Firestone, Inc*., 288 F.3d 1012, 1015 (7th Cir. 2002); *Szabo v. Bridgeport Machines, Inc*., 249 F.3d 672, 677-78 (7th Cir. 2001); *Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1301 (7th Cir. 1995).

Rather than heeding this precedent, the district court disregarded material differences in state law, including fundamentally different approaches to calculating damages that cannot reasonably be resolved by a jury. Because class certification is the time to address this problem, this error should be corrected now. *See, e.g*., *White v. Symetra Assigned Benefits Serv. Co.*, 104 F.4th 1182, 1191, 1199 (9th Cir. 2024) (granting Rule 23(f) petition and reversing multi-state class,

noting "[t]he need to apply the law of different states raises questions of whether individualized issues predominate and how a matter can be fairly managed as a class action"). Indeed, certification of sweeping multi-state classes of indirect purchasers is especially concerning because it uses Rule 23 to effectively negate the federal limit on indirect-purchaser damages in antitrust suits.

*Finally*, the district court erred in finding that named direct purchaser plaintiffs John Gross and Maplevale are adequate class representatives under Rule 23(a)(4). Both plaintiffs benefited from the same alleged misconduct that supposedly harmed the other Direct Purchaser Class members. That creates a fundamental conflict that required their disqualification as lead plaintiffs. *See In re Pork Antitrust Litig.*, 665 F. Supp. 3d 967, 999 (D. Minn. 2023) ("*Pork*") (holding as much with respect to John Gross); *accord Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1192 (11th Cir. 2003). The district court, in direct conflict with *Pork*, reached the opposite conclusion. This disagreement and the need to clarify the law justify review.

All of these questions have arisen repeatedly in recent years, including in this Circuit, and they have yet to receive the appellate attention they are due. *See, e.g.*, *In re Broiler Chicken Antitrust Litig.*, 2022 WL 1720468 (N.D. Ill. May 27, 2022) ("*Broilers*") (certifying classes on analogous damages theories); *Pork*, 665 F. Supp. 3d at 967 (same). Now is the time to provide that guidance. The Direct Purchaser Class alone seeks *over a billion dollars* in damages *before trebling*. With individual defendants facing crippling liability, Rule 23(f) presents the only meaningful opportunity for appellate review of the district court's serious errors.

## STATEMENT OF THE CASE

### A.    Factual Background

This is an antitrust action brought by classes of direct and indirect purchasers of turkey products against turkey processors. Op.1. Both classes allege that Defendants' use of the Agri Stats benchmarking service amounted to an unlawful exchange of competitively sensitive information

that had the effect of increasing prices. *Id.* Plaintiffs separately allege that Defendants participated in a conspiracy to cut production and restrict the supply of turkey products. *Id.* at 1-2.

The Direct Purchaser Class claims that the alleged conduct violates Section 1 of the Sherman Act under both *per se* and rule of reason analyses. Dkt.666 ¶¶ 583-672. The Indirect Purchaser Class brings injunctive-relief claims under the Sherman Act as well as damages claims under various laws of 29 different jurisdictions, including 24 state antitrust statutes, 13 state consumer-protection statutes, and 24 state unjust-enrichment laws, which differ in material respects. *Id.* Notably, states vary widely in whether and how indirect purchasers must show that direct purchasers passed through alleged overcharges and whether courts are required to prevent duplicate liability when claims are asserted against a defendant by both direct and indirect purchasers. Dkt.888 at 36-37 & nn.137-139. State consumer-protection and unjust-enrichment laws also vary significantly. *Id.* at 37-38 & n.140.

The classes encompass an extraordinary breadth of products, purchasers, and individual circumstances. Direct purchasers of turkey products range from some of the largest companies in the country, such as Walmart and Costco, to small, regional purchasers like named Plaintiffs John Gross and Maplevale. *Id.* at 8. And indirect purchasers include grocers, restaurants, and distributors of differing size and scale operating in different channels of commerce. Dkt.874 at 5-10.[2] Further, Plaintiffs' gerrymandered definition of "turkey"—which includes only certain types of whole birds, breast meat, and ground turkey—consist of products purchased by different customers for different end uses, ranging from Thanksgiving dinners to alternatives to beef burgers. These idiosyncrasies produce substantial differences in pricing and purchasing

---

[2] The Indirect Purchaser Class does not include end-user customers, such as individuals who shop at grocery stores.

arrangements. For example, prices paid by Direct Purchaser Plaintiffs were often set through individual negotiations, with certain purchasers—like Wal-Mart and Costco—negotiating volume discounts, rebates, and pricing terms insulated from subsequent changes in market conditions. *Id*. Smaller purchasers may have used price lists or similar mechanisms to make purchases. *Id*. Even the district court recognized the "diverse, individually-negotiated mechanisms to set turkey prices." Op.22. These individualized pricing negotiations and different pricing mechanisms highlighted the need to test for individual impact.

**B.      Plaintiffs' Supposed Classwide Proof**

In support of their motions for class certification, Plaintiffs relied on the expert opinions of Dr. Michael A. Williams (Direct Purchaser Class) and Dr. Russell W. Mangum III (Indirect Purchaser Class). Op.2. "Williams' and Mangum's opinions are critical to the issue of whether common questions predominate concerning antitrust impact and damages." *Id*. at 17.

Both Williams and Mangum performed overcharge regressions to determine the supposed impact of the alleged conduct. That analysis pooled all transactions by all purchasers and compared average prices paid during the conspiracy period to benchmark periods that were supposedly "clean" of any alleged anticompetitive conduct. *Id*. at 18 (Williams), 43 (Mangum). Both Williams and Mangum found that direct purchasers paid an overcharge during the class period, and concluded that, on average, direct purchasers paid between 5-15% more for turkey products during the class period than during other periods. *Id*. at 19, 44-45. Williams calculated a single overcharge for all class products. Mangum calculated single overcharges for each of three product categories. Both experts then asserted that those overcharges applied to every purchase of every class member. *Id*. at 19, 43-45. Mangum further opined that direct purchasers generally passed on price increases such that most indirect purchasers paid an overcharge. *Id*. at 43. Finally, each expert opined that applying these averages to actual prices suggested that over 99% of direct purchasers incurred "at

least one overcharge" during the class period, meaning that the actual price exceeded the "but-for" price predicted by the experts' pooled regressions by any amount. *Id.* at 19, 44-45.

In response, Defendants' expert economist, Dr. Lauren Stiroh, analyzed whether Williams and Mangum's pooled regression models masked wide variation and uninjured class members by averaging price data across all purchasers. When Stiroh tested Plaintiffs' regression models on individual direct purchasers with a sufficient number of transactions in the data set, Stiroh found that Williams' model could not establish injury for approximately 35% of those tested purchasers (186 class members). Op.39, 47; Dkt.839-2 ¶¶ 95-97, 153. Those 186 uninjured class members alone make up over 11% of the Direct Purchaser Class. Therefore, at minimum, **11%** of the Direct Purchaser Class did not suffer injury based on Williams' own model. *Id.* Stiroh's tests also revealed that Mangum's model could not establish an overcharge on, at minimum, **38.5%** of sales into the Indirect Purchaser Class stream of commerce, including no overcharges for purchases made by Costco, the largest direct purchaser that sold turkey products to the Indirect Purchaser Class. *Id.*

## C. The District Court's Certification Order

On January 22, 2025, the district court granted Plaintiffs' motions for class certification. Op.71. The court found that Mangum and Williams' overcharge regression models were each sufficient to show predominance as to individual antitrust impact. *Id*. at 49. The court concluded that whether any class member suffered an overcharge was a "factual issue to be resolved at summary judgment or trial . . . not a reason to exclude either perspective or deny class certification." *Id*. Further, the court faulted Stiroh for not "offer[ing] her own affirmative model to show the number of unimpacted class member[.]" *Id*. at 40. As to the Indirect Purchaser Class, the Court found that variations in state law did not preclude a finding of predominance. *Id*. at 66.

## QUESTIONS PRESENTED

1.      Whether the district court erred by shifting the burden of proof to Defendants without answering critical questions about the presence of uninjured class members in holding that the classes satisfied Rule 23(b)(3)'s predominance requirement.

2.      Whether the district court erred in holding that the Indirect Purchaser Class satisfied Rule 23(b)(3)'s predominance requirement when the indirect purchaser plaintiffs asserted claims under the varying laws of 29 jurisdictions.

3.      Whether the district court erred in holding that named direct purchaser plaintiffs satisfied Rule 23(a)(4)'s adequacy requirement, in direct conflict with another federal court.

## STANDARD OF REVIEW

While this Court has "unfettered discretion" to allow an appeal from an order granting class certification based on "any consideration that [it] finds persuasive," Fed. R. Civ. P. 23(f), adv. comm. note to 1998 amend., the need for review under Rule 23(f) is heightened when "the stakes are large and the risk of a settlement or other disposition that does not reflect the merits of the claim is substantial," or when "an appeal may facilitate the development of the law." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999). Both considerations apply here.

## REASONS FOR GRANTING THE PETITION

**I.      The District Court Improperly Shifted the Burden of Proof in Certifying Classes That Include Significant Numbers of Uninjured Class Members.**

The district court erred by refusing to hold Plaintiffs to their burden of proof on predominance, which resulted in certification of two classes that contain significant numbers of uninjured class members. This error implicates important legal issues and warrants immediate interlocutory review. *See id.* ("development of the law" supports interlocutory appeal).

**A.**  **This case presents the Court with the opportunity to clarify the number of uninjured class members that bars class certification.**

As an initial matter, the district court's order implicates the unresolved question of how many uninjured members a class can contain. This Court has previously indicated that if "a great many" individuals in a class "have suffered no injury at the hands of the defendant," then the "class should not be certified." *Kohen*, 571 F.3d at 677-78. But this Court has not announced a precise number of uninjured class members needed to defeat predominance. *See Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012) ("[t]here is no precise measure for 'a great many'" class members). The D.C. Circuit refused class certification where the plaintiff's methodology could not demonstrate injury for 12.7% of class members. *Rail Freight*, 934 F.3d at 624-25. The district court in the same case determined that "5% to 6% constitutes the outer limits of a *de minimis* number of uninjured class members." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 292 F. Supp. 3d 14, 137 (D.D.C. 2017). The First Circuit has ruled similarly. *See, e.g.*, *Asacol*, 907 F.3d at 51, 53-54 (reversing class certification where "approximately ten percent of the class was uninjured"). *But see Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods*, 31 F.4th 651, 618 (9th Cir. 2022) (*en banc*) ("*Tuna*") (affirming class certification notwithstanding defendants' efforts to "undermin[e] confidence" in plaintiffs' models by showing that 28% of the class suffered no injury).[3]

The time is thus ripe for this Court to clarify the threshold proportion of uninjured class members necessitating denial of certification. *See also, e.g.*, *Tyson Foods, Inc. v. Bouaphakeo*, 577

---

[3] The Supreme Court also recently granted certiorari to address the closely related issue of "whether a federal court may certify a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) when some members of the proposed class lack any Article III injury." *Laboratory Corp. of Am. Holdings v. Davis*, No. 24-304 (U.S.).

U.S. 442, 466 (2016) (Roberts, C.J., concurring) ("Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not.").

**B.    The district court erred by failing to resolve expert disputes over uninjured class members and by shifting the burden of proof to Defendants.**

Moreover, regardless of where to draw the line on uninjured class members, the district court had an obligation to stop Plaintiffs from crossing it. Under black-letter law, courts must perform a "rigorous analysis" to ensure that "the existence of individual injury resulting from the alleged antitrust violation" can be established using *classwide* proof. *Comcast Corp. v. Behrend*, 569 U.S. 27, 30, 33 (2013). Otherwise, "individualized adjudication[]" would be needed to assess "causation and injury" for each class member, defeating predominance. *Rail Freight*, 934 F.3d at 625; *Asacol*, 907 F.3d at 54-56.

As part of the required rigorous analysis, "the court *must resolve*" disputes about whether a damages model shows that substantially all putative class members suffered injury at the class-certification stage, "even if [that inquiry] overlap[s] with the merits." *Lamictal Direct Purchaser Antitrust Litig.*, 957 F.3d 184, 191 (3d Cir. 2020) (emphasis added). The *legal* issue of predominance—something a jury can never resolve at trial—hinges on the outcome. *See* Fed. R. Civ. P. 23(c)(1) ("[T]he court must determine by order whether to certify the action as a class action."). And a "district judge may not duck hard questions by observing that each side has some support . . . Tough questions must be faced and squarely decided, if necessary by holding evidentiary hearings and choosing between competing perspectives." *West v. Prudential Sec., Inc.*, 282 F.3d 935, 938 (7th Cir. 2002).

Here, Defendants vigorously disputed whether Plaintiffs' models could establish injury for substantially all class members. The district court recognized that Plaintiffs' experts used models showing *average* overcharges. Op.19, 44-45. Average overcharges do not provide information on

whether each individual member of the class incurred an overcharge. Because averages can "mask individual injury" (or injury's absence), *Lamictal*, 957 F.3d at 194, Defendants' expert (Stiroh) tested for individual injury by applying Plaintiffs' models to individual purchasers. Running individual regressions for all individual purchasers with enough purchases in both the conspiracy and benchmark periods to generate statistically meaningful results, Stiroh found that Williams' model could not establish injury for approximately 35% of those tested purchasers (186 class members). Op.39, 47; Dkt.839-2 ¶¶ 95-97, 153. Those 186 uninjured class members alone make up over 11% of the Direct Purchaser Class. Therefore, at minimum, **11%** of the Direct Purchaser Class did not suffer injury based on Williams' own model. *Id.*[4]

As one glaring example, Stiroh found that Costco, the largest reseller to the Indirect Purchaser Class, did not incur *any* overcharges under Plaintiffs' models and, thus, could not have "passed on" any overcharges to the Indirect Purchaser Class. Dkt.839-2 ¶¶ 96, 153 & Ex. 7. Costco has sufficient data to test for individual injury, including more than 1,200 observations. Dkt.839-2 ¶¶ 96 n.230. And yet, Plaintiffs used an average overcharge to wrongly attribute tens of millions of dollars in supposed injury to Costco. *Id*. That error was magnified because Costco—by itself—amounts to 25% of all sales to the Indirect Purchaser Class, according to Plaintiffs. *Id*. That means that under Plaintiffs' own theory, there could not have been any overcharges on 25% of the volume of turkey products sold into the Indirect Purchaser Class.

Because Stiroh applied Plaintiffs' own regressions, they could not meaningfully dispute her calculations. They instead quibbled about whether customer-specific regressions using

---

[4] Because Mangum measured Indirect Purchaser Class damages by calculating the total alleged overcharge that certain direct purchasers "passed through" to third parties, Op.43-45, Stiroh calculated what percentage of sales to indirect purchasers reflected a lack of injury, rather than how many indirect purchasers were uninjured. Again, the figure was massive: **38.5%**.

individual purchaser transactions were as robust as classwide regressions that pool all transactions. Op.39-40, 47-48. Stiroh explained that analyzing customer-specific transactions provide the appropriate method to test for individual injury—economic analysis critical to the Rule 23 predominance requirement. Dkt.839-2 ¶¶ 95-97; *see also* ABA Section of Antitrust Law, *Econometrics: Legal, Practical, and Technical Issues* 358 (2d ed. 2014) (testing regressions on "different products, geographies, time periods, suppliers, or purchaser types" helps to determine whether the challenged conduct could "result in common impact"). Indeed, one of Plaintiffs' own experts, Mangum, conducted similar customer-specific testing in other cases. *See, e.g.*, *Tuna*, 31 F.4th at 672; *Broilers*, 2022 WL 1720468, at *13.

Rather than engage with Defendants' evidence, hold Plaintiffs to their burden, and make the necessary legal determination on predominance, the district court punted the issue. After reciting both sides' positions, the district court concluded that this "is a classic battle of the experts about the proper approach to the regression analysis that must be left for the factfinder to resolve." Op.40 (Direct Purchaser Class); *cf. id.* at 49-50, 55 (similar statements for Indirect Purchaser Class). But a district court cannot defer the predominance finding to a jury, particularly when confronted with evidence demonstrating that the class includes a significant number of uninjured class members. *See Comcast*, 569 U.S. at 33. The district court's indecisiveness on this point was error. *See, e.g.*, *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982-84 (9th Cir. 2011) (vacating certification order for failure to resolve "critical factual disputes" in a "battle of the experts" regarding commonality).

That error was compounded by the district court improperly shifting the burden of proof to Defendants when it faulted Stiroh for not "offer[ing] her own affirmative model to show the number of unimpacted class members[.]" *Id.* at 40. Plaintiffs bear the burden to prove "individual

injury resulting from the alleged antitrust violation" on a classwide basis. *Comcast*, 569 U.S. at 30, 33. In requiring Defendants to create their own "affirmative models," the district court erred. *See Wal-Mart*, 564 U.S. at 350-51 ("[A] party seeking class certification must affirmatively demonstrate his compliance with the Rule[.]"). And Stiroh performed extensive analysis using Plaintiffs' models to show absence of injury.

Had the district court applied the correct standard of review, it would have found Plaintiffs *could not* prove individualized injury for a significant portion of the class, precluding class certification. *See, e.g.*, *Rail Freight*, 292 F. Supp. 3d at 135-40 (considering and rejecting plaintiffs' explanations for their class damages model's high uninjured rate; declining to certify a class); *In re Interest Rate Swaps Antitrust Litig.*, 2023 WL 8675625, at *6 (S.D.N.Y. Dec. 15, 2023) (same, and emphasizing that, when "presented with a dispute between two experts" that impacts the "Rule 23 analysis," it "must be resolved at this stage").

Indeed, by failing to apply the correct burden of proof and resolve serious flaws underpinning Plaintiffs' economic analysis, the district court had no factual basis for finding *any* class-wide injury. Most notably, Williams used a method relying on random variations to try and prove that the supposed "average overcharge" could show "individualized impact" from the alleged conspiracy. *See* Dkt.895 at 4-6. This was not sound science. Such randomness, by definition, could show an overcharge for *any* conceivable class for *any* conceivable product. Unsurprisingly, then, Williams' model resulted in any given class transaction having at least a 50/50 chance of being an "overcharge," without regard for the transaction's connection to the alleged conspiracy. Dkt.1074 at 137:7-139:8. Because Williams' model thus "detect[ed] injury where none could exist," certification based on that model was improper. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 725 F.3d 244, 252 (D.C. Cir. 2013). The district court's failure to

appreciate this error, *see* Op.22-23, despite Defendants pointing it out, *see* Dkt.895 at 4-6, only further showcases the flaws in the district court's overly deferential approach to Plaintiffs' experts.

The district court's approach will have devastating practical consequences. Certifying a class with many uninjured members unfairly puts the thumb on the scale in favor of the class, forcing defendants to settle meritless claims to avoid the risk of a massive adverse judgment. *See Kohen*, 571 F.3d at 677-78. And the pressure to settle claims regardless of merit becomes overwhelming where, as here, Plaintiffs claim well over $1 billion in damages *before* trebling. *See Tuna*, 31 F.4th at 685 (Lee, J., dissenting) (observing that "the potential liability at trial becomes enormous, maybe even catastrophic" after class certification, "forcing companies to settle even if they have meritorious defenses").

## II. The District Court Improperly Certified an Indirect Purchaser Class Asserting Claims Under Widely Varying State Laws of 29 Jurisdictions.

The district court's certification of the Indirect Purchaser Class was erroneous for another reason: that class amalgamates claims for damages under the laws of 29 different jurisdictions that markedly differ on critical legal issues. Appellate review is needed to reverse this clear error of law.

Under the predominance and superiority requirements of Rule 23(b)(3), a class action is proper only if "all litigants are governed by the same legal rules." *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002). Where a class brings claims under multiple states' laws that differ—as is the case here—class certification should be denied. *See Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 583 (N.D. Ill. 2008) ("It is well established under Seventh Circuit case law … that if the states' laws differ, class certification is improper."). This Court, accordingly, has rejected certification of multi-state classes with variation among the asserted state laws. *See, e.g.*, *Thorogood*, 547 F.3d at 746-47 (reversing certification of a multi-state class because the states'

laws varied and undermined predominance and superiority); *Bridgestone*, 288 F.3d at 1015 (reversing certification of two nationwide classes and explaining that "[b]ecause these claims must be adjudicated under the law of so many jurisdictions, a single nationwide class is not manageable"); *Szabo*, 249 F.3d at 677-78 (reversing multi-state class certification because of differences in state law); *Rhone-Poulenc Rorer*, 51 F.3d at 1301 (granting writ of mandamus and directing district court to decertify multi-state class, stressing importance of nuance in states' laws); *see also Hale v. Emerson Elec. Co.*, 942 F.3d 401, 403 (8th Cir. 2019) ("Variations in state law may swamp any common issues and defeat class certification under Rule 23(b)(3).").

The Indirect Purchaser Class seeks to litigate claims arising under the laws of 29 jurisdictions, including 24 state antitrust statutes, 13 state consumer-protection statutes, and 24 state unjust-enrichment laws that differ in material respects and make class treatment untenable. Dkt.666 ¶¶ 583-672. Critically, state antitrust statutes differ widely regarding the need to prevent duplicative recovery, certain types and required proof of damages, and analysis of the effect on interstate commerce. Dkt.888 at 36-37 & nn.137-139. Likewise, state consumer-protection and unjust-enrichment laws differ as to the elements of a cause of action, the measure of damages, and the applicable legal standards. *Id.* at 37-38 & n.140. Indeed, this Court has explained, "[s]tate consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's law to sales in other states with different rules." *Bridgestone*, 288 F.3d at 1018; *see In re Insulin Pricing Litig.*, 2024 WL 416500, at *47-49 (D.N.J. Feb. 5, 2024) (denying certification of multi-state antitrust consumer-protection class for lack of predominance). The same is true for unjust-enrichment claims. *See In re Processed Egg Prods. Antitrust Litig.*, 312 F.R.D. 124, 164 (E.D. Pa. 2015) ("Courts have noted the extent to which unjust enrichment laws vary across states and found them unmanageable in a single class litigation."). These variations

preclude class certification because they would present the court and jury with the impossible task of parsing dozens of different state laws' standards and requirements. *See Bridgestone*, 288 F.3d at 1018 ("Because these claims must be adjudicated under the law of so many jurisdictions, a single nationwide class is not manageable.").

Nevertheless, the district court simply dismissed the differences among the dozens of state laws by relying almost exclusively on *Broilers* and *Pork*, two district court cases with no grounding in Seventh Circuit law. Op.65-68; *see Pork*, 665 F. Supp. 3d at 1009-10; *Broilers*, 2022 WL 1720468, at \*20. Although the district court acknowledged that "material variations in state laws [may] impose manageability problems" later in the proceedings, it deferred resolution of the problem, suggesting that it could later certify subclasses—without identifying whether any of the state laws at issue are actually "materially similar"—or else "narrow or decertify the class if the task of construing the various state laws becomes unmanageable." Op.69.

Postponing the Rule 23 assessment of predominance and superiority is not permissible. *See Wal-Mart*, 564 U.S. at 350-51 (explaining that a "rigorous analysis" of Rule 23 is required); *Szabo*, 249 F.3d at 676-78. And the consequences of evading that analysis at this juncture are enormous. *See Bridgestone*, 288 F.3d at 1015-16 (explaining that in a "case so unwieldy, and the stakes so large, … settlement becomes almost inevitable" after the court issues its class-certification order); *West*, 282 F.3d at 937.

Underscoring the magnitude of the problem, the certification order allows the Indirect Purchaser Class to sidestep the rule against damages for indirect purchasers under federal antitrust law. Under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), indirect purchasers have no standing to recover damages under the Sherman Act because *direct* purchaser plaintiffs can recover *all* damages flowing from an alleged overcharge, even if they passed through those overcharges to

indirect purchasers. Op.9 n.8. Indirect-purchaser recovery under state law thus raises compelling concerns about duplicative recovery, and states vary in the extent to which they permit it. Dkt.888 at 36 n.137. State law on proving pass-through of overcharges also varies widely, creating untenable trial-management problems. *Id*. at nn.138-39. This is a matter of great importance to class antitrust litigation that likewise merits this Court's review.

## III. The District Court Improperly Held That the Named Direct Purchaser Plaintiffs Were Adequate Class Representatives.

The district court's adequacy ruling directly conflicts with another federal court decision concerning one of the same named plaintiffs. Rule 23(a)(4) requires class representatives to "fairly and adequately protect the interests of the class." This requirement is negated by "conflicts of interest between named parties and the class they seek to represent," *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 625 (1997), such as when a class representative "benefits from the same conduct that harms other class members," *Pork*, 665 F. Supp. 3d at 999. "[N]o circuit approves of class certification where some class members derive a net economic benefit from the very same conduct alleged to be wrongful, let alone where some *named* plaintiffs derive such a benefit." *Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Grp. L.P.*, 247 F.R.D. 156, 177 (C.D. Cal. 2007); *see, e.g.*, *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1190-93 (11th Cir. 2003) (vacating certification order where "the economic reality" showed that "some class members" had "economic interests that are significantly different from—and potentially antagonistic to—the named representatives purporting to represent them").

Here, the two named direct purchaser plaintiffs, John Gross and Maplevale, had such a conflict: they "passed on 100% or more of the alleged overcharge to their own customers." Op.8. Because their pricing is based on a percentage of the price they paid, they earn no less in profit from challenged price increases—thus putting them in conflict with other class members. In *Pork*,

citing *Valley Drug*, 350 F.3d at 1190, the court dismissed John Gross as inadequate for exactly this reason. *Pork*, 665 F. Supp. 3d at 999.

Here, the district court's rejection of this argument, *see* Op.8-9, directly contradicts *Pork*. And its ruling conflicts with the Eleventh Circuit's decision in *Valley Drug*. *Id.* at 9. This disagreement among federal courts is yet further reason to grant interlocutory review. *See, e.g.*, *Mejdrech v. Met-Coil Sys. Corp.*, 319 F.3d 910, 910-11 (7th Cir. 2003) (granting permission for appeal of class-certification order in "a matter on which the case law is sparse and divided").

## CONCLUSION

Defendants respectfully request that the Court grant the petition.

Respectfully submitted,

*/s/ Craig S. Coleman*

| | |
|---|---|
| Colby Anne Kingsbury | Craig S. Coleman |
| FAEGRE DRINKER BIDDLE & REATH LLP | *Counsel of Record* |
| 320 S. Canal Street, #3300 | Emily E. Chow |
| Chicago, IL 60606 | Anderson Tuggle |
| | FAEGRE DRINKER BIDDLE & REATH LLP |
| Melinda Hudson | 90 S. Seventh Street, Suite 2200 |
| FAEGRE DRINKER BIDDLE & REATH LLP | Minneapolis, MN 55402 |
| 300 N. Meridian Street, Suite 2500 Street | (612) 766-7000 |
| Indianapolis, IN 46204 | craig.coleman@faegredrinker.com |

***Counsel for Defendants Hormel Foods Corporation and Hormel Foods, LLC***

February 5, 2025

(additional counsel listed below)

Jacob D. Koering
MILLER, CANFIELD, PADDOCK &
STONE, PLC
227 West Monroe Street, Suite 3600
Chicago, IL 60606
Telephone: (312) 460-4272
koering@millercanfield.com

William L. Monts III
Justin W. Bernick
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
Telephone: (202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

*Counsel for Agri Stats, Inc.*

Michael L. McCluggage
Daniel D. Birk
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 660-7600
mmcluggage@eimerstahl.com
dbirk@eimerstahl.com

Jennifer A.L. Battle
Theodore M. Munsell
Jill Rogers Spiker
Joel E. Sechler
CARPENTER LIPPS LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
Telephone: (614) 365-4100
battle@carpenterlipps.com
munsell@carpenterlipps.com
spiker@carpenterlipps.com
sechler@carpenterlipps.com

*Counsel for Cooper Farms, Inc.*

Gregory G. Wrobel
VEDDER PRICE P.C.
222 North LaSalle Street

Britt M. Miller
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

X. Kevin Zhao
Davida Williams
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 373-8346
kzhao@greeneespel.com
dwilliams@greeneespel.com

*Counsel for Cargill, Incorporated and Cargill Meat Solutions Corporation*

Christopher E. Ondeck
Colin R. Kass
Stephen R. Chuk
Erica T. Jones
Kelly B. Landers Hawthorne
Corey I. Rogoff
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue NW, Suite 600
Washington, DC 20004
Telephone: (202) 416-6800
condeck@proskauer.com
ckass@proskauer.com
schuk@proskauer.com
ejones@proskauer.com
klandersshawthorne@proskauer.com
crogoff@proskauer.com

David A. Munkittrick
Reut N. Samuels
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
(212) 969-3226
dmunkittrick@proskauer.com
rsamuels@proskauer.com

Chicago, Illinois 60601
Telephone: (312) 609-7500
gwrobel@vedderprice.com

Henry W. Jones, Jr.
JORDAN PRICE WALL GRAY JONES &
CARLTON, PLLC
1951 Clark Avenue
Raleigh, NC 27605
Telephone: (919) 828-2501
hjones@jordanprice.com

**_Counsel for House of Raeford_**
**_Farms, Inc_**.

Danielle R. Foley
Lisa Jose Fales
Paul Feinstein
Kirstin M. Koger
Andrew T. Hernacki
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
drfoley@venable.com
ljfales@venable.com
pfeinstein@venable.com
kmkoger@venable.com
athernacki@venable.com

Kirstin B. Ives
FALKENBERG IVES, LLP
30 N. LaSalle St., Suite 4020
Chicago, Illinois 60602
Telephone: (312) 566-4803
kbi@falkenbergives.com

**_Counsel for Perdue Farms, Inc. and_**
**_Perdue Foods LLC_**

Michael T. Medford
William S. Cherry III
Jessica B. Vickers
Lawrence D. Graham, Jr.
MANNING, FULTON & SKINNER, P.A.
3605 Glenwood Avenue – Suite 500 (27612)

Todd J. Ohlms
PROSKAUER ROSE LLP
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3537
tohlms@proskauer.com

**_Counsel for Butterball LLC_**

James F. Lerner
BONA LAW PC
41 Madison Avenue, Suite 2509
New York, NY 10010
Tel: (212) 634-6861
james.lerner@bonalawpc.com

Aaron Gott
BONA LAW PC
331 2nd Avenue S., Suite 420
Minneapolis, MN 55401
Tel: (612) 284-5001
aaron.gott@bonalawpc.com

Jarod Bona
BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
Tel.: (858) 964-4589
jarod.bona@bonalawpc.com

**_Counsel for Foster Farms, LLC, and Foster_**
**_Poultry Farms LLC_**

Gaspare J. Bono
Leslie A. Barry
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
(202) 496-7500
gap.bono@dentons.com
leslie.barry@dentons.com

Adam J. Wallstein
DENTONS US LLP
233 S. Wacker Drive, Suite 5900

Post Office Box 20389
Raleigh, North Carolina 27619
Telephone: (919) 787-8880
Facsimile: (919) 325-4600
medford@manningfulton.com
cherry@manningfulton.com
vickers@manningfulton.com
graham@manningfulton.com

Ilene M. Korey
Mark W. Zimmerman
CLAUSEN MILLER P.C.
10 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 855-1010
Facsimile: (312) 606-7777
ikorey@clausen.com
mzimmerman@clausen.com

***Counsel for Defendants Prestage Farms of
South Carolina, LLC, Prestage Farms, Inc.
and Prestage Foods, Inc.***

Chicago, IL 60606
(312) 876-8000
adam.wallstein@dentons.com

***Counsel for Farbest Foods, Inc.***

**CERTIFICATE OF COMPLIANCE**

1.     This brief complies with the type-volume limitation of Fed. R. App. P.5(c)(1) because this brief contains 5,171 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 12-point Times New Roman type.

Date: February 5, 2025

<div style="text-align:right">

*/s/ Craig S. Coleman*
Craig S. Coleman

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit. I further certify that copies were sent to the following via U.S. First Class Mail and electronic mail:

*/s/ Craig S. Coleman*
Craig S. Coleman

*Counsel for Defendants Hormel Foods Corporation and Hormel Foods, LLC*

Shana E. Scarlett
Rio S. Pierce
Abby R. Wolf
HAGENS BERMAN SOBOLSHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com
riop@hbsslaw.com
abbyw@hbsslaw.com

Steve Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
steve@hbsslaw.com

*Counsel for Plaintiffs John Gross and Company, Inc., and Maplevale Farms, Inc., and the Proposed Direct Purchaser Plaintiff Class*

Michael J. Flannery
CUNEO GILBERT & LADUCA, LLP
Two CityPlace Drive
St. Louis, MO 63141
Telephone: (314) 226-1015
mflannery@cuneolaw.com

Robert A. Clifford
Shannon M. McNulty

W. Joseph Bruckner
Brian D. Clark
Simeon A. Morbey
Steve E. Serdikoff
Antonia M. Konkoly
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
Telephone: (612) 339-6900
wjbruckner@locklaw.com
bdclark@locklaw.com
samorbey@locklaw.com
seserdikoff@locklaw.com
amkonkoly@locklaw.com

Don Barrett
Katherine Barrett Riley
Sterling Aldridge
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com
saldridge@barrettlawgroup.com

Tiffany Rider Rohrbaugh
Kenina J. Lee
Allison M. Vissichelli
Lindsey Strang Aberg
AXINN, VELTROP & HARKRIDER LLP

CLIFFORD LAW OFFICES, PC
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
Telephone: (312) 899-9090
rac@cliffordlaw.com
smm@cliffordlaw.com

***Counsel for Commercial and Institutional
Indirect Purchaser Plaintiffs***

Patrick J. Ahern
Mark Schirmer
AHERN AND ASSOCIATES, P.C.
8 South Michigan Avenue
Suite 3700
Chicago, Illinois 60603
(312) 404-3760
patrick.ahern@ahernandassociatespc.com
mark.schirmer@ahernandassociatespc.com

***Counsel for Direct Action Plaintiffs Amory
Investments LLC, Aramark Food and Support
Services Group, Inc., Winn-Dixie Stores, Inc.,
and BiLo Holdings, LLC***

Christopher C. Goodnow
Collin R. White
Derek T. Ho
Dustin G. Graber
Travis G. Edwards
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, PLLC
1615 M. Street NW
Washington, DC 20036
(202) 326-7900
cgoodnow@kellogghansen.com
cwhite@kellogghansen.com
dho@kellogghansen.com
dgraber@kellogghansen.com
tedwards@kellogghansen.com

***Counsel for Direct Action Plaintiff Carina
Ventures, LLC***

1901 L St. NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
trider@axinn.com
klee@axinn.com
avissichelli@axinn.com
lstrang@axinn.com

***Counsel for Defendants Tyson Foods, Inc.;
Tyson Fresh Meats Inc.; Tyson Prepared
Foods, Inc.; and the Hillshire Brands
Company***

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

*IN RE TURKEY ANTITRUST LITIGATION*

Case No. 19 C 8318

Judge Sunil R. Harjani

## <u>MEMORANDUM OPINION AND ORDER</u>

This is an antitrust action against the nation's largest turkey processors, who collectively control over 80% of the market for turkey products. The purchasers of these turkey products allege that from January 1, 2010 through December 31, 2016, the Processor Defendants[1] and their co-conspirators entered into an agreement to exchange competitively sensitive and non-public information about production plans and pricing data through Defendant Agri Stats and Express Markets International, Inc. (EMI)[2] to limit supply and increase prices in the turkey market.[3] Plaintiffs contend the exchange of information through Agri Stats/EMI and other channels was an unreasonable restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, resulting in restrained supply and unlawfully stabilized or increased prices for the turkey products at issue. The two sets of Plaintiffs—the Direct Purchaser Plaintiffs (DPPs) and the Commercial and

---

[1] For purposes of this opinion, the Processor Defendants are Butterball, Cargill, Cooper Farms, Farbest, Foster Farms, Hormel, House of Raeford, Perdue, and Prestage. On January 15, 2025, the Direct Purchaser Plaintiffs filed a motion for preliminary approval of their settlement agreement with Cargill, which is set for a hearing on January 30, 2025. Doc. 1098. The Direct Purchaser Plaintiffs and Commercial and Institutional Indirect Purchaser Plaintiffs previously settled with Tyson, and the prior district judge assigned to this case certified these settlement classes. *See* Docs. 265, 433.

[2] Defendant Agri Stats provided information exchange services to the Processor Defendants for a subscription fee. EMI is a wholly-owned Agri Stats subsidiary.

[3] This litigation consists of five consolidated antitrust lawsuits. A sixth lawsuit, *Carina Ventures LLC v. Agri Stats, Inc.*, No. 23 C 16948 (N.D. Ill), has been found related to this litigation pursuant to Local Rule 40.4 and assigned to this Court but has not been consolidated with this case.

Institutional Indirect Purchasers (CIIPPs)—allege that the challenged conduct is a *per se* violation of the Sherman Act as well as unlawful under a rule of reason analysis. The CIIPPs also bring claims under various state laws for the same conduct.

Pursuant to Federal Rule of Civil Procedure 23, these two groups of turkey purchasers now seek class certification. Both sets of Plaintiffs rely on expert opinions in support of their class certification motions. The DPPs offer opinions from Dr. Michael A. Wiliams, and the CIIPPs offer Dr. Russell W. Mangum III's opinions. In response, Defendants move to exclude Williams' transaction-level impact opinion, his correlation opinion, and his causation opinion and Mangum's overcharge and pass-through opinions. Defendants offer the opinions of their own expert, Dr. Lauren Stiroh, and Plaintiffs request exclusion of two of her opinions. The Court heard testimony from these experts on October 9 and 10, 2024 and oral argument by counsel on October 28, 2024. In this opinion, the Court addresses both class certification motions and the parties' motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[4]

What follows is a lengthy discussion and resolution of the parties' myriad arguments on these issues. But, at a more general level, the Court finds Defendants' objections to Williams' and Mangum's analyses go to the weight, not the admissibility, of the evidence and that these are issues that must be resolved by the trier of fact, not through a *Daubert* motion. It is important to note that *Daubert* requires only a reliable methodology, and not a perfect one. For the Court to reject Dr. Williams' and Mangum's proposed regression analyses, which appear to follow well-accepted

---

[4] DPPs also move to strike exhibits 81 and 123-125 submitted by Defendants in support of their opposition to DPPs' class certification motion, or in the alternative, request to submit responding exhibits set forth in exhibits 171 and 185 in support of DPPs' class certification reply brief [941]. The motion to strike Defendants' exhibits 81 and 123-125 is denied. The Court grants DPPs' request to file exhibits 171 and 185 as unopposed.

regression methodology, would be inappropriate at this juncture. Stated simply, Defendants' criticisms do not preclude the Court from considering Williams' and Mangum's conclusions when deciding whether to allow this litigation to proceed as a class action. Furthermore, Defendants' primary challenge to certification is on the predominance requirement of Rule 23(b)(3), and they contend that Plaintiffs have failed to demonstrate that their regression models, along with other expert evidence, are capable of showing that the alleged price-fixing conspiracy caused class-wide impact. However, in short, the Court concludes that Williams' and Mangum's opinions support class certification because they offer a sufficiently plausible class-wide methodology to prove antitrust impact. In other words, Plaintiffs have demonstrated that it is possible to use common evidence that, if believed, would show that all or nearly all class members suffered antitrust injury as a result of the alleged conspiracy. For current purposes, "that is all that is necessary to show predominance for purposes of Rule 23(b)(3)." *Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 818 (7th Cir. 2012). And even if a trier of fact were to ultimately reject Williams' and Mangum's analyses because of their alleged flaws, that would not be a basis for rejecting class certification because "Rule 23(b)(3) requires a showing that questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 459 (2013).

## DISCUSSION

To certify a class, Plaintiffs must satisfy the requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and one of the Rule 23(b) subsections. *Kleen Prod. LLC v. Int'l Paper Co.*, 831 F.3d 919, 923 (7th Cir. 2016). As Rule 23 "does not set forth a mere pleading standard," plaintiffs must "satisfy through evidentiary proof" each of Rule 23's elements. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). "[T]he court must satisfy itself

with a 'rigorous analysis' that the prerequisites of certification are met, even if that analysis 'has some overlap with the merits of the plaintiff's underlying claim.'" *Dancel v. Groupon, Inc.*, 949 F.3d 999, 1005 (7th Cir. 2019) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011)). But "[i]n conducting [the Rule 23] analysis, the court should not turn the class certification proceedings into a dress rehearsal for trial on the merits." *Messner*, 669 F.3d at 811; *Dancel*, 949 F.3d at 1005 (the class analysis involves "a peek at the merits that is limited to those aspects of the merits that affect the decisions essential under Rule 23.") (internal quotes and citation omitted). Plaintiffs bear the burden of showing that a proposed class satisfies the Rule 23 requirements by a preponderance of the evidence. *Messner*, 669 F.3d at 811. Finally, district courts have broad discretion in determining whether a proposed class satisfies Rule 23. *Jacks v. DirectSat USA, LLC*, 118 F.4th 888, 894 (7th Cir. 2024).

DPPs propose to certify a direct purchaser class defined as follows:

All persons and entities who directly purchased fresh or frozen, uncooked turkey breast, ground turkey, or whole bird turkey products (the "Class Products") from Defendants in the United States during the Class Period.

Doc. 830 at 10. CIIPPs seek to certify the following class for injunctive relief under Rule 23(b)(2) and monetary damages under Rule 23(b)(3):[5]

All entities in the Indirect Purchaser States that indirectly purchased fresh or frozen, uncooked turkey breast, ground turkey, or whole bird turkey products sold by Defendants in the United States during the Class Period for their own use in commercial food preparation.[6]

---

[5] CIIPPs assert claims under the Sherman Act to secure injunctive relief for Class members in Indirect Purchaser States; claims for violations of state antitrust laws to secure damages; and claims for unjust enrichment and violations of state consumer protection law predicated on Defendants' alleged antitrust violations. The Indirect Purchaser States are: Arizona, Arkansas, California, the District of Columbia, Florida, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Missouri, Mississippi, North Carolina, North Dakota, Nebraska, New Hampshire, New Mexico, Nevada, New York, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Wisconsin, and West Virginia.

[6] Specifically excluded from this Class are the Defendants and their alleged Co-Conspirators; the officers, directors or employees of any Defendant or alleged Co-Conspirator; any entity in which any Defendant or

Doc. 828 at 2. The Class Period for both proposed classes is January 1, 2010 through December 31, 2016.

## I. Rule 23(a) Requirements

### A. Numerosity

Rule 23(a) requires the class to be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Seventh Circuit has recognized that "a forty-member class is often regarded as sufficient to meet the numerosity requirement." *Anderson v. Weinert Enters., Inc.*, 986 F.3d 773, 777 (7th Cir. 2021). Defendants do not contest that both classes satisfy this requirement. DPPs contain 1,675 customers that purchased turkey directly from Defendants. Doc. 830-2, Williams Report ¶ 426. CIIPPs consist of restaurants, caterers, and other institutional food service providers, such as private schools and company cafeterias, that purchased turkey products indirectly from the Processor Defendants for use in commercial food preparation. It is indisputable that this class is also numerous, as CIIPPs' expert used a data set of 234,171 customers for his analysis. Doc. 839-3 Mangum Reply ¶ 195. Of course, joinder of this many potential class members is impracticable, and numerosity is easily met.

### B. Commonality

To demonstrate commonality under Rule 23(a)(2), a plaintiff must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). For purposes of Rule 23(a)(2), "even a single common question will do." *Wal-Mart Stores, Inc.*, 564 U.S. at 359.

---

their alleged Co-Conspirator has a controlling interest; any entity with an interest, controlling or non-controlling, in a Defendant or their alleged Co-Conspirator; any (in whole or in part), affiliate, legal representative, heir or assign of any Defendant or their alleged Co-Conspirator. Also excluded from this Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any alleged Co-Conspirator identified in this action.

"Where an antitrust conspiracy has been alleged, courts have consistently held that the very nature of a conspiracy antitrust action compels a finding that common questions of law and fact exist." *Moehrl v. Nat'l Ass'n of Realtors*, 2023 WL 2683199, at *11 (N.D. Ill. Mar. 29, 2023) (internal quotes and citation omitted). Here, the existence of the alleged conspiracy, how it operated, whether the conspiracy caused the price increases, and the appropriate measure of damages are all questions that will be common to all class members and satisfy the commonality requirement. *Id.* ("[B]ecause proof of the alleged conspiracy focuses on the defendants' standardized conduct as opposed to the conduct of individual class members, antitrust liability alone constitutes a common question that will resolve an issue that is central to the validity of each class member's claim in one stroke.") (internal quotes and citation omitted); *see also In re Broiler Chicken Antitrust Litig.* 2022 WL 1720468, at *5 (N.D. Ill. May 27, 2022) ("*Broilers*"). As a result, Plaintiffs satisfy the commonality requirement.

### C. Typicality

Rule 23(a)(3) is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "As a general matter, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Howard v. Cook Cnty. Sheriff's Off.*, 989 F.3d 587, 605 (7th Cir. 2021) (internal quotes and citation omitted). For purposes of the typicality requirement, "[t]he individual claims may feature some factual variations as long as they have the same essential characteristics." *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1026 (7th Cir. 2018) (internal quotes and citation omitted). "The logic behind the typicality requirement is that a class representative will adequately pursue her own claims, and if those claims are typical of those of the rest of the class, then her pursuit of her own

interest will necessarily benefit the class as well." *Howard*, 989 F.3d at 605 (internal quotes and citation omitted).

An "antitrust price fixing case generally will involve claims sufficiently similar to satisfy Rule 23(a)(3)." *In re Workers' Compensation*, 130 F.R.D. 99, 106 (D. Minn. 1990). If the class representatives must prove "a conspiracy, its effectuation, and damages therefrom—precisely what the absentees must prove to recover—the representative claims can hardly be considered atypical." *Id*. (internal quotes and citation omitted); *Moehrl*, 2023 WL 2683199, at *12 (in the antitrust context, "typicality will be established by plaintiffs and all class members alleging the same antitrust violation by the defendants."). Similarly here, typicality is met because each proposed class representative claims that Defendants conspired to restrict supply and inflate turkey prices above competitive levels.

On this issue, Defendants argue DPPs fail to satisfy typicality because "[n]amed Plaintiffs John Gross and Maplevale purchased Class Products at non-negotiated prices and in relatively small volumes, making them different from many putative class members."[7] Doc. 877 at 68-69. Factually, this appears to be incorrect as to named Plaintiffs' negotiating abilities based on the record evidence. Maplevale's merchandising manager Julie Dunderdale testified that she would "negotiate with its turkey suppliers on things like price" on "larger volume items like raw commodity breasts [and] full turkeys." Doc. 938-50, Dunderdale 30(b)(6) Dep. 173:8-174:1. Likewise, John Gross' Vice President Scott Wagner testified that he would negotiate when purchasing turkey based on market prices. Doc. 938-51, Wagner Dep. 221:21-222:19. But more importantly, this very argument regarding negotiating abilities and purchase volume disparities was rejected under analogous circumstances in *Broilers*, a similar antitrust action alleging price

---

[7] Defendant do not contest that the CIIPPs satisfy the typicality requirement.

fixing in the chicken industry. For simplicity and to avoid repetition, the Court agrees with and adopts the reasoning of the district court in *Broilers* on this issue. *Broilers*, 2022 WL 1720468, at *5 ("differences in bargaining power do not undermine typicality"); *see also In re Pork Antitrust Litig.*, 665 F. Supp.3d 967, 998 (D. Minn. 2023) ("*Pork*"). As a result, the Court finds that typicality is established.

### D. Adequacy of Representation

Finally, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This inquiry 'serves to uncover conflicts of interest between named parties and the class they seek to represent.'" *Howard*, 989 F.3d at 609 (quoting *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)). In assessing adequacy, the court evaluates "the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests," and "the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) ("A class is not fairly and adequately represented if class members have antagonistic or conflicting claims.").

Defendants again take issue with the named Plaintiffs John Gross and Maplevale for the DPPs. Defendants argue these named Plaintiffs are inadequate DPP representatives because they passed on 100% or more of the alleged overcharge to their own customers. Consequently, Defendants contend there is a fundamental conflict between John Gross and Maplevale on the one hand and putative class members who did not pass on at least 100% of the alleged overcharge. As primary support for this argument, Defendants cite *Pork*, 665 F. Supp.3d at 999, and *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181 (11th Cir. 2003) (the only case on which *Pork* relied). But the Supreme Court has held that "antitrust injury is considered complete when the direct

purchaser pays an illegal overcharge and whether he was able to pass through the overcharge to indirect purchasers is irrelevant to the inquiry." *Meijer, Inc. v. Warner Chilcott Holdings Co.*, 246 F.R.D. 293, 303, 305 (D.D.C. 2007) (citing *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 489 (1968), and *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 724-25 (1977)). Moreover, one district court has observed that *Valley Drug* "has been met with almost universal criticism" as courts "adhere instead to the principles announced in *Hannover Shoe* and *Illinois Brick*." *In re Glumetza Antitrust Litig.*, 2020 WL 3498067, at *12, 14 (N.D. Cal. June 29, 2020) (collecting cases) (rejecting request for downstream data discovery purportedly relevant to adequacy). The Third Circuit has similarly held that "requiring plaintiffs to show that no class member benefited from the challenged conduct in the form of greater profits is contrary to the Supreme Court's decision in *Hanover Shoe*." *In re K-Dur Antitrust Litig.*, 686 F.3d 197, 223 (3d Cir. 2012), *judgment vacated on other grounds,* 570 U.S. 913 (2013). The Court is further persuaded by the reasoning of the Third Circuit, which noted that "because *Hanover Shoe* sets the amount of the overcharge as plaintiffs' damages, all of the class members have the same financial incentive for purposes of the litigation—*i.e.* proving that they were overcharged and recovering damages based on that overcharge." *Id*; *see also In re Wellbutrin SR Direct Purchaser Antitrust Litig.*, 2008 WL 1946848, at *6 (E.D. Pa. May 2, 2008) (declining to follow the "conflict" rationale adopted in *Valley Drug* "[b]ecause all class members have the right to pursue overcharge damages, and there is no conflict among class members allegedly harmed by the same violation."). Accordingly, the Court finds that Defendants' conflict argument fails to demonstrate that John Gross and Maplevale are inadequate representatives for the DPPs.[8]

---

[8] Defendants assert the same argument in response to DPPs' motion to exclude as irrelevant Stiroh's opinion that some DPPs have not suffered economic injury because they may have passed through some, or all, of the overcharge resulting from the alleged conspiracy by reselling turkey meat to their customers. Once again, under *Illinois Brick*, "a [direct] purchaser is entitled to the full value of the damages stemming from

Defendants also object that Logan Farms is an inadequate class representative for the CIIPP class because it made direct purchases of turkey breast products from Cargill in the fourth quarter of most years. According to Defendants, these direct purchases show that Logan Farms is "unable to adequately represent unique interests of the proposed CIIPP class." Doc. 888 at 48. However, Defendants do not contest Logan Farms purchased most of its turkey products via distributors. And the CIIPP class definition does not exclude an indirect purchaser that also purchased turkey product directly from a Defendant. Nor do Defendants explain how these direct purchases from Cargill make Logan Farms adverse to CIIPPs' interests. Standing alone, Logan Farms' direct purchases do not indicate that its interests are "antagonistic or conflicting" with those of the CIIPP class's interests. Rather, as far as the Court can tell, Logan Farms shares the same interest of maximizing the recovery that indirect purchasers obtain. Consequently, the Court rejects Defendants' challenge to Logan Farms as a class representative. *See Broilers*, 2022 WL 1720468, at \*4 (rejecting defendants' argument that End Users' class representatives were inadequate and finding that "while these individuals may have sometimes made purchases of chicken products outside the class definition, the End Users have presented evidence that they all also made purchases that are within the class definition."); *Fond Du Lac Bumper Exch., Inc. v. Jui Li Enterprise Co.*, 2016 WL 3579953, at \*4 (E.D. Wis. June 24, 2016) ("The class representatives []

---

the overcharge, even if it passed on some or all of the overcharge to downstream purchasers and consequently mitigated the damage it suffered." *Marion Healthcare, LLC v. Becton Dickinson & Co.*, 952 F.3d 832, 838 (7th Cir. 2020); *see also Hanover Shoe, Inc.*, 392 U.S. at 489. Because Defendants cannot use the potential pass-through of an overcharge by direct purchasers as purported lack of economic injury, Stiroh's economic injury opinions are not relevant to adequacy. *See In re Dealer Mgmt. Sys. Antitrust Litig.*, 581 F. Supp.3d 1029, 1063 (N.D. Ill. 2022) (excluding expert opinion that was contrary to *Illinois Brick* as "[e]xpert opinions that are contrary to law are inadmissible."). DPPs' motion to exclude [833] Stiroh's opinion that some DPPs have not suffered economic injury because they may have passed through some, or all, of the overcharge resulting from alleged conspiracy to their customers is therefore granted for purposes of the pending motion for class certification.

made direct purchases from defendants, and defendants do not explain how the existence of other purchases creates antagonism with class members, and I fail to see how they would.").

The Court further concludes, and Defendants do not contest, that class counsel have demonstrated their adequacy. *See* Fed. R. Civ. P. 23(g). Plaintiffs therefore meet the requirements of Rule 23(a)(4).

## II. Rule 23(b)(2) Requirements

Having concluded that both classes satisfy the Rule 23(a) factors, the Court turns to Rule 23(b)'s requirements. CIIPPs initially seek certification of a Rule 23(b)(2) class to pursue injunctive and declaratory relief. Rule 23(b)(2) permits certification when a defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "If the Rule 23(a) requirements are met and the plaintiffs seek injunctive or declaratory relief, certification under Rule 23(b)(2) is generally appropriate." *Pork*, 665 F. Supp. 3d at 1010. Moreover, the "Seventh Circuit has indicated its approval of separate damages and injunctive relief classes." *Moehrl*, 2023 WL 2683199, at *23.

CIIPPs argue that they satisfy the requirements of Rule 23(b)(2) because they seek injunctive and declaratory relief protecting them from anticompetitive conduct, and particularly, Defendants continued sharing of competitively sensitive information via Agri Stats and other means. Given that CIIPPs have satisfied Rule 23(a) and they seek a single injunction and declaratory judgment that applies generally to the class, the Court finds that certification under Rule 23(b)(2) is proper.[9] *Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chi.*, 797 F.3d 426, 443 (7th Cir. 2015) ("A Rule 23(b)(2) class is appropriate if "a single injunction or

---

[9] Defendants do not challenge the propriety of certifying an injunctive and declaratory class under Rule 23(b)(2).

declaratory judgment would provide relief to each member of the class.") (quoting *Wal-Mart*, 564 U.S. at 360).

### III. Rule 23(b)(3) Requirements

To qualify for certification under Rule 23(b)(3), a damages class must show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Defendants primarily focus their fire on the issue of predominance, by seeking to exclude Plaintiffs' experts under *Daubert* and then challenging their opinions with a defense expert. The remainder of this opinion resolves Defendants' challenges under Rule 23(b)(3).

#### A. Predominance

"Predominance is satisfied when common questions represent a significant aspect of a case and . . . can be resolved for all members of a class in a single adjudication." *Kleen*, 831 F.3d at 925 (internal quotes and citation omitted). In analyzing predominance, "courts [] give careful scrutiny to the relation between common and individuals questions." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). "An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Id*. (internal quotes and citation omitted). "[C]ommon questions predominate where the case claims the existence of a widespread or uniform practice." *Ross v. Gossett*, 33 F.th 433, 439 (7th Cir. 2022). The Supreme Court has noted that the predominance standard for Rule 23(b)(3) is "more demanding" than the commonality requirement of Rule 23(a). *Comcast*, 569 U.S. at 34. However, it has also noted that "[p]redominance is a test

readily met in certain cases alleging . . . violations of the antitrust laws." *Amchem Prods., Inc.*, 521 U.S. at 625.

When making the predominance determination under Rule 23(b)(3), the Court begins "with the elements of the underlying cause of action." *Messner*, 669 F.3d at 815 (internal quotes and citation omitted). Here, Plaintiffs bring two Sherman Act claims both for violation of Section 1: a rule-of-reason claim, based on Defendants' use of Agri Stats/EMI, and a *per se* conspiracy claim.[10] Each claim requires proof of (1) "a violation of antitrust law," (2) "individual injury, or impact, caused by that violation," and (3) "measurable damages." *Reed v. Advoc. Health Care*, 268 F.R.D. 573, 581 (N.D. Ill. 2009).[11] To obtain class certification, plaintiffs must show that common proof will predominate with respect to each of these elements of their claims—not that the class will prevail as to those common questions. *Id*; *Ross*, 33 F.4th at 442.

### 1. Antitrust Conspiracy

On the first element of Plaintiffs' antitrust claims, DPPs argue that common evidence, including Defendants' own documents and testimony, will be used to prove that Defendants formed a *per se* illegal conspiracy. Further, in support of DPPs' rule of reason claim, Williams will offer testimony, common to the class, explaining that Defendants' data exchanges through Agri Stats and EMI were consistent with collusion and had anticompetitive effects as well as economic

---

[10] "Under a Rule of Reason analysis, the plaintiff carries the burden of showing that an agreement or contract has an anticompetitive effect on a given market within a given geographic area." *Agnew v. NCAA*, 683 F.3d 328, 335 (7th Cir. 2012). In contrast, the *per se* rule "is employed when a practice appears to be one that would always or almost always tend to restrict competition and decrease output." *Id*. at 336 (internal quotes and citation omitted). "Horizontal price fixing and output limitation are classic examples of behavior that is considered anticompetitive per se." *Id*.

[11] DPPs' rule of reason claim for information exchange also contains a requirement under the first element to establish anticompetitive effects either directly or indirectly by showing that Defendants exercised market power in a relevant market. *Toys "R" Us v. Fed. Trade Comm'n*, 221 F.3d 928, 937 (7th Cir. 2000).

evidence that Defendants occupy a relevant antitrust market and collectively wielded power in that market. In response to DPPs' class certification motion, Defendants do no dispute that common evidence can be used to establish the existence of the alleged antitrust conspiracy and these liability questions predominate over any individual questions. Doc. 877 at 42. Caselaw supports this point. *Kleen*, 831 F.3d at 927 ("Defendants do not contest that the existence of the conspiracy could be (perhaps *had to be*) proven by evidence common to the class.") (emphasis added); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 2024 WL 3509668, at *11 (N.D. Ill. July 22, 2024) ("Given the importance of the conspiracy element to an antitrust action, courts and commentators regularly accept that common questions here will predominate over individual questions."); *Broilers*, 2022 WL 1720468, at *7 (this "type of alleged conspiracy is the prototypical example of an issue where common questions predominate" because it can be "resolved for all members of a class in a single adjudication.") (internal quotes and citations omitted).

As to CIIPPs' motion, Defendants nonetheless "do not concede" that Plaintiffs have set forth class-wide evidence of a conspiracy. Doc. 888 at 31 n.104. Defendants insist CIIPPs lack evidence of a conspiracy, largely attacking various aspects of the evidence CIIPPs rely on and pointing to various non-conspiratorial factors that impacted turkey production. *Id*. at 16-27. In doing so, Defendants improperly merge the analysis of whether they engaged in a conspiracy with the need for individualized inquiries. *See Moehrl*, 2023 WL 2683199, at *13 ("Defendants' arguments bear more on whether a conspiracy existed; they are merits arguments that might entitle them to summary judgment or a verdict in their favor but are inapplicable at the class certification stage.") (internal quotes and citation omitted). Defendants also fail to raise any issues specific to individual class members that preclude a finding of predominance. At issue in this litigation is whether Defendants conspired to reduce the supply of turkey products in order to increase the

prices they charged for those products and unlawfully inflate their profits. As in *Kleen*, plaintiffs "tendered extensive evidence that, if believed, would be enough to prove the existence of the alleged conspiracy." *Kleen*, 831 F.3d at 927. In support, CIIPPs' evidence includes Defendants' allegedly exchanging competitively sensitive information through Agri Stats reports, direct communications among Defendants regarding turkey prices and supplies, and evidence of the mechanisms Defendants used to allegedly monitor conspiracy compliance. Based on this evidence, Defendants either engaged in a conspiracy or they did not. There is no conspiracy alleged that existed as to only some class members. In other words, the evidence CIIPPs presented regarding Defendants' conduct is common across the class, and the existence of the alleged conspiracy will be a predominate issue in the case. *Kleen Prods. LLC v. Int'l Paper*, 306 F.R.D. 585, 594 (N.D. Ill. 2015), *aff'd*, 831 F.3d 919 (7th Cir. 2016) (at the class certification stage, the relevant issue is whether "the evidence either proving or disproving a conspiracy will be common to the entire class").

### 2. Antitrust Impact

The second element of Plaintiffs' Sherman Act claims is antitrust impact or "fact of damage." *Messner*, 669 F.3d at 816. The predominance inquiry with respect to antitrust impact asks whether the plaintiffs can "show that it [is] possible to use common evidence to prove that [Defendants' alleged antitrust violation] injured the members of the proposed class." *Id*. Again, plaintiffs' "burden at the class certification stage [is] not to prove the element of antitrust impact." *Moehrl*, 2023 WL 2683199, at *14 (quoting *Messner*, 669 F.3d at 818). Instead, plaintiffs need "only . . . demonstrate that the element of antitrust impact *is capable of proof at trial* through evidence that is common to the class rather than individual to its members." *Messner*, 669 F.3d at 818 (internal quotes and citations omitted) (emphasis in original). As common evidence of class-

wide impact, Plaintiffs rely on the expert opinions of Williams and Mangum. In response, Defendants contend DPPs cannot establish common proof of antitrust impact (and damages) without Williams' price overcharge regression model and his analysis is fundamentally flawed. Defendants similarly argue that Mangum's overcharge and pass-through regression models are flawed, which is allegedly fatal to CIIPPs' showing of class-wide impact (and damages) using common proof.

Defendants also move to exclude certain opinions of both experts. Federal Rule of Evidence 702 governs the admissibility of expert testimony in federal court. *Anderson v. Raymond Corp.*, 61 F.4th 505, 508 (7th Cir. 2023). In *Daubert*, 509 U.S. 579 (1993), the Supreme Court interpreted Rule 702 to require "the district court to act as an evidentiary gatekeeper, ensuring that an expert's testimony rests on a reliable foundation and is relevant to the task at hand." *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 778 (7th Cir. 2017) (internal quotes and citation omitted). To determine whether expert testimony is admissible, the district court performs a three-step analysis, evaluating: "(1) the proffered expert's *qualifications*; (2) the *reliability* of the expert's methodology; and (3) the *relevance* of the expert's testimony." *Id*. at 779 (emphasis in original). "[R]eliability is primarily a question of the validity of the *methodology* employed by an expert, not the quality of the data used in applying the methodology or the conclusions produced." *Manpower*, *Inc. v. Ins. Co. of Pa.*, 732 F.3d 796, 806 (7th Cir. 2013). The Court's role is not to determine whether an expert's testimony is correct, but only whether it falls "outside the range where experts might reasonably differ." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 153 (1999). If an expert's principles and methodologies are reliable, then the way to attack "shaky but admissible" evidence is through use of cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof. *Schultz v. Akzo Nobel Paints, LLC*, 721 F.3d 426, 431

(7th Cir. 2013). The proponent of expert testimony must establish its admissibility by a preponderance of the evidence. *See* Fed. R. Evid. 702; *Varlen Corp. v. Liberty Mut. Ins. Co.*, 924 F.3d 456, 459 (7th Cir. 2019). When the "expert's report or testimony is critical to class certification," the district court "must make the necessary factual and legal inquiries and decide all relevant contested issues prior to certification." *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 815, 817 (7th Cir. 2010). An expert's testimony is critical if it is "important to an issue decisive for the motion for class certification." *Messner*, 669 F.3d at 812.

In this case, Williams' and Mangum's opinions are critical to the issue of whether common questions predominate concerning antitrust impact and damages, so the Court must decide the *Daubert* motions first. On that matter, Defendants do not challenge Williams' or Mangum's credentials or qualifications.[12] Instead, Defendants challenge the reliability and relevance of analyses Williams and Mangum used to show common impact and damages. Thus, the Court's analysis focuses on the final two steps of the *Daubert* analysis that are relevant to the predominance requirement.

### Williams' Impact Analysis

The Court now proceeds to a discussion of Williams' expert opinions and Defendants' bases for seeking to exclude them under *Daubert* and Rule 702. DPPs use Williams' report to demonstrate evidence of common impact. Williams first made findings regarding the structure of

---

[12] Williams earned his M.A. and Ph.D. degrees in economics from the University of Chicago and is a Managing Director at Berkeley Research Group, LLC, where he specializes in analyses involving antitrust, industrial organization, and regulation. He is a former economist with the United States Department of Justice, Antitrust Division. Mangum has master's and doctoral degrees in economics from the University of Southern California and is Executive Vice President at Cirque Analytics, an economic consulting firm. He has been an economist for over 25 years and previously served as a staff economist at the United States Federal Trade Commission, in the Antitrust Division of the Bureau of Economics. Williams and Mangum are well-qualified to analyze the effects of the alleged conspiracy. *See Broilers*, 2022 WL 1720468, at *7; *Pork*, 665 F. Supp.3d at 989.

the turkey market, which Williams found was conducive to successful collusion. Doc. 830-2, Williams Report ¶¶ 347-370. This evidence includes the highly concentrated market for turkey (*id*. ¶ 20); the barriers to entry including high capital expenditure requirements and high levels of vertical integration (*id*. ¶¶ 361-365); the lack of competition from imports (*id*. ¶¶ 366-367); the lack of substitutes and low elasticity of demand (*id*. ¶¶ 358-360); and the fact that turkey is a commodity product (*id*. ¶¶ 348-355). Williams found that the market structure for turkey products supports a conclusion that all or nearly all consumers would have paid artificially inflated prices as a result of the alleged conspiracy. *Id*. ¶ 368. According to Williams, basic economic theory "demonstrates that, all else equal, a decrease in the market supply for a product will lead to an increase in its prices." *Id*. ¶¶ 375-376. He noted that Defendants and other market participants confirmed the operation of this basic economic theory in the turkey industry. *Id*. ¶¶ 377-379.

Williams also performed regression models and conducted correlation analyses. "Regression analysis permits the comparison between an outcome (called the dependent variable) and one or more factors (called independent variables) that may be related to that outcome." *Manpower, Inc.*, 732 F.3d at 808; *Broilers*, 2022 WL 1720468, at *10 ("Regression analysis is a statistical method by which data is organized as dependent and independent variables—e.g., price changes over time—and is boiled down to a straight line such that predictions can be made about scenarios outside the data—e.g., what prices will be in the future.").

Williams first performed an overcharge regression analysis. Using nearly 600,000 transactions in the turkey industry representing $26.9 billion in commerce, Williams performed an overcharge regression to determine the impact of Defendants' alleged conduct by comparing the prices paid by direct purchasers during the conspiracy period to a benchmark period. Doc. 830-2, Williams Report ¶¶ 12, 385-402, 446. In his model, Williams controlled "supply-side factors such

as dressed meat cost, avian influenza in 2015; demand-side factors such as population, disposable income per capita, 2011 food-borne pathogens, prices of substitute products; and factors that may affect both demand and supply such as inflation and the Great Recession." *Id.* ¶¶ 12, 403-414, 446. After "accounting for demand and cost factors that may affect turkey product prices," including the cost of grain, Williams found that "Defendants' alleged conspiracy increased turkey product prices by 11.3%." *Id.* ¶¶ 12, 415-417. That estimate was statistically significant at the 0.1% level, meaning "there is a less than 0.1% chance that Defendants' conspiracy had no price effects." *Id.* ¶¶ 417, 421. Moreover, Williams estimated his overcharge regression model separately by product category, finding statistically significant overcharges as to each of turkey breast, ground turkey, and whole turkey in the amounts of 14.8%, 5.2%, and 13.9%, respectively. *Id.* ¶¶ 423-424.

Williams then performed an in-sample prediction comparing the price that each direct purchaser actually paid on a particular transaction to the but-for price they would have paid absent the conspiracy. Doc. 830-2, Williams Report ¶¶ 425-427; Doc. 830-4, Williams Sur-Reply, ¶ 141 n.192. Using the model underlying his common impact regression analysis, he compared predicted "transaction-specific but-for prices" to "actual prices for *each* observation of *each* consumer in the data for the damages period." Doc. 830-2, Williams Report ¶ 425; Doc. 830-4, Williams Sur-Reply ¶¶ 138, 141 n.192 (emphasis in original). Williams found that 1,672 of 1,675 of the unique customers in the dataset—or approximately 99.8%—had at least one overcharge observation during the Class Period. Doc. 830-2, Williams Report ¶¶ 426-427. Thus, Williams opined that the "anticompetitive effects of the alleged conspiracy were widespread across members of the proposed [DPP] Class, causing harm to all or virtually all Class Members." *Id.* ¶¶ 12, 446.

Williams also conducted price correlation analyses, which show that turkey product prices are parallel and highly correlated across products, Processor Defendants, geographic locations, and

19

customers. Doc. 830-2, Williams Report ¶¶ 428-441. Although correlation analysis alone does not prove common impact across class members, combined with Williams' overcharge regression analysis, high price correlations provide further evidence supporting that the alleged conspiracy caused all or virtually all class members to pay artificially inflated turkey prices. *Id*. ¶ 428.

As additional evidence, Williams performed a production regression. Williams' production regression found that "turkey production in the actual world is statistically significantly lower than production but-for the alleged conspiracy by 4.6% to 5.5% in the Class Period." Doc. 830-3, Williams Reply ¶ 123. As in his overcharge regression analysis, Williams controlled for demand and costs factors that may affect turkey production by applying the standard dummy variable regression methodology. *Id*. ¶ 122. Williams also found that turkey production in the actual world is statistically significantly lower than production but-for the alleged conspiracy for each year in the damages period when letting the production effect vary by year, regardless of whether he used total supply or domestic supply as the dependent variable and regardless of whether he included or excluded turkey-product category-specific variables. *Id*. ¶ 311 (Table A2). As a further robustness analysis, Williams then included the year 2009 as part of the damages period "to account for potential supply-restraint effects in 2009." Doc. 830-4, Williams Sur-Reply ¶ 43; Doc. 830-3, Williams Reply ¶ 310. In doing so, he found that "turkey production in the actual world is statistically significantly lower than production but-for the alleged conspiracy by 4.7% to 5.2%" in that redefined damages period including the year 2009. *Id*.

### *Defendants' Objections to Williams' Impact Opinions*

**In-Sample Prediction Method:** Defendants advance a series of arguments for excluding Williams' impact opinions based on the results of his regression and correlation analyses. Defendants first argue that Williams' overcharge regression cannot be used to show transaction-

level impact because a regression shows average impact, not individual impact. According to Defendants, Williams' overcharge regression's average overcharge is not a permissible method of showing individual impact because turkey prices are individually negotiated as opposed to a rigid price structure or manipulation of list prices or indices existing in the sale of turkey.

The Court disagrees that Williams' transaction-level impact opinion and any common impact opinions based on it should be excluded. Here, because overcharges varied across class members, Williams examined the overcharges at the transaction level. This was done by Williams' in-sample prediction approach that "allows overcharges to vary by individual, but it does not indicate that overcharges must vary across individuals." Doc. 830-3, Williams Reply ¶ 315 (Appendix IV). Williams found that 99.8% of customers had at least one overcharge observation. Doc. 830-2, Williams Report ¶ 426. Williams' in-sample prediction approach is the "type of market-wide economic analysis [that] has been accepted by many courts to show predominance as to antitrust impact." *In re Pork*, 665 F. Supp.3d at 1003 (application of expert's model to class members demonstrated that "over 99% of DPPs paid elevated prices at least once during the Class Period."); *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 672 (9th Cir. 2022) (en banc) ("*Tuna*") (explaining that plaintiffs' expert's comparison of but-for prices to the actual prices paid by the DPP class "showed that 94.5 percent of the purchasers had at least one purchase above the predicted but-for price," which "provided further evidence that the conspiracy had a common impact on all or nearly all the members of the DPP class."); *Broilers*, 2022 WL 1720468, at *13 (explaining the direct purchaser plaintiffs' expert "compared actual prices from the class period to the calculated but-for market price and found that 97.1% of customers paid an actual price that exceeded the but-for price at least once.").

Contrary to Defendants' argument, Williams' finding that 99.8% of customers had a least one overcharge observation can serve as common evidence for all class members despite the diverse, individually-negotiated mechanisms to set turkey prices. Indeed, the Seventh Circuit has explained that "[e]ven for transactions where prices were negotiated individually or a longer term contact existed" class-wide impact follows where "the starting point for those negotiations would be higher if the market price for the product was artificially inflated." *Kleen*, 831 F.3d at 928-29. This same argument by Defendants was rejected in *Broilers* and in *Pork* where the "evidence show[ed] that those [individual] negotiations took place in the context of a 'market price.'" *Broilers*, 2022 WL 1720468, at *15; *Pork*, 665 F. Supp. 3d at 1006 (relying on evidence that "market prices generally set the individual Defendants' prices" in finding predominance of common questions as to impact). Similarly here, significant evidence demonstrates that the Processor Defendants negotiated turkey sales in the context of a well understood market price. *See* Doc. 830 at 34-35; Doc. 938 at 20-25.[13] The record further indicates that the Processor Defendants engaged in "across the board" pricing in response to market conditions, which is consistent with the injury to 99.8% of class members that Williams found. *See* Doc. 830 at 35-36.

The Court does not accept Defendants' additional arguments, crediting Williams' explanation that Stiroh's one-step approach does not undermine his estimation of individualized overcharges and demonstration of common impact using a two-step approach. Doc. 830-3, Williams Reply ¶¶ 313-326 (Appendix IV); Doc. 830-4, Williams Sur-Reply, ¶¶ 136-137. The Court also credits Williams' explanation that Defendants mistakenly use error term and residual

---

[13] As just two of many examples of the Processor Defendants using the market price as a starting point for negotiations, DPPs cite Hormel's Chuck Meath's testimony that "the market price reflected in the Urner Barry [a market index reporting service] [was] a reference point for the entire industry." Doc. 938 at 21. And Hormel's 30(b)(6) designee testified that even "fixed price" agreements were "based on where you think Urner Barry/USDA information is going to be." *Id.* at 22.

interchangeably and therefore, their arguments in this regard do not undermine the reliability of his in-sample prediction method. Doc. 1074, Oct. 9, 2024 Hearing Tr., at 51:6-52:10; Doc. 830-3, Williams Reply ¶¶ 190, 313-332 (Appendix IV). Defendants further challenge the validity of Williams' method because they claim it would show injury on half the transactions in the benchmark period even when there was no conspiracy. But notably, Stiroh (as opposed to counsel) does not indicate that this indicates 50 percent false positives. The Court credits Williams' explanation that the residual is interpreted differently in the damages period than the benchmark period because there is no impact in the benchmark period. Doc. 1074, Oct. 9, 2024 Hearing Tr., at 130:10-134:17. Moreover, Williams shows that 99.8% of DPPs were overcharged at least once during the Class Period. On balance, DPPs have demonstrated that Williams' transaction-level impact opinion is sufficiently reliable evidence of proof common to the class.

**Correlation Analyses:** Moving on to Williams' correlation analyses, Defendants argue: (1) his correlation analysis "has nothing to do with the alleged conspiracy"; (2) his correlation opinion is not falsifiable; and (3) his "decile" correlation analysis does not show customer uniformity. Doc. 895 at 12-16. None of these arguments provides a ground for excluding Williams' correlation analyses as unreliable or irrelevant.

As to the first argument, Defendants identify factors unconnected to the alleged conspiracy, such as seasonality (customers paying more for whole birds during the holiday), grain prices, and inflation, as likely explaining the correlations. According to Defendants, by failing to control for either market forces or the alleged conduct, there is no way to determine what is driving the correlation or whether the alleged conduct is one of the factors that impacts every customer or only some of them. It is true that "correlation analysis alone does not prove common impact across Class Members." Doc. 830-2, Williams Report ¶ 428. However, courts faced with similar

correlation analyses have found that they could serve as reliable evidence in conjunction with overcharge regressions. *See Tuna*, 31 F.3d at 671 (plaintiff's expert "performed a pricing correlation test, which demonstrated that the prices of the Tuna Suppliers' products moved up or down together regardless of product or customer type, and thus supported the proposition that the Tuna Suppliers' collusion had a common, supra-competitive impact on their prices."); *Pork*, 665 F. Supp.3d at 992 n. 13 (While "correlation analysis may not be common evidence of class-wide injury on its own," an expert may "use his correlation analysis merely to supplement his robust regression analysis."); *see also In re: Cathode Ray Tube (CRT) Antitrust Litig.*, 308 F.R.D. 606, 629 (N.D. Cal. 2015) (finding that expert's "use of regression and correlation analysis is well established as a means of providing classwide proof of antitrust injury and damages"). The district court in *Pork* concluded that "[c]orrelation analysis conducted by [the plaintiffs' expert] further bolsters that all DPPs would be impacted by the price increase," as it is evidence that "all DPPs were impacted because DPPs would not have been able to avoid the impact of the alleged conspiracy by switching from one Defendant to another." *Pork*, 665 F. Supp.3d at 1003 (internal quotes omitted). Similarly here, there is no reliability problem simply because Williams' correlation analysis alone does not identify the causal mechanism driving the correlation. Consequently, Williams' correlation analyses provide further reliable evidence of class-wide pricing impact.

The Court also dismisses Defendants' argument that a correlation analysis is irrelevant to the claims in his case because Plaintiffs have not alleged a rigid pricing structure. In *Pork*, this type of correlation analysis was accepted to show common impact where, like here, there was evidence that defendants generally set their prices based on market price with adjustments. *Pork*, 665 F. Supp.3d at 1003.

Relying on Stiroh's opinion, Defendants next argue that Williams' correlation analysis is insufficient to establish common impact because if but-for prices are generally increasing (as they would over a 20-year time span), the correlation among customers will be positive. Doc. 833-3, Stiroh Report ¶ 142. And so, Defendants argue, Williams' correlation statistic is not falsifiable because it would be positive regardless of the presence or absence of class-wide impact. This criticism does not render Williams' correlation analysis irrelevant to common impact. Stiroh's hypothetical in her report assumes that the prices of all products can only increase over time. Doc. 820-3, Williams Reply ¶ 278. As Williams explains, however, "[a]ctual turkey prices fluctuate and the data generally have more than two periods. As a result, price correlations are neither positive 100 percent nor negative 100 percent." *Id*. Moreover, the relevant point of Williams' analysis is "that, all else equal, correlations would be systematically lower if only some customers/products were overcharged, and systematically higher if overcharges are more widespread." *Id*. The actual results of Williams' analysis shows consistently high, positive levels of pricing correlation— generally between 80 to 99 percent for whole turkeys, ground turkey, and turkey breast. Doc. 820-2, Williams Report ¶ 433.

Defendants also take issue with Williams' decile correlation analysis, arguing it is not a reliable test of customer pricing uniformity because he does not analyze the correlation between individual customers, and positive correlation at the decile level is built into Williams' analysis. Doc. 830-2, Willaims Report ¶¶ 432-435. However, Williams' decile correlation analysis was not designed to analyze price correlations of specific customers—that is done by his customer correlation analysis. Williams performed a separate customer correlation analysis which demonstrates that prices are correlated across customers. *Id*. ¶¶ 440-441. Specifically, Williams' customer correlation analysis showed prices across customers are "generally highly correlated,

with 100% of the correlations higher than 0.6 and 82%-100% correlations higher than 0.8." *Id*. ¶ 441.

Moreover, in his decile analysis, Williams found that different deciles of transaction prices, product prices, and customer prices are parallel with each other and highly correlated. Doc. 830-2, Willaims Report ¶¶ 432-435. Correlations of prices at different levels can provide insights into whether both expensive and cheap products would be affected by the alleged conspiracy and whether both customers who paid lower and higher prices would be affected by the alleged conspiracy. *Id*. ¶ 432. Williams used the results of his decile analysis "as further common evidence supporting [his] findings based on the overcharge regression analysis that the anticompetitive price increases caused by the alleged conspiracy had a widespread effect on Class Members, causing all or virtually all of them to pay higher prices." *Id*. ¶ 435. While it is correct that the decile lines can never cross to show a negative correlation because they are measuring different deciles, the Court is not persuaded that this renders Williams' model unreliable for measuring the degree of the positive price correlation coefficients and thus, common impact. Doc. 1074, Oct. 9, 2024 Hearing Tr. 16:14-20:9, 162:11-163:8. The decile correlation analyzes the correlation of each decile with the mean. And Williams found the price correlations of each decile with the mean were very high. Doc. 830-2, Willaims Report ¶ 433 (turkey breast correlations range from 0.80 to 0.99; ground turkey correlations range from 0.86 to 0.99; and whole turkey correlations range from 0.96 to 0.99). Accordingly, the Court finds that Defendants have failed to show that Williams' decile analysis is unreliable on these bases.

**Production Regression:**[14] Defendants' next challenge relates to Williams' production regression analysis. Defendants insist that Williams' production regression model does not reliably

---

[14] Williams' Reply report refers to these models as production regressions. Doc. 830-3, Williams Reply, Section IV.D. At the evidentiary hearing, Williams testified that he should have called these models supply

show a production reduction *attributed to the alleged conspiracy* for three reasons: (1) his production model does not fit the facts of the case; (2) his production model ignores post-conspiracy data; and (3) his production model yields absurd results. None of Defendants' arguments demonstrate that Williams' testimony is unreliable. First, Defendants dispute whether the proposed production model matches the DPPs' theory of liability. In Defendants' view, Williams' production model does not fit the case because DPPs' claims are predicated on two production cutbacks by the Processor Defendants in 2008-2009 and 2012-2013 and he did not separately model the effects of production cutbacks in 2008-2009 and 2012-2013. But while DPPs allege that the Processor Defendants each participated in production cuts in 2008-2009 and/or 2012-2013, production cuts are not the only way to restrain turkey output below what it would have been. As Stiroh recognized, besides production cuts, "another separate way that a cartel could restrain production would be by keeping production levels flat rather than growing them as they would have occurred in the but-for world." Doc. 938-5, Stiroh Dep. 202:10-203:3. Similarly, Stiroh agreed that a "decision by a cartel to expand, but to expand less than they would in the but-for world, would also be a production restraint." *Id*. at 203:14-18. DPPs have presented evidence common to the class that the Processor Defendants also engaged in production restraint throughout the Class Period and production cuts take time to affect the supply of turkey meat. *See* Doc. 938 at 12-17; Doc. 940 at 21-22; *see also* Doc. 665, DPPs' Third Amended Class Action Cmplt. ¶¶ 17, 19, 310, 324, 388. Because Williams' production regression analysis relates to the factual situation at hand, there is a "fit" between his conclusion and the facts of the case.

Defendants further question the reliability of Williams' production model, arguing that it does not show effects from the conspiracy in 2008-2009 and thus, it cannot support his conclusion

---

regressions. Doc. 1074, Oct. 9, 2024 Hearing Tr. 166:11-21. For ease of reference, the Court will refer to these models as production regressions as in Williams' Reply.

that there was a pricing effect from the alleged conduct in 2010. Williams responds to this criticism in two ways. First, he notes that the suggestion that his production regression model must find supply restraint outside the Class Period contradicts DPPs' allegations, the facts indicating it takes time for cuts to make their way through the production system and be reflected in turkey pricing as well as for existing inventory to be depleted, and his analysis of Processor Defendants' production data. Doc. 830-4, Williams Sur-Reply ¶¶ 46-51, 54-59. Second, Williams notes that his production regression model was designed to estimate the supply-restraint effect in the Class Period, not but-for production during the ramp-up period. *Id*. ¶ 59. Williams also gave a persuasive reason for why the coefficient on the ramp-up variable does not capture the total supply restraint, if any, in the ramp-up period. As Williams points out, in this case, the ramp-up period of July 2008 through December 2009 largely overlaps with the Great Recession period of January 2008 through June 2009. *Id*. As a result, Williams states to determine the total supply-restraint effect in the ramp-up period, it is inappropriate to base it on the statistical significance of the estimated coefficient on the ramp-up variable in Williams' model, as Stiroh does. *Id*. All of this indicates to the Court that Williams' production regression matches the theory of liability in this case.

Defendants next challenge Williams' robustness check which included the year 2009 as part of the damages period because it did not include a separate variable for 2009 to measure the effects of the conspiracy in that year. Rather, Williams redefined his damages period from seven to eight years. Defendants argue this only averaged the effects during the entire period and did not isolate the effects of the ramp-up period. In Defendants' view, Williams' robustness check undermines DPPs' argument that there was an impact in 2009. But Williams' inclusion of a robustness analysis does not itself warrant exclusion of the primary regression, particularly where the results still demonstrate "turkey production in the actual world is statistically significantly

lower than production but-for the alleged conspiracy by 4.7% to 5.2%." Doc. 830-4, Williams Sur-Reply, ¶ 43; Doc. 830-3, Williams Reply, ¶ 310. Defendants' critique is that Williams' own results show that by adding 2009 to his damages period, the estimated production reduction decreased from 5.1% to 4.7%, which is consistent with the alleged conspiracy having no adverse impact on production during 2009. However, Defendants focus only on the differences between results when Williams used total supply as the dependent variable and excluded three turkey-product-category-specific variables, not the other results produced by Williams. Doc. 830-3, Williams Reply, ¶¶ 122-23 (Table 2), 310 (Table A1); Doc. 830-4, Williams Sur-Reply, ¶ 43 (Table 2). In contrast, Williams tested the robustness of his production regression model by running four different versions: by comparing the results including and excluding turkey-product-category-specific variables and by defining total production as either total supply or domestic supply. *Id*. Again, a broader view of Williams' results shows that when including the year 2009 as part of the damages model, the estimated production reduction in the actual world is statistically significantly lower than production but-for the alleged conspiracy by 4.7% to 5.2%. Doc. 830-3, Williams Reply, ¶ 310 (Table A1); Doc. 830-4, Williams Sur-Reply, ¶ 43 (Table 2). Williams' model is not therefore flawed. That Williams did not include a separate variable for 2009 or limit his analysis to "total supply" excluding the three turkey-product-category-specific variables may undercut the weight of his opinion, but it does not make his opinion unreliable. Regardless of whether it is the best method, Williams' results are sufficiently reliable. Defendants' criticism is really a dispute as to Williams' ultimate conclusion that there was an impact in 2009, and this critique does not make Williams' opinion non-admissible under *Daubert*. *See Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000) ("The soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters to be determined

by the trier of fact, or, where appropriate, on summary judgment."). The Court therefore declines to exclude Williams' original production analysis and robustness analysis on this ground.

Beyond this, Defendants raise a concern that Williams' production model is unreliable because it ignores post-conspiracy data from 2019-2021, which shows that production declined after the 2018 cut-off period. According to Defendants, Williams chose the 2018 cut off for his "after" period because Class Period production was below 2018 levels, but above 2021 levels. Though DPPs argue that Williams did not have Defendants' data through 2020 because Defendants objected to its production, this argument is not persuasive. Williams testified that his production regression is based on quarterly USDA data, not Defendants' data. Doc. 1074, Oct. 9, 2024 Hearing Tr. 167:20-168:7, 174:7-175:9. Moreover, Mangum also used quarterly USDA data in his turkey production analysis in this case. *See* Doc. 839-1, Mangum Report ¶ 71, Figure 13. But in any case, this disagreement over the post-conspiracy time period goes to the evidentiary weight and persuasiveness of Williams' testimony, rather than its reliability. *In re Allstate Corp. Sec. Litig.*, 2022 WL 842737, at *9 (N.D. Ill. Jan. 10, 2022), *report and recommendation adopted*, 2022 WL 17683310 (N.D. Ill. Feb. 22, 2022) ("disagreements over which time period to use . . . reflect a classic dispute among experts over the choice of inputs, which is inappropriate to resolve at this *Daubert* juncture."); *see also Moehrl*, 2023 WL 2683199, at *9 (rejecting *Daubert* challenge because "arguments concern[ing] the factual underpinnings of [expert]'s analysis and the quality of his conclusions . . . implicate the probative weight of his opinions not their admissibility"). Moreover, Defendants have not shown how the additional data from 2019 through 2021 would have had an impact on Williams' results. *See Morgan v. United Parcel Serv. of America, Inc.*, 380 F.3d 459, 468-69 (8th Cir. 2004) ("when a defendant attacks a plaintiff's regression, he must

typically do more than point out the flaws in his opponent's analysis" and instead "must show that the omission had an impact on the result.").

As a final argument in support of exclusion, Defendants assert Williams' production model produces absurd results because it purportedly shows that "if costs increase, then production also increases." Doc. 895 at 19. Defendants argue that the "implication that producers should make even more when costs skyrocket is not rational or reliable." *Id*. But Defendants do not point to any criticism raised by Stiroh in her rebuttal report supporting their argument. Furthermore, Williams disagrees with the conclusion that the positive sign on the dress meat cost variable is an indication of an econometric issue with the production regression. Williams testified this is a mistaken view of reduced form regressions and what the coefficients on the control variables mean. Grounded in economic theory, Williams explained at both his deposition and the hearing that it is very common for there to be unexpected signs in reduced form regressions, but it does not change the unbiased estimate of the variable of interest. Doc. 1074, Oct. 9, 2024 Hearing Tr. 179:15-182:2; Doc. 938-42, Ex. 177, Williams Dep. 224:20-225:22, 233:4-236:22. Defendants make no persuasive attempt to rebut Williams' explanation. While Defendants' counsel argues that the production regression is unreliable in predicting the effects of the alleged conspiracy because it does not reliably predict the effects of costs on production, they have provided no actual evidence (as opposed to argument) from which the Court can conclude that Williams' production analysis leads to an absurd result. All in all, Defendants have not shown that the supposed absurdity of Williams' cost variable undermines the reliability of the methodology for measuring class-wide impact. Like much of their objections' to Williams' opinions, Defendants are actually contesting the relative weight of Williams' production model, which they are free to challenge at trial.

### *DPPs' Common Proof of Impact*

Returning to the merits of the class certification motion, DPPs have pointed to several types of common proof that will establish antitrust impact on a class-wide basis. First, Williams showed that the structure of the turkey industry was conductive to successful collusion, which provides common proof that will establish antitrust impact on a class-wide basis. As the Seventh Circuit has recognized, plaintiffs may rely on evidence that the "structure of the [relevant] market was conducive to successful collusion" as "common proof that will establish antitrust injury (in the form of cartel pricing here) on a classwide basis." *Kleen*, 831 F.3d at 927; *see also Tuna*, 31 F.4th at 675 ("other evidence in the record, including [] market characteristics, showed that class members suffered common impact."). Moreover, common evidence demonstrates that Urner Barry served as a market reference point when pricing turkey. *See Broilers*, 2022 WL 1720468, at *15; *Pork*, 665 F.Supp.3d at 1006. Given these characteristics of the turkey market, Williams also relied on textbook economic principles and record testimony about the well-established relationship between the supply and price of turkey meat. Doc. 830-2, Williams Report ¶¶ 375-379 375. This evidence in conjunction with fundamental economic theory is all common evidence that collusion would cause higher prices for all or nearly all turkey products.

DPPs provided additional common evidence in the form of multiple economic analyses capable of proving that the alleged conspiracy among Defendants caused the price of turkey products to increase: (1) Williams' overcharge regression establishing that Defendants' alleged conduct resulted in statistically significant overcharges for each of turkey breast, ground turkey, and whole turkey throughout the Class Period; (2) Williams' customer-level in-sample prediction methodology demonstrating that 99.8% of class members had at least one overcharge observation during the Class Period; and (3) Williams' correlation analyses showing that prices move together

within the turkey product categories, among Processor Defendants, and across different customers and geographic locations. DPPs also presented common evidence that Agri Stats/EMI provided a mechanism by which Processor Defendants exchanged production and pricing information. Finally, Williams performed a production regression and based on common evidence, he found that Defendants restrained industry supply throughout the Class Period. As the Seventh Circuit has explained, this does not mean "that any of these points have been proven, of course, but [the Court] is saying that this evidence is enough to support class treatment." *Kleen*, 831 F.3d at 928.

### *Defendants' Impact Arguments*

This leads to Defendants' challenges to the sufficiency of DPPs' common proof of antitrust impact. Defendants argue that Williams' overcharge regression analysis is insufficient as common proof because: (1) his model measures average price effects and a single average percentage overcharge is improper when an industry has non-uniform prices; (2) his model does not fit DPPs' allegations; and (3) his model demonstrates that a great many putative class members are uninjured. The Court will address each of Defendants' arguments in turn, but finds them to be unavailing.

To begin, Defendants' first argument largely mirrors their earlier *Daubert* challenge to Williams' in-sample prediction approach, which the Court rejected. For purposes of class certification, individual pricing negotiations and different pricing mechanisms in the turkey industry do not preclude the use of pooled regression models to show common impact. In *Kleen*, the Seventh Circuit considered "whether the common evidence could show the fact of injury on a classwide basis" and stated that, "[a]t base, Defendants argue that it is not enough for Purchasers to prove aggregate injury and one aggregate overcharge." *Kleen*, 831 F.3d at 927. *Kleen* rejected

this argument and affirmed class certification with the plaintiff's expert "calculat[ing] an average overcharge of 2.92%." *Id*. at 929.[15]

Additionally, the use of aggregate results of regression analyses using pooled data has been accepted as evidence capable of showing common impact in other protein industry antitrust cases where defendants priced their products in reference to market prices. The *Broilers* court stated that "[c]ourts have held that pooled regression analysis can be an appropriate tool to demonstrate class-wide impact even when the market involved diversity in products, marketing, and prices." *Broilers*, 2022 WL 1720468, at *12 (internal quotes and citation omitted). The district court rejected the argument that plaintiffs' proof of injury was improperly based on an expert's calculation of a "but for" "average" price which failed to account for individual price negotiations. *Id*. at *15. As the *Broilers* court correctly explained, the "experts' opinions in this case [] are not merely based on 'averages' of individually negotiated sales." *Id*. Rather, individual price negotiations "take place in the context of a 'market price,'" which is the "starting point" for negotiations. *Id*; *see also Pork*, 665 F. Supp.3d at 1006. This is consistent with "prevailing view" that "price-fixing affects all market participants, creating an inference of class-wide impact even when prices are individually negotiated." *Kleen*, 306 F.R.D. at 600 (internal quotes and citation omitted). As discussed above in connection with Defendants' objections to Williams' in-sample prediction model, common evidence here demonstrates that the Processor Defendants negotiated

---

[15] *See also Tuna*, 31 F.4th at 677-78 (rejecting the categorical argument that "pooled regression models involve improper 'averaging assumptions'" and therefore are inherently unreliable when used to analyze complex markets" because "[i]n antitrust cases, regression models have been widely accepted as a generally reliable econometric technique to control for the effects of the differences among class members and isolate the impact of the alleged antitrust violations on the prices paid by class members.").

turkey sales in reference to market price, such that cuts in production could uniformly affect all relevant products.[16]

Defendants also point out that turkey prices were established through a variety of pricing mechanisms, including fixed-price contracts, cost-plus contracts, and contracts based on grain costs, which they argue insulated some DPPs from any effects of the conspiracy and preclude use of a single, average overcharge to measure antitrust injury. This argument is unpersuasive to support lack of common impact and predominance. Like the chicken industry at issue in *Broilers*, market price is a reasonable way to demonstrate common impact of an alleged conspiracy to reduce turkey supply because "[e]ven prices that are not explicitly based on Urner Barry . . . will still be influenced by the same market factors because the prices associated with fixed price contracts and the margins associated with cost-plus contracts will be negotiated in reference to market price." *See Broilers*, 2022 WL 1720468, at *14. Moreover, while Defendants point to a few grain-based contracts, these contracts do not change the fact that there is common evidence that Processor Defendants generally used market price as a reference when pricing turkey.

Additionally, Defendants note that unlike in *Broilers* and *Pork*, turkey products (such as breast, wings, thighs, etc.) are not priced based on a single "cutout" value of the entire bird, so a

---

[16] Relatedly, the Court considers Plaintiffs' request to exclude Stiroh's opinion that a single overcharge regression cannot be a reliable measure of common impact in this kind of antitrust case. *See* Doc. 833 at 11-19. Plaintiffs assert that Stiroh's opinion in this regard is unreliable because the use of common impact regression methodology is a well-established econometric practice used to show antitrust injury, particularly in price-fixing cases. It is true that single overcharges "have been widely accepted as a generally reliable econometric technique to control for the effects of the differences among class members and isolate the impact of the alleged antitrust violations on the prices paid by class members." *Pork*, 665 F. Supp.3d at 1005-06 (quoting *Tuna*, 31 F.3d at 677 and citing *Broilers*, 2022 WL 1720468). However, as Defendants' Opposition makes clear, Stiroh did not opine that an overcharge regression model can never be used; rather, Stiroh simply opined that Plaintiffs' overcharge regression models in this case are not reliable proof of common impact as to these putative classes. Doc. 881 at 9-10. As such, Plaintiffs have failed to show that Stiroh's critiques of Williams' and Mangum's overcharge regression models as proof of antitrust impact are so unreliable that any of them should be excluded on *Daubert* grounds. With Defendants' clarification, Plaintiffs' motion on this issue is denied.

reduction in turkey production could not affect the supply (and price) of all turkey products uniformly. It is true that different types of turkey products have different pricing movement patterns, which is to be expected because whole bird pricing is cyclical as a result of its popularity during the Thanksgiving holiday. But as DPPs point out, there are different published market prices for different turkey products. *See* Doc. 938 at 24. Moreover, plotting the Urner Barry data for 2009-2019 shows that Urner Barry prices for a given product category are highly correlated. Doc. 938 at 24-25. Williams also performed overcharge regression analyses of the price of turkey by product category. Doc. 830-2, Williams Report ¶ 423. He found overcharges during the Class Period for turkey breast, ground turkey, and whole turkey. *Id*. ¶ 424. And Williams' correlation analyses showed that Defendants' prices for turkey breast, ground turkey, and whole turkey products were highly correlated during the Class Period, *i.e.*, they moved in a parallel manner during the Class Period. *Id*., Section V.D.iii. To the extent that Processor Defendants' failure to make production and pricing decisions based on the whole bird value limits the ability of the alleged conspiracy to affect prices of all turkey products uniformly, this is a question for the trier of fact to be examined later and not a reason to deny class certification now.

Second, Defendants assert that Williams' overcharge regression model does not fit DPPs' allegations. Defendants repeat many of the same arguments that failed in their *Daubert* motion. *See* Doc. 877 at 51-52. Defendants also rehash their argument that Williams' production regression model is flawed because: (1) he finds no statistically significant effect of the alleged conspiracy during the first period of alleged coordinated production cuts in 2008 and 2009; (2) he ignores production data post-Class (2019-2021) when turkey production decreased; and (3) his model provides absurd results by showing a positive correlation between production and production costs. To begin with, DPPs are correct that *Kleen* specifically rejected the argument that antitrust

plaintiffs must even perform a separate production regression "of a hypothetical market free of any anticompetitive restraint, to which the actual market can be compared." *Kleen*, 831 F.3d at 927. Instead, "[w]hat is essential" for impact is common proof of "cartel pricing" on a class-wide basis, as provided by overcharge regressions and market structure analysis. *Id*. That said, the Court adopts its previous analysis here and finds the issues raised by Defendants are not fatal to class certification.[17]

The one new issue raised by Defendants, which concerns cold turkey inventory, does not cause the Court to question Williams' method. Stiroh asserts that Williams should not have included cold turkey inventory as part of supply in his production regression. Doc. 839-4, Stiroh

---

[17] Defendants also rely on Stiroh's opinion to argue that Williams' overcharge estimate "is not tied to the alleged supply restriction" because he estimates an unvarying overcharge over the entire Class Period with no variation to account for the fact that the "alleged supply restrictions occurred during two specific periods of time [2008-2009 and 2012-2013]." Doc. 839-2, Stiroh Report ¶ 75. Defendants further rely on Stiroh's finding that there is no price impact in the 2008-2009 or 2012-2013 subperiods. Doc. 839-4, Stiroh Rebuttal Report ¶¶ 10-14. But, as previously discussed, this approach does not fit the evidence in the record indicating that Processor Defendants engaged in production restraint throughout the Class Period and it can take months-if not years-for production cuts to take effect. Doc. 938 at 13-15; Doc. 830-4, Williams Sur-Reply ¶¶ 46-51. Moreover, Stiroh's analysis does not necessarily undermine Williams' results. When Williams modified his overcharge regression model to allow the estimated overcharge to vary by year, he found that "estimated overcharges are positive and statistically significant for every year in the damages period." Doc. 830-3, Williams Reply, ¶¶ 248-249 & T. 5. Similarly, with respect to the production model, Williams also "allow[ed] the supply restraint effect to vary by each year in the damages period, which is more flexible and captures differences in supply-restraint effects across years that Dr. Stiroh's regressions, by design, cannot capture." Doc. 830-4, Williams Sur-Reply ¶ 36. Williams found that "turkey production in the actual world is statistically significantly lower than production but-for the alleged conspiracy for each year in the damages period when letting the production effect vary by year." *Id*. ¶ 36 & T. 1. And as just explained, Williams' production model treated 2008-2009 as a ramp-up period because, among other things, the evidence suggests that production restraints take time to affect supply. Doc. 830-4, Williams Sur-Reply ¶¶ 44-58. So the model was not designed to test for an anticompetitive effect in the years before Williams had an economic expectation of such effects. *Id*. ¶ 59; Doc. 938-42, Ex. 177, Williams Depo. at 188:15-22. Rather, his model was set up to test for effects within the Class Period. Again, as a further robustness analysis, Williams included the year 2009 as part of the damages period "to account for potential supply-restraint effects in 2009" and found that "turkey production in the actual world is statistically significantly lower than production but-for the alleged conspiracy by 4.7% to 5.2%" in that redefined damages period. Doc. 830-4, Williams Sur-Reply, ¶ 43, Doc. 830-3, Williams Reply, ¶ 310. Ultimately, Defendants' argument, based on Stiroh's opinions, is a factual dispute to be resolved at summary judgment or trial. It is not a reason to exclude Williams' overcharge estimate or a predominance-based reason to deny class certification.

Rebuttal Report ¶ 15.  In rebuttal, Williams explains that inventory is part of overall supply, so Processor Defendants must consider their inventory levels when making their production decisions in order to restrain overall supply.  Doc. 830-4, Williams Sur-Reply ¶¶ 61-64.  According to Williams, "supply including inventory is the correct dependent variable to use in analyzing the supply-restraint effect of the alleged conspiracy." *Id*. ¶ 61.  Williams gave persuasive reasons for why a model that uses supply including inventory is the correct dependent variable. *Id*. ¶¶ 61-64.[18] In other words, Williams relies on a reliable methodology which, based on his explanations and responses to Stiroh's criticism, he has more likely than not reliably applied to the facts in this case. His choice to include cold turkey inventory as part of supply in his production regression goes to the weight of his testimony rather than its admissibility. *Ploss v. Kraft Foods Group, Inc.*, 637 F. Supp.3d 561, 576 (N.D. Ill. 2022) ("As the Supreme Court and Seventh Circuit have confirmed on a number of occasions, the selection of the variables to include in a regression analysis is normally a question that goes to the probative weight of the analysis rather than to its admissibility.) (internal quotes and citations omitted).

The third part of Defendants' overcharge regression model challenge goes to uninjured class members.  Defendants maintain that Williams' model cannot serve as common evidence of antitrust impact because, even under his own analysis, a great many class members were not injured.  The Seventh Circuit has explained that "a class should not be certified if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant." *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009); *Messner*, 669 F.3d at 825

---

[18] Williams also notes that even if inventory were excluded from supply in the dependent variable, Stiroh's regressions excluding inventory from the dependent variable suffer from methodological errors that, when corrected, confirm the robustness of his findings that turkey supply was restrained in the Class Period. Doc. 830-4, Williams Sur-Reply ¶¶ 61, 73, 75, 78.

("There is no precise measure for 'a great many.'"). However, Plaintiffs need not offer common evidence showing impact to every single class member at the class certification stage. *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 757 (7th Cir. 2014) ("If the court thought that no class can be certified until proof exists that every member has been harmed, it was wrong."). Here, Williams found that 1,672 of 1,675 of the unique customers in the dataset, or approximately 99.8%, had a least one overcharge observation during the Class Period. Stiroh believes the proper analysis is to run Williams' price overcharge regression on the purchases individually of the 532 DPPs with sufficient number of transactions. Doc. 839-2, Stiroh Report ¶ 95.[19] When she runs Williams' model as to each of these 532 customers individually, she finds that 186—or 35% of the sample analyzed—have no statistically significant overcharges. *Id.* These 186 uninjured DPPs constitute 11% of the entire putative class, and Defendants believe that 11% figure defeats class certification.

According to Williams, when applying regression models to only a subgroup of data, "the number of observations per grouping declines as transactions are divided into more and more subgroups, coefficients become less precise, which makes a test of coefficient stability or robustness less reliable" and "estimated coefficients may make little economic sense." Doc. 830-3, Williams Reply ¶¶ 203-204. Though Stiroh believes that her methodology shows no statistically significant positive overcharges for 186 customers, Williams explains none of these customers account for more than 0.4% of observations in the data. *Id.* ¶ 201. Thus, Stiroh discards at least 99.6% of the observations in the data for each of these 186 customer-specific regressions. *Id.* Williams further points out that even under Stiroh's analysis, all of the top 50 customers and 97 of the top 100 customers (by number of observations) have positive and significant overcharges. *Id.* ¶ 206. And the customers Stiroh does find to have statistically significant overcharges represent

---

[19] Stiroh defines sufficient observations as more than 100 observations, including over 30 observations in both the benchmark period and alleged Class Period. Doc. 839-2, Stiroh Report ¶ 95(a) n. 217.

95% of all transactions. *Id.* DPPs argue that the fact that Stiroh's customer-specific regressions find fewer overcharges for smaller customers who are less likely to have the ability to resist overcharges makes little economic sense. *See also id.* ¶¶ 209-217.

At bottom, Williams' argument that Stiroh's application of his overcharge regression model is a flawed methodology that creates artificially small sample sizes is a classic battle of the experts about the proper approach to the regression analysis that must be left for the factfinder to resolve. It is not a reason to reject Williams' overcharge regression model at the class certification stage. *Gicla v. United States*, 572 F.3d 407, 414 (7th Cir. 2009) ("[C]lassic battle of the experts . . . called upon the factfinder to determine what weight and credibility to give the testimony of each expert[.]"). As a result, Stiroh's critique is inadequate as a basis to conclude that Williams' approach is insufficient evidence to demonstrate class-wide impact. *Broilers*, 2022 WL 1720468, at *16 (Based on their expert's "unpooled" regression analysis, "Defendants merely disagreed with Plaintiff's perspective" and "such a dispute is factual and is resolved at summary judgment or trial. It is not a reason to exclude either perspective or deny class certification."). Moreover, Stiroh did not offer her own affirmative model to show the number of unimpacted class members among the DPPs. Doc. 938-5, Stiroh Dep. 10:11-14, 11:16-23; *see also Tuna*, 31 F.3d at 680 (noting defendants' expert "did not make a factual finding that 28 percent of the DPP class or 169 class members were uninjured," but aimed to "undermin[e] confidence in Dr. Mangum's pooled regression model," which "[a]t most" supports the "more attenuated argument that Dr. Mangum's model is unreliable, or would be unpersuasive to a jury.").

Defendants advance a further argument that Williams' overcharge regression model creates false positive results of injury of 3.6% when Stiroh applied it to a "clean damages period." Doc.

839-2, Stiroh Report ¶ 133.[20]  Defendants contend that these false positives show that Williams'
model likely includes numerous members who have not been injured by the alleged conspiracy
and thus, the model cannot serve as sound common proof of class-wide injury.  Williams responds
that Stiroh's analysis is incorrect.  Williams explains that Stiroh's false positive tests suffers from
a fundamental design flaw that generates false positive results where there are none. Doc. 830-3,
Williams Reply ¶¶ 169-179.  According to Williams, a standard false positive test only utilizes data
from the clean benchmark period because otherwise the test offers "no insights regarding whether
the results are due to errors in the model or that part of the benchmark period is affected by the
alleged conspiracy." *Id*. ¶¶ 172, 176.  Williams notes that Stiroh treated the damages period from
Williams' model as part of her benchmark period. *Id*. ¶¶ 169, 179.  Correcting for the treatment of
the damages period (2010-2016) as part of the benchmark period, Williams found an average
"overcharge" of "virtually zero at -0.03% and statistically insignificant, confirming that [his]
overcharge regression model does not produce false positive results." *Id*. ¶¶ 179-182.  While
Defendants are free to challenge the possible false positives in the clean damages period that
Williams' overcharge regression creates, his analysis is still sufficient to establish common impact
for purposes of certifying a class.  Put another way, Defendants have not shown that the supposed
false positives undermine the overcharge regression model's finding of class-wide impact.

In conclusion, the Court determines that the evidence put forward by the DPPs, including
Williams' market structure analysis, overcharge regression model, supplemented by the in-sample
prediction method, robustness checks on the overcharge regression analysis, correlation analyses,

---

[20] For her "clean damages period," Stiroh changed the alleged impact period indicator from January 2010
to December 2016 to January 2005 to December 2007, the two-year period with available transaction data
and pre-dating the alleged conduct period. Doc. 839-2, Stiroh Report ¶ 133.

production regression, and record evidence, when combined, is sufficient to show common questions predominate as to common impact. *Kleen*, 831 F.3d at 925.

### *Mangum's Impact Analysis*

The Court turns next to whether CIIPPs can meet their predominance burden as to antitrust injury. CIIPPs rely on the expert report of Mangum to demonstrate that antitrust impact can be established through the presentation of common evidence. Mangum analyzed the alleged conspiracy's impact across the proposed CIIPPs class using multiple tools of economic analysis. Like the plaintiffs' expert in *Kleen*, 831 F.3d at 927, Mangum began by analyzing the structure of the turkey market. He considered the dominant share of the turkey market the Processor Defendants control, the high barriers to entry into the turkey market, the commodity-like nature of the turkey products at issue, the relatively inelastic nature of the demand for turkey, and the Processor Defendants' opportunities to form and enforce a conspiracy. Doc. 839-1, Mangum Report ¶¶ 95-101, 104-147. After considering the foregoing, he concluded that the structure and characteristics of the turkey industry made it conducive to the formation and maintenance of the alleged collusion, which would have made it difficult for any customer to avoid the impact of the alleged collusion. *Id*. ¶ 150. Mangum also found the widespread use of market-based formulas in setting prices in the turkey industry, which is consistent with widespread impact. *Id*. ¶¶ 158-159.

Mangum then conducted correlation analyses to evaluate pricing patterns. He examined the extent to which the Processor Defendants' prices for whole birds, breast products, and ground turkey products moved together. Doc. 839-1, Mangum Report ¶ 171, n.289. Mangum found that "transaction prices within a part category move together across Defendants; that prices within a part category move together across geographic locations; and finally, that prices within a part category move together across individual customers." *Id*. ¶¶ 167-174. The high degree of price

correlations across Defendants, geographic locations, and direct purchasers was "evidence that no individual direct purchaser could have avoided the impact of the alleged collusion." *Id*. ¶ 167.

In addition, Mangum conducted a direct purchaser overcharge regression analysis to estimate the amount by which the prices of turkey products were artificially inflated above competitive levels. Mangum specified a model that used January 2004 to June 2008 and January 2017 to December 2018 as its benchmark period and controlled for turkey production costs, product and customer characteristics, seasonal effects (*i.e.*, demand cyclicality), the cost of competing proteins, real disposable personal income, and an outbreak of avian influenza that the USDA believed impacted turkey production from May 2015 to December 2015. Doc. 839-1, Mangum Report ¶¶ 176-197. He included a separate variable for prices paid on direct purchases of Class Products during the alleged "ramp up" period (July 2008 - December 2009). *Id*. ¶ 187. Mangum estimated separate regression models for whole birds, turkey breast meat, and ground turkey. Each model found positive, statistically significant overcharges. Mangum estimated that direct purchasers paid overcharges ranging from a low of 6.6 percent for breast meat to a high of 10.8 percent for whole birds. Doc. 839-3, Mangum Reply ¶ 199, Fig. 24. Based on this analysis, Mangum opines that "[c]ommon evidence demonstrates that all, or nearly all, direct purchasers in the relevant supply chain paid artificially inflated prices on purchases of turkey." Doc. 839-1, Mangum Report ¶ 30.

Mangum then analyzed whether direct purchasers generally passed on price increases to buyers in the CIIPPs supply chain and all or nearly all CIIPPs paid an overcharge during the conspiracy. To conduct this analysis, Mangum used third-party distributor sales and purchase data and found that the prices charged by resellers follows the price resellers paid to Defendant producers, indicating distributors pass-through of Defendant turkey price charges. Doc. 839-1,

Mangum Report ¶ 225, Figs. 41, 42, 43. He found the competitive environment distributors operate in, distributors' own discussions of pass-through, third-party data, and basic principles of economics support pass-through of overcharges. *Id*. ¶¶ 200-225. Mangum also found low average price to cost ratios—or, low profit margins—which are consistent with a highly competitive market. *Id*. ¶ 225.

Mangum used a regression model to estimate what percentage of overcharges were passed on to CIIPPs and the breadth of those impacts across the proposed class using a sample of direct purchasers' purchase and sales data. Doc. 839-1, Mangum Report ¶¶ 226-232. The sample consisted of data originating from 20 of the 160 direct purchaser resellers who resold Class Products to the CIIPPs, and accounting for about 47 percent of Defendants' sales into the CIIPP supply chain. *Id*. ¶ 227. He explained that the third-party data "cover[ed] a range of distributor types that includes large broadline foodservice distributors, smaller foodservice and retail suppliers, wholesales, re-distributors, and cash and carry establishments." Doc. 839-3, Mangum's Reply ¶ 185. Their data "collectively spans over 17 years, from January 2005 through August 2022, and totals over $2 billion in sales for relevant turkey products" and amounts to 4.8 million observations. *Id*; Doc. 1074, Oct. 9, 2024 Hearing Tr. 226:25-227:1.

Controlling for differences in price across different product types as well as individual customers Defendants sold to, Mangum found distributors passed through about 100% of overcharges. Doc. 839-1, Mangum Report ¶ 232. For the 20 direct purchaser resellers who resold Class Products to the CIIPPs, Mangum found that individual pass-through estimates ranged from 89% to 131% for a weighted average pass-through rate for these 20 individual entities of 99.9%. *Id*. ¶ 232, Fig. 44. While the data available to Mangum did not include every single reseller who purchased from Defendants or sold to CIIPPs, he noted that "the estimated pass-through rates are

quite consistent across a wide range of third party distributors, including different types of companies, different geographic areas, and different levels in the supply chain." *Id*. ¶ 232. By applying his direct overcharge model to the third-party distributor sales data and systematically testing for impact at the customer level, Mangum found that over 99.9 percent of CIIPPs (234,006 of 234,171 customers), have at least one impacted transaction. Doc. 839-3, Mangum Reply ¶ 195.

### *Defendants' Objections to Mangum's Impact Opinions*

**Overcharge Regression:** Defendants raise a number of challenges to the admissibility of Mangum's overcharge regression analysis and conclusions. Defendants first argue that Mangum's overcharge regression model is unreliable and fails to fit the case because it cannot show overcharges on a substantial portion of Class Product sales to the direct purchaser resellers who resold Class Products to the CIIPPs. CIIPPs purchased turkey products from a wide variety of direct purchaser resellers instead of directly from the Processor Defendants. Doc. 839-1, Mangum Report ¶ 207, Fig. 40. Thus, CIIPPs must first prove that direct purchaser resellers who resold Class Products to the CIIPPs paid an overcharge on those products, and then prove that overcharge was passed through to the CIIPPs. *See Broilers*, 2022 WL 1720468, at *18 ("In addition to showing that direct purchasers paid increased market prices, the Indirects must show that these increased prices were passed on to them."); *see also* Doc. 839-1, Mangum Report ¶ 198.

In support of their challenge to Mangum's overcharge regression model, Defendants have submitted Stiroh's expert report. Citing Stiroh's report, Defendants argue that Mangum improperly relies on averaging techniques which disregard variations in the price, identity of the buyer, identity of the seller, contractual arrangement, and economic circumstances under which each transaction occurred. As an initial matter, the Seventh Circuit has recognized that courts afford wide "[l]atitude . . . to [experts] employing regression analysis, a proven statistical

methodology used in a wide variety of contexts[.]." *Manpower*, 732 F.3d at 808; *Broilers*, 2022 WL 1720468, at *10 ("Regression analysis is a widely accepted method, often used as evidence in litigation, and is commonly used in price-fixing cases."). Moreover, this is one of the same arguments Defendants raised in opposition to Williams' in-sample prediction approach. The reasoning above for why the Court rejected that argument applies with equal force here. In short, the Court concurs with the other protein antitrust cases and finds that "averaging methodologies are not inherently unreliable" and are permissible in circumstances where "individual negotiations and contracts took place within the greater context of the market [price] that was allegedly manipulated through collusive supply reduction." *Pork*, 665 F. Supp.3d at 992, 1006 (citing *Broilers*, 2022 WL 1720468, at *15); *see also Tuna*, 31 F.4th at 677. The *Pork* court rejected defendant pork processors' argument that "Class Plaintiffs cannot show classwide impact because their models use an averaging approach that masks individualized differences between class members" and found that "differences between negotiations and transactions do not disrupt the fact that the Defendants' conspiracy, if true, would cause all prices to increase." *Pork*, 665 F. Supp.3d at 1006. The same conclusion applies to this case. Indeed, Mangum contends that with a sufficiently large supply of data, what Defendants describe as improper "averaging" in fact increases the model's ability to generate reliable results. Doc. 839-3, Mangum Reply ¶¶ 119, 126. Despite the superficial appeal of Defendants' argument that the overcharge regression model used by Mangum impermissibly masks the variation present in the turkey industry by using an averaging approach to allocate injury across the class, under the precedent described above, the pooled overcharge regression model is a reliable method to prove class-wide antitrust impact.

Defendants also criticize Mangum for improperly assuming that the impact of the alleged conspiracy was constant throughout the alleged Class Period. Defendants argue that CIIPPs only

46

claim that supply reductions occurred in 2008-2009 and 2012-2013. However, Defendants' argument is undercut by the fact that CIIPPs' claims in this case are not limited to the two alleged periods of supply cuts identified above. CIIPPs also allege that Defendants conspired to raise, fix, or maintain the price of turkey products throughout the Class Period. *See* Doc. 666, CIIPPs' Fourth Amended Class Action Cmplt.

Using Stiroh's findings, Defendants dispute that Mangum's overcharge model can show overcharges to a substantial portion of the direct purchaser resellers who resold Class Products to the CIIPPs. To demonstrate this alleged deficiency in Mangum's analysis, Stiroh applied Mangum's overcharge models to specific direct purchasers, products, and every Defendant-product combination. Stiroh claims her regressions, based on Mangum's models, cannot show overcharges for 38.5% of all Class Product sales to DPP resellers who sold to CIIPPS and thus, there is no overcharge on those sales to pass through to the CIIPPs. Doc. 839-2, Stiroh Report ¶ 153. Defendants highlight Stiroh's overcharge regressions showing no statistically significant overcharges on any Class Products sold to Costco, whole bird turkey products sold to Gordon Food Service, or breast meat sold to Sam's Club. Doc. 890 at 12. And they stress that when Stiroh applies Mangum's overcharge model to Foster Farms' Frozen Ground Turkeys, Jennie-O Grand Champion Raw Boneless Roast with Foil, Skin-On, and all ground turkey sales by Cooper Farms, Farbest, and Prestage, it fails to show an overcharge. *Id*. at 13.

While it is true that there are many customers who do not have a statistically significant overcharge in Stiroh's hundreds of regressions, CIIPPs and Mangum argue those results are due to her use of narrow portions of data that do not contain enough observations to generate statistically significant results. Doc. 839-3, Mangum Reply ¶¶ 121, 126-17; Doc. 934 at 11-14. According to Mangum, "Stiroh's own econometric results are flawed and unreliable—her customer-specific,

product-specific, and Defendant-specific regression results are all plagued by small-sample issues that Dr. Stiroh fails to disclose, let alone discuss or address in any way." Doc. 839-3, Mangum Reply ¶ 7.[21]    As Mangum explains, "even a well-specified regression model will, if weakened through disaggregation into ever-smaller samples of data, eventually generate results that lack precision or fail or (in an antitrust context) indicate a supposed lack of impact." *Id*. ¶ 193; *see also id* ¶ 117.  Mangum states that Stiroh's customer-by-customer sub-regressions rely on small samples to assess impact across direct purchasers when plentiful data is available, "engineering the statistical significance problem she then complains about." *Id*. ¶¶ 121-127.  Mangum notes that in her product-by-product regressions, "Stiroh chooses to estimate over 850 separate regressions— one for each customer-turkey part pair." *Id*. ¶ 119.  In addition, Mangum testified that Stiroh's overcharge sub-regressions did not use 99 percent of the data he used in his analysis. Doc. 1074, Oct. 10, 2024 Hearing Tr. at 533, 536, 538.  CIIPPs conclude that all of Stiroh's models and all of Defendants' examples suffer from the same data size problem: they disaggregate data "into increasingly small samples of data that make it increasingly difficult for regression models to reliably answer the questions being posed." Doc. 839-3, Mangum Reply ¶ 138.[22]

Though Defendants believe Stiroh's models show that "any CIIPP class member that purchases any Class Product from Costco, whole birds from Gordon Food Service, or breast

---

[21] Mangun notes that Stiroh's approach also finds that other critical variables—such as cost, GDP, seasonal effects, and the HPAI outbreak—also routinely register as statistically insignificant, which undermines the credibility of her interpretation of statistically insignificant overcharge coefficients. Doc. 839-3, Mangum Reply ¶ 127; *see also id*. ¶ 83 ("slicing and dicing the data up into hundreds and thousands of small samples leads to results that lack statistical significance in many important explanatory variables and are broadly invalid as a basis for drawing conclusions.").

[22] In response, Defendants point out that Stiroh limited her testing to only situations "with sufficient observations in the alleged benchmark periods and Class Period to determine if [Mangum's] model[] produce[s] an overcharge for individual DPPs." Doc. 963 at 8; *see* Doc. 839-2, Stiroh Report ¶ 95, ¶ 95(b). Stiroh defines sufficient observations as more than 100 observations, including over 30 observations in both the benchmark period and alleged Class Period in Mangum's data. Doc. 839-2, Stiroh Report ¶ 95, ¶ 95(b).

products from Sam's Club would not have paid any overcharge on those purchases," Mangum

explains Defendants' interpretation is misleading. Doc. 890 at 12; Doc. 839-2, Stiroh Report ¶ 153.

Mangum notes: "What Dr. Stiroh fails to mention is that in neither of her part category estimates

for Costco, Sam's Club or Gordon Food Services does she find a negative and statistically

significant overcharge." Doc. 839-3, Mangum Reply ¶ 194. As Mangum also explains, "[w]hen a

regression model estimates a coefficient for a variable that fails a test of statistical significance,

that does not necessarily mean that the variable being tested has no impact on the dependent

variable." *Id*. ¶ 122. The lack of statistically significant results "is not proving the absence of an

overcharge; rather, it is failing to provide clear evidence on way or the other." *Id*. ¶ 123. In other

words, Stiroh cannot say with sufficient confidence that her results were not the result of random

chance. *Id*. ¶ 122.

The Court is satisfied that Mangum's overcharge methodology can show predominance as

to impact, particularly where most of Stiroh's sub-regressions show statistically significant results

and virtually all of the statistically significant results were positive and point toward a finding of

common impact. Doc. 839-3, Mangum Reply ¶ 123.[23] Under these circumstances, the Court is

unconvinced that Mangum's overcharge regression results should be excluded due to individual

sub-regressions that returned statistically insignificant results for some customers based on small

data sets. The Court's finding is in line with the *Broilers* court which reasoned that defendants'

proposal to "unpool" the data Mangum analyzed in that case "d[id] not show that Plaintiffs'

---

[23] Of the 862 total customer-specific regressions Stiroh ran, 490 have statistically significant coefficients and 466 (over 95 percent) of those were positive. Doc. 839-3, Mangum Reply ¶ 123. Further, 740 of the 862 customer specific regressions (about 86%) have positive coefficients (including statistically significant and insignificant). *Id*; *see also id*. ¶ 194 (of the 137 [customer-part] regressions that delivered any statistically significant result, over 97.8 percent are positive."); *see Tuna*, 332 F.R.D. at 324 (Mangum noting that "looking at only the statistically significant results, 98% of the DPPs showed positive overcharges. And, looking at all customers that produced any type of result in [defendants'] model— statistically significant or not—94% had positive overcharges.").

experts' models are so unreliable that any of them should be excluded from the case." *Broilers*, 2022 WL 1720468, at \*18. Here, the structure of the turkey market, the documentary record, and basic principles of economics presented by CIIPPs show that there is evidence that the alleged conspiracy broadly affected direct purchasers of turkey products. Considering this evidence and Mangum's explanations about small sample sizes set forth above, Defendants' arguments go to the probative value, rather than the admissibility, of Mangum's overcharge regression results. *In re Dealer Mgmt. Sys. Antitrust Litig.*, 2024 WL 3509668, at \*4 (challenges as to the admissibility of expert's merits opinions "amounted to a battle of the experts that must be left for the factfinder to resolve."). Stiroh's criticisms, which boil down to an insistence that she appropriately applied Mangum's model to the 862 direct purchasers with sufficient data, does not alter this conclusion. As in *Broilers*, the best estimate of the overcharge for any direct purchaser is a "factual" issue to be "resolved at summary judgment or trial . . . not a reason to exclude either perspective or deny class certification." *Id.* at \*16. Accordingly, Mangum's overcharge regression results are sufficiently reliable for use as common impact evidence. *Kleen*, 831 F.3d at 928, 929 (finding multiple regression analyses provided a reliable means of measuring common impact and damages in an antitrust class action).

**Pass-Through Regression:** Next, Defendants advance a series of arguments for excluding Mangum's pass-through model. Defendants assert that Mangum's pass-through model is unreliable and does not fit the case because it cannot show that any purported overcharge paid by the direct purchaser resellers who resold Class Products to the CIIPPs was passed through to all or nearly all CIIPP class members. To start, Defendants argue that Mangum failed to explain how he chose his data and contend this resulted in his use of an unrepresentative sample. They also observe that Mangum did not calculate the pass-through rates of each direct purchaser reseller who

resold Class Products to the CIIPPs. Rather, he calculated the average pass-through rate for 20 direct purchaser resellers and then applied it to all 160 direct purchaser resellers who resold Class Products to the CIIPPs. Defendants suggest that because direct purchaser resellers passed through overcharges at different rates, Mangum's use of a weighted average improperly "masks" the substantial variation he calculates for individual pass-through rates of direct purchaser resellers who resold to the CIIPPs.

These arguments miss the mark. Mangum thoroughly described the third-party data that his pass-through models analyze. Doc. 839-1 Mangum Report ¶¶ 227-229 & App. C. Mangum also used all of the usable data that Defendants and third-party distributors produced in this litigation, without performing any sampling. Doc. 1074, Oct. 9, 2024 Hearing Tr. 226:1-7. The data Mangum analyzed covered a wide range of distributor types, spanned over 17 years, and totaled over $2 billion in sales for relevant turkey products. Doc. 839-1 Mangum Report ¶ 227. At the hearing, Mangum explained that, in his experience of gathering information to do surveys or empirical results, 47 percent of the third-party data is substantial and a "very, very large" sample. Doc. 1074, Oct. 9, 2024 Hearing Tr. 225:16-22. Given the breadth and diversity of this data, Mangum concluded that his analysis of the CIIPP supply chain was sufficiently representative of the relevant time period, types of market participants, and class commerce. Doc. 839-3, Mangum Reply ¶ 185; Doc. 1074, Oct. 9, 2024 Hearing Tr. 226:9-227:1. Mangum also emphasizes that "[a]s a matter of economics, prices paid by CIIPP Class members do not need to be measured across every conceivable supply chain combination, since the prices charged by any supplier to commercial preparers are formed in the same market." Doc. 839-3, Mangum Reply ¶ 185. This opinion is based on the highly competitive nature of the foodservice distributor market and Defendants' documents and third-party statements supporting pass-through. Doc. 839-1, Mangum

Report ¶¶ 215-24.[24] Mangum explains that "basic economic principles dictate that pass through is not only expected but is necessary for distributors to remain in business." Doc. 839-3, Mangum Reply ¶ 178. Further, Mangum persuasively notes that the consistently high estimates of pass-through on representative class commerce demonstrates that his analysis is robust and a reliable measure of the overcharge that has been passed through to all or nearly all CIIPPs. *Id.* ¶ 185.

Moreover, it is unnecessary for Mangum to have calculated a pass-through rate for each direct purchaser reseller who resold Class Products to the CIIPPs to reliably show common impact. The appropriateness of extrapolating pass-through results from a sample of direct purchaser resellers to all indirect purchasers was properly upheld in other protein cases. *See Broilers*, 2022 WL 1720468, at *19 (pass-through estimates based on 22 of 540 direct purchasers accounting for 65% of sales); *Pork*, 665 F. Supp. 3d at 1003–04 (granting Consumer Indirect Purchaser Plaintiffs' motion for class certification based in part on pass-through analysis "using data submitted by thirty-nine industry participants, who represent a variety of resellers in the pork supply chain"); *In re Packaged Seafood Prod. Antitrust Litig.*, 332 F.R.D. 308, 332, 335 (S.D. Cal. 2019) ("*Tuna*"), aff'd sub nom., *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) (granting indirect Commercial Food Preparer Plaintiffs' class certification motion based in part on pass-through estimate analyzing "data sets produced by Bumble Bee, COSI, StarKist/Del Monte, Costco, Dot Foods, Sam's Club, Sysco, US Foods, and Walmart"). Although Mangum's pass-through regression model's reliance on 46.3% of the market purchases is not as robust as his pass-through regression model's reliance on 65% of the sales found reliable in *Broilers*, the Court declines to finds an expert's use of 46.3% of market purchase data is by itself adequate justification

---

[24] *See also Pork*, 665 F. Supp.3d at 1004 (very competitive pork distribution market "means that there are small profit margins and it is more likely that overcharges would be passed through because distributors cannot absorb those losses."); *Tuna*, 332 F.R.D. at 333 ("basic economic theory demonstrates that the more competitive an industry, the higher the pass-through rate becomes.").

to find his pass-through methodology unreliable at the class certification level. Mangum's explanation of the economic principles of pass-through, the competitive environment in which third-party distributors operate, and Defendants' documents and third-party statements, when combined, provide support for his opinion that the data he used is sufficiently representative. Defendants' and Stiroh's criticisms may be relevant to the evidentiary weight of Mangum's pass-through testimony, but it is not a reason to question the reliability of his method. Defendants remain free to challenge the representativeness of the 20 direct purchaser resellers through cross-examination or presentation of contrary evidence at trial.

Defendants' contention that Mangum's regression models inappropriately used a weighted average in his pass-through calculation is equally unavailing. According to Defendants, Mangum's pass-through model is unreliable because he calculates individual pass-through rates that vary significantly (ranging from 89% to 131%) and then masks the 42% variation by using a weighted average pass-through rate of 99.9% for all 160 direct purchaser resellers who resold Class Products to the CIIPPs. In the class certification context, other protein cases have accepted the use of average pass-through rates to show impact in indirect purchaser cases. *Broilers*, 2022 WL 1720468, at *19 (relying on Mangum's pass-through analysis that showed an average pass-through rate of 96% and rejecting defendants' arguments that "unpooling" or disaggregating the analysis prevented it from demonstrating pass-through); *Pork*, 665 F. Supp.3d at 994, 1004 (Commercial IIPPs' expert's analysis found average pass-through of approximately 100% based on average pass-through rates between 95.5% and 100.2%). While Defendants characterize the range of pass-through rates as a "substantial variation," Mangum explains the level of variation as "relatively modest." Doc. 839-3, Mangum Reply ¶ 180. Moreover, all of the specific pass-through rates Defendants highlight are positive. Doc. 888 at 36. At most, the variation Defendants cite shows

that distributors absorbed some of the alleged supra-competitive prices while passing on a portion of the overcharges to downstream purchasers. Defendants have thus not shown that any significant number of class members have been unharmed. In short, Defendants' challenge to the variation among individual pass-through rates and Mangum's use of averaging as part of his pass-through analysis clearly goes to the persuasiveness of Mangum's opinion, not its admissibility. *Broilers*, 2022 WL 1720468, at *19 (finding to the extent defendants' expert's "unpooling" pass-through analysis was sound, the 39% variation among pass-through rates of direct purchaser resellers was still sufficiently significant to demonstrate damages).

Defendants next assert Mangum's pass-through model is unreliable because some distributors marked up their prices and their pass-through rates were higher than 100%. Of the 20 direct purchaser resellers, 12 show a pass-through rate greater than 100%. Mangum explains that "[w]hen resellers rely on constant percentage markups, the pass-through rate will be 100 percent plus the constant markup percentage." Doc. 839-1, Mangum Report ¶ 200. Defendants observe that by including pass-through rates above 100%, Mangum's "average pass-through" includes constant markups imposed by direct purchaser resellers independent of any purported overcharge that was supposedly passed through to a CIIPP class member. They argue that this also skews Mangum's "average pass-through" that he applies to all 160 direct purchaser resellers who resold Class Products to the CIIPPs. But a pass-through rate above 100% is consistent with Mangum's finding that distributors pass through overcharges. Moreover, because Defendants do not contend that pass-through rates above 100% did not harm CIIPP class members, their argument does not suggest that some CIIPPs escaped the effects of the conspiracy. Defendants have thus not shown that the inclusion of such markups in the average pass-through rate compels a conclusion that Mangum's pass-through model is so lacking in reliability at this point in the litigation.

### CIIPPs' Common Proof of Impact

The next issue is whether CIIPPs can rely on common evidence to prove antitrust impact. CIIPPs have provided expert evidence that demonstrates they are capable of showing class-wide impact with common evidence. Mangum conducted a comprehensive economic analysis of the geographic and product markets, the structure of those markets, the documentary record, correlations in turkey prices, and multiple-regression models that analyzed the alleged conspiracy's price effects. *See* Doc. 839 at 39-44. Mangum's multiple regression models separately estimate both the breadth and magnitude of the conspiracy's effects on direct purchasers and CIIPPs. His analyses show that: (1) the conspiracy broadly affected direct purchasers of turkey products by causing them to pay supra-competitive prices, and (2) direct purchaser distributors always passed through some overcharges to CIIPPs and, on average, tended to pass through about 100% of the overcharges. Based on these findings, Mangum found that all or nearly all class members suffered some antitrust injury, which he confirmed by testing for impact at the individual class member level using a customer-specific regression methodology. The Court is satisfied that, for class certification purposes, Mangum's regression analyses are common proof that all or nearly all direct purchasers paid overcharges because of the conspiracy and passed those overcharges to the CIIPPs. *See Broilers*, 2022 WL 1720468, at \*16; *Pork*, 665 F. Supp.3d at 1004.

### Defendants' Impact Arguments

Defendants contend that CIIPPs have failed to demonstrate that common proof can be used to establish that all or nearly all DPP class members were overcharged for their purchases of Class Products and that all or substantially all DPP class members passed on any alleged overcharge to CIIPPs. Defendants attack Mangum's methodologies on many of the same grounds as in their *Daubert* motion. They contend CIIPPs have failed to show a class-wide method of proving injury using common proof because: Mangum's overcharge model shows no overcharge for a significant

portion (38.5%) of all Class Product sales to direct purchaser resellers who resold to CIIPPs, Doc. 888 at 32-34; Mangum did not establish that his pass-through regression model used a representative sample, *id*. at 35; and Mangum's use of a weighted average in his pass-through calculations ignores the variation among individual pass-through rates, *id*. at 36-37.[25] As previously discussed, Defendants' evidence and arguments do not show that Mangum's models are so unreliable that any of them should be excluded from the case at this time, and Mangum's overcharge and pass-through regression models are sufficient evidence regarding impact common to the class.[26] In sum, the issues raised by Defendants do not undermine CIIPPs' showing that class-wide impact may be established through common proof. *Messner*, 669 F.3d at 819 ("common evidence and common methodology to prove a class's claims is sufficient to support a finding of predominance on the issue of antitrust impact."). The Court finds CIIPPs have satisfied the predominance requirement as to antitrust impact and proceeds to consider antitrust damages.

---

[25] Defendants cite Sysco as an example of how Mangum's average pass-through rate is inadequate to show injury to substantially all class members. Defendants state that record evidence demonstrates that Sysco does not "always" pass through costs increases from suppliers to customers, yet Mangum's model assumes a 99.9% pass-through rate for all Sysco sales to CIIPPs. Doc. 888 at 37. This issue does not defeat class certification. Sysco's data is consistent with Mangum's conclusion that "all or nearly all CIIPP Class Members" sustained impact. Doc. 839-1, Mangum Report ¶ 199. Moreover, Mangum persuasively explains that "[w]hile 100 percent pass-through is how distributors generally operated, there are a number of reasons why one may not necessarily expect to see 100 percent pass-through across the board, including slight delays in implementing price adjustments or differences across third parties in that timing." *Id*. ¶ 232. Further, Mangum's finding that Sysco had a pass-through rate of 96% is strong evidence to support Mangum's opinion that pass-through was commonplace in the CIIPPs' supply chain.

[26] In addition, Defendants assert that the CIIPP class definition is fatally overbroad because it incorporates a wide variety of commercial entities and the proposed class "involve[s] sales that far exceed any acceptable threshold for uninjured class members." Doc. 888 at 46. In support, Defendants again claim that under Mangum's approach, there are no overcharges on more than 38% of the Defendants' sales into the CIIPP supply chain. The Court rejects this argument for the same reasons discussed above concerning Defendants' *Daubert* challenge to Mangum's overcharge methodology.

### 3. Antitrust Damages

The parties dispute whether Plaintiffs' damages models demonstrate that damages are susceptible to common proof, so as to satisfy the predominance requirement. As for DPPs, Defendants argue that calculating damages for each DPP would devolve into individualized fact issues and predominate over issues to the class. Plaintiffs must show that "damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3)." *Comcast*, 569 U.S. at 35. DPPs rely on Williams' testimony to show estimated damages for the proposed DPP class. Based on his overcharge regression analysis, Williams quantifies class-wide damages by comparing (1) prices direct purchasers paid for turkey products to (2) the estimated prices they would have paid but for the conspiracy. Doc. 830-2, Williams Report ¶¶ 14, 448. Similar to the arguments in support of their challenge to Williams' underlying overcharge regression showing impact predominance, Defendants again assert that (1) Williams' regression model "inappropriately relies on averages for an industry that lacks uniformity" and (2) Stiroh's customer-specific, product-specific, and Defendant-product-category-specific regressions show Williams would assign damages to transactions where putative class members did not pay an overcharge. Doc. 877 at 58-59. For the reasons already discussed in relation to Defendants' impact predominance arguments, these arguments fail to undermine DPPs' contention that their damages theory is susceptible to common proof such that class certification would be improper.

Further, on the issue of averages, "multiple regression analysis, by definition, makes use of average to identify underlying trends in a particular industry or data series, . . . and is generally considered an appropriate tool for estimating antitrust damages on a class-wide basis." *In re Steel Antitrust Litig.*, 2015 WL 5304629, at * 11 (N.D. Ill. Sept. 9, 2015); *see also In re Dealer Mgmt. Sys. Antitrust Litig.*, 2024 WL 3509668, at *15 ("The fact remains that courts handling antitrust class actions routinely endorse the practice of using regression models to estimate an average

57

overcharge that can establish injury and measure damages on a classwide basis, so long as the regression analysis is based on a rigorous application of economic theory."). Here, any individual questions as to damages do not *predominat*e over the common ones. DPPs propose a common method for determining aggregate damages based on Defendants' actual sales and each DPP can be allocated a *pro rata* share of any recovery based on their volume of purchases.

Defendants present another argument to challenge DPPs' demonstration of damages using common proof. Defendants argue that individualized proof is necessary to determine that certain products DPPs purchased were Class Products at all, highlighting ground turkey sold by Cargill as an example. Defendants point out that over $1 billion in ground turkey sold by Cargill alone may have included breast or wing meat and therefore should be excluded from Class Product sales.[27] Doc. 877 at 60. But this kind of contention does not defeat class certification and determining whether a particular product falls into the Class Products definition does not need to be decided now. As the Seventh Circuit explained in *Kleen*, "Rule 23 does not demand that *every* issue be common; classes are routinely certified under Rule 23(b)(3) where common questions exists and predominate, even though individual issues will remain after the class phase." *Kleen*, 831 F.3d at 922 (emphasis in original); *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 671 (7th Cir. 2015) ("It has long been recognized that the need for individual damages determinations at [a] later stage of the litigation does not itself justify the denial of certification."); *Messner*, 669 F.3d at 815 ("It is well established that the presence of individualized questions regarding damages does not prevent certification under Rule 23(b)(3)."). The key common questions posed by DPPs relating to antitrust conspiracy, impact, and aggregate damages predominate over any individualized

---

[27] Expressly excluded from DPPs' Class Products definition are "ground turkey products made from turkey breasts," "ground turkey products made from turkey wings," "organic ground turkey products," and "[no antibiotics ever] ground turkey products." Doc. 665, DPPs' Third Amended Class Action Cmplt. at 1, n.1.

questions of damages related to determinations about whether certain products fall into the Class Products definition. *See Tyson Foods*, 577 U.S. at 453 ("When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages . . . .'"). Having considered Defendants' objections to predominance as to DPPs' damages, the Court is satisfied that any individualized damages issues will not overwhelm the questions of law and fact that are common to the class.

This leads to a consideration of Defendants' challenges to CIIPPs' aggregate damages model. "The use of aggregate damages calculations is well established in federal court and implied by the very existence of the class action mechanism itself." *In re Pharm. Indus. Average Wholesale Price Litig.*, 582 F.3d 156, 197 (1st Cir. 2009). Moreover, as the Seventh Circuit recognized in *Kleen*, the "determination of the aggregate classwide damages is something that can be handled most efficiently as a class action, and the allocation of that total sum among the class members can be managed individually, should the case ever reach that point." *Kleen*, 831 F.3d at 929; *see also Broilers*, 2022 WL 1720468, at *19.

CIIPPs rely on expert testimony from Mangum to show estimated damages for the alleged CIIPP class. To calculate the aggregate damages the proposed class suffered, Mangum estimated the portion of sales to direct purchasers that ultimately were resold to nationwide commercial food preparers, then estimated the portion of these relevant nationwide direct purchaser sales purchases that were made in Class States. Doc. 839-1, Mangum Report ¶ 234. Mangum next applied the relevant overcharge and the pass-through rate to the relevant sales, accounting for different overcharges for different time periods and different part categories. *Id.* ¶ 240. Defendants assert CIIPPs fail to provide a reliable method to show damage on a class-wide basis and individualized

inquires will be necessary for the same reasons they cannot show common impact, namely that Mangum's overcharge model shows no statistically significant overcharge for 38.5% of Defendants' sales that he estimates were resold to CIIPPs. Defendants' criticisms of Mangum's direct purchaser regressions fail for the reasons that the Court has already explained. CIIPPs have offered "a classwide method of proving damages," and Rule 23(b)(3)'s predominance requirement is thus satisfied with respect to the damages element. *Kleen*, 831 F.3d at 929; *see also Pork*, 665 F. Supp. 3d at 1008; *Broilers*, 2022 WL 1720468, at *19.

Defendants also insist that Mangum's damages model violates *Comcast* because he offers no analysis to separately measure the effect resulting from Defendants' alleged information sharing through Agri Stats (the basis of CIIPPs' "rule of reason" claim) versus Defendants' alleged coordinated production cuts (the basis of their "*per se*" claim). Doc. 888 at 38. Defendants criticize Williams' overcharge methodology on the same ground. *See* Doc. 877 at 67-68. As will be discussed below, there is no *Comcast* problem here.

### 4. Rule of Reason Violation

Turning to the next issue, Defendants maintain that DPPs' rule of reason claim lacks predominance because DPPs have not established that there is a single relevant product market. The rule of reason standard applies to DPPs' claim that Defendants improperly used Agri Stats. "Under a Rule of Reason analysis, the plaintiff carries the burden of showing that an agreement or contract has an anticompetitive effect on a given market within a given geographic area." *Agnew*, 683 F.3d at 335. This requires plaintiffs to "identify a relevant product and geographic market in which [defendants] have or were dangerously likely to obtain monopoly power." *Sharif Pharmacy, Inc. v. Prime Therapeutics, LLC*, 950 F.3d 911, 916 (7th Cir. 2020). Under the Sherman Act, a

relevant market consists of "commodities reasonably interchangeable by consumers for the same purposes." *Id.*

Williams opines that "the market for turkey meat produced in the United States is a relevant antitrust market." Doc. 830-2, Williams Report ¶ 9. According to market research, the "top three turkey cut types are ground turkey, whole bird, and turkey breast as measured by dollar sales in the U.S. in 2021." *Id*. ¶ 29. These are the three Class Products. Defendants do not challenge the geographic scope of the relevant market. Defendants primarily contend that the product market is too broad because whole birds are not in the same market as breast and ground turkey.

As a threshold matter, DPPs argue that they do not need to establish a relevant antitrust market because they have presented direct evidence of anticompetitive effects—namely, Williams' overcharge regression analysis. *See Republic Tobacco Co. v. N. Atl. Trading Co.*, 381 F.3d 717, 736 (7th Cir. 2004) (noting that "there are some circumstances where to establish a violation of antitrust laws it is unnecessary to prove that defendant wielded market power in a properly defined product and geographic market, and may rely instead on direct evidence of anticompetitive effects."). DPPs additionally respond that they will use common evidence to prove that turkey is the relevant product market. Because DPPs have presented sufficient common evidence capable of proving a relevant product market, the Court need not resolve at this time whether DPPs may rely on Williams' analysis as direct evidence of anticompetitive effects. For example, Williams offers class-wide evidence demonstrating that the alleged cartel could profitably impose a Small but Significant and Non-transitory Increase in Price (a SSNIP) over the competitive price level for turkey products.[28] Doc. 830-2, Williams Report ¶¶ 112-123. Williams also reaches his conclusion

---

[28] Williams explains that a "hypothetical monopolist" test is a widely accepted, standard econometric methodology for defining a relevant antitrust market. Doc. 830-2, Williams Report ¶ 9. That test asks whether a hypothetical profit-maximizing firm, not subject to price regulation, that was the only present

that turkey meat constitutes a relevant product market by considering common evidence that: (1) industry participants and consumers consider it a unique market, *id*. ¶¶ 52-63; (2) turkey products have different characteristics and uses than other meat products, *id*. ¶¶ 64-76; (3) turkey has unique production facilities, *id*. ¶¶ 77-88; (4) demand for turkey is inelastic with no close demand substitutes, *id*. ¶¶ 89-96, 104-106; (5) turkey has a distinct pricing structure compared to other meat categories, *id*. ¶¶ 97-103; and (6) buyers of turkey utilize specialized vendors, *id*. ¶¶ 107-110; *see also* Doc. 938 at 46-48.

Defendants' position that DPPs cannot establish predominance because whole birds are not in the same market as breast and ground turkey is not persuasive at this stage. For purposes of class certification, the relevant question is whether common evidence can be used to define the relevant product market. Whether DPPs have correctly defined the relevant product market is a question which applies to the claims of all class members and the scope of the relevant product market is not an issue that affects different class members differently. Williams' opinion is sufficiently supported to allow a finding that DPPs have met their burden to show that evidence common to the class is capable of answering the question of whether the relevant product market is turkey meat. Thus, the Court finds that Williams demonstrates that DPPs' rule of reason claim is capable of proof through common evidence.

Defendants argue that DPPs' rule of reason claim suffers from an additional problem that precludes a finding or predominance. They maintain that Williams' overcharge regression model does not measure the purported effect on turkey prices, if any, attributed to Defendants' subscriptions to Agri Stats and EMI. Defendants further claim that DDPs' inability to certify a class on their rule-of-reason claim on this basis means their *per se* claim cannot be certified under

---

and future seller of a product or products likely would impose at least a SSNIP on at least one of the products. *Id.*

*Comcast* because Williams' overcharge regression does not attempt to disaggregate the alleged price effects specific to that claim.

But the same conduct underlies both DPPs' *per se* and rule of reason claims. As alleged in the Complaint, DPPs' first claim for violation of Section 1 of the Sherman Act under a rule of reason analysis is based on Defendants' alleged unlawful agreement to exchange production and pricing information via Agri Stats, which artificially inflated the price of turkey. And DPPs' second claim for violation of Section 1 of the Sherman Act under a *per se* analysis is based on that same conduct, as well as additional evidence, *e.g.*, direct communications among Defendants, providing proof of a horizonal agreement to artificially inflate turkey prices. As the *Broilers* court explained, "rule of reason claims are premised on the allegation that Defendants' sharing of information through Agri Stats had a substantial anticompetitive effect," and the "per se claim is also based, in part, on the same information sharing allegation," as "sharing Agri Stats reports was one of the primary means by which Defendants facilitated the alleged price fixing agreement." *Broilers*, 2023 WL 6366777, at *1 (N.D. Ill. Sept. 25, 2023). "In other words, the per se and rule of reason claims are not separate claims, but merely different theories of liability for the same defendant conduct." *Id*; *see also Pork*, 665 F. Supp. 3d at 996 n.14 ("Technically, rule of reason and *per se* are not separate claims, but rather ways to analyze an antitrust claim.").

In *Kleen*, the Seventh Circuit rejected defendants' challenge based on *Comcast*, explaining that the "plaintiffs' damages expert in *Comcast* had estimated harm based on the assumption that all four theories of liability that plaintiffs offered had been established," while the class certified by the district court "was limited to only one of those theories," such that plaintiffs were "without a theory of loss that matched the theory of liability." *Kleen*, 831 F.3d at 926, 929. "All *Comcast* said" is that "the damages theory must correspond to the theory of liability." *Kleen*, 831 F.3d at

929. The *Kleen* court affirmed class certification where plaintiffs' expert modeled damages that corresponded to the theory of liability by "control[ling] for other influences on price" and "isolat[ing] the impact of the conspiracy" using a "dummy variable." *Id*. at 929.

This case is unlike *Comcast* as both of DPPs' theories remain in the case. *Pork*, 665 F. Supp.3d at 988. Moreover, as in *Kleen*—and *Tuna*, *Broilers*, and *Pork*—Williams (and Mangum for CIIPPs) performed an overcharge regression analysis to determine "prices that would have prevailed" but for the conspiracy. Doc. 830-2, Williams Report ¶¶ 347-370. By "[p]lugging in known prices and market factor data from the class period and running the regression equation to solve for the dummy variable," Williams "calculate[d] the portion of price not accounted for by the market factors." *Broilers*, 2022 WL 1720468, at *12. That method can be used to provide a measure of damages for Defendants' alleged price-fixing in violation of Section 1 of the Sherman Act, whether analyzed under *per se* or rule of reason theories. As Williams explains, "[t]he dummy variable regression methodology does not require separate control variables for specific alleged actions taken by the Defendants in formulating and carrying out the challenged conduct in order to reliably estimate the total effect of the challenged conduct." Doc. 830-3, Williams Reply ¶ 168; Doc. 938-42, Williams Dep. 100:17-101:1. In short, DPPs' *per se* and rule-of-reason claims do not involve different damages theories which require separate damages models. *See In re VHS of Michigan, Inc.*, 601 F. App'x 342, 343-44 (6th Cir. 2015) (Because expert's damages calculation applied to either theory of anticompetitive conduct—the per se wage fixing claim and the rule of reason claim—damages were not improperly aggregated under *Comcast*). Lastly and contrary to Defendants' contention, Williams' overcharge regression model's ramp-up and benchmark periods align with the basis for the DPPs' rule of reason theory. *See* Doc. 938 at 50; Doc. 830-3, Williams Reply ¶ 130. Accordingly, the Court finds that Williams' overcharge regression model is capable

of measuring the effects of the alleged conspiracy and consistent with DPPs' rule of reason theory.[29]

### 5. State Law Claims

Moving on to CIIPPs' state law claims, CIIPPs bring claims under the antitrust laws of 23 states, the consumer protection statutes of 13 states, and common law unjust enrichment claims under 24 states and Washington D.C. Defendants argue class-wide treatment is inappropriate because the relevant state laws governing their conduct vary greatly. "[T]he Seventh Circuit has upheld decisions to certify a nationwide class so long as 'the central questions in the litigation are the same for all class members.'" *Al Haj v. Pfizer Inc.*, 338 F. Supp.3d 741, 757 (N.D. Ill. 2018) (quoting *Pella Corp. v. Saltzman*, 606 F.3d 391, 394 (7th Cir. 2010)). Although class certification will sometimes "be inappropriate" when recovery "depends on law that varies materially from state to state," plaintiffs can avoid this problem: "[b]y relying principally on federal substantive law, the representative plaintiffs [may] follow[] the pattern of antitrust and securities litigation, where nationwide classes are certified routinely even though every state has its own antitrust and securities law, and even though these state laws may differ in ways that could prevent class treatment if they supplied the principal theories of recovery." *In re Mexico Money Transfer Litigation*, 267 F.3d 743, 746-47 (7th Cir. 2001). Moreover, in other indirect purchaser protein cases, courts have found that the need to apply multiple states' laws did not preclude certification of CIIPPs' claims. *Pork*, 665 F. Supp.3d at 1009-10 ("discrepancies in state law are not material" and "will not confuse the jury"); *Broilers*, 2022 WL 1720468, at *20; *Tuna*, 332 F.R.D. at 346

---

[29] For the same reasons, the Court likewise rejects Defendants' argument that Mangum's damages model violates *Comcast* because he offers no analysis to separately measure the price effect resulting from Defendants' alleged information sharing through Agri Stats versus Defendants' alleged coordinated production cuts.

(certifying thirty-two individual statewide classes under the antitrust and consumer protection laws of those states).

Defendants contend that CIIPPs cannot establish predominance or superiority because they have not presented a manageable way to address the material variations in the many state laws governing their claims. Defendants note that an extensive analysis of state law variations is required by CIIPPS to address whether differences in state law may swamp any common issues. For their part, CIIPPs contend that the purported variations in state law are not material to their claims and can easily be managed. Plaintiff have provided an analysis of the state antitrust statutes that are construed in harmony with the Sherman Act and authority that allows indirect purchasers to recover damages from a horizontal antitrust violation via the state's consumer protection or unjust enrichment law. *See* Docs. 838-1, 838-2, 838-3.

Any variation among states regarding antitrust, consumer protection, and unjust enrichment laws does not preclude a finding of predominance here. First, Defendants argue that CIIPPs have not presented a manageable way to try their state antitrust claims in a single trial where some state antitrust statutes require courts to prevent duplicate liability, some states provide for actual damages, but not enhanced damages, and some states require additional proof for higher damages (such as flagrant or willful conduct). Regarding duplicative liability, CIIPPs' review of the state antitrust statutes confirms that they contain parallel language concerning the avoidance of duplicative liability. *See* Doc. 838-1; Doc. 929-1; *see also Pork*, 665 F. Supp.3d at 1009 (finding "any differences in antitrust duplicative liability provisions are not material because most states have such provision, and the states' antitrust laws are harmonious with the Sherman Act."). Moreover, even if the state laws differed, there is no risk of duplicative liability in connection with CIIPPs' claims because there is no other class that could potentially claim duplicative damage. No

other class claims damages for meals sold by the restaurants and entities that make up the proposed CIIPPs class.

Further, the differences in the availability of statutory damages and the showing required to recover them do not present an obstacle to class certification. Mangum calculated the volume of commerce for each state in the proposed class. Doc. 839-1, Mangum Report ¶ 239, Fig. 47. This state-by-state calculation allows Mangum to easily calculate the damages due to class members for every state in the class pursuant to any *in limine* rulings the Court enters regarding the availability of enhanced damages. The Court is also satisfied that some states' requirement of a "flagrant" or "willful" antitrust violation to recover statutory damages will not create manageability problems. The required proof can be handled through a special verdict form to ascertain whether the alleged conspiracy rose to the level of a flagrant or willful violation. *In re HIV Antitrust Litig.*, 2022 WL 22609107, at *16 (N.D. Cal. Sept. 27, 2022) (concluding that some states' antitrust laws limiting damages to actual damage or only allowing for enhanced damages based on a higher showing of flagrant or willful conduct is a "relatively minor variation and does not overwhelm the common issues on liability"). Accordingly, the potential damages issues Defendants raise do not overwhelm the common issues and make class treatment inappropriate. *Tyson*, 577 U.S. at 453.

The Court also dismisses Defendants' argument that there is variation among the state antitrust laws as to their treatment of in-state versus out-of-state commerce which would require application of differing legal standards in an individualized process. Given the fact that Plaintiffs allege that the conspiracy made use of Agri Stats to share competitively sensitive information and Agri Stats accounted for about 95% of the turkey industry, CIIPPs will likely prove some intrastate activity in each of the states where Defendants operate. *See Broilers*, 2022 WL 1720468, at *20

(finding some states' requirement of intrastate activity in addition to interstate activity did not preclude finding that class action was superior method of resolving the plaintiffs' claims). Thus, differences in state antitrust laws involving treatment of in-state versus out-of-state commerce do not render a multi-state class action unmanageable in this matter. Lastly, Defendants' string cite of cases, accompanied by the statement that "courts in many states have found differences between federal and state antitrust laws," does not demonstrate that any differences in state law are material and relevant to CIIPPs' claims. *See* Doc. 888 at 44-45; Doc. 930 at 25 n.18.

In addition to state antitrust laws, Defendants argue that variations in states' consumer-protection and unjust-enrichment laws would require a jury deciding liability to navigate multiple legal standards and different elements. The Court is not convinced that the differences in laws are material here where CIIIPs premise their state consumer protection and unjust enrichment claims on proof of an antecedent violation of federal antitrust law. *See Pork*, 665 F. Supp.3d at 1010 ("[D]ifferences that typically defeat class certification in other cases are not material in this matter because unjust enrichment claims are nearly identical in the antitrust context."); *Broilers*, 2022 WL 1720468, at * 20 (finding "differences in consumer protection law concerning reliance and intent are simply not relevant to a price-fixing claim. Similarly, any state where the unjust enrichment claim is the primary basis for recovery will be satisfied by proof of a Sherman Act violation"). Defendants also raise the issue of different limitations periods between the various states, and in some instances, between the various claims within a state. But "[a]s long as a sufficient constellation of common issues binds class members together, variations in the sources and application of statutes of limitations will not automatically foreclose class certification under Rule 23(b)(3)." *In re Linerboard Antitrust Litig.*, 305 F.3d 145, 162 (3d Cir. 2002). Here, Defendants have not shown that differences in applicable limitations periods are significant and

unmanageable. *See Broilers*, 2022 WL 1720468, at *20 (finding "the effect of different states' varying statutes of limitations" "is only relevant to the extent of damages and can be easily addressed by excluding sales outside the relevant periods."); *Tuna*, 332 F.R.D. at 337-38 (same); *In re HIV Antitrust Litig.*, 2022 WL 22609107, at *15 ("differences in limitations periods can be managed at trial via jury instructions and verdict form.").

In the end, it is clear that the trial will primarily focus on common proof of Defendants' alleged anticompetitive conduct, CIIPPs' expert economic evidence, and Defendants' effort to rebut that evidence. Plaintiffs have made a sufficient showing at this point that class certification will not present insuperable state law obstacles. As the case moves forward, if material variations in state laws impose manageability problems that are not yet evident at this stage of the proceedings, the Court has the authority to adjust the class definition including through creating subclasses as appropriate. *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 477 (N.D. Ill. 2009), *aff'd* 606 F.3d 301 (7th Cir. 2010) ("Courts have created subclasses to manage any potential conflicts among different state's laws."). Further, the Court may "group[] state laws and certify[] subclasses" of states with materially similar laws. *Id*; *Thomas v. UBS AG*, 706 F.3d 846, 849 (7th Cir. 2013) ("The problem of choice of law created by a nationwide class action governed by laws of different states or other jurisdictions is usually solved by the district court's certifying a different subclass for class members in each jurisdiction whose law differs in some relevant respect from that of the other jurisdictions in which members of the class reside or the allegedly unlawful acts were committed."). The Court also retains discretion to narrow or decertify the class if the task of construing the various state laws becomes unmanageable. Fed. R. Civ. P. 23(c)(1)(C).

### B. Superiority

In addition to predominance, Rule 23(b)(3) requires that the Court determine whether "a class action is superior to other available methods for fairly and efficiently adjudicating the

controversy." Fed. R. Civ. P. 23(b)(3). "When a court finds that common questions predominate, they generally also find that superiority is also met." *In re Dealer Mgmt. Sys. Antitrust Litig.*, 2024 WL 3509668, at \*16; *Moehrl*, 2023 WL 2683199, at \*22 ("[T]he predominance and superiority inquiry are intertwined: generally, the more that common issues predominate, the more likely that a class action is the superior vehicle for deciding the controversy.") (internal quotes and citations omitted). "Superiority will be found when a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *In re Dealer Mgmt. Sys. Antitrust Litig.*, 2024 WL 3509668, at \*16 (internal quotes and citation omitted).

Defendants do not dispute that a class action is the superior method for the DPP class to bring their claims. Given that the vast majority of class members have not opted out and for most class members, the individual damages are smaller than the resources required to litigate individual suits, a class action is a superior vehicle for deciding DPPs' case. Other than their argument above regarding variations in state laws governing indirect purchaser actions, Defendants do not make any additional arguments about whether a class action is the superior means of resolving the CIIPPs' claims. Multiple lawsuits by the large number of DPP and CIIPP class members allegedly injured by Defendants' antitrust violations would be costly and inefficient. Moreover, the Court's findings as to predominance support a finding that a class action is superior method to address Plaintiffs' claims. Because the same alleged illegal anticompetitive conduct by Defendants gives rise to each class member's injury, adjudicating this issue on a class-wide basis is the superior method of resolving Plaintiffs' claims. *Tuna*, 332 F.R.D. at 329, 336 (S.D. Cal. 2019) ("Any trial—whether it involves a single plaintiff or a class—will involve the same legal questions and evidence regarding Defendants' conduct."). As in *Broilers*, there is not "another available method to address

Plaintiffs' claims that is superior to certifying a class." *Broilers*, 2022 WL 1720468, at *20. Accordingly, Plaintiffs satisfy Rule 23(b)(3)'s requirement that a class action is the superior method of resolving the injuries caused by Defendants' alleged conspiracy.

## IV. Ascertainability

"Aside from the textual requirements provided for in Rule 23, the Seventh Circuit also requires plaintiffs to prove that the proposed class is ascertainable." *In re Dealer Mgmt. Sys. Antitrust Litig.*, 2024 WL 3509668, at *8. Defendants do not challenge the ascertainability of the DPP class or CIIPP class. The Court finds that both classes are ascertainable because they are "defined clearly and based on objective criteria." *Mullins*, 795 F.3d at 659. The classes in this case do not suffer from any of the "three common problems" that have caused unascertainable classes: vagueness, classes defined by subjective criteria, and classes defined in terms of success on the merits. *Id*. at 659-60. Both classes are therefore sufficiently ascertainable for certification.

## <u>CONCLUSION</u>

For the reason stated above, and after conducting the required rigorous analysis, Plaintiffs' motions for class certification [828, 836] are granted. Defendants' motions to exclude the expert opinions of Dr. Russell Mangum and Michael A. Williams, Ph.D. [887, 893] are denied. Plaintiffs' motion to exclude expert testimony of Lauren Stiroh [831] is granted in part and denied in part. Direct Purchaser Plaintiffs' motion to strike [941] is granted in part and denied in part. Pursuant to Rule 23(g), the Court appoints: (1) Hagens Berman Sobol Shapiro LLP and Lockridge Grindal Nauen P.L.L.P., which the Court previously appointed as interim co-lead class counsel (Doc. 143), to serve as co-lead class counsel for the DPP class and (2) Michael J. Flannery of Cuneo Gilbert & LaDuca, LLP and Sterling Aldridge of Barrett Law Group, P.A., whom the Court previously appointed as interim co-lead counsel, to serve as CIIPP Class Counsel (Docs. 433, 950).

**SO ORDERED.**

Dated:  January 22, 2025

Sunil R. Harjani
United States District Judge

# United States District Court
## Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.2) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:19−cv−08318
### *Internal Use Only*

IN RE TURKEY ANTITRUST LITIGATION
Assigned to: Honorable Sunil R. Harjani
Referred to: Honorable Keri L. Holleb Hotaling
related Cases:  1:21−cv−03763
            1:21−cv−03551
            1:20−cv−02295
            1:21−cv−04131
            1:23−cv−16948
            1:21−cv−06600
            1:23−cv−04404
Cause: 15:1 Antitrust Litigation

Date Filed: 12/19/2019
Jury Demand: Both
Nature of Suit: 410 Anti−Trust
Jurisdiction: Federal Question

**Plaintiff**

**Olean Wholesale Grocery Cooperative**
*TERMINATED: 10/26/2021*

represented by **Brian David Clark**
Lockridge Grindal Nauen P.l.l.p.
100 Washington Avenue South
#2200
Minneapolis, MN 55401
(612) 339−6900
Fax: Not a member
Email: bdclark@locklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Ellis Serdikoff**
Lockridge Grindal Nauen P.l.l.p.
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
(612) 339−6900
Fax: Not a member
Email: seserdikoff@locklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**W. Joseph Bruckner**
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
(612)339−6900
Fax: Pro Hac Vice
Email: wjbruckner@locklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bobby Pouya**
Pearson Warshaw, LLP
15165 Ventura Boulevard
Suite 400
Sherman Oaks
Sherman Oaks, CA 91403
818−788−8300
Email: bpouya@pwfirm.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Clifford Harris Pearson**
Pearson, Simon & Warshaw LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
(818) 788−8300
Fax: Pro Hac Vice
Email: cpearson@pwfirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Justin Richard Erickson**
Lockridge Grindal Nauen P.l.l.p.
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
(612) 339−6900
Fax: Not a member
Email: jrerickson@locklaw.com
*TERMINATED: 02/08/2021*

**Leona Bridget Ajavon**
Lockridge Grindal Nauen, Pllp
100 Washington Ave S
Suite 2200
Minneapolis, MN 55401
(612) 339−6900
Fax: Not a member
Email: lbajavon@locklaw.com
*ATTORNEY TO BE NOTICED*

**Maureen Kane Berg**
Lockridge Grindal Nauen P.L.L.P.
100 Washington Ave. South
Suite 2200
Minneapolis, MN 55401
(612) 596−4037
Fax: Active
Email: mkberg@locklaw.com
*ATTORNEY TO BE NOTICED*

**Michael H. Pearson**
Pearson Warshaw, LLP
15165 Ventura Boulevard
Suite 400
Sherman Oaks
Sherman Oaks, CA 91403
818−788−8300
Email: mpearson@pwfirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rio Pierce**
Hagens Berman Sobol Shapiro LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710
(510) 725−3000
Fax: Pro Hac Vice
Email: riop@hbsslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shana Scarlett**
Hagens Berman Sobol Shapiro LLP

Hagens Berman Sobol Shapiro LLP
715 Hearst Ave., Suite 300
Berkeley, CA 94710
510−725−3000
Email: shanas@hbsslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Simeon Andrew Morbey**
Lockridge Grindal Nauen Pllp
100 Washington Ave S., #2200
Minneapolis, MN 55401
(612) 339−6900
Fax: Not a member
Email: samorbey@locklaw.com
*ATTORNEY TO BE NOTICED*

**Steve W. Berman**
Hagens Berman Sobol Shapiro LLP
1301 2nd Ave.
Suite 2000
Seattle, WA 98101
(206) 623−7292
Fax: Active
Email: steve@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Gross and Company, Inc.**        represented by **Abby R. Wolf**
Hagens Berman Sobol Shapiro LLP
715 Hearst Ave
Suite 200
Berkeley, CA 94710
510−725−3000
Email: abbyw@hbsslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brian David Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregg Martin Fishbein**
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
(612) 339−6900
Fax: Pro Hac Vice
Email: gmfishbein@locklaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Matthew Owen**
Lockridge Grindal Nauen P.l.l.p.
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
(612) 596−4068
Fax: Not a member
Email: smowen@locklaw.com

*TERMINATED: 09/26/2024*
*LEAD ATTORNEY*

**Steven Ellis Serdikoff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**W. Joseph Bruckner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Antonia Marie Konkoly**
Lockridge Grindal Nauen Pllp
100 Washington Ave S
Suite 2200
Minneapolis, MN 55401
(612) 339−6900
Fax: Not a member
Email: amkonkoly@locklaw.com
*ATTORNEY TO BE NOTICED*

**Bobby Pouya**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Clifford Harris Pearson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elaine Teresa Byszewski**
Hagens Berman Sobol Shapiro Llp
301 N. Lake Ave.
Suite 920
Pasadena, CA 91101
(213) 330−7149
Fax: Not a member
Email: elaine@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Justin Richard Erickson**
(See above for address)
*TERMINATED: 02/08/2021*

**Leona Bridget Ajavon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Maureen Kane Berg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael H. Pearson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rio Pierce**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shana Scarlett**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Simeon Andrew Morbey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steve W. Berman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Maplevale Farms, Inc.**                 represented by    **Gregg Martin Fishbein**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Matthew Owen**
(See above for address)
*TERMINATED: 09/26/2024*
*LEAD ATTORNEY*

**Steven Ellis Serdikoff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Antonia Marie Konkoly**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elaine Teresa Byszewski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leona Bridget Ajavon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Winn−Dixie Stores, Inc.**               represented by    **Patrick John Ahern**
Ahern and Associates, P.C.
8 S. Michigan Ave
Suite 3600
Chicago, IL 60603
(312) 404−3760
Fax: Delinquent
Email: patrick.ahern@ahernandassociatespc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Theodore Beloyeannis Bell**
Mason LLP
8045 Kenneth Ave.
60076−3215
Skokie, IL 60076−3215
202−640−1169
Email: tbell@masonllp.com
*TERMINATED: 07/11/2022*

**Plaintiff**

**Bi−Lo Holding, LLC**                    represented by

**Patrick John Ahern**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Theodore Beloyeannis Bell**
(See above for address)
*TERMINATED: 07/11/2022*

**Plaintiff**

**Sandee's Bakery**                    represented by     **Evelyn Y Riley**
Cuneo Gilbert & LaDuca, LLP
2445 M St. NW
Suite 740
Washington, DC 20037
202−789−3960
Email: evelyn@cuneolaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J Flannery**
Cuneo Gilbert & LaDuca, LLP
Two CityPlace Drive
Ste Second Floor
Saint Louis, MO 63141
314−226−1015
Email: mflannery@cuneolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
2445 M St. NW
Suite 740
Washington, DC 20037
202−789−3960
Email: danielc@cuneolaw.com
*ATTORNEY TO BE NOTICED*

**Melissa Jean Morgans**
Cuneo Gilbert & LaDuca, LLP
2445 M St. NW
Suite 200
Washington, DC 20037
202−587−5057
Email: lmorgans@cuneolaw.com
*TERMINATED: 02/05/2025*

**Sarah Sterling Aldridge**
Barrett Law Group, P.A.
404 Court Square North
Lexington, MS 39095
(662) 834−2488
Fax: Pro Hac Vice
Email: saldridge@barrettlawgroup.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gnemi, LLC d/b/a Logan Farms**        represented by     **Evelyn Y Riley**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J Flannery**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cody Douglas McCracken**
Cuneo Gilbert & LaDuca, LLP
2445 M St. NW
Suite 740
Washington, DC 20037
202−789−3960
Email: cmccracken@cuneolaw.com
*ATTORNEY TO BE NOTICED*

**Daniel M. Cohen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Jean Morgans**
(See above for address)
*TERMINATED: 02/05/2025*

**Sarah Sterling Aldridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Maquoketa Care Center**                    represented by   **Evelyn Y Riley**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J Flannery**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cody Douglas McCracken**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel M. Cohen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Jean Morgans**
(See above for address)
*TERMINATED: 02/05/2025*

**Sarah Sterling Aldridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Thyme Cafe & Market**                    represented by   **Sarah Sterling Aldridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Bernie's LLC**                    represented by   **Evelyn Y Riley**
(See above for address)

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J Flannery**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cody Douglas McCracken**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel M. Cohen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David M Cialkowski**
Zimmerman Reed, PLLP
1100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 341−0400
Fax: Not a member
Email: david.cialkowski@zimmreed.com
*ATTORNEY TO BE NOTICED*

**Melissa Jean Morgans**
(See above for address)
*TERMINATED: 02/05/2025*

**Sarah Sterling Aldridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Music Matters, LLC**            represented by   **Sarah Sterling Aldridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Martin's BBQ, LLC**            represented by   **Evelyn Y Riley**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J Flannery**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cody Douglas McCracken**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel M. Cohen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Jean Morgans**
(See above for address)
*TERMINATED: 02/05/2025*

**Sarah Sterling Aldridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Social Kitchen      represented by    **Evelyn Y Riley**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J Flannery**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cody Douglas McCracken**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel M. Cohen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David M Cialkowski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Jean Morgans**
(See above for address)
*TERMINATED: 02/05/2025*

**Sarah Sterling Aldridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Liberty Holding Company      represented by    **Evelyn Y Riley**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J Flannery**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cody Douglas McCracken**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel M. Cohen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Jean Morgans**
(See above for address)
*TERMINATED: 02/05/2025*

**Sarah Sterling Aldridge**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Amory Investments LLC**           represented by  **Christopher C Goodnow**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street N.W.
Suite 400
Washington, DC 20036
202−326−7907
Fax: Pro Hac Vice
Email: cgoodnow@kellogghansen.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Collin R. White**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M St., N.W., Suite 400
Washington, DC 20036
(202) 326−7925
Fax: Pro Hac Vice
Email: cwhite@kellogghansen.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Derek T. Ho**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M St. N.W.
Suite 400
Washington, DC 20036
(202) 326−7931
Fax: Pro Hac Vice
Email: dho@kellogghansen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dustin G. Graber**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street N.W.
Suite 400
Washington, DC 20036
(202) 326−7900
Fax: Pro Hac Vice
Email: dgraber@kellogghansen.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Travis G. Edwards**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street N.W.
Suite 400
Washington, DC 20036
(202) 326−7900
Fax: Pro Hac Vice
Email: tedwards@kellogghansen.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Aramark Food and Support Services Group, Inc.**

represented by

**Aramark Food and Support Services Group, Inc.**
PRO SE

**Plaintiff**

**Carina Ventures LLC**

represented by

**Christopher C Goodnow**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Collin R. White**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Derek T. Ho**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dustin G. Graber**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Travis G. Edwards**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Agri Stats, Inc.**

represented by

**Olga Fleysh**
Hogan Lovells US LLP
555 13th St NW
Washington, DC 20004
202−637−3204
Email: olga.fleysh@hoganlovells.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jacob D Koering**
Miller, Canfield, Paddock & Stone, PLC
227 West Monroe Street
Suite 3600
Chicago, IL 60606
312−460−4272
Email: koering@millercanfield.com
*ATTORNEY TO BE NOTICED*

**Justin Wade Bernick**
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
(202) 637−5485

Fax: Pro Hac Vice
Email: justin.bernick@hoganlovells.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Liam Edward Phibbs**
Hogan Lovells US LLP
555 Thirteenth StreetNW
Washington, DC 20004
(202) 637−6575
Fax: Pro Hac Vice
Email: liam.phibbs@hoganlovells.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William L Monts , III**
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004−1109
202−637−6440
Fax: 202−637−5910
Email: william.monts@hoganlovells.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Butterball LLC**                    represented by  **Todd J. Ohlms**
Proskauer Rose LLP
70 West Madison
Suite 3800
Chicago, IL 60602
(312) 962−3537
Fax: Active
Email: tohlms@proskauer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher E Ondeck**
Proskauer Rose LLP
Suite 600S
1001 Pennsylvania Avenue NW
Washington, DC 20004
(202) 525−0865
Fax: Pro Hac Vice
Email: condeck@proskauer.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Colin R. Kass**
Proskauer Rose Llp
1001 Pennsylvania Ave., N.w.
Washington, DC 20004
(202) 416−6890
Fax: Pro Hac Vice
Email: ckass@proskauer.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David A. Munkittrick**
Proskauer Rose LLP
11 Times Square
New York, NY 10036
212−969−3226
Fax: 212−969−2900

Email: dmunkittrick@proskauer.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Erica Taylor Jones**
Proskauer Rose LLP
1001 Pennsylvania Ave N.W.
Suite 600 South
Washington, DC 20004−2533
(202) 416−6861
Fax: Pro Hac Vice
Email: ejones@proskauer.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kelly Bridget Landers Hawthorne**
Proskauer Rose
1001 Pennsylvania Avenue, NW
600 South
Washington, DC 20004−2533
(202) 416−6837
Fax: Pro Hac Vice
Email: klandershawthorne@proskauer.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marc Eric Rosenthal**
Proskauer Rose LLP
70 West Madison, Suite 3800
Chicago, IL 60602
312 962 3530
Fax: Not a member
Email: mrosenthal@proskauer.com
*TERMINATED: 01/26/2024*

**Rucha A Desai**
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
(212) 969−3628
Fax: Pro Hac Vice
Email: rdesai@proskauer.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen R Chuk**
Proskauer Rose LLP
Suite 600S
1001 Pennsylvania Avenue NW
Washington, DC 20004
(202) 416−6697
Fax: Pro Hac Vice
Email: schuk@proskauer.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cargill, Inc.**                      represented by   
**Britt Marie Miller**
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782−0600
Fax: Not a member
Email: bmiller@mayerbrown.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew David Provance**
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, IL 60606
(312) 701−8598
Fax: Not a member
Email: mprovance@mayerbrown.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel J. Lamorte**
Mayer Brown LLP
1999 K St NW
Washington, DC 20006
(202) 263−3262
Fax: Pro Hac Vice
Email: rlamorte@mayerbrown.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sybil Louise Dunlop**
Greene Espel PLLP
222 S. Ninth Street
Suite 2200
Minneapolis, MN 55402
(612) 373−8345
Fax: Pro Hac Vice
Email: sdunlop@greeneespel.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Xiaochuan Kevin Zhao**
Greene Espel PLLP
222 South 9th Street, Suite 2200
Minneapolis, MN 55402
(612) 373−8336
Fax: Pro Hac Vice
Email: kzhao@greeneespel.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Davida McGhee**
Greene Espel PLLP
222 S. 9th Street, Suite 2200
Minneapolis, MN 55402
(612) 373−8374
Fax: Pro Hac Vice
Email: dwilliams@greeneespel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathryn Nikolai Hibbard**
Greene Espel P.L.L.P.
200 South Sixth Street
Suite 1200
Minneapolis, MN 55402
(612) 373−8346
Fax: Pro Hac Vice
Email: khibbard@greeneespel.com

*TERMINATED: 02/17/2021*
*PRO HAC VICE*

**Mark W. Ryan**
Mayer Brown
1999 K Street N.W.
Washington, DC 20006−1101
(202) 263−3000
Fax: Pro Hac Vice
Email: mryan@mayerbrown.com
*TERMINATED: 12/18/2020*
*PRO HAC VICE*

**Nathan Rice**
Fredrikson & Byron, P.A.
60 South 6th Street
Suite 1500
Minneapolis, MN 55402
612−492−7397
Email: nrice@fredlaw.com
*TERMINATED: 05/01/2024*

**Robert Edward Entwisle**
Mayer Brown Llp
71 S Wacker
Chicago, IL 60606
(312) 782−0600
Fax: Not a member
Email: rentwisle@mayerbrown.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cargill Meat Solutions Corporation**     represented by     **Britt Marie Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew David Provance**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel J. Lamorte**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sybil Louise Dunlop**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Xiaochuan Kevin Zhao**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Davida McGhee**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathryn Nikolai Hibbard**
(See above for address)
*TERMINATED: 02/17/2021*
*PRO HAC VICE*

**Mark W. Ryan**
(See above for address)
*TERMINATED: 12/18/2020*
*PRO HAC VICE*

**Nathan Rice**
(See above for address)
*TERMINATED: 05/01/2024*

**Robert Edward Entwisle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cooper Farms, Inc.**                    represented by   **Daniel D Birk**
Eimer Stahl LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660−7600
Fax: Not a member
Email: dbirk@eimerstahl.com
*ATTORNEY TO BE NOTICED*

**David John Barthel**
Carpenter Lipps & Leland LLP
280 Plaza
280 North High Street, Suite 1300
Columbus, OH 43215
(614) 365−4100
Fax: Pro Hac Vice
Email: barthel@carpenterlipps.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Alan Beck**
Carpenter Lipps LLP
280 North High Street
Suite 1300
Columbus, OH 43215
614−365−4142
Fax: 614−365−9145
Email: beck@carpenterlipps.com
*ATTORNEY TO BE NOTICED*

**Jennifer A. L. Battle , I**
Carpenter Lipps & Leland LLP
280 Plaza
280 North High Street
Suite 1300
Columbus, OH 43215
614−365−4100
Fax: 614−365−4129
Email: battle@carpenterlipps.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jill Rogers Spiker**

Carpenter Lipps LLP
280 N. High St.
Ste. 1300
Columbus, OH 43215
614−365−4106
Email: spiker@carpenterlipps.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joel Everett Sechler**
Carpenter Lipps & Leland Llp
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
(614) 365−4100
Fax: Pro Hac Vice
Email: sechler@carpenterlipps.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua Goldberg**
Patzik, Frank & Samotny Ltd.
200 S. Wacker Drive
Ste. 2700
Chicago, IL 60606
312−205−4418
Email: jgoldberg@pfs−law.com
*TERMINATED: 07/26/2024*
*ATTORNEY TO BE NOTICED*

**Michael L. McCluggage**
Eimer Stahl LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660−7600
Fax: Active
Email: mmccluggage@eimerstahl.com
*ATTORNEY TO BE NOTICED*

**Theodore M Munsell**
Carpenter Lipps & Leland LLP
280 Plaza, 280 North High Street
Suite 1300
Columbus, OH 43215
(614) 365−4100
Fax: Pro Hac Vice
Email: munsell@carpenterlipps.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Farbest Foods, Inc.**          represented by  **Adam Joseph Wallstein**
Dentons Us, Llp
233 S Wacker Dr #5900
Chicago, IL 60606
(312)
Fax: Not a member
Email: adam.wallstein@dentons.com
*ATTORNEY TO BE NOTICED*

**Claire Molle' Maddox**
Dentons US LLP
1900 K Street, Nw

Washington, DC 20006
(202) 496−7308
Fax: Pro Hac Vice
Email: claire.maddox@dentons.com
*TERMINATED: 01/19/2021*
*PRO HAC VICE*

**Gaspare Joseph Bono**
Washington, DC
1900 K Street, NW
Washington, DC 20006
(202) 496−7211
Fax: Pro Hac Vice
Email: gap.bono@dentons.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John William Lomas , Jr**
Dentons US LLP
1900 K Street NW
Washington, DC 20006
(202) 496−7183
Fax: Pro Hac Vice
Email: john.lomas@dentons.com
*TERMINATED: 04/30/2020*
*PRO HAC VICE*

**Leslie A. Barry**
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
(202) 496−7500
Fax: Pro Hac Vice
Email: leslie.barry@dentons.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael K Sciaccotta**
Kirkland & Ellis LLP
333 W. Wolf Point Plaza
Chicago, IL 60654
312−862−0623
Fax: 312−862−2200
Email: michael.sciaccotta@kirkland.com
*TERMINATED: 06/20/2023*

**Defendant**

**Foster Farms, LLC**                     represented by   **Aaron Robert Gott**
Bona Law PC
331 2nd Avenue South
Suite 420
Minneapolis, MN 55401
(612) 284−5001
Fax: Pro Hac Vice
Email: aaron.gott@bonalawpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carmine R. Zarlenga**
Mayer Brown LLP
1999 K Street NW
Washington, DC 20009
(202) 263−3000
Fax: Active

Email: czarlenga@mayerbrown.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James F Lerner**
Bona Law PC
2509
41 Madison Avenue
New York, NY 10166
212−634−6861
Fax: Pro Hac Vice
Email: james.lerner@bonalawpc.com
*(Inactive)*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jarod Michael Bona**
Bona Law PC
4275 Executive Square
Suite 200
La Jolla, CA 92037
(858) 964−4589
Fax: Pro Hac Vice
Email: jarod.bona@bonalawpc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Murphey Donovan**
Bona Law PC
41 Madison Avenue
#2509
New York, NY 10010
(212) 634−6861
Fax: Pro Hac Vice
Email: molly.donovan@bonalawpc.com
*TERMINATED: 07/19/2024*
*PRO HAC VICE*

**Oral Pottinger**
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
(202) 263−3218
Fax: Pro Hac Vice
Email: opottinger@mayerbrown.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen M. Medlock**
Vinson & Elkins LLP
2200 Pennsylvania Ave., NW
Suite 500 West
Washington, DC 20037
202−639−6578
Email: smedlock@velaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Stallings**
Mayer Brown LLP
1999 K St NW
Washington, DC 20006
(202) 263−3000
Fax: Pro Hac Vice
Email: WStallings@mayerbrown.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Poultry Farms**                    represented by  **Aaron Robert Gott**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Carmine R. Zarlenga**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **James F Lerner**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Jarod Michael Bona**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Molly Murphey Donovan**
                                                            (See above for address)
                                                            *TERMINATED: 07/19/2024*
                                                            *PRO HAC VICE*

                                                            **Oral Pottinger**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Stephen M. Medlock**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **William Stallings**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**The Hillshire Brands Company**            represented by  **Brandon Tyler Boxbaum**
                                                            Axinn Veltrop & Harkrider
                                                            1901 L Street NW
                                                            Washington, DC 20036
                                                            (202) 912−4700
                                                            Fax: Pro Hac Vice
                                                            Email: bboxbaum@axinn.com
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Jarod G. Taylor**
                                                            Axinn, Veltrop & Harkrider LLP
                                                            90 State House Square
                                                            Hartford, CT 06103
                                                            860−275−8109
                                                            Fax: 860−275−8101
                                                            Email: jtaylor@axinn.com
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

**Jordan M. Tank**
Lipe Lyons Murphy Nahrstadt & Pontikis
230 West Monroe Street
Suite 2260
Chicago, IL 60606
312−702−0586
Fax: Active
Email: jmt@lipelyons.com
*ATTORNEY TO BE NOTICED*

**Kenina J Lee**
Axinn, Veltrop & Harkrider LLP
1901 L Street NW
Washington, DC 20036
(202) −0721
Fax: Pro Hac Vice
Email: klee@axinn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lindsey Strang Aberg**
Axinn Veltrop & Harkrider LLP
1901 L Street NW
Washington, DC 20036
(202) 469−3550
Fax: Pro Hac Vice
Email: lstrang@axinn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rachel Johanna Adcox**
Axinn
1901 L Street NW
Washington, DC 20036
(202) 721−5406
Fax: Not a member
Email: radcox@axinn.com
*TERMINATED: 12/20/2024*

**Sahrish Moyeed**
Lipe Lyons Murphy Nahrstadt & Pontikis
230 W. Monroe Street
Suite 2260
Chicago, IL 60606
(312) 448−7255
Fax: Not a member
Email: sm@lipelyons.com
*ATTORNEY TO BE NOTICED*

**Tiffany Rider Rohrbaugh**
Axinn, Veltrop & Harkrider LLP
1901 L Street NW
Washington, DC 20036
(202) 721−5402
Fax: Pro Hac Vice
Email: trider@axinn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Hormel Foods Corporation** | represented by | **Andrew F. McCarty** |

Faegre Drinker Biddle & Reath
2200 Wells Fargo Center

90 S. 7th Street
Minneapolis, MN 55402
(612) 766−7000
Fax: Pro Hac Vice
Email: andrew.mccarty@faegredrinker.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert C. Gallup**
Faegre Drinker Biddle & Reath
801 Grand Avenue
33rd Floor
Des Moines, IA 50309
(515) 447−4728
Fax: Pro Hac Vice
Email: robert.gallup@faegredrinker.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephanie A Koltookian**
Faegre Drinker Biddle & Reath, LLP
801 Grand Avenue
33rd Floor
Des Moines, IA 50309
(515) 447−4704
Fax: Pro Hac Vice
Email: stephanie.koltookian@faegredrinker.com
*TERMINATED: 07/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Anderson Tuggle**
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S. 7th St.
Minneapolis, MN 55402
(612) 766−6822
Fax: Pro Hac Vice
Email: anderson.tuggle@faegredrinker.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Allen Kreuder**
Faegre Drinker Biddle & Reath LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309
(515) 248−9000
Fax: Pro Hac Vice
Email: christopher.kreuder@faegredrinker.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Colby Anne Kingsbury**
Faegre Drinker Biddle & Reath LLP
320 South Canal Street
Suite 3300
Chicago, IL 60606
312−212−6573
Fax: Active
Email: Colby.Kingsbury@Faegredrinker.com
*ATTORNEY TO BE NOTICED*

**Craig Stuart Coleman**

Faegre Drinker Biddle & Reath LLP
90 S. Seventh Street, Ste. 2200
Minneapolis, MN 55402
(612) 766−7000
Fax: Pro Hac Vice
Email: craig.coleman@faegredrinker.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Emily Elizabeth Chow**
Faegre Drinker Biddle & Reath LLP
90 S. Seventh Street, Ste. 2200
Minneapolis, MN 55402
(612) 766−7000
Fax: Pro Hac Vice
Email: emily.chow@faegredrinker.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Isaac Baxter Hall**
Faegre Drinker Biddle & Reath LLP
90 S. Seventh Street, Ste. 2200
Minneapolis, MN 55402
(612) 766−7000
Fax: Pro Hac Vice
Email: isaac.hall@faegredrinker.com
*TERMINATED: 04/20/2023*
*PRO HAC VICE*

**Jacob D. Bylund**
Faegre Drinker Biddle and Reath LLP
801 Grand Avenue
Floor 33
Des Moines, IA 50309
(515) 248−9000
Fax: Not a member
Email: Jacob.Bylund@faegredrinker.com
*ATTORNEY TO BE NOTICED*

**John Yi**
Faegre Drinker Biddle & Reath LLP
One Logan Square
Suite 2000
Philadelphia, PA 19103
(215) 988−2553
Fax: Pro Hac Vice
Email: john.yi@faegredrinker.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Harold Todt**
Faegre Drinker Biddle & Reath LLP
1500 K St. NW
Washington, DC 20005
(202) 230−5825
Fax: Not a member
Email: jonathan.todt@faegredrinker.com
*ATTORNEY TO BE NOTICED*

**Lance Lange**
Faegre Drinker Biddle & Reath LLP
801 Grand Ave.
33rd Floor
Des Moines, IA 50047
515−447−4725

Email: lance.lange@faegredrinker.com
*ATTORNEY TO BE NOTICED*

**Richard Alan Duncan**
Faegre Drinker Biddle & Reath LLP
90 S. Seventh Street, Ste. 2200
Minneapolis, MN 55402
(612) 766−7000
Fax: Pro Hac Vice
Email: richard.duncan@faegredrinker.com
*TERMINATED: 12/20/2024*
*PRO HAC VICE*

**Defendant**

**Hormel Foods, LLC**      represented by      **Andrew F. McCarty**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert C. Gallup**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephanie A Koltookian**
(See above for address)
*TERMINATED: 07/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Anderson Tuggle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Allen Kreuder**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Colby Anne Kingsbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Craig Stuart Coleman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Emily Elizabeth Chow**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Isaac Baxter Hall**
(See above for address)
*TERMINATED: 04/20/2023*
*PRO HAC VICE*

**John Yi**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Jonathan Harold Todt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lance Lange**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Alan Duncan**
(See above for address)
*TERMINATED: 12/20/2024*
*PRO HAC VICE*

**Defendant**

| | | |
|---|---|---|
| **House of Raeford Farms, Inc.** | represented by | **Gregory Gene Wrobel** |

Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601
(312) 609−7500
Fax: Active
Email: gwrobel@vedderprice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori P. Jones**
Jordan Price Wall Gray Jones & Carlton, PLLC
1951 Clark Avenue
Raleigh, NC 27605
(919) 828−2501
Fax: Pro Hac Vice
Email: ljones@jordanprice.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**T. Nute Thompson**
Jordan Price Wall Gray Jones and Carlton, PLLC
1951 Clark Ave
Raleigh, NC 27605
(919) 828−2501
Fax: Pro Hac Vice
Email: nthompson@jordanprice.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Henry W. Jones , Junio**
Jordan Price Wall Gray Jones & Carlton
2710 Wycliff Road
Suite 310
Raleigh
Raleigh, NC 27607
919−828−2501
Fax: 919−834−8447
Email: HJones@jordanprice.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua A. Dunn**

Vedder Price P.C.
1633 Broadway
47th Floor
New York, NY 10019
212−407−7700
Fax: Not a member
Email: jdunn@vedderprice.com
*ATTORNEY TO BE NOTICED*

**Julia L. Koechley**
Vedder Price P.C.
222 North LaSalle
Chicago, IL 60601
312−609−7500
Fax: Not a member
Email: jkoechley@vedderprice.com
*TERMINATED: 01/02/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kraft Heinz Foods Company**
*TERMINATED: 10/27/2020*

represented by **Elizabeth Ann Nestor Haas**
Foley & Lardner Llp
777 E. Wisconsin Avenue
Milwaukee, WI 53202
(414) 297−5083
Fax: Not a member
Email: ehaas@foley.com
*TERMINATED: 07/17/2024*

**James T. McKeown**
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
414−297−5530
Fax: Active
Email: jmckeown@foley.com
*TERMINATED: 06/26/2024*

**Jeanne Marie Gills**
Foley & Lardner
321 North Clark Street
Suite 3000
Chicago, IL 60654
(312)832−4500
Fax: Active
Email: jmgills@foley.com
*ATTORNEY TO BE NOTICED*

**Joanne L. Molinaro**
Foley & Lardner
321 North Clark Street
Suite 2800
Chicago, IL 60654
312−832−4500
Fax: Active
Email: jmolinaro@foley.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kraft Foods Group Brands LLC**
*TERMINATED: 10/27/2020*

represented by **Elizabeth Ann Nestor Haas**
(See above for address)
*TERMINATED: 07/17/2024*

**James T. McKeown**

(See above for address)
*TERMINATED: 06/26/2024*

**Jeanne Marie Gills**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joanne L. Molinaro**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Perdue Farms, Inc.**                     represented by     **James Douglas Baldridge**
Venable LLP
600 Massachusetts Ave NW
Washington, DC 20001
202−344−4000
Email: jbaldridge@venable.com
*TERMINATED: 08/10/2023*
*LEAD ATTORNEY*

**Andrew Thomas Hernacki**
Venable LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(914) 907−9643
Fax: Pro Hac Vice
Email: ATHernacki@venable.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Danielle R Foley**
Venable LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344−4343
Fax: Pro Hac Vice
Email: drfoley@venable.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kirstin Beth Ives**
Falkenberg Ives LLP
230 W Monroe Street
Suite 2220
Chicago, IL 60606
312−566−4803
Fax: Active
Email: kbi@falkenbergives.com
*ATTORNEY TO BE NOTICED*

**Kristin M. Koger**
Venable LLP
600 Massachusetts Avenue, N.W.
Washington, DC 20001
(202) 344−4162
Fax: Pro Hac Vice
Email: kmkoger@venable.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lisa Jose Fales**
Venable LLP
600 Massachusetts Avenue, NW

Washington, DC 20001
(202) 344−4349
Fax: Pro Hac Vice
Email: ljfales@venable.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul Feinstein**
Venable LLP
600 Massachusetts Avenue NW
Washington, DC 20001
(202) 344−4502
Fax: Pro Hac Vice
Email: pfeinstein@venable.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Perdue Foods LLC**                     represented by   **James Douglas Baldridge**
(See above for address)
*TERMINATED: 08/10/2023*
*LEAD ATTORNEY*

**Andrew Thomas Hernacki**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Danielle R Foley**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kirstin Beth Ives**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kristin M. Koger**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lisa Jose Fales**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul Feinstein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tyson Foods, Inc.**                     represented by   **Allison Marie Vissichelli**
Axinn, Veltrop, and Harkrider LLP
1901 L Street NW
Washington, DC 20036
(202) 469−3510
Fax: Pro Hac Vice
Email: avissichelli@axinn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrea Nicole Rivers**
Axinn, Veltrop & Harkrider LLP
114 West 74th Street
Floor 22
New York, NY 10036
(212) 782−3182
Fax: Pro Hac Vice
Email: arivers@axinn.com
*TERMINATED: 10/20/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brandon Tyler Boxbaum**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jarod G. Taylor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jordan M. Tank**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kenina J Lee**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lindsey Strang Aberg**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rachel Johanna Adcox**
(See above for address)
*TERMINATED: 12/20/2024*

**Sahrish Moyeed**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tiffany Rider Rohrbaugh**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tyson Fresh Meats, Inc.**        represented by

**Allison Marie Vissichelli**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrea Nicole Rivers**
(See above for address)
*TERMINATED: 10/20/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brandon Tyler Boxbaum**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jarod G. Taylor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jordan M. Tank**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kenina J Lee**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lindsey Strang Aberg**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rachel Johanna Adcox**
(See above for address)
*TERMINATED: 12/20/2024*

**Sahrish Moyeed**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tiffany Rider Rohrbaugh**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Tyson Prepared Foods, Inc.** | represented by | **Allison Marie Vissichelli** |

(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrea Nicole Rivers**
(See above for address)
*TERMINATED: 10/20/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brandon Tyler Boxbaum**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jarod G. Taylor**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jordan M. Tank**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kenina J Lee**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lindsey Strang Aberg**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rachel Johanna Adcox**
(See above for address)
*TERMINATED: 12/20/2024*

**Sahrish Moyeed**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tiffany Rider Rohrbaugh**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jennie−O Turkey Store, Inc.**          represented by   **Andrew F. McCarty**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anderson Tuggle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Yi**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Prestage Farms, Inc.**          represented by   **Jesscia B Vickers**
Manning, Fulton & Skinner, P.A.
Suite 500
3605 Glenwood Avenue
Raleigh, NC 27612
(919) 787−8880
Fax: Not a member
Email: vickers@manningfulton.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lawrence D. Graham , Jr.**
Manning Fulton & Skinner, P.A.
3605 Glenwood Avenue
Suite 500
Raleigh, NC 27612
(919) 787−8880
Fax: Pro Hac Vice
Email: graham@manningfulton.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Rich Paulus**

Clausen Miller P.C.
10 S. LaSalle Street
Suite 1600
Chicago, IL 60603
(312) 855−1010
Fax: Not a member
Email: apaulus@clausen.com
*TERMINATED: 01/05/2024*
*ATTORNEY TO BE NOTICED*

**Daniel Patrick Johnston**
Clausen Miller P.C.
10 South LaSalle Street
Suite 300
Chicago, IL 60603
(312) 855−1010
Fax: Not a member
Email: djohnston@clausen.com
*TERMINATED: 06/18/2024*
*ATTORNEY TO BE NOTICED*

**Davy Hem Raistrick**
Clausen Miller. P.C.
10 South LaSalle St., Suite 1600
Chicago, IL 60603
312.855.1010
Fax: Not a member
Email: draistrick@clausen.com
*TERMINATED: 09/08/2023*

**Ilene M. Korey**
Clausen Miller P.C.
10 S. LaSalle Street
Suite 1600
Chicago, IL 60603
(312) 855−1010
Fax: Active
Email: ikorey@clausen.com
*ATTORNEY TO BE NOTICED*

**Jonathan Gray Wilson**
Manning, Fulton & Skinner, P.A.
Diamond View II
280 South Mangum Street, Suite 130
Durham, NC 27701
(919) 787−8880
Fax: Pro Hac Vice
Email: wilson@manningfulton.com
*TERMINATED: 10/10/2023*
*PRO HAC VICE*

**Michael T. Medford**
Manning, Fulton & Skinner, P.A.
3605 Glenwood Avenue, Suite 500
Raleigh, NC 27612
(919) 787−8880
Fax: Pro Hac Vice
Email: medford@manningfulton.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William S. Cherry , III**
Manning, Fulton & Skinner, P.A.
3605 Glenwood Avenue, Suite 500
Raleigh, NC 27612

(919) 787−8880
Fax: Pro Hac Vice
Email: cherry@manningfulton.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Prestage Foods, Inc.**                represented by   **Jesscia B Vickers**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Lawrence D. Graham , Jr.**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Amy Rich Paulus**
                                                        (See above for address)
                                                        *TERMINATED: 01/05/2024*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Daniel Patrick Johnston**
                                                        (See above for address)
                                                        *TERMINATED: 06/18/2024*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Davy Hem Raistrick**
                                                        (See above for address)
                                                        *TERMINATED: 09/08/2023*

                                                        **Ilene M. Korey**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jonathan Gray Wilson**
                                                        (See above for address)
                                                        *TERMINATED: 10/10/2023*
                                                        *PRO HAC VICE*

                                                        **Michael T. Medford**
                                                        (See above for address)
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **William S. Cherry , III**
                                                        (See above for address)
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Prestage Farms of South Carolina,**    represented by   **Jesscia B Vickers**
**LLC**                                                  (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Lawrence D. Graham , Jr.**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

**Amy Rich Paulus**
(See above for address)
*TERMINATED: 01/05/2024*
*ATTORNEY TO BE NOTICED*

**Daniel Patrick Johnston**
(See above for address)
*TERMINATED: 06/18/2024*
*ATTORNEY TO BE NOTICED*

**Davy Hem Raistrick**
(See above for address)
*TERMINATED: 09/08/2023*

**Ilene M. Korey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Gray Wilson**
(See above for address)
*TERMINATED: 10/10/2023*
*PRO HAC VICE*

**Michael T. Medford**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William S. Cherry , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

## Defendant

**The Kroger Co.**                    represented by    **Sara Romina Strom**
Kopka Pinkus Dolin PC
200 West Adams
Suite 1200
Chicago, IL 60606
(312) 728−9920
Fax: Not a member
Email: srstrom@kopkalaw.com
*ATTORNEY TO BE NOTICED*

## deponent

**Michigan Turkey Producers, LLC**    represented by    **Bruce Anthony Courtade**
Rhoades McKee, PC
55 Campau Avenue, NW
Suite 300
Grand Rapids, MI 49503
(616) 235−3500
Fax: Pro Hac Vice
Email: BCourtade@rhoadesmckee.com
*TERMINATED: 01/08/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*

**John Morrill Lichtenberg**
Rhoades McKee, PC
55 Campau Avenue, NW
Suite 300
Grand Rapids, MI 49503
(616) 235−3500

Fax: Pro Hac Vice
Email: jmlichtenberg@rhoadesmckee.com
*TERMINATED: 01/08/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Service List**          represented by   **Alec Blaine Finley , Jr.**
Finley PLLC
1455 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004
281−723−7904
Email: bfinley@finley−pllc.com
*TERMINATED: 04/03/2024*
*PRO HAC VICE*

**Anthony Carter**
Tostrud Law Group, P.C.
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
(310) 278−2600
Fax: MDL
Email: acarter@tostrudlaw.com
*ATTORNEY TO BE NOTICED*

**Jason Thomas Johnson**
Larson King, LLP
30 E 7th Street, Suite 2800
St. Paul, MN 55101
(651) 312−6500
Fax: Pro Hac Vice
Email: jjohnson@larsonking.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jon Anders Tostrud**
Tostrud Law Group, P.C.
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
(310) 278−2600
Fax: Pro Hac Vice
Email: jtostrud@tostrudlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan W. Cuneo**
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Avenue NW
Suite 200
Washington, DC 20016
202−789−3960
Fax: Pro Hac Vice
Email: jonc@cuneolaw.com
*TERMINATED: 08/18/2023*
*PRO HAC VICE*

**Katherine B. Riley**
Barrett Law Group, P.A.
404 Court Square North
Lexington, MS 39095
(662) 582−4031
Fax: Pro Hac Vice
Email: kbriley@barrettlawgroup.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**RICHARD L. O'MEARA**
MURRAY PLUMB & MURRAY
75 PEARL STREET
P.O. BOX 9785
PORTLAND, ME 04104−5085
773−5651
Fax: Not a member
Email: romeara@mpmlaw.com

**Scott Lundering**
Tostrud Law Group, P.C.
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
(310) 278−2600
Fax: Pro Hac Vice
Email: scott.lundering@gmail.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shannon M. McNulty**
Clifford Law Offices
120 N. LaSalle Street
Suite 3600
Chicago, IL 60602
312−899−9090
Fax: Not a member
Email: SMM@cliffordlaw.com
*ATTORNEY TO BE NOTICED*

**Shawn M Raiter**
Larson & King, LLP
30 East 7th Street
Suite 2800
St. Paul, MN 55101
(651) 312−6500
Fax: Pro Hac Vice
Email: sraiter@larsonking.com
*ATTORNEY TO BE NOTICED*

**Sybil Louise Dunlop**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**TIMOTHY J. BRYANT**
PRETI, FLAHERTY
ONE CITY CENTER
P.O. BOX 9546
PORTLAND, ME 04112−9546
207−791−3000
Fax: Not a member
Email: tbryant@preti.com
*ATTORNEY TO BE NOTICED*

**Yifei Li**
Cuneo, Gilbert & LaDuca, LLP
4725 Wisconsin Ave, NW
Suite 200
Washington D.C., DC 20016
(202) 789−3960
Fax: Pro Hac Vice

| Date Filed | # | Docket Text |
|---|---|---|
| 12/19/2019 | 1 | COMPLAINT filed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative; Jury Demand. Filing fee $ 400, receipt number 0752−16551302.(Berman, Steve) (Entered: 12/19/2019) |
| 12/19/2019 | 2 | CIVIL Cover Sheet (Berman, Steve) (Entered: 12/19/2019) |
| 12/19/2019 | 3 | ATTORNEY Appearance for Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative by Steve W. Berman (Berman, Steve) (Entered: 12/19/2019) |
| 12/20/2019 | 4 | ATTORNEY Appearance for Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative by W. Joseph Bruckner (Bruckner, W.) (Entered: 12/20/2019) |
| 12/20/2019 | 5 | ATTORNEY Appearance for Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative by Brian David Clark (Clark, Brian) (Entered: 12/20/2019) |
| 12/20/2019 | 6 | ATTORNEY Appearance for Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative by Maureen Kane Berg (Berg, Maureen) (Entered: 12/20/2019) |
| 12/23/2019 | | CASE ASSIGNED to the Honorable Virginia M. Kendall. Designated as Magistrate Judge the Honorable Gabriel A. Fuentes. Case assignment: Random assignment. (daj, ) (Entered: 12/23/2019) |
| 12/24/2019 | 7 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16563780. (Scarlett, Shana) (Entered: 12/24/2019) |
| 12/24/2019 | 8 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16563782. (Pierce, Rio) (Entered: 12/24/2019) |
| 12/26/2019 | | SUMMONS Issued as to Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Kraft Foods Group Brands LLC, Kraft Heinz Foods Company, Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. (pj, ) (Entered: 12/26/2019) |
| 12/26/2019 | 9 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16565990. (PEARSON, CLIFFORD) (Entered: 12/26/2019) |
| 12/26/2019 | 10 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16566038. (Pouya, Bobby) (Entered: 12/26/2019) |
| 12/26/2019 | 11 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16566061. (Pearson, Michael) (Entered: 12/26/2019) |
| 12/27/2019 | 12 | NOTICE TO THE PARTIES − The Court is participating in the Mandatory Initial Discovery Pilot (MIDP). The key features and deadlines are set forth in this Notice which includes a link to the (MIDP) Standing Order and a Checklist for use by the parties. In cases subject to the pilot, all parties must respond to the mandatory initial discovery requests set forth in the Standing Order before initiating any further discovery in this case. Please note: The discovery obligations in the Standing Order supersede the disclosures required by Rule 26(a)(1). Any party seeking affirmative relief must serve a copy of the following documents (Notice of Mandatory Initial Discovery and the Standing Order) on each new party when the Complaint, Counterclaim, Crossclaim, or Third−Party Complaint is served. (rp, ) (Entered: 12/27/2019) |

| 12/31/2019 | <u>13</u> | MINUTE entry before the Honorable Virginia M. Kendall. Initial status hearing set for 2/26/2020 at 9:00 a.m. Joint Status Report due by 2/19/2020. The parties are directed to Judge Kendall's web page found at www.ilnd.uscourts.gov for information about the Initial Status Report and for information regarding all standing orders for cases on Judge Kendall's docket. The parties shall follow all of the standing orders for Judge Kendall and all Local Rules which can be found at the same web page. For the Initial Status Report, the parties are to report on the following: (1) Possibility of settlement in the case; (2) if no possibility of settlement exists, the nature and length of discovery necessary (with specific dates) to get the case ready for trial; 3) whether the parties jointly consent to proceed before the Magistrate Judge. At the Initial Status Hearing, the Parties shall be prepared to inform the Court about the extent of monetary damages in order for the Court to address the proportionality of discovery as required by Fed. R. Civ. P. 26. Lead counsel is directed to appear at this status hearing. Attorneys Shana Scarlett, Rio Pierce, Clifford Pearson, Bobby Pouya and Michael Pearson's Motions to appear pro hac vice <u>7</u> , <u>8</u> , <u>9</u> , <u>10</u> and <u>11</u> are granted. Mailed notice (lk, ) (Entered: 12/31/2019) |
| 01/06/2020 | <u>14</u> | ATTORNEY Appearance for Defendants Hormel Foods Corporation, Hormel Foods, LLC by Colby Anne Kingsbury (Kingsbury, Colby) (Entered: 01/06/2020) |
| 01/07/2020 | <u>15</u> | ATTORNEY Appearance for Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative by Shana Scarlett (Scarlett, Shana) (Entered: 01/07/2020) |
| 01/07/2020 | <u>16</u> | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Foster Poultry Farms on 12/27/2019, answer due 1/17/2020. (Scarlett, Shana) (Entered: 01/07/2020) |
| 01/07/2020 | <u>17</u> | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Hormel Foods Corporation on 12/27/2019, answer due 1/17/2020. (Scarlett, Shana) (Entered: 01/07/2020) |
| 01/07/2020 | <u>18</u> | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Kraft Heinz Foods Company on 12/27/2019, answer due 1/17/2020. (Scarlett, Shana) (Entered: 01/07/2020) |
| 01/07/2020 | <u>19</u> | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Foster Farms, LLC on 12/27/2019, answer due 1/17/2020. (Scarlett, Shana) (Entered: 01/07/2020) |
| 01/07/2020 | <u>20</u> | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to The Hillshire Brands Company on 12/27/2019, answer due 1/17/2020. (Scarlett, Shana) (Entered: 01/07/2020) |
| 01/07/2020 | <u>21</u> | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Kraft Foods Group Brands LLC on 12/27/2019, answer due 1/17/2020. (Scarlett, Shana) (Entered: 01/07/2020) |
| 01/07/2020 | <u>22</u> | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Perdue Foods LLC on 12/27/2019, answer due 1/17/2020. (Scarlett, Shana) (Entered: 01/07/2020) |
| 01/07/2020 | <u>23</u> | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Butterball LLC on 12/30/2019, answer due 1/21/2020. (Scarlett, Shana) (Entered: 01/07/2020) |
| 01/07/2020 | <u>24</u> | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Agri Stats, Inc. on 1/2/2020, answer due 1/23/2020. (Scarlett, Shana) (Entered: 01/07/2020) |
| 01/07/2020 | <u>25</u> | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Farbest Foods, Inc. on 1/3/2020, answer due 1/24/2020. (Scarlett, Shana) (Entered: 01/07/2020) |
| 01/07/2020 | <u>26</u> | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Perdue Farms, Inc. on 12/30/2019, answer due 1/21/2020. (Scarlett, Shana) (Entered: 01/07/2020) |

| 01/07/2020 | 27 | ATTORNEY Appearance for Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative by Rio Shaye Pierce (Pierce, Rio) (Entered: 01/07/2020) |
|---|---|---|
| 01/07/2020 | 28 | ATTORNEY Appearance for Defendants Foster Farms, LLC, Foster Poultry Farms by Carmine R. Zarlenga (Zarlenga, Carmine) (Entered: 01/07/2020) |
| 01/07/2020 | 29 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16590282. (Pottinger, Oral) (Entered: 01/07/2020) |
| 01/07/2020 | 30 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16590325. (Medlock, Stephen) (Entered: 01/07/2020) |
| 01/07/2020 | 31 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16590384. (Stallings, William) (Entered: 01/07/2020) |
| 01/07/2020 | 32 | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Cargill, Inc. on 12/27/2019, answer due 1/17/2020. (Scarlett, Shana) (Entered: 01/07/2020) |
| 01/07/2020 | 33 | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Cargill Meat Solutions Corporation on 12/27/2019, answer due 1/17/2020. (Scarlett, Shana) (Entered: 01/07/2020) |
| 01/07/2020 | 34 | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Tyson Foods, Inc. on 12/27/2019, answer due 1/17/2020. (Scarlett, Shana) (Entered: 01/07/2020) |
| 01/07/2020 | 35 | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Tyson Fresh Meats, Inc. on 12/27/2019, answer due 1/17/2020. (Scarlett, Shana) (Entered: 01/07/2020) |
| 01/07/2020 | 36 | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Tyson Prepared Foods, Inc. on 12/27/2019, answer due 1/17/2020. (Scarlett, Shana) (Entered: 01/07/2020) |
| 01/09/2020 | 37 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16599633. (Kreuder, Christopher) (Entered: 01/09/2020) |
| 01/09/2020 | 38 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16599740. (Hall, Isaac) (Entered: 01/09/2020) |
| 01/09/2020 | 39 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16599925. (Chow, Emily) (Entered: 01/09/2020) |
| 01/09/2020 | 40 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16600409. (Coleman, Craig) (Entered: 01/09/2020) |
| 01/09/2020 | 41 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16600615. (Duncan, Richard) (Entered: 01/09/2020) |
| 01/10/2020 | 42 | ATTORNEY Appearance for Defendants Perdue Farms, Inc., Perdue Foods LLC by James Douglas Baldridge (Baldridge, James) (Entered: 01/10/2020) |
| 01/10/2020 | 43 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16602850. (Foley, Danielle) (Entered: 01/10/2020) |
| 01/10/2020 | 44 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16603229. (Fales, Lisa) (Entered: 01/10/2020) |
| 01/10/2020 | 45 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16603338. (Hernacki, Andrew) (Entered: 01/10/2020) |
| 01/10/2020 | 46 | ATTORNEY Appearance for Defendants Perdue Farms, Inc., Perdue Foods LLC by Kirstin Beth Ives (Ives, Kirstin) (Entered: 01/10/2020) |
| 01/10/2020 | 47 | MOTION by Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative to reassign case (Berman, Steve) (Entered: 01/10/2020) |
| 01/10/2020 | 48 | MEMORANDUM by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative in support of motion to reassign case 47 (Berman, Steve) (Entered: |

| | | 01/10/2020) |
|---|---|---|
| 01/10/2020 | 49 | NOTICE of Motion by Steve W. Berman for presentment of motion to reassign case 47 before Honorable Virginia M. Kendall on 1/16/2020 at 09:00 AM. (Berman, Steve) (Entered: 01/10/2020) |
| 01/10/2020 | 50 | MINUTE entry before the Honorable Virginia M. Kendall. Attorneys Christopher Kreuder, Isaac Hall, Emily Chow, Craig Coleman, Richard Duncan, Danielle Foley, Lisa Fales and Andrew Hernacki's 29, 30, 31, 37, 38, 39, 40, 41, 43, 44 and 45 are granted. Mailed notice (lk, ) (Entered: 01/10/2020) |
| 01/10/2020 | 51 | ATTORNEY Appearance for Defendant Cargill, Inc. by Britt Marie Miller (Miller, Britt) (Entered: 01/10/2020) |
| 01/10/2020 | 52 | ATTORNEY Appearance for Defendant Cargill Meat Solutions Corporation by Britt Marie Miller (Miller, Britt) (Entered: 01/10/2020) |
| 01/10/2020 | 53 | MOTION by Defendants Cargill Meat Solutions Corporation, Cargill, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, Perdue Farms, Inc., Perdue Foods LLC for extension of time to file answer regarding complaint 1 (Miller, Britt) (Entered: 01/10/2020) |
| 01/10/2020 | 54 | NOTICE of Motion by Britt Marie Miller for presentment of motion for extension of time to file answer, 53 before Honorable Virginia M. Kendall on 1/16/2020 at 09:00 AM. (Miller, Britt) (Entered: 01/10/2020) |
| 01/13/2020 | 55 | ATTORNEY Appearance for Defendant Farbest Foods, Inc. by Michael K Sciaccotta, First (Sciaccotta, Michael) (Entered: 01/13/2020) |
| 01/13/2020 | 56 | ATTORNEY Appearance for Defendant Cooper Farms, Inc. by Joshua Goldberg (Goldberg, Joshua) (Entered: 01/13/2020) |
| 01/13/2020 | 57 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16609266. (Bono, Gaspare) (Entered: 01/13/2020) |
| 01/13/2020 | 58 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16609337. (Lomas, John) (Entered: 01/13/2020) |
| 01/13/2020 | 59 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16609374. (Maddox, Claire) (Entered: 01/13/2020) |
| 01/13/2020 | 60 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16609415. (Leslie, Barry) (Entered: 01/13/2020) |
| 01/13/2020 | 61 | MOTION by Defendant Farbest Foods, Inc. for joinder *Joinder in Motion of Certain Defendants' First Motion for Extension of Time to Respond to Class Action Complaint* (Sciaccotta, Michael) (Entered: 01/13/2020) |
| 01/13/2020 | 62 | NOTICE of Motion by Michael K Sciaccotta, First for presentment of motion for joinder 61 before Honorable Virginia M. Kendall on 1/27/2020 at 09:00 AM. (Sciaccotta, Michael) (Entered: 01/13/2020) |
| 01/14/2020 | 63 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16612529. (Attachments: # 1 Supplement Bar Admissions)(Battle, Jennifer) (Entered: 01/14/2020) |
| 01/14/2020 | 64 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16612575. (Sechler, Joel) (Entered: 01/14/2020) |
| 01/14/2020 | 65 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16613246. (Attachments: # 1 Supplement Bar Admissions)(Spiker, Jill) (Entered: 01/14/2020) |
| 01/14/2020 | 66 | MINUTE entry before the Honorable Virginia M. Kendall. Attorneys Gaspare Joseph Bono,John William Lomas, Jr,Claire Molle' Maddox,Jennifer A. L. Battle,Jill Rogers Spiker and Leslie Barry's Motions to appear pro hac vice 57, 58, 59, 60, 63 64 and 65 are granted. Mailed notice (lk, ) (Entered: 01/14/2020) |
| 01/14/2020 | 67 | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to House of Raeford Farms, Inc. on 1/3/2020, answer due |

| | | |
|---|---|---|
| | | 1/24/2020. (Scarlett, Shana) (Entered: 01/14/2020) |
| 01/14/2020 | 68 | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Cooper Farms, Inc. on 1/3/2020, answer due 1/24/2020. (Scarlett, Shana) (Entered: 01/14/2020) |
| 01/14/2020 | 69 | SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Hormel Foods, LLC on 1/3/2020, answer due 1/24/2020. (Scarlett, Shana) (Entered: 01/14/2020) |
| 01/14/2020 | 70 | ATTORNEY Appearance for Defendant Cooper Farms, Inc. by Michael Lee McCluggage (McCluggage, Michael) (Entered: 01/14/2020) |
| 01/14/2020 | 71 | ATTORNEY Appearance for Defendant Cooper Farms, Inc. by Daniel D Birk (Birk, Daniel) (Entered: 01/14/2020) |
| 01/14/2020 | 72 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16616386. (Hibbard, Kathryn) (Entered: 01/14/2020) |
| 01/14/2020 | 73 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Cargill Meat Solutions Corporation, Cargill, Inc. (Miller, Britt) (Entered: 01/14/2020) |
| 01/15/2020 | 74 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16617813. (Barthel, David) (Entered: 01/15/2020) |
| 01/15/2020 | 75 | RESPONSE by Cargill Meat Solutions Corporation, Cargill, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, Perdue Farms, Inc., Perdue Foods LLC to MOTION by Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative to reassign case 47 (Miller, Britt) (Entered: 01/15/2020) |
| 01/15/2020 | 76 | RESPONSE by Defendant Cooper Farms, Inc. to motion to reassign case 47 (Sechler, Joel) (Entered: 01/15/2020) |
| 01/15/2020 | 77 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Cooper Farms, Inc. (Sechler, Joel) (Entered: 01/15/2020) |
| 01/15/2020 | 78 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Foster Farms, LLC, Foster Poultry Farms (Zarlenga, Carmine) (Entered: 01/15/2020) |
| 01/15/2020 | 79 | AMENDED SUMMONS Returned Executed by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative as to Agri Stats, Inc. on 1/14/2020, answer due 2/4/2020. (Scarlett, Shana) Docket Text Modified by Clerk's Office on 1/15/2020 (ph, ). (Entered: 01/15/2020) |
| 01/15/2020 | 80 | RESPONSE by John Gross and Company, Inc., Olean Wholesale Grocery Cooperativein Opposition to MOTION by Defendants Cargill Meat Solutions Corporation, Cargill, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, Perdue Farms, Inc., Perdue Foods LLC for extension of time to file answer regarding complaint 53 , MOTION by Defendant Farbest Foods, Inc. for joinder *Joinder in Motion of Certain Defendants' First Motion for Extension of Time to Respond to Class Action Complaint* 61 (Berman, Steve) (Entered: 01/15/2020) |
| 01/16/2020 | 81 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16623361. (Munsell, Theodore) (Entered: 01/16/2020) |
| 01/16/2020 | 82 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Farbest Foods, Inc. (Sciaccotta, Michael) (Entered: 01/16/2020) |
| 01/16/2020 | 83 | ATTORNEY Appearance for Defendants Kraft Foods Group Brands LLC, Kraft Heinz Foods Company by James T. McKeown (McKeown, James) (Entered: 01/16/2020) |
| 01/16/2020 | 84 | ATTORNEY Appearance for Defendants Kraft Foods Group Brands LLC, Kraft Heinz Foods Company by Jeanne Marie Gills (Gills, Jeanne) (Entered: 01/16/2020) |
| 01/16/2020 | 85 | ATTORNEY Appearance for Defendants Kraft Foods Group Brands LLC, Kraft Heinz Foods Company by Joanne L. Molinaro (Molinaro, Joanne) (Entered: |

| | | 01/16/2020) |
|---|---|---|
| 01/16/2020 | 86 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Kraft Foods Group Brands LLC, Kraft Heinz Foods Company *and Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1 of Defendants Kraft Heinz Foods Company and Kraft Foods Group Brands LLC* (McKeown, James) (Entered: 01/16/2020) |
| 01/16/2020 | 92 | MINUTE entry before the Honorable Virginia M. Kendall. Motion hearing held on 1/16/2020. Plaintiffs' Motion to reassign case to Judge Durkin 47 is taken under advisement. Defendants' Motion for extension of time to file Answer 53 and Defendant Farbest Foods, Inc.'s Motion for Joinder 61 of Motion for extension of time to file Answer 53 are granted. Answer shall be filed by 3/31/2020. Status hearing reset for 4/14/2020 at 9:00 AM. Status hearing set for 2/26/2020 is stricken. Mailed notice (lk, ) (Entered: 01/21/2020) |
| 01/17/2020 | 87 | ATTORNEY Appearance for Defendants The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. by Jordan Matthew Tank (Tank, Jordan) (Entered: 01/17/2020) |
| 01/17/2020 | 88 | ATTORNEY Appearance for Defendants The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. by Sahrish Moyeed (Moyeed, Sahrish) (Entered: 01/17/2020) |
| 01/17/2020 | 89 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16630690. (Rohrbaugh, Tiffany) (Entered: 01/17/2020) |
| 01/17/2020 | 90 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16630841. (Aberg, Lindsey) (Entered: 01/17/2020) |
| 01/20/2020 | 91 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16632497. (Adcox, Rachel) (Entered: 01/20/2020) |
| 01/21/2020 | 93 | MINUTE entry before the Honorable Virginia M. Kendall. Attorneys Kathryn Hibbard, David Barthel, Theodore Munsell, Tiffany Rider Rohrbaugh, Lindsey Strang Aberg, and Rachel J Adcox's Motions for Pro Hac Vice 72 , 74 , 81 , 89 , 90 and 91 are granted. Mailed notice (lk, ) (Entered: 01/21/2020) |
| 01/21/2020 | 94 | ATTORNEY Appearance for Defendants Cargill Meat Solutions Corporation, Cargill, Inc. by Robert Edward Entwisle (Entwisle, Robert) (Entered: 01/21/2020) |
| 01/21/2020 | 95 | ATTORNEY Appearance for Defendant Butterball LLC by Marc Eric Rosenthal (Rosenthal, Marc) (Entered: 01/21/2020) |
| 01/21/2020 | 96 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16635729. *on behalf of Butterball LLC* (Ondeck, Christopher) (Entered: 01/21/2020) |
| 01/21/2020 | 97 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16635768. *on behalf of Butterball LLC* (Chuk, Stephen) (Entered: 01/21/2020) |
| 01/21/2020 | 98 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16635822. *on behalf of Butterball LLC* (Desai, Rucha) (Entered: 01/21/2020) |
| 01/22/2020 | 99 | ATTORNEY Appearance for Defendant Agri Stats, Inc. by Jacob D Koering (Koering, Jacob) (Entered: 01/22/2020) |
| 01/23/2020 | 100 | MINUTE entry before the Honorable Virginia M. Kendall. Attorneys Stephen Chuk, Christopher Ondeck and Rucha Desai's Motions to appear pro hac vice 96 , 97 and 98 are granted. Mailed notice (lk, ) (Entered: 01/23/2020) |
| 01/24/2020 | 101 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16649895. (Monts, William) (Entered: 01/24/2020) |
| 01/24/2020 | 102 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16650319. (Bernick, Justin) (Entered: 01/24/2020) |
| 01/27/2020 | 103 | ATTORNEY Appearance for Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative by Simeon Andrew Morbey (Morbey, Simeon) (Entered: 01/27/2020) |

| 01/28/2020 | 104 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16661771. (Ryan, Mark) (Entered: 01/28/2020) |
|---|---|---|
| 01/28/2020 | 105 | ATTORNEY Appearance for Defendant House of Raeford Farms, Inc. by Gregory Gene Wrobel (Wrobel, Gregory) (Entered: 01/28/2020) |
| 01/28/2020 | 106 | ATTORNEY Appearance for Defendant House of Raeford Farms, Inc. by Joshua A. Dunn (Dunn, Joshua) (Entered: 01/28/2020) |
| 01/28/2020 | 107 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16665095. (Jones, Henry) (Entered: 01/28/2020) |
| 01/29/2020 | 108 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by House of Raeford Farms, Inc. (Wrobel, Gregory) (Entered: 01/29/2020) |
| 01/31/2020 | 109 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Hormel Foods, LLC *(Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1 and Notice as to Affiliates Pursuant to Local Rule 3.2)* (Kingsbury, Colby) (Entered: 01/31/2020) |
| 01/31/2020 | 110 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Hormel Foods Corporation *(Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1 and Notice as to Affiliates Pursuant to Local Rule 3.2)* (Kingsbury, Colby) (Entered: 01/31/2020) |
| 01/31/2020 | 111 | STIPULATION *and Proposed Briefing Schedule* (Miller, Britt) (Entered: 01/31/2020) |
| 02/03/2020 | 112 | MINUTE entry before the Honorable Virginia M. Kendall. Attorneys William Monts, Justin Bernick, Mark Ryan and Henry Jones's Motions to appear pro hac vice 101 , 102 , 104 and 107 are granted. Mailed notice (lk, ) (Entered: 02/03/2020) |
| 02/03/2020 | 113 | MINUTE entry before the Honorable Virginia M. Kendall. The Court adopts Parties' Stipulation and proposed Briefing Schedule 111 . Defendants shall file any motions to dismiss or other responsive pleadings by March 31, 2020, pursuant to the Court's Order (Dkt. 92). Plaintiffs' responses to any motions to dismiss or other responsive pleadings shall be filed by April 30, 2020. 3.Defendants' replies in support of their motions to dismiss shall be filed by May 21, 2020. Plaintiffs and Defendants shall meet−and−confer regarding appropriate page limits to apply to the parties' briefing on the motions to dismiss and will submit a proposal for the Court's consideration by February 28, 2020. Motions due by 4/30/2020.Mailed notice(lk, ) (Entered: 02/03/2020) |
| 02/03/2020 | 114 | MINUTE entry (Corrected) before the Honorable Virginia M. Kendall. The Court adopts Parties' Stipulation and proposed Briefing Schedule 111 . Defendants shall file any motions to dismiss or other responsive pleadings by March 31, 2020, pursuant to the Court's Order (Dkt. 92). Plaintiffs' responses to any motions to dismiss or other responsive pleadings shall be filed by April 30, 2020. Defendants' replies in support of their motions to dismiss shall be filed by May 21, 2020. Plaintiffs and Defendants shall meet−and−confer regarding appropriate page limits to apply to the parties' briefing on the motions to dismiss and will submit a proposal for the Court's consideration by February 28, 2020. (pdf not attached initially)Mailed notice (lk, ) (Entered: 02/03/2020) |
| 02/06/2020 | 115 | Corporate Disclosure STATEMENT by Agri Stats, Inc. (Bernick, Justin) (Entered: 02/06/2020) |
| 02/19/2020 | | (Court only) ***Deadlines and hearings Terminated. (lk, ) (Entered: 02/19/2020) |
| 02/19/2020 | 116 | Rule 3.2 Affiliates Disclosure Statement by Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. (Tank, Jordan) (Entered: 02/19/2020) |
| 02/20/2020 | 117 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−16746636. (Kass, Colin) (Entered: 02/20/2020) |
| 02/24/2020 | 118 | NOTICE by Richard Alan Duncan of Change of Address */ Notice of Firm Name Change and E−Mail Contact Change* (Duncan, Richard) (Entered: 02/24/2020) |
| 02/25/2020 | 119 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Colin Kass's Motion to appear pro hac vice 117 is granted. Mailed notice (lk, ) (Entered: 02/25/2020) |

| 02/28/2020 | 120 | STIPULATION *Concerning Proposed Motions to Dismiss Page Limits* (Kass, Colin) (Entered: 02/28/2020) |
|---|---|---|
| 03/13/2020 | 121 | GENERAL ORDER signed by the Honorable Virginia M. Kendall: In view of the current situation regarding COVID19, the Court encourages counsel with motion or status hearings set over the next few weeks to (a) file a joint status report if they believe that the motion and/or status can be handled without an appearance simply by providing the Court with an update on the progress of the case or an indication that the relief requested in the motion either is unopposed or can be addressed with an agreed briefing schedule or (b) make arrangements to appear by telephone for all motions and status hearings that cannot be handled without an appearance. If you would like to appear by telephone for any hearing or status conference, please contact the Courtroom Deputy, Lynn Kandziora, preferably by email (Lynn_Kandziora@ilnd.uscourts.gov) or by telephone (312) 4085153, if necessary, to advise her of the case number and the name of the person who is expecting to participate. We will open the phone lines shortly before the start time every day that court is in session. Please use the Court's toll free call in number 877 848 7030, conference access code is 2413900. Given the increased volume of users that is anticipated, we ask that you keep your phone on mute until your case is called. Signed by the Honorable Virginia M. Kendall on 3/13/2020: Mailed notice. (rp, ) (Entered: 03/13/2020) |
| 03/16/2020 | 122 | ORDER Amended General Order 20−0012 IN RE: CORONAVIRUS COVID−19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020: Mailed notice. (ecw, ) (Entered: 03/17/2020) |
| 03/30/2020 | 124 | ORDER Seconded Amended General Order 20−0012 IN RE: CORONAVIRUS COVID−19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20−0012, entered on March 17, 2020, and General Order 20−0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020: Mailed notice. (docket5, ) (Entered: 03/31/2020) |
| 03/31/2020 | 123 | ORDER Adopting Stipulation Concerning Motions to Dismiss Page Limits signed by the Honorable Virginia M. Kendall on 3/31/2020. Mailed notice(lk, ) (Entered: 03/31/2020) |
| 04/06/2020 | 125 | MINUTE entry before the Honorable Virginia M. Kendall. On the Court's own Motion due to Second Amended General Order 20−0012, Status hearing set for 4/14/2020 is reset for 6/16/2020 at 9:00 AM.Mailed notice (lk, ) (Entered: 04/06/2020) |
| 04/06/2020 | 126 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Butterball LLC (Ondeck, Christopher) (Entered: 04/06/2020) |
| 04/14/2020 | 127 | ATTORNEY Appearance for Defendants Kraft Foods Group Brands LLC, Kraft Heinz Foods Company by Elizabeth Ann Nestor Haas (Haas, Elizabeth) (Entered: 04/14/2020) |
| 04/24/2020 | 128 | ORDER Third Amended General Order 20−0012 IN RE: CORONAVIRUS COVID−19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status report in most civil cases. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/24/2020: Mailed notice. (docket7, ) (Entered: 04/27/2020) |
| 04/29/2020 | 129 | MOTION by Attorney John W. Lomas, Jr. to withdraw as attorney for Farbest Foods, Inc.. No party information provided (Sciaccotta, Michael) (Entered: 04/29/2020) |
| 04/30/2020 | 130 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney John William Lomas's Motion to withdraw as attorney 129 is granted. Mailed notice. (lk, ) (Entered: 04/30/2020) |

| | | |
|---|---|---|
| 05/08/2020 | 131 | AGREED MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Kraft Foods Group Brands LLC, Kraft Heinz Foods Company, Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. to reassign case (Attachments: # 1 Exhibit A)(Miller, Britt) (Docket Text Modified by Clerk's Office on 5/8/2020) (pj, ). (Entered: 05/08/2020) |
| 05/22/2020 | 132 | MOTION by Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery CooperativeMotion to Appoint Hagens Berman Sobol Shapiro LLP and Lockridge Grindal Nauen P.L.L.P. Interim Co−Lead Class Counsel for Direct Purchaser Plaintiffs Pursuant to Federal Rule of Civil Procedure 23(g) (Clark, Brian) (Entered: 05/22/2020) |
| 05/22/2020 | 133 | MEMORANDUM by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative in support of motion for miscellaneous relief, 132 *Memorandum of Law in Support of Motion to Appoint Hagens Berman Sobol Shapiro LLP and Lockridge Grindal Nauen P.L.L.P. Interim Co−Lead Counsel for Direct Purchaser Plaintiffs Pursuant to Federal Rule of Civil Procedure 23(g)* (Clark, Brian) (Entered: 05/22/2020) |
| 05/22/2020 | 134 | AFFIDAVIT by Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative in Support of MOTION by Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery CooperativeMotion to Appoint Hagens Berman Sobol Shapiro LLP and Lockridge Grindal Nauen P.L.L.P. Interim Co−Lead Class Counsel for Direct Purchaser Plaintiffs Pursuant to Federa 132 *Declaration of W. Joseph Bruckner in Support of Motion to Appoint Hagens Berman Sobol Shapiro LLP and Lockridge Grindal Nauen P.L.L.P. Interim Co−Lead Class Counsel for Direct Purchaser Plaintiffs Pursuant to Federal Rule of Civil Procedure 23(g)* (Attachments: # 1 Exhibit A)(Clark, Brian) (Entered: 05/22/2020) |
| 05/22/2020 | 135 | AFFIDAVIT by Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative in Support of MOTION by Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery CooperativeMotion to Appoint Hagens Berman Sobol Shapiro LLP and Lockridge Grindal Nauen P.L.L.P. Interim Co−Lead Class Counsel for Direct Purchaser Plaintiffs Pursuant to Federa 132 *Declaration of Steve W. Berman in Support of Plaintiffs' Motion for Appointment of Interim Co−Lead Class Counsel* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Clark, Brian) (Entered: 05/22/2020) |
| 05/22/2020 | 136 | AFFIDAVIT by Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative in Support of MOTION by Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery CooperativeMotion to Appoint Hagens Berman Sobol Shapiro LLP and Lockridge Grindal Nauen P.L.L.P. Interim Co−Lead Class Counsel for Direct Purchaser Plaintiffs Pursuant to Federa 132 *Declaration of Brian D. Clark in Support of Motion to Appoint Hagens Berman Sobol Shapiro LLP and Lockridge Grindal Nauen P.L.L.P. Interim Co−Lead Class Counsel for Direct Purchaser Plaintiffs Pursuant to Federal Rule of Civil Procedure 23(g)* (Clark, Brian) (Entered: 05/22/2020) |
| 05/26/2020 | 137 | MINUTE entry before the Honorable Virginia M. Kendall. Parties Agreed Motion to Reassign Case Number 20 C 2995 and consolidate case number 19 C 8318 with case number 20 C 2992 131 is granted. The Clerk of Court is directed to reassign case number 20 C 2992 to Judge Kendall and consolidate case number 19 C 8318 with case number 20 C 2992. The Clerk shall transmit this order to the Executive Committee so it can process the reassignment.Mailed notice (lk, ) (Entered: 05/26/2020) |
| 05/26/2020 | 138 | EXHIBIT by Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative *Declaration of W. Joseph Bruckner in Support of Motion to Appoint Hagens Berman Sobol Shapiro LLP and Lockridge Grindal Nauen P.L.L.P. Interim Co−Lead Class Counsel for Direct Purchaser Plaintiffs Pursuant to Federal Rule of Civil Procedure 23(g) Exhibit B* regarding affidavit in support of motion,, 134 (Clark, Brian) (Entered: 05/26/2020) |
| 05/26/2020 | 139 | MINUTE entry (Corrected) before the Honorable Virginia M. Kendall. Parties Agreed Motion to Reassign Case Number 20 C 2295 and consolidate case number 19 C 8318 with case number 20 C 2295 131 is granted. The Clerk of Court is directed to reassign |

| | | |
|---|---|---|
| | | case number 20 C 2295 to Judge Kendall and consolidate case number 19 C 8318 with case number 20 C 2295. The Clerk shall transmit this order to the Executive Committee so it can process the reassignment. Mailed notice (lk, ) (Entered: 05/26/2020) |
| 05/26/2020 | 140 | ORDER ORDER Fourth Amended General Order 20−0012 IN RE: CORONAVIRUS COVID−19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non−emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020: Mailed notice. (docket8, ) (Entered: 05/26/2020) |
| 06/11/2020 | 141 | MINUTE entry before the Honorable Virginia M. Kendall. On the Court's own Motion due to Fourth Amended General Order 20−0012, Teleconference Status hearing set for 6/16/2020 is reset for 7/15/2020 at 9:00 AM (time may change). Prior to the conference call, Please click on this hyper link: https://teleconference.uc.att.com/ecm/?bp=4044432170&mac=2413900 to take you to Judge Kendall's telephone conference login. From there, join conference As Guest, Enter your name, Type the digits in the picture, Click on the Call Me option and fill in your phone number (no hypens) and name. If you do not have access to a computer Dial: (877)848−7030, the access code is: 2413900#. Given the increased volume of users that is anticipated, we ask that you keep your phone on mute until your case is called. Please also remember to say your name each and every time before you speak. Mailed notice (Attachments: # 1 Participant Instructions for Teleconference) (lk, ) (Entered: 06/11/2020) |
| 06/16/2020 | 142 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Perdue Farms, Inc., Perdue Foods LLC (Baldridge, James) (Entered: 06/16/2020) |
| 06/16/2020 | 143 | MINUTE entry before the Honorable Virginia M. Kendall. Plaintiffs' Motion to Appoint Interim Co−Lead Class Counsel 132 is granted. Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court appoints Hagens Berman Sobol Shapiro LLP and Lockridge Grindal Nauen PLLP to serve as interim co−lead class counsel for the putative class of direct purchaser plaintiffs.Mailed notice (lk, ) (Entered: 06/16/2020) |
| 06/16/2020 | 144 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. *(Joint)* (Miller, Britt) (Entered: 06/16/2020) |
| 06/16/2020 | 145 | MEMORANDUM by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. in support of Motion to Dismiss for Failure to State a Claim, 144 (Miller, Britt) (Entered: 06/16/2020) |
| 06/16/2020 | 146 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Kraft Foods Group Brands LLC, Kraft Heinz Foods Company (McKeown, James) (Entered: 06/16/2020) |
| 06/16/2020 | 147 | MEMORANDUM by Kraft Foods Group Brands LLC, Kraft Heinz Foods Company in support of Motion to Dismiss for Failure to State a Claim 146 (McKeown, James) (Entered: 06/16/2020) |
| 06/16/2020 | 148 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Cooper Farms, Inc. (Battle, Jennifer) (Entered: 06/16/2020) |
| 06/16/2020 | 149 | MEMORANDUM by Cooper Farms, Inc. in support of Motion to Dismiss for Failure to State a Claim 148 (Battle, Jennifer) (Entered: 06/16/2020) |
| 06/16/2020 | 150 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Farbest Foods, Inc. *Defendant Farbest Foods, Inc.'s Supplemental Motion to Dismiss* |

| | | |
|---|---|---|
| | | (Sciaccotta, Michael) (Entered: 06/16/2020) |
| 06/16/2020 | 151 | MEMORANDUM by Farbest Foods, Inc. in support of Motion to Dismiss for Failure to State a Claim 150 *Brief in Support of Its Supplemental Motion to Dismiss Plaintiffs' Complaint* (Attachments: # 1 Declaration of Claire M. Maddox in Support of Defendant Farbest Foods, Inc.'s Supplemental Motion to Dismiss, # 2 Exhibit 1 to the Declaration of Claire M. Maddox, # 3 Exhibit 2 to the Declaration of Claire M. Maddox, # 4 Exhibit 3 to the Declaration of Claire M. Maddox, # 5 Exhibit 4 to the Declaration of Claire M. Maddox)(Sciaccotta, Michael) (Entered: 06/16/2020) |
| 06/17/2020 | 152 | MINUTE entry before the Honorable Virginia M. Kendall. Briefing schedule set as to Defendants' Motions to Dismiss 144 , 146 , 148 and [150. Response due by 7/1/2020. Reply due by 7/8/2020. Status hearing reset for 9/1/2020 at 9:00 AM. Mailed notice (lk, ) (Entered: 06/17/2020) |
| 06/17/2020 | 153 | MINUTE entry (Corrected) before the Honorable Virginia M. Kendall. Briefing schedule set as to Defendants' Motions to Dismiss 144 , 146 , 148 and [150. Response due by 7/16/2020. Reply due by 8/7/2020. Status hearing reset for 9/24/2020 at 9:00 AM. Mailed notice (lk, ) (Entered: 06/17/2020) |
| 07/10/2020 | 154 | ORDER Fifth Amended General Order 20−0012 IN RE: CORONAVIRUS COVID−19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in−person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in−court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk7, Docket) (Entered: 07/10/2020) |
| 07/16/2020 | 155 | RESPONSE by John Gross and Company, Inc., Olean Wholesale Grocery Cooperativein Opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporatio 144 , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Cooper Farms, Inc. 148 , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Farbest Foods, Inc *Defendant Farbest Foods, Inc.'s Supplemental Motion to Dismiss* 150 , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Kraft Foods Group Brands LLC, Kraft Heinz Foods Company 146 *Plaintiffs' Opposition to Defendants' Motions to Dismiss Complaint* (Attachments: # 1 Declaration of Steve W. Berman, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Berman, Steve) (Entered: 07/16/2020) |
| 07/29/2020 | 156 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−17263095. (McGhee, Davida) (Entered: 07/29/2020) |
| 07/30/2020 | 157 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Davida McGhee's Motion to appear pro hac vice 156 is granted. Mailed notice (lk, ) (Entered: 07/30/2020) |
| 08/07/2020 | 158 | REPLY by Defendants Kraft Foods Group Brands LLC, Kraft Heinz Foods Company to Motion to Dismiss for Failure to State a Claim 146 , response in opposition to motion,,,, 155 , memorandum in support of motion 147 *(Defendants Kraft Heinz Foods Company and Kraft Foods Group Brands LLC's Reply Memorandum of Law in Further Support of their Motion to Dismiss Plaintiffs' Class Action Complaint)* (McKeown, James) (Entered: 08/07/2020) |
| 08/07/2020 | 159 | REPLY by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. to Motion to Dismiss for Failure to State a Claim, 144 *(Reply in Support of Certain Defendants' Joint Motion to Dismiss)* (Miller, Britt) (Entered: 08/07/2020) |
| 08/07/2020 | 160 | REPLY by Defendant Cooper Farms, Inc. to Motion to Dismiss for Failure to State a Claim 148 (Battle, Jennifer) (Entered: 08/07/2020) |

| | | |
|---|---|---|
| 08/07/2020 | 161 | REPLY by Farbest Foods, Inc. to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Farbest Foods, Inc. *Defendant Farbest Foods, Inc.'s Supplemental Motion to Dismiss* 150 *(Reply Brief in Support of its Supplemental Motion to Dismiss Plaintiffs' Complaint)* (Sciaccotta, Michael) (Entered: 08/07/2020) |
| 09/09/2020 | 162 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−17408306. (Feinstein, Paul) (Entered: 09/09/2020) |
| 09/11/2020 | 163 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Paul Feinstein's Motion to appear pro hac vice 162 is granted.Mailed notice (lk, ) (Entered: 09/11/2020) |
| 09/17/2020 | 164 | MOTION by Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative for leave to file *Plaintiffs' Motion for Leave to File Instanter Supplemental Authority in Support of Opposition to Defendants' Motions to Dismiss Complaint* (Attachments: # 1 Exhibit A)(Scarlett, Shana) (Entered: 09/17/2020) |
| 09/17/2020 | 165 | NOTICE of Motion by Shana Scarlett for presentment of motion for leave to file, 164 before Honorable Virginia M. Kendall on 9/24/2020 at 09:00 AM. (Scarlett, Shana) (Entered: 09/17/2020) |
| 09/18/2020 | 166 | MINUTE entry before the Honorable Virginia M. Kendall. Plaintiff's Motion for leave to file supplemental authority in support of opposition to Motion to Dismiss 164 is granted. Motion and Status hearing set for 9/24/2020 are stricken. Teleconference Status hearing reset for 10/13/2020 at 9:15 AM. Prior to the conference call, Please click on this hyper link: https://teleconference.uc.att.com/ecm/?bp=4044432170&mac=2413900 to take you to Judge Kendall's telephone conference login. From there, join conference As Guest, ENTER YOUR NAME, Type the digits in the picture, Click on the Call Me option and fill in your phone number (no hypens) and NAME. If you do not have access to a computer Dial: (877)848−7030, the access code is: 2413900#. Given the increased volume of users that is anticipated, we ask that you keep your phone on mute until your case is called. Please also remember to SAY YOUR NAME EACH AND EVERY TIME BEFORE YOU SPEAK. If Parties have issues being heard or hearing, please log off and either call in or log back in. Mailed notice (lk, ) (Entered: 09/18/2020) |
| 09/18/2020 | | (Court only) ***Motions terminated: MOTION by Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative to reassign case 47 (lk, ) (Entered: 09/18/2020) |
| 09/21/2020 | | (Court only) ***Reopen Document MOTION by Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative to reassign case 47 (lk, ) (Entered: 09/21/2020) |
| 09/29/2020 | 167 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. for leave to file *Instanter Supplemental Authority in Support of Motion to Dismiss* (Attachments: # 1 Exhibit A)(Miller, Britt) (Entered: 09/29/2020) |
| 09/29/2020 | 168 | NOTICE of Motion by Britt Marie Miller for presentment of motion for leave to file,, 167 before Honorable Virginia M. Kendall on 10/13/2020 at 09:00 AM. (Miller, Britt) (Entered: 09/29/2020) |
| 09/30/2020 | 169 | MINUTE entry before the Honorable Virginia M. Kendall. Defendants' Motion for leave to file supplemental authority instanter 167 is granted. Mailed notice (lk, ) (Entered: 09/30/2020) |
| 10/08/2020 | 170 | STATUS Report *(Joint)* by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Kraft Foods Group Brands LLC, Kraft Heinz Foods Company, Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. (Attachments: # 1 Exhibit 1)(Miller, Britt) (Entered: 10/08/2020) |

| 10/12/2020 | 171 | MINUTE entry before the Honorable Virginia M. Kendall. On the Court's own Motion, Teleconference Status hearing set for 10/13/2020 is reset for 10/27/2020 at 9:15 AM. Prior to the conference call, Please click on this hyper link: https://teleconference.uc.att.com/ecm/?bp=4044432170&mac=2413900 to take you to Judge Kendall's telephone conference login. From there, join conference As Guest, ENTER YOUR NAME, Type the digits in the picture, Click on the Call Me option and fill in your phone number (no hypens) and NAME. If you do not have access to a computer Dial: (877)848−7030, the access code is: 2413900#. Given the increased volume of users that is anticipated, we ask that you keep your phone on mute until your case is called. Please also remember to SAY YOUR NAME EACH AND EVERY TIME BEFORE YOU SPEAK. If Parties have issues being heard or hearing, please log off and either call in or log back in. Mailed notice (lk, ) (Entered: 10/12/2020) |
|---|---|---|
| 10/14/2020 | 172 | NOTICE by Jeanne Marie Gills of Change of Address (Gills, Jeanne) (Entered: 10/14/2020) |
| 10/19/2020 | 173 | MEMORANDUM Opinion and Order signed by the Honorable Virginia M. Kendall on 10/19/2020. The Court denies the Joint Motion to Dismiss 144 , except with respect to the per se allegations. Plaintiffs have only adequately alleged a Sherman Act violation under a rule of reason analysis. The Court also grants Kraft's Motion to Dismiss 146 and denies Farbest's 150 and Cooper's 148 Motions to Dismiss. See Opinion for further details. Mailed notice(lk, ) (Entered: 10/19/2020) |
| 10/25/2020 | 174 | ATTORNEY Appearance for Defendant Agri Stats, Inc. by Jacob D Koering (Koering, Jacob) (Entered: 10/25/2020) |
| 10/26/2020 | 175 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−17576553. (Phibbs, Liam) (Entered: 10/26/2020) |
| 10/26/2020 | 176 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Liam Phibbs's Motion to appear pro hac vice 175 is granted. Mailed notice (lk, ) (Entered: 10/26/2020) |
| 10/27/2020 | 177 | MINUTE entry before the Honorable Virginia M. Kendall. Teleconference held regarding 19 C 8318 and 20 C 2295 on 10/27/2020. Defendants for both cases shall Answer or otherwise plead by 12/4/2020. Joint Status Report regarding Discovery schedule due by 12/11/2020. Teleconference Status hearing set for 12/15/2020 at 9:00 AM. Prior to the conference call, Please click on this hyper link: https://teleconference.uc.att.com/ecm/?bp=4044432170&mac=2413900 to take you to Judge Kendall's telephone conference login. From there, join conference As Guest, ENTER YOUR NAME, Type the digits in the picture, Click on the Call Me option and fill in your phone number (no hypens) and NAME. If you do not have access to a computer Dial: (877)848−7030, the access code is: 2413900#. Given the increased volume of users that is anticipated, we ask that you keep your phone on mute until your case is called. Please also remember to SAY YOUR NAME EACH AND EVERY TIME BEFORE YOU SPEAK. The Court is also asking that speaker phone not be used. Please consider the sound quality when utilizing speaker devices. If Parties have issues being heard or hearing, please log off and either call in or log back in. Plaintiff's Counsel for both cases inform the Court that they do not intend to re−plead with respect to Defendants Kraft Foods Group Brands LLC and Kraft Heinz Foods Company. Defendants Kraft Foods Group Brands LLC and Kraft Heinz Foods are terminated from both cases. Mailed notice (lk, ) (Entered: 10/28/2020) |
| 11/03/2020 | 178 | MINUTE entry before the Honorable Virginia M. Kendall. Plaintiffs move to reassign this case to Judge Durkin on the grounds that the parties, claims, and facts are substantially similar to those in In re Broiler Chicken Antitrust Litigation, Case No. 16−CV−08637. Under Local Rule 40.4, a case may be reassigned to another judge if the judge to whom reassignment is sought is presiding over a related case and if each of the following factors are satisfied: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. This case and Broiler Chicken, although sharing some similarities in facts and parties, cannot reasonably be classified as related because they do not grow out of the same transaction or occurrence as required by Local Rule 40.4(a). Additionally, |

| | | |
|---|---|---|
| | | Broiler Chickens has proceeded much farther in litigation than this case has, so it is unlikely that reassigning the case to Judge Durkin would save any judicial resources. It is also likely that designating this case as related to Broiler Chickens will delay the proceedings in that four−old case. The cases are also not susceptible of disposition in a single proceeding because they allege different facts about entirely different markets. Adjudicating Plaintiffs' claims in this case will require the Court to "weigh all of the circumstances of [the] case" including "specific information about the relevant business," the market structure, and purported market power of the defendants. Leegin Creative Leather Products, Inc. v. PSKS, Inc., 551 U.S. 877, 88586 (2007). That inquiry in this turkey antitrust case is entirely distinct from the inquiry required in Broiler Chickens. Accordingly, Plaintiffs' Motion to Reassign 47 is denied. Mailed notice (lk, ) (Entered: 11/03/2020) |
| 11/10/2020 | 179 | PROPOSED Case Management Order by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative (Scarlett, Shana) (Entered: 11/10/2020) |
| 11/17/2020 | 180 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−17653720. (Dunlop, Sybil) (Entered: 11/17/2020) |
| 11/20/2020 | 181 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Sybil Dunlop's Motion to appear pro hac vice 180 is granted. Mailed notice (lk, ) (Entered: 11/20/2020) |
| 11/25/2020 | 182 | NOTICE by Cargill Meat Solutions Corporation, Cargill, Inc. *(Notice of Withdrawal)* (Hibbard, Kathryn) (Entered: 11/25/2020) |
| 11/25/2020 | 183 | TRANSCRIPT OF PROCEEDINGS held on 10/27/2020 before the Honorable Virginia M. Kendall. Status Hearing. Order Number: 39634. Court Reporter Contact Information: Gayle A. McGuigan, CSR, RMR, CRR, Gayle_McGuigan@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 12/16/2020. Redacted Transcript Deadline set for 12/28/2020. Release of Transcript Restriction set for 2/23/2021. (McGuigan, Gale) (Entered: 11/25/2020) |
| 12/04/2020 | 184 | ANSWER to Complaint with Jury Demand by Foster Farms, LLC, Foster Poultry Farms(Zarlenga, Carmine) (Entered: 12/04/2020) |
| 12/04/2020 | 185 | ANSWER to Complaint with Jury Demand by Cooper Farms, Inc.(Battle, Jennifer) (Entered: 12/04/2020) |
| 12/04/2020 | 186 | ANSWER to Complaint with Jury Demand *(House of Raeford Farms, Inc. Answer and Defenses to the Class Action Complaint of Plaintiffs Olean Wholesale Grocery Cooperative, Inc. and John Gross and Company, Inc.)* by House of Raeford Farms, Inc.(Wrobel, Gregory) (Entered: 12/04/2020) |
| 12/04/2020 | 187 | ANSWER to Complaint with Jury Demand by Hormel Foods Corporation, Hormel Foods, LLC(Chow, Emily) (Entered: 12/04/2020) |
| 12/04/2020 | 188 | ANSWER to Complaint with Jury Demand by Agri Stats, Inc.(Bernick, Justin) (Entered: 12/04/2020) |
| 12/04/2020 | 189 | ANSWER to Complaint with Jury Demand *Answer and Affirmative Defenses to Class Action Complaint* by Farbest Foods, Inc.(Sciaccotta, Michael) (Entered: 12/04/2020) |
| 12/04/2020 | 190 | ANSWER to Complaint with Jury Demand by Butterball LLC(Kass, Colin) (Entered: 12/04/2020) |
| 12/04/2020 | 191 | ANSWER to Complaint with Jury Demand *(Answer and Defenses)* by Cargill Meat Solutions Corporation, Cargill, Inc.(McGhee, Davida) (Entered: 12/04/2020) |

| 12/04/2020 | 192 | ANSWER to Complaint with Jury Demand by Perdue Farms, Inc., Perdue Foods LLC(Baldridge, James) (Entered: 12/04/2020) |
|---|---|---|
| 12/04/2020 | 193 | ANSWER to Complaint with Jury Demand by The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc.(Tank, Jordan) (Entered: 12/04/2020) |
| 12/04/2020 | 194 | Joint Submission of Rule 26(f) Report and Related Discovery Orders by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative (Scarlett, Shana) (Entered: 12/04/2020) |
| 12/11/2020 | 195 | ATTORNEY Appearance for Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative by Justin Richard Erickson (Erickson, Justin) (Entered: 12/11/2020) |
| 12/11/2020 | 196 | STATUS Report *(Joint)* by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Miller, Britt) (Entered: 12/11/2020) |
| 12/14/2020 | 197 | MINUTE entry before the Honorable Virginia M. Kendall. Teleconference Status hearing reset for 12/15/2020 at 9:15 AM (TIME CHANGE ONLY).Mailed notice (lk, ) (Entered: 12/14/2020) |
| 12/15/2020 | 199 | MINUTE entry before the Honorable Virginia M. Kendall. Teleconference Status hearing held on 12/15/2020. Parties shall provide the Court with proposed Orders for review. Mailed notice (lk, ) (Entered: 12/16/2020) |
| 12/16/2020 | 198 | MOTION by Defendants Cargill Meat Solutions Corporation, Cargill, Inc. to withdraw *Appearance of Mark W. Ryan* (Miller, Britt) (Entered: 12/16/2020) |
| 12/18/2020 | 200 | MINUTE entry before the Honorable Virginia M. Kendall. The Court adopts Defendants' proposed schedules. Initial requests for production and interrogatories to be served by 1/29/2021. Organizational charts to be produced by 1/29/2021. Any disputes regarding custodians for requests for production to be presented to the Court by 3/5/2021. Substantial completion of production of structured data in response to requests for production due 7/1/2021. All written discovery, requests for production, and Rule 45 subpoenas to be served by 8/6/2021. Substantial completion of production of non−structured documents due 11/30/2021. The deadline to amend pleadings or add parties is 30 days after substantial completion of documents productions. Fact discovery ordered closed on 6/3/2022. Plaintiffs to serve initial class expert reports by 7/1/2022. Defendants to serve class expert reports by 9/2/2022. Plaintiffs to serve rebuttal reports by 10/3/2022. Class expert discovery to be completed by 12/16/2022. Class certification and Plaintiffs' Dabuert motions due by 1/6/2023. Responses and Defendants' Daubert motions due 3/31/2023. Plaintiffs' replies and responses to Defendants' Daubert motions due 5/26/2023. Defendants' replies in support of their Daubert motions due 6/23/2023. Parties to propose schedules for dispositive motions, Daubert motions for merits experts, and motions in limine no later than 30 days following the Court's ruling on the motion for class certification. Mailed notice (lk, ) (Entered: 12/18/2020) |
| 12/18/2020 | 201 | PROTECTIVE Order signed by the Honorable Virginia M. Kendall on 12/18/2020. Mailed notice(lk, ) (Entered: 12/18/2020) |
| 12/18/2020 | 202 | ORDER Regarding Production of Electronically Stored Information and Paper Documents signed by the Honorable Virginia M. Kendall on 12/18/2020. Mailed notice(lk, ) (Entered: 12/18/2020) |
| 12/18/2020 | 203 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Mark W. Ryan's Motion to withdraw 198 is granted. Mailed notice (lk, ) (Entered: 12/18/2020) |
| 12/21/2020 | 204 | TRANSCRIPT OF PROCEEDINGS held on 12/15/2020 before the Honorable Virginia M. Kendall. Order Number: 39765, 39766, 39768, 39805. Court Reporter Contact Information: Gayle A. McGuigan, CSR, RMR, CRR, |

| | | |
|---|---|---|
| | | Gayle_McGuigan@ilnd.uscourts.gov. |
| | | IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |
| | | Redaction Request due 1/11/2021. Redacted Transcript Deadline set for 1/21/2021. Release of Transcript Restriction set for 3/22/2021. (McGuigan, Gale) (Entered: 12/21/2020) |
| 12/23/2020 | 205 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. for protective order *Barring Discovery Beyond the Scope of the Claim at Issue in this Case* (Attachments: # 1 Declaration of William Stallings, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Text of Proposed Order)(Miller, Britt) (Entered: 12/23/2020) |
| 12/23/2020 | 206 | NOTICE of Motion by Britt Marie Miller for presentment of motion for protective order,, 205 before Honorable Virginia M. Kendall on 1/6/2021 at 09:00 AM. (Miller, Britt) (Entered: 12/23/2020) |
| 12/28/2020 | 207 | MINUTE entry before the Honorable Virginia M. Kendall. By agreement of Parties, briefing schedule set as to Defendants' Motion for Protective Order Barring Discovery Beyond the Scope of the Claim at Issue in this Case 205 . Responses due by 1/8/2021; Replies due by 1/22/2021. Teleconference Status hearing set for 2/23/2021 at 9:00 AM. Prior to the conference call, Please click on this hyper link: https://teleconference.uc.att.com/ecm/?bp=4044432170&mac=2413900 to take you to Judge Kendall's telephone conference login. From there, join conference As Guest, ENTER YOUR NAME, Type the digits in the picture, Click on the Call Me option and fill in your phone number (no hypens) and NAME. If you do not have access to a computer Dial: (877)848−7030, the access code is: 2413900#. Given the increased volume of users that is anticipated, we ask that you keep your phone on mute until your case is called. Please also remember to SAY YOUR NAME EACH AND EVERY TIME BEFORE YOU SPEAK. The Court is also asking that speaker phone not be used. Please consider the sound quality when utilizing certain devices. If Parties have issues being heard or hearing, please log off and either call in or log back in. Mailed notice (lk, ) (Entered: 12/28/2020) |
| 12/28/2020 | 208 | MINUTE entry before the Honorable Virginia M. Kendall. Motion hearing set for 1/6/2021 is stricken. Mailed notice (lk, ) (Entered: 12/28/2020) |
| 01/08/2021 | 209 | RESPONSE by John Gross and Company, Inc., Olean Wholesale Grocery Cooperativein Opposition to MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Fa 205 (Attachments: # 1 Declaration of Justin R. Erickson)(Erickson, Justin) (Entered: 01/08/2021) |
| 01/11/2021 | 210 | SCHEDULING Order and Discovery Order signed by the Honorable Virginia M. Kendall on 1/11/2021. Mailed notice(lk, ) (Entered: 01/11/2021) |
| 01/15/2021 | 211 | MOTION by Attorney Claire M. Maddox to withdraw as attorney for Farbest Foods, Inc.. No party information provided (Sciaccotta, Michael) (Entered: 01/15/2021) |
| 01/19/2021 | 212 | MOTION by Defendant Farbest Foods, Inc. to withdraw *Amended Motion to Withdraw Claire M. Maddox as Counsel* (Sciaccotta, Michael) (Entered: 01/19/2021) |
| 01/19/2021 | 213 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Claire Molle' Maddox'sMotion to withdraw as attorney 212 is granted. Mailed notice (lk, ) (Entered: 01/19/2021) |

| | | |
|---|---|---|
| 01/22/2021 | 214 | REPLY by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. to MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Fa 205 (Attachments: # 1 Declaration of William Stallings, # 2 Exhibit 1 to Stallings Declaration, # 3 Exhibit 2 to Stallings Declaration, # 4 Exhibit 3 to Stallings Declaration, # 5 Exhibit 4 to Stallings Declaration)(Stallings, William) (Entered: 01/22/2021) |
| 02/05/2021 | 215 | MOTION by Attorney Justin R. Erickson to withdraw as attorney for John Gross and Company, Inc., Olean Wholesale Grocery Cooperative. No party information provided (Bruckner, W.) (Entered: 02/05/2021) |
| 02/08/2021 | 216 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Justin Richard Erickson's Motion to withdraw as attorney 215 is granted. Mailed notice (lk, ) (Entered: 02/08/2021) |
| 02/10/2021 | 217 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−17916298. (Taylor, Jarod) (Entered: 02/10/2021) |
| 02/15/2021 | 218 | MOTION by Defendants The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. for judgment *on the pleadings* (Tank, Jordan) (Entered: 02/15/2021) |
| 02/15/2021 | 219 | MEMORANDUM by The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. in support of motion for judgment 218 *on the pleadings* (Tank, Jordan) (Entered: 02/15/2021) |
| 02/16/2021 | 220 | MOTION by Defendants Cargill Meat Solutions Corporation, Cargill, Inc. to withdraw *appearance of Kathryn N. Hibbard* (Dunlop, Sybil) (Entered: 02/16/2021) |
| 02/16/2021 | 221 | MINUTE entry before the Honorable Virginia M. Kendall. Briefing schedule set as to Defendants The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc.'s Motion for Judgment on the Pleadings 218 . Responses due by 3/2/2021; Replies due by 3/9/2021. Attorney Jarod Taylor's Motion to appear pro hac vice 217 is granted. Mailed notice (lk, ) (Entered: 02/16/2021) |
| 02/17/2021 | 222 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Kathryn Nikolai Hibbard'sMotion to withdraw 220 is granted. Mailed notice (lk, ) (Entered: 02/17/2021) |
| 02/22/2021 | 223 | MINUTE entry before the Honorable Virginia M. Kendall. On the Court's own Motion, Teleconference Status hearing set for 2/23/2021 is reset for 3/2/2021 at 9:15 AM. Mailed notice (lk, ) (Entered: 02/22/2021) |
| 03/01/2021 | 224 | MINUTE entry before the Honorable Virginia M. Kendall. On the Court's own Motion, Teleconference Status hearing set for 3/2/2021 is reset for 3/23/2021 at 9:15 AM. Prior to the conference call, you are directed to click on this hyper link: https://teleconference.uc.att.com/?bp=4044432170&mac=2413900. Once you are on Judge Kendall's teleconference page, you are directed to join the conference as A GUEST. It is imperative that you ENTER YOUR NAME and click on the CALL ME option. Fill in your phone number (no hypens) and NAME. You are directed to use the CALL ME option because your name will appear for the Judge and the Court Reporter and they will better be able to discern who is speaking. If you do not have access to a computer Dial: (877)848−7030, the access code is: 2413900#. Given the increased volume of users that is anticipated, you are directed to mute your phone until your case is called. In spite of using the CALL ME option please also remember to SAY YOUR NAME EACH TIME YOU SPEAK so that the record of the proceedings is accurate. You are directed not to use the speaker phone function and to test the sound quality of your listening and speaking device in advance. If you experience an issue being heard or hearing, please log off and either call in or log back in.The Court prefers that you use the procedure that requires that the system calls your phone and you enter your name so that the Court and the Court reporter can see who is speaking during the hearing. Mailed notice (lk, ) (Entered: 03/01/2021) |

| 03/02/2021 | 225 | MEMORANDUM by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative in Opposition to motion for judgment 218 *PUBLIC REDACTED Version Plaintiffs' Opposition to Tyson Defendants' Judgment on the Pleadings* (Attachments: # 1 Declaration of Steve W. Berman, # 2 Exhibit A, # 3 Exhibit B (filed Under Seal))(Berman, Steve) (Entered: 03/02/2021) |
|---|---|---|
| 03/02/2021 | 226 | MOTION by Plaintiffs John Gross and Company, Inc., Olean Wholesale Grocery Cooperative for leave to file *Under Seal portions of Plaintiffs' Opposition to Tyson Defendants' Judgment on the Pleadings and Exhibit B to the Declaration of Steve W. Berman* (Attachments: # 1 Certificate of Service)(Berman, Steve) (Entered: 03/02/2021) |
| 03/02/2021 | 227 | *Notice of Motion for Leave to File Under Seal* NOTICE of Motion by Steve W. Berman for presentment of (Berman, Steve) (Entered: 03/02/2021) |
| 03/02/2021 | 228 | SEALED RESPONSE by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative to MOTION by Defendants The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. for judgment *on the pleadings* 218 *SEALED Version Plaintiffs' Opposition to Tyson Defendants' Judgment on the Pleadings* (Attachments: # 1 Exhibit B)(Berman, Steve) (Entered: 03/02/2021) |
| 03/03/2021 | 229 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-17985755. (Boxbaum, Brandon) (Entered: 03/03/2021) |
| 03/05/2021 | 230 | STIPULATION regarding order 210 *Stipulation Regarding Extension of Deadline to Present Disputes Regarding Document Custodians* (Berman, Steve) (Entered: 03/05/2021) |
| 03/08/2021 | 231 | ORDER signed by the Honorable Virginia M. Kendall on 3/8/2021. The parties have filed a stipulation 210 and request which is actually an agreed motion to extend the briefing schedule. That agreed motion is granted. Mailed notice(lk, ) (Entered: 03/08/2021) |
| 03/08/2021 | 232 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Brandon Boxbaum'sMotion to appear pro hac vice 229 is grantedj. Mailed notice (lk, ) (Entered: 03/08/2021) |
| 03/08/2021 | 233 | MINUTE entry before the Honorable Virginia M. Kendall. Plaintiffs' Motion for leave to file under seal 226 is granted. Mailed notice (lk, ) (Entered: 03/08/2021) |
| 03/09/2021 | 234 | STIPULATION *Regarding Direct Purchasers Amendment to Complaint* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Morbey, Simeon) (Entered: 03/09/2021) |
| 03/09/2021 | 235 | Proposed Order by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative (Morbey, Simeon) (Entered: 03/09/2021) |
| 03/09/2021 | 236 | RESPONSE by The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc.in Support of MOTION by Defendants The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. for judgment *on the pleadings* 218 (Tank, Jordan) (Entered: 03/09/2021) |
| 03/16/2021 | 237 | ORDER on Stipulation to Amend Complaint signed by the Honorable Virginia M. Kendall on 3/16/2021. Mailed notice(lk, ) (Entered: 03/16/2021) |
| 03/16/2021 | 238 | AMENDED complaint by John Gross and Company, Inc., Olean Wholesale Grocery Cooperative against All Defendants (Clark, Brian) (Entered: 03/16/2021) |
| 03/19/2021 | 239 | MOTION by Defendant Butterball LLC for extension of time − *to Extend the Briefing Schedule to Present Disputes Regarding Direct Purchaser Plaintiffs' Document Custodians* (Attachments: # 1 Text of Proposed Order)(Rosenthal, Marc) (Entered: 03/19/2021) |
| 03/22/2021 | 240 | ORDER Granting Agreed Motion to Extend the Briefing Schedule to Present Disputes regarding Direct Purchasers Plaintiff's Document Custodians 239 Signed by the Honorable Virginia M. Kendall on 3/22/2021. This Court hereby Orders that the deadline for the Parties to present disputes regarding direct purchaser Plaintiffs' document custodians is extended to 4/2/2021. Teleconference Status hearing set for 3/23/2021 is reset for 4/15/2021 at 9:15 AM. Mailed notice(lk, ) (Entered: 03/22/2021) |

| | | |
|---|---|---|
| 03/24/2021 | 241 | ATTORNEY Appearance for Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative by Leona Bridget Ajavon (Ajavon, Leona) (Entered: 03/24/2021) |
| 04/02/2021 | 242 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. to compel − *Motion to Compel Addition of Plaintiffs' Sales and Pricing Custodians and Related Discovery* (Attachments: # 1 Declaration of Colin Kass, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Text of Proposed Order)(Kass, Colin) (Entered: 04/02/2021) |
| 04/02/2021 | 243 | *NOTICE of Motion by Colin R. Kass for presentment of Motion to Compel* 242 − NOTICE of Motion by Colin R. Kass for presentment of (Kass, Colin) (Entered: 04/02/2021) |
| 04/14/2021 | 244 | MINUTE entry before the Honorable Virginia M. Kendall. Teleconference Motion hearing set for 4/15/2021 at 9:15 AM regarding Defendants' Motion to Compel 242 . Prior to the conference call, you are directed to click on this hyper link: https://teleconference.uc.att.com/ecm/?bp=4044432170&mac=2413900. Once you are on Judge Kendall's teleconference page, you are directed to join the conference as A GUEST. It is imperative that you ENTER YOUR NAME and click on the CALL ME option. Fill in your phone number (no hypens) and NAME. You are directed to use the CALL ME option because your name will appear for the Judge and the Court Reporter and they will better be able to discern who is speaking. If you do not have access to a computer Dial: (877)848−7030, the access code is: 2413900#. Given the increased volume of users that is anticipated, you are directed to mute your phone until your case is called. In spite of using the CALL ME option please also remember to SAY YOUR NAME EACH TIME YOU SPEAK so that the record of the proceedings is accurate. You are directed not to use the speaker phone function and to test the sound quality of your listening and speaking device in advance. If you experience an issue being heard or hearing, please log off and either call in or log back in.The Court prefers that you use the procedure that requires that system calls your phone and you enter your name so that the Court and the Court reporter can see who is speaking during the hearing. Mailed notice (lk, ) (Entered: 04/14/2021) |
| 04/14/2021 | 245 | STIPULATION *Joint Stipulation and Proposed Briefing Schedule Regarding Defendants' Motion to Compel Addition of Plaintiffs' Sales and Pricing Conditions (ECF No. 242)* (Clark, Brian) (Entered: 04/14/2021) |
| 04/14/2021 | 246 | Proposed Order by John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative (Clark, Brian) (Entered: 04/14/2021) |
| 04/14/2021 | 247 | MINUTE entry before the Honorable Virginia M. Kendall. The Court adopts briefing schedule as outlined in Joint Stipulation 242 . DPPs' response to Defendants' Motion to Compel 242 shall be filed on or before April 23, 2021. CIIPPs' response to Defendants' Motion to Compel 242 shall be filed on or before April 23, 2021.Defendants' replies to the responses of DPPs and CIIPPs shall be filed on before May 7, 2021. Teleconference Status hearing set for 5/20/2021 at 9:15 AM. Prior to the conference call, you are directed to click on this hyper link: https://teleconference.uc.att.com/ecm/?bp=4044432170&mac=2413900. Once you are on Judge Kendall's teleconference page, you are directed to join the conference as A GUEST. It is imperative that you ENTER YOUR NAME and click on the CALL ME option. Fill in your phone number (no hypens) and NAME. You are directed to use the CALL ME option because your name will appear for the Judge and the Court Reporter and they will better be able to discern who is speaking. If you do not have access to a computer Dial: (877)848−7030, the access code is: 2413900#. Given the increased volume of users that is anticipated, you are directed to mute your phone until your case is called. In spite of using the CALL ME option please also remember to SAY YOUR NAME EACH TIME YOU SPEAK so that the record of the proceedings is accurate. You are directed not to use the speaker phone function and to test the sound quality of your listening and speaking device in advance. If you experience an issue being heard or hearing, please log off and either call in or log back in.The Court prefers that you |

| | | |
|---|---|---|
| | | use the procedure that requires that the system calls your phone and you enter your name so that the Court and the Court reporter can see who is speaking during the hearing. Motion and Status hearing set for 4/15/2021 are stricken. Mailed notice (lk, ) (Entered: 04/14/2021) |
| 04/21/2021 | 248 | MEMORANDUM Opinion and Order signed by the Honorable Virginia M. Kendall on 4/21/2021. The Court denies the Tyson Defendants' Motions for Judgment on the Pleadings 218 . See Opinion for further details. Mailed notice(lk, ) (Entered: 04/21/2021) |
| 04/23/2021 | 249 | MEMORANDUM by John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative in Opposition to motion to compel,,, 242 (Attachments: # 1 Declaration of Simeon Morbey, # 2 Index to Exhibits A−E, # 3 Exhibit A−E)(Clark, Brian) (Entered: 04/23/2021) |
| 04/28/2021 | 250 | STIPULATION − *Joint Stipulation Regarding Page Limits of Defendants' Reply in Support of Motions to Compel Addition of Plaintiffs' Sales and Pricing Conditions* (Kass, Colin) (Entered: 04/28/2021) |
| 05/03/2021 | 251 | NOTICE by John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative *Direct Purchaser Plaintiffs' Notice of Settlement with Tyson Defendants* (Clark, Brian) (Entered: 05/03/2021) |
| 05/07/2021 | 252 | REPLY by Butterball LLC to MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Fa 242 *Defendants' Reply Memorandum of Law in Support of Their Motion to Compel Downstream Discovery* (Kass, Colin) (Entered: 05/07/2021) |
| 05/10/2021 | 253 | NOTICE by Rachel Johanna Adcox of Change of Address (Adcox, Rachel) (Entered: 05/10/2021) |
| 05/10/2021 | 254 | NOTICE by Lindsey Strang Aberg of Change of Address (Aberg, Lindsey) (Entered: 05/10/2021) |
| 05/10/2021 | 255 | NOTICE by Brandon Tyler Boxbaum of Change of Address (Boxbaum, Brandon) (Entered: 05/10/2021) |
| 05/10/2021 | 256 | NOTICE by Tiffany Rider Rohrbaugh of Change of Address (Rohrbaugh, Tiffany) (Entered: 05/10/2021) |
| 05/19/2021 | 257 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative for leave to file *excess pages* (Clark, Brian) (Entered: 05/19/2021) |
| 05/20/2021 | 258 | MINUTE entry before the Honorable Virginia M. Kendall. Teleconference Status hearing held on 5/20/2021. Oral argument heard regarding Defendants' Motion to Compel 242 and Motion for Protective Order 205 . The Court indicated a written Opinion is forthcoming. Teleconference Status hearing set for 7/15/2021 at 10:00 AM. Plaintiffs' Motion for leave to file excess pages 257 is granted. Mailed notice (lk, ) (Entered: 05/21/2021) |
| 05/21/2021 | 259 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative for Preliminary Approval of the Class Action Settlement Between Direct Purchaser Plaintiffs and Defendant Tyson (Clark, Brian) Text Modified on 5/24/2021 (gcy, ). (Entered: 05/21/2021) |
| 05/21/2021 | 260 | *Notice of Motion for Preliminary Approval of the Class Action Settlement Between Direct Purchaser Plaintiffs and Defendant Tyson* NOTICE of Motion by Brian David Clark for presentment of (Clark, Brian) (Entered: 05/21/2021) |
| 05/21/2021 | 261 | MEMORANDUM by John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative in support of motion for preliminary approval, 259 *Memorandum of Law in Support of Motion for Preliminary Approval* (Clark, Brian) Modified on 5/24/2021 (gcy, ). (Entered: 05/21/2021) |

| | | |
|---|---|---|
| 05/21/2021 | 262 | AFFIDAVIT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative in Support of MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative for Preliminary Approval of the Class Action Settlement Between Direct Purchaser Plaintiffs and Defendant 259 (Attachments: # 1 Declaration Exhibits A−B)(Clark, Brian) Modified on 5/24/2021 (gcy, ). (Entered: 05/21/2021) |
| 05/21/2021 | 263 | AFFIDAVIT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative in Support of MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative for Preliminary Approval of the Class Action Settlement Between Direct Purchaser Plaintiffs and Defendant 259 (Attachments: # 1 Declaration Exhibits A−B)(Clark, Brian) Modified on 5/24/2021 (gcy, ). (Entered: 05/21/2021) |
| 05/21/2021 | 264 | AFFIDAVIT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative in Support of MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative for Preliminary Approval of the Class Action Settlement Between Direct Purchaser Plaintiffs and Defendant 259 (Attachments: # 1 Declaration Exhibits A−E)(Clark, Brian) Modified on 5/24/2021 (gcy, ). (Entered: 05/21/2021) |
| 05/25/2021 | 265 | ORDER Preliminarily Approving Settlement with Tyson Certifying the Proposed Settlement Class, Approving Notification to the Settlement Class and Related Relief signed by the Honorable Virginia M. Kendall on 5/25/2021. Mailed notice(lk, ) (Entered: 05/25/2021) |
| 06/14/2021 | 266 | TRANSCRIPT OF PROCEEDINGS held on 05/20/2021 before the Honorable Virginia M. Kendall. Teleconference Status Hearing. Order Number: 40851, 40872. Court Reporter Contact Information: Gayle A. McGuigan, CSR, RMR, CRR, (312) 435−6047, Gayle_McGuigan@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 7/5/2021. Redacted Transcript Deadline set for 7/15/2021. Release of Transcript Restriction set for 9/13/2021. (McGuigan, Gale) (Entered: 06/14/2021) |
| 06/16/2021 | 267 | MINUTE entry before the Honorable Virginia M. Kendall. Before the Court is Defendants' Motion to Compel Addition of Plaintiffs' Sales and Pricing Custodians and Related Discovery 242 and Motion for Protective Order 205 . The Court refers these Motions and any further Discovery disputes to the assigned Magistrate Judge the Honorable Gabriel A. Fuentes.Mailed notice (lk, ) (Entered: 06/16/2021) |
| 06/16/2021 | 268 | EXECUTIVE COMMITTEE ORDER:Case referred to the Honorable Gabriel A. Fuentes for motion #242 and #205. Signed by Executive Committee on 6/16/2021.(ec,) (Entered: 06/16/2021) |
| 06/16/2021 | | (Court only) MOTIONS REFERRED: MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Fa 242 , MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Fa 205 (ec, ) (Entered: 06/16/2021) |
| 06/17/2021 | 269 | MINUTE entry before the Honorable Gabriel A. Fuentes: On referral of certain of defendants' motions (doc. #'s 205 , 242 ) to the magistrate judge (doc. # 268 ), the magistrate judge takes these motions under advisement and will issue an order if further briefing or hearing is necessary. Mailed notice. (jj, ) (Entered: 06/17/2021) |

| | | |
|---|---|---|
| 06/23/2021 | 270 | ATTORNEY Appearance for Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative by Steven Ellis Serdikoff (Serdikoff, Steven) (Entered: 06/23/2021) |
| 07/07/2021 | 271 | MINUTE entry before the Honorable Virginia M. Kendall. Teleconference Status hearing set for 7/15/2021 is reset for 9/16/2021 at 10:00 AM. Prior to the conference call, you are directed to click on this hyper link: https://teleconference.uc.att.com/ecm/?bp=4044432170&mac=2413900. Once you are on Judge Kendall's teleconference page, you are directed to join the conference as A GUEST. It is imperative that you ENTER YOUR NAME and click on the CALL ME option. Fill in your phone number (no hypens) and NAME. You are directed to use the CALL ME option because your name will appear for the Judge and the Court Reporter and they will better be able to discern who is speaking. If you do not have access to a computer Dial: (877)848−7030, the access code is: 2413900#. Given the increased volume of users that is anticipated, you are directed to mute your phone until your case is called. In spite of using the CALL ME option please also remember to SAY YOUR NAME EACH TIME YOU SPEAK so that the record of the proceedings is accurate. You are directed not to use the speaker phone function and to test the sound quality of your listening and speaking device in advance. If you experience an issue being heard or hearing, please log off and either call in or log back in.The Court prefers that you use the procedure that requires that the system calls your phone and you enter your name so that the Court and the Court reporter can see who is speaking during the hearing. Mailed notice (lk, ) (Entered: 07/07/2021) |
| 07/12/2021 | 272 | Notice of Compliance by The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. (Attachments: # 1 Exhibit A)(Tank, Jordan) (Entered: 07/12/2021) |
| 07/14/2021 | 273 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Kraft Foods Group Brands LLC, Kraft Heinz Foods Company, Perdue Farms, Inc., Perdue Foods LLC to reassign case (Attachments: # 1 Exhibit 1)(Kass, Colin) (Entered: 07/14/2021) |
| 07/14/2021 | 274 | *Notice of Motion by Colin R. Kass of Defendants' Cross−Motion to Compel Pre−Client Investigative Materials* NOTICE of Motion by Colin R. Kass for presentment of (Kass, Colin) (Entered: 07/14/2021) |
| 07/14/2021 | 275 | MEMORANDUM by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Kraft Foods Group Brands LLC, Kraft Heinz Foods Company, Perdue Farms, Inc., Perdue Foods LLC *in Opposition to Motion to Quash Investigator Subpoenas and in Support of Cross−Motion to Compel Pre−Client Investigative Materials* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Kass, Colin) (MOTION TO QUASH) Modified on 2/14/2022 (jj, ). (Entered: 07/14/2021) |
| 07/14/2021 | | ADDITIONAL RELIEF: MOTION to compel (doc. # 275 ). (jj, ) (Entered: 02/14/2022) |
| 07/16/2021 | 276 | STIPULATION *Joint Stipulation and Agreed Motion Regarding Extension of Deadline for Serving Rule 45 Subpoenas* (Clark, Brian) (Entered: 07/16/2021) |
| 07/16/2021 | 277 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC to reassign case *based on relatedness.* (Attachments: # 1 Exhibit 1)(Kass, Colin) (Entered: 07/16/2021) |
| 07/19/2021 | 278 | MINUTE entry before the Honorable Virginia M. Kendall. Respondents' Consent Motion for Reassignment of Case Number 21 C 3763 Based on Relatedness 277 is granted. Case Number 21 C 3763 will be reassigned to Judge Kendall. Mailed notice (lk, ) (Entered: 07/19/2021) |

| 07/27/2021 | 279 | STIPULATION *Joint Stipulation and Agreed Motion Regarding Extension of Deadline for the Settlement Administrator to Provide Direct and Email Notice and Commence Implementation of the Publication Notice Plan* (Clark, Brian) (Entered: 07/27/2021) |
|---|---|---|
| 07/28/2021 | 280 | ORDER Granting Agreed Motion to Extend Deadline for the Settlement Administrator to Provide Direct and Email Notice and Commence Implementation of the Publication Notice Plan signed by the Honorable Virginia M. Kendall on 7/28/2021. Mailed notice(lk, ) (Entered: 07/28/2021) |
| 07/28/2021 | 281 | MINUTE entry before the Honorable Virginia M. Kendall. Defendants' Consent Motion for Reassignment of Case Number 21 C 3551 Based on Relatedness 273 is granted. Case Number 21 C 3551 will be reassigned to Judge Kendall. Mailed notice (lk, ) (Entered: 07/28/2021) |
| 07/28/2021 | 282 | RESPONSE by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative *Reply in Support of Motion to Quash Investigator Subpoenas and Response to Defendants' Cross−Motion to Compel Pre−Client Investigative Materials* (Attachments: # 1 Declaration of Shana E. Scarlett)(Scarlett, Shana) (Entered: 07/28/2021) |
| 07/30/2021 | 283 | ORDER Granting Agreed Motion to extend the deadline to serve Rule 45 Subpoenas signed by the Honorable Virginia M. Kendall on 7/30/2021. Mailed notice(lk, ) (Entered: 08/02/2021) |
| 08/11/2021 | 284 | REPLY by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC to Response, 282 *to Cross−Motion to Compel Pre−Client Investigative Materials* (Kass, Colin) (Entered: 08/11/2021) |
| 08/12/2021 | 285 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−18560116. (Jones, Erica) (Entered: 08/12/2021) |
| 08/12/2021 | 286 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−18561476. (Lee, Kenina) (Entered: 08/12/2021) |
| 08/13/2021 | 287 | MINUTE entry before the Honorable Virginia M. Kendall. Attorneys Erica Jones and Kanina Lee's Motions to appear pro hac vice 285 and 286 are granted. Mailed notice (lk, ) (Entered: 08/13/2021) |
| 08/16/2021 | 288 | ATTORNEY Appearance for Defendant Cooper Farms, Inc. by Jennifer A. L. Battle (Battle, Jennifer) (Entered: 08/16/2021) |
| 08/24/2021 | 289 | ATTORNEY Appearance for Defendant Cooper Farms, Inc. by Jill Rogers Spiker (Spiker, Jill) (Entered: 08/24/2021) |
| 08/25/2021 | 290 | STIPULATION *Regarding Reassignment, Consolidation, and Coordination of Direct Action Plaintiff Complaint* (Miller, Britt) (Entered: 08/25/2021) |
| 08/30/2021 | 291 | MINUTE entry before the Honorable Virginia M. Kendall. Final Prove Up hearing is set for 1/6/2022 at 9:00 AM. The Court will advise if hearing is to proceed via video or teleconference prior to the hearing date. Mailed notice (lk, ) (Entered: 08/30/2021) |
| 09/02/2021 | 292 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative to amend/correct *Unopposed Motion to Amend the Court−ordered Plan to Notify the Settlement Class of the Settlement Agreement Between Direct Purchaser Plaintiffs and Defendant Tyson* (Clark, Brian) (Entered: 09/02/2021) |
| 09/02/2021 | 293 | *Notice of Unopposed Motion to Amend the Court−ordered Plan to Notify the Settlement Class of the Settlement Agreement Between Direct Purchaser Plaintiffs and Defendant Tyson* NOTICE of Motion by Brian David Clark for presentment of (Clark, Brian) (Entered: 09/02/2021) |
| 09/02/2021 | 294 | MEMORANDUM by John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative in support of motion to amend/correct, 292 *Unopposed Motion to Amend the Court−ordered Plan to Notify the Settlement Class* |

| | | |
|---|---|---|
| | | *of the Settlement Agreement Between Direct Purchaser Plaintiffs and Defendant Tyson* (Clark, Brian) (Entered: 09/02/2021) |
| 09/02/2021 | <u>295</u> | AFFIDAVIT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative in Support of MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc., Olean Wholesale Grocery Cooperative to amend/correct *Unopposed Motion to Amend the Court−ordered Plan to Notify the Settlement Class of the Settlement Agreement Between Direct* <u>292</u> (Attachments: # <u>1</u> *Exhibit s A−F)(Clark, Brian) (Entered: 09/02/2021)* |
| 09/03/2021 | <u>296</u> | MINUTE entry before the Honorable Virginia M. Kendall:Unopposed motion to amend the court ordered plan to notify the settlement class of the proposed settlement agreement between direct purchaser Plaintiffs and Defendant Tyson <u>292</u> is granted. Mailed notice. (jlj, ) (Entered: 09/03/2021) |
| 09/08/2021 | <u>297</u> | ORDER Regarding Stipulation of Reassignment, Consolidation and Coordination of Direct Action Plaintiff Complaint signed by the Honorable Virginia M. Kendall on 9/8/2021:Mailed notice(lk, ) (Entered: 09/08/2021) |
| 09/08/2021 | <u>298</u> | MINUTE entry before the Honorable Virginia M. Kendall. Teleconference Status hearing set for 9/16/2021 at 10:00 AM. Prior to the conference call, you are directed to click on this hyper link: https://teleconference.uc.att.com/ecm/?bp=4044432170&mac=2413900. Once you are on Judge Kendall's teleconference page, you are directed to join the conference as A GUEST. It is imperative that you ENTER YOUR NAME and click on the CALL ME option. Fill in your phone number (no hypens) and NAME. You are directed to use the CALL ME option because your name will appear for the Judge and the Court Reporter and they will better be able to discern who is speaking. If you do not have access to a computer Dial: (877)848−7030, the access code is: 2413900#. Given the increased volume of users that is anticipated, you are directed to mute your phone until your case is called. In spite of using the CALL ME option please also remember to SAY YOUR NAME EACH TIME YOU SPEAK so that the record of the proceedings is accurate. You are directed not to use the speaker phone function and to test the sound quality of your listening and speaking device in advance. If you experience an issue being heard or hearing, please log off and either call in or log back in.The Court prefers that you use the procedure that requires that the system calls your phone and you enter your name so that the Court and the Court reporter can see who is speaking during the hearing. Mailed notice (lk, ) (Entered: 09/08/2021) |
| 09/10/2021 | <u>299</u> | ORDER Granting Unopposed Motion to Amend the Court Ordered Plan to Notify the Settlement Class of the Proposed Settlement Agreement Between Direct Purchaser Plaintiffs and Defendant Tyson signed by the Honorable Virginia M. Kendall on 9/10/2021. Mailed notice(lk, ) (Entered: 09/10/2021) |
| 09/16/2021 | <u>300</u> | MINUTE entry before the Honorable Virginia M. Kendall. Teleconference Status hearing held on 9/16/2021. Parties are directed to confer regarding cases to be reassigned and consolidated and file a Status Report for the Court to review. Plaintiffs' oral Motion for extension to serve Rule 45 subpoenas is granted. Subpoenas shall be served by 11/12/2021. Status hearing set for 12/14/2021 at 10:30 AM which will proceed via Video Conference. Members of the public and media will be able to call in to listen to this hearing. The call−in number is 1−650−479−3207 and the call−in Access Code is 180 698 4009. Any party calling in is reminded to please mute their phones/devices. Counsel of record will receive an email invitation prior to the start of the video hearing with instructions to join the video conference. Prior to Status hearing set for 12/14/2021 Parties shall file a Joint Status Report with regarding planned proposal for depositions, an update on document issues and any other outstanding issues. Mailed notice (lk, ) (Entered: 09/17/2021) |
| 09/17/2021 | <u>301</u> | ATTORNEY Appearance for Plaintiffs Winn−Dixie Stores, Inc., Bi−Lo Holding, LLC by Patrick John Ahern (Ahern, Patrick) (Entered: 09/17/2021) |
| 09/17/2021 | <u>302</u> | ATTORNEY Appearance for Plaintiffs Bi−Lo Holding, LLC, Winn−Dixie Stores, Inc. by Theodore Beloyeannis Bell (Bell, Theodore) (Entered: 09/17/2021) |
| 10/04/2021 | <u>303</u> | TRANSCRIPT OF PROCEEDINGS held on 09/16/2021 before the Honorable Virginia M. Kendall. Telephonic Status Hearing. Order Number: 41716. Court Reporter Contact Information: Gayle A. McGuigan, CSR, RMR, CRR, (312) |

| | | |
|---|---|---|
| | | 435−6047, Gayle_McGuigan@ilnd.uscourts.gov.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 10/25/2021. Redacted Transcript Deadline set for 11/4/2021. Release of Transcript Restriction set for 1/3/2022. (McGuigan, Gale) (Entered: 10/04/2021) |
| 10/06/2021 | 304 | MINUTE entry before the Honorable Gabriel A. Fuentes: Defendant's Motion for Protective Order 205 is granted in part and denied in part as stated in the accompanying Order. Mailed notice (lp, ) (Entered: 10/06/2021) |
| 10/06/2021 | 305 | ORDER. Signed by the Honorable Gabriel A. Fuentes on 10/6/2021: Mailed notice (lp, ) (Entered: 10/06/2021) |
| 10/07/2021 | 306 | NOTICE by Butterball LLC *of Defendants' Record Supplementation in Support of Defendants' Opposition to the Motion to Quash Investigator Subpoenas and Cross−Motion to Compel Investigative Materials* (Attachments: # 1 Exhibit 1)(Kass, Colin) (Entered: 10/07/2021) |
| 10/08/2021 | 307 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. for Entry of (1) Stipulation and (Proposed) Order Concerning Expert Discovery and (2) Stipulation and (Proposed) Order Concerning Depositions and Position Statements of the Parties Concerning Areas of Dispute *(Joint Motion)* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Miller, Britt) (Entered: 10/08/2021) |
| 10/08/2021 | 308 | STIPULATION − *(Joint)* − *Regarding Case Management* (Miller, Britt) (Entered: 10/08/2021) |
| 10/08/2021 | | ADDITIONAL RELIEF (DOC. # 307 ): Joint motion concerning discovery into work performed by "non−testifying consultants". (jj, ) (Entered: 02/02/2022) |
| 10/11/2021 | 309 | STIPULATION of Dismissal *of Direct Purchaser Claims of Plaintiff Olean Whole Grocery Cooperative, Inc. With Prejudice* (Clark, Brian) (Entered: 10/11/2021) |
| 10/26/2021 | 310 | MINUTE entry before the Honorable Virginia M. Kendall. The Court adopts Joint Stipulation Regarding Case Management 308 with the exception of Newly Filed or Transferred Actions. The Clerk's Office is unable to directly assign and consolidate any new action, a Motion for reassignment must be filed in newly related or filed cases. The Clerk of Court is directed to consolidate cases 20 C 2295, 21 C 3763, 21 C 4131 and 21 C 3551 into 19 C 8318 for all purposes. Olean Wholesale Grocery Cooperative is dismissed pursuant to Stipulation of Dismissal 309 and Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Mailed notice (lk, ) (Entered: 10/26/2021) |
| 10/28/2021 | 311 | MINUTE entry before the Honorable Virginia M. Kendall. The Clerk of Court has consolidated cases 20 C 2295, 21 C 3763, 21 C 4131 and 21 C 3551 into 19 C 8318 for all purposes. All future filings shall be filed in 19 C 8318. See docket of 19 C 8318 for all further entries. Mailed notice (lk, ) (Entered: 10/28/2021) |
| 10/29/2021 | 312 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−18820430. (Wolf, Abigail) (Entered: 10/29/2021) |
| 11/03/2021 | 313 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Abigail Wolf's Motion to appear pro hac vice 312 is granted. Mailed notice (lk, ) (Entered: 11/03/2021) |
| 11/04/2021 | 314 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House |

| | | |
|---|---|---|
| | | of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC for protective order *Relating to Phone Record Subpoenas* (Attachments: # 1 Declaration of William Stallings in Support of Defendants' Motion for Protective Order Relating to Phone Record Subpoenas (Redacted), # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8 (Filed Under Seal), # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13 (Filed Under Seal), # 15 Exhibit 14 (Filed Under Seal), # 16 Text of Proposed Order)(Stallings, William) (Entered: 11/04/2021) |
| 11/04/2021 | 315 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC for leave to file *Under Seal* (Attachments: # 1 Text of Proposed Order)(Stallings, William) (Entered: 11/04/2021) |
| 11/04/2021 | 316 | SEALED DOCUMENT by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC *(Sealed Declaration of William Stallings in Support of Defendants' Motion for Protective Order Relating to Phone Record Subpoenas)* (Attachments: # 1 Exhibit 8 (Sealed), # 2 Exhibit 13 (Sealed), # 3 Exhibit 14 (Sealed))(Stallings, William) (Entered: 11/04/2021) |
| 11/05/2021 | 317 | MINUTE entry before the Honorable Gabriel A. Fuentes: A telephonic hearing is set on defendants' for protective order concerning third−party phone subpoenas (doc. # 314 ) for 11:00 a.m. on 11/16/21. The parties should be prepared to argue the motion at that time. Plaintiffs may file a written response no later than noon on 11/12/21. The response is limited to 15 pages. The exhibits are limited to a total of 25 pages. The Court notes that defendants' Exhibit 8 to the motion was more than 2,000 pages long, and if the idea there was to make a point about the voluminous nature of the phone record discovery in this case, the point was certainly made, but it need not have been made by burdening the Court docket with a 2,000−plus page document consisting of little else but a list of phone numbers that are effectively meaningless to the Court. Next time, counsel are requested to consider stating in a declaration how long the document might be if every phone number were submitted, and to consider attaching just a few sample pages. As for defendant's motion to seal exhibits 8, 13, and 14 of the motion for protective order, the motion (doc. # 315 ) is partially granted and partially denied. All of Exhibits 13 and 14, and pages 19−2084 of Exhibit 8 are sealed, but defendants are ordered to file a redacted version of Exhibit 8 that includes the first 18 pages of that exhibit, as those pages contain no phone numbers. The partial granting of the motion is not because the material is designated as confidential under the protective order in the case, as that is not an adequate basis for sealing. The partial granting of the motion is based on the personal, private, and identifying nature of the materials contained in the documents being sealed. The call−in number is (888) 684−8852 and the access code is 2006804. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Participants are further directed to keep their devices muted when they are not speaking. Mailed notice. (jj, ) (Entered: 11/05/2021) |
| 11/05/2021 | 318 | NOTICE by Foster Farms, LLC, Foster Poultry Farms re MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Fa 314 *(Notice of Filing of Redacted Version of Exhibit 8 to the Declaration of William Stallings in Support of Defendants' Motion for Protective Order Relating to Phone Record Subpoenas)* (Attachments: # 1 Exhibit 8 (Public Version))(Stallings, William) (Entered: 11/05/2021) |

| 11/08/2021 | 319 | MINUTE entry before the Honorable Gabriel A. Fuentes: The telephonic motion hearing regarding defendants' motion for protective order concerning third−party phone subpoenas (doc. # 314 ) set for 11:00 a.m. on 11/16/21 before Magistrate Judge Fuentes is **RESET** to **10:00 a.m. on 11/19/21**. Counsel are to utilize the same call−in number as previously provided in the minute order dated 11/05/21 (doc. # 317 ). Mailed notice. (jj, ) (Entered: 11/08/2021) |
|---|---|---|
| 11/08/2021 | 320 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc.For an Award of Costs and Ongoing Litigation Expenses from the Tyson Settlement Fund (Clark, Brian) (Entered: 11/08/2021) |
| 11/08/2021 | 321 | NOTICE of Motion by Brian David Clark for presentment of motion for miscellaneous relief 320 before Honorable Virginia M. Kendall on 1/6/2022 at 09:00 AM. (Clark, Brian) (Entered: 11/08/2021) |
| 11/08/2021 | 322 | MEMORANDUM by John Gross and Company, Inc., Maplevale Farms, Inc. in support of motion for miscellaneous relief 320 *For an Award of Costs and Ongoing Litigation Expenses from the Tyson Settlement Fund* (Clark, Brian) (Entered: 11/08/2021) |
| 11/08/2021 | 323 | DECLARATION of Brian D. Clark regarding motion for miscellaneous relief 320 *in Support of Direct Purchaser Plaintiffs' Motion for an Award of Costs and Ongoing Litigation Expenses from the Tyson Settlement Fund* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Clark, Brian) (Entered: 11/08/2021) |
| 11/11/2021 | 324 | STIPULATION *Joint Stipulation and Agreed Motion Regarding Extension of Minute Order (Ecf No. 300) Deadline for Serving Rule 45 Subpoenas* (Clark, Brian) (Entered: 11/11/2021) |
| 11/12/2021 | 325 | MEMORANDUM by John Gross and Company, Inc., Maplevale Farms, Inc. in Opposition to motion for protective order,,, 314 (Attachments: # 1 Declaration of Brian D. Clark in Support of Opposition, # 2 Exhibit 1−8 (Filed under Seal))(Clark, Brian) (Entered: 11/12/2021) |
| 11/12/2021 | 326 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. for leave to file *under seal* (Attachments: # 1 Text of Proposed Order)(Clark, Brian) (Entered: 11/12/2021) |
| 11/12/2021 | 327 | SEALED RESPONSE by John Gross and Company, Inc., Maplevale Farms, Inc. to MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Fa 314 (Attachments: # 1 Exhibit Exhibit 1 (Sealed), # 2 Exhibit Exhibit 2 (Sealed), # 3 Exhibit Exhibit 3 (Sealed), # 4 Exhibit Exhibit 4 (Sealed), # 5 Exhibit Exhibit 5 (Sealed), # 6 Exhibit Exhibit 6 (Sealed), # 7 Exhibit Exhibit 7 (Sealed), # 8 Exhibit Exhibit 8 (Sealed))(Clark, Brian) (Entered: 11/12/2021) |
| 11/12/2021 | 328 | MINUTE entry before the Honorable Gabriel A. Fuentes: The telephonic motion hearing set for 10 a.m. on 11/19/21 is stricken and reset to 11 a.m. on 11/24/21. The call−in number for the hearing is (888) 684−8852 and the access code is 2006804. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Participants are further directed to keep their devices muted when they are not speaking. Mailed notice (mjc, ) (Entered: 11/12/2021) |
| 11/15/2021 | 329 | MINUTE entry before the Honorable Virginia M. Kendall. Plaintiffs' Motion for leave to file under seal 326 is granted. Mailed notice (lk, ) (Entered: 11/15/2021) |
| 11/15/2021 | 330 | MINUTE entry before the Honorable Gabriel A. Fuentes: Per the joint stipulation and agreed motion (doc. # 324 ) for extension of time to serve Rule 45 subpoenas, the agreed motion is granted, and the parties have to 1/7/22 to serve Rule 45 subpoenas. Mailed notice (lp, ) (Entered: 11/15/2021) |
| 11/17/2021 | 331 | ORDER Granting Agreed Motion to Extend the Deadline to Serve Rule 45 Subpoenas signed by the Honorable Virginia M. Kendall on 11/17/2021. Mailed notice(lk, ) |

| | | (Entered: 11/17/2021) |
|---|---|---|
| 11/17/2021 | 332 | MINUTE entry before the Honorable Gabriel A. Fuentes: The magistrate judge's order of 11/15/21 (doc. # 330 ) is vacated, the district court having granted the agreed motion for Rule 45 extension (doc. # 331 ). This matter coming before the Court on discovery supervision referral (doc. # 268 ), the parties may continue to assume that the magistrate judge will act on their discovery−related motions and status reports, subject to any party's right to object under Rule 72.Mailed notice. (jj, ) (Entered: 11/17/2021) |
| 11/18/2021 | 333 | MINUTE entry before the Honorable Gabriel A. Fuentes: The telephonic motion hearing regarding defendants' motion for protective order concerning third−party phone subpoenas (doc. # 314 ) set for 11:00 a.m. on 11/24/21 is reset to 10:00 a.m. on 12/6/21 due to the exigencies of the Court's current schedule. The call−in number for the hearings is (888) 684−8852 and the access code is 2006804. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Participants are further directed to keep their devices muted when they are not speaking. The Court appreciates the parties' patience and wishes all a Happy Thanksgiving holiday and dinner of whatever happens to be on the table. Mailed notice. (jj, ) (Entered: 11/18/2021) |
| 12/02/2021 | 334 | MINUTE entry before the Honorable Virginia M. Kendall. On the Court's own Motion, Status hearing set for 12/14/2021 is reset for 2/4/2022 at 10:00 AM which will proceed via Video Conference. Members of the public and media will be able to call in to listen to this hearing. The call−in number is 1−650−479−3207 and the call−in Access Code is 180 698 4009. Any party calling in is reminded to please mute their phones/devices. Counsel of record will receive an email invitation prior to the start of the video hearing with instructions to join the video conference. Prior to Status hearing set for 2/7/2022 Parties shall file a Joint Status Report with regarding planned proposal for depositions, an update on document issues and any other outstanding issues. Mailed notice (lk, ) (Entered: 12/02/2021) |
| 12/02/2021 | 335 | MINUTE entry (Corrected) before the Honorable Virginia M. Kendall. On the Court's own Motion, Status hearing set for 12/14/2021 is reset for 2/7/2022 at 10:00 AM which will proceed via Video Conference. Members of the public and media will be able to call in to listen to this hearing. The call−in number is 1−650−479−3207 and the call−in Access Code is 180 698 4009. Any party calling in is reminded to please mute their phones/devices. Counsel of record will receive an email invitation prior to the start of the video hearing with instructions to join the video conference. Prior to Status hearing set for 2/7/2022 Parties shall file a Joint Status Report with regarding planned proposal for depositions, an update on document issues and any other outstanding issues.Mailed notice (lk, ) (Entered: 12/02/2021) |
| 12/06/2021 | 336 | MINUTE entry before the Honorable Gabriel A. Fuentes: Telephonic motion hearing held on defendants' motion for protective order (doc. # 314 ). For the reasons stated on the record, in accord with the magistrate judge's broad discretion to manage discovery, Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013), and in the absence of a proportionality objection from the telephone service provider(s), the motion is denied. The Court grants leave for defendants to serve upon plaintiffs, prior to oral depositions on the subject of inter−company phone calls, a contention interrogatory seeking identification of the subset of intracompany phone calls plaintiffs consider relevant and proportional, under Rule 26(b)(1), for inquiry at an oral deposition, in this rule−of−reason antitrust case. The Court's intention in granting leave for such an interrogatory (which shall not count against the rules' limitation on the number of interrogatories that may be propounded) is to create a framework for the parties to work cooperatively in limiting the universe of voluminous phone calls to a subset that keeps the conduct of, and preparation for, oral depositions within the limits of relevancy and proportionality. Further, the parties are directed to confer under Rule 26(f) and file a joint written status report, by noon on 12/17/21, setting forth: (1) the discovery they have completed thus far; (2) the discovery that remains to be taken (including the parties' planned proposal for depositions and an update on document issues), per prior district court order (doc. # 300 ); (3) pending discovery motions and any anticipated discovery motion practice; (4) the parties' agreed or contested |

| | | |
|---|---|---|
| | | proposals for the completion of fact and expert (if any) discovery, in addition to the existing 1/7/22 deadline for service of Rule 45 subpoenas; and (5) any other outstanding issues the parties wish to bring to the Court's attention. Mailed notice. (jj, ) (Entered: 12/06/2021) |
| 12/07/2021 | 337 | MINUTE entry before the Honorable Gabriel A. Fuentes: Telephonic motion hearing held on defendants' motion for protective order (doc. # 314 ). For the reasons stated on the record, in accord with the magistrate judge's broad discretion to manage discovery, Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013), and in the absence of a proportionality objection from the telephone service provider(s), the motion is denied. The Court grants leave for defendants to serve upon plaintiffs, prior to oral depositions on the subject of inter−company phone calls, a contention interrogatory seeking identification of the subset of intercompany phone calls plaintiffs consider relevant and proportional, under Rule 26(b)(1), for inquiry at an oral deposition, in this rule−of−reason antitrust case. The Court's intention in granting leave for such an interrogatory (which shall not count against the rules' limitation on the number of interrogatories that may be propounded) is to create a framework for the parties to work cooperatively in limiting the universe of voluminous phone calls to a subset that keeps the conduct of, and preparation for, oral depositions within the limits of relevancy and proportionality. Further, the parties are directed to confer under Rule 26(f) and file a joint written status report, by noon on 12/17/21, setting forth: (1) the discovery they have completed thus far; (2) the discovery that remains to be taken (including the parties' planned proposal for depositions and an update on document issues), per prior district court order (doc. # 300 ); (3) pending discovery motions and any anticipated discovery motion practice; (4) the parties' agreed or contested proposals for the completion of fact and expert (if any) discovery, in addition to the existing 1/7/22 deadline for service of Rule 45 subpoenas; and (5) any other outstanding issues the parties wish to bring to the Court's attention. Mailed notice. (jj, ) **CORRECTED ORDER FROM 12/06/21 HEARING (Doc. # 336 )**. Modified on 2/4/2022 (jj, ). (Entered: 12/07/2021) |
| 12/10/2021 | 338 | TRANSCRIPT OF PROCEEDINGS held on 12/6/21 before the Honorable Gabriel A. Fuentes. Order Number: 42186, 42194. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 12/31/2021. Redacted Transcript Deadline set for 1/10/2022. Release of Transcript Restriction set for 3/10/2022. (Fennell, Kathleen) (Entered: 12/10/2021) |
| 12/15/2021 | 339 | NOTICE by Jacob D Koering of Change of Address (Koering, Jacob) (Entered: 12/15/2021) |
| 12/16/2021 | 340 | MINUTE entry before the Honorable Gabriel A. Fuentes: The defendants' motion to compel in the DPP matter (doc. # 242 ) is denied without prejudice, and the defendants' motion to compel in Case No. 20 C 2295 (doc. #163) is granted, for the reasons stated in the accompanying order. Enter Order. The previously ordered status report remains due and to be filed by noon on 12/17/21. Mailed notice. (jj, ) (Entered: 12/16/2021) |
| 12/16/2021 | 341 | ORDER. Signed by the Honorable Gabriel A. Fuentes on 12/16/2021. Mailed notice.(jj, ) (Entered: 12/16/2021) |
| 12/17/2021 | 342 | STATUS Report *of December 17, 2021* by John Gross and Company, Inc. (Attachments: # 1 Exhibit s A−B)(Scarlett, Shana) (Entered: 12/17/2021) |
| 12/17/2021 | 343 | MINUTE entry before the Honorable Gabriel A. Fuentes: The Court has received the parties' 36−page status report, which it will take under advisement over the holidays. In the meantime, the Court received a telephonic inquiry about filing some aspect of the report under seal. The parties are referred to the Court's Standing Order on Civil Cases Before Magistrate Judge Fuentes (available on the Court's website), and specifically to the section on protective orders and the need for motions to seal to comply with Seventh Circuit standards that do not allow the sealing of every item that |

| | | |
|---|---|---|
| | | parties may have sought to designate "confidential" under a protective order. The parties may file any motion to seal in compliance with those standards at any time, and it will be ruled upon in due course. Mailed notice. (as, ) (Entered: 12/17/2021) |
| 12/20/2021 | 344 | STATUS Report *(Corrected)* by John Gross and Company, Inc. (Attachments: # 1 Exhibit A−B)(Scarlett, Shana) (Entered: 12/20/2021) |
| 12/21/2021 | 345 | STIPULATION regarding order 210 , order 201 *Joint Stipulation and Agreed Motion Regarding Extension of Protective Order (ECF No. 201) Deadline for Producing Privilege and Redaction Logs and Extension of Scheduling and Discovery Order (ECF No. 210) Deadline for Filing Motion for Leave to Amend Complaint* (Clark, Brian) (Entered: 12/21/2021) |
| 12/22/2021 | 346 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−18992758. (Courtade, Bruce) (Entered: 12/22/2021) |
| 12/22/2021 | 347 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−18993259. (Lichtenberg, John) (Entered: 12/22/2021) |
| 12/23/2021 | 348 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc.for Final Approval of Settlement with Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., and The Hillshire Brands Company (Clark, Brian) (Entered: 12/23/2021) |
| 12/23/2021 | 349 | NOTICE of Motion by Brian David Clark for presentment of motion for miscellaneous relief 348 before Honorable Virginia M. Kendall on 1/6/2022 at 09:00 AM. (Clark, Brian) (Entered: 12/23/2021) |
| 12/23/2021 | 350 | MEMORANDUM by John Gross and Company, Inc., Maplevale Farms, Inc. in support of motion for miscellaneous relief 348 *for Final Approval of Their Settlement with Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., and The Hillshire Brands Company* (Clark, Brian) (Entered: 12/23/2021) |
| 12/23/2021 | 351 | DECLARATION of Shana E. Scarlett regarding memorandum in support of motion, 350 *for Final Approval of Their Settlement with Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., and The Hillshire Brands Company* (Clark, Brian) (Entered: 12/23/2021) |
| 12/23/2021 | 352 | DECLARATION of Eric Schachter regarding memorandum in support of motion, 350 *for Final Approval of Their Settlement with Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., and The Hillshire Brands Company* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Clark, Brian) (Entered: 12/23/2021) |
| 12/23/2021 | 353 | MINUTE entry before the Honorable Gabriel A. Fuentes: Pursuant to the parties' joint stipulation and agreed motion for extension (doc. # 345 ), the magistrate judge extends the deadline for serving privilege and redaction logs for productions made on or before the substantial completion of document productions from 12/31/21 to 1/10/22, and as to the deadline for amending the complaint, the magistrate judge defers to the district court but recommends to the district court that it extend the deadline for a motion for leave to amend the complaint to the same date, 1/10/22. The parties' status report(s) remain under advisement as to further discovery scheduling and management. Mailed notice (dal, ) (Entered: 12/23/2021) |
| 12/27/2021 | 354 | MINUTE entry before the Honorable Virginia M. Kendall. Attorneys Bruce Courtade and John Lichtenberg's Motions to appear pro hac vice 346 and 347 are granted. Mailed notice (lk, ) (Entered: 12/27/2021) |
| 12/30/2021 | 355 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. for leave to file *Their Amended Complaints* (Scarlett, Shana) (Entered: 12/30/2021) |
| 12/30/2021 | 356 | NOTICE of Motion by Shana Scarlett for presentment of (Scarlett, Shana) (Entered: 12/30/2021) |
| 12/30/2021 | 357 | MEMORANDUM by John Gross and Company, Inc., Maplevale Farms, Inc. in support of motion for leave to file 355 *Their Amended Complaints* (Scarlett, Shana) (Entered: 12/30/2021) |

| | | |
|---|---|---|
| 01/03/2022 | 358 | MINUTE entry before the Honorable Virginia M. Kendall. Plaintiffs' Motion for leave to amend Complaints and for extension of deadlines 355 is granted. Production of privilege and redaction logs for productions made on or before the substantial completion of document productions is extended to January 10, 2022. Amended Complaints shall be filed by 1/10/2022. Mailed notice (lk, ) (Entered: 01/03/2022) |
| 01/04/2022 | 359 | MINUTE entry before the Honorable Virginia M. Kendall. On the Court's own Motion and by agreement of Parties, Motion hearing set for 1/6/2022 is reset for 1/10/2022 at 9:45 AM and will proceed via Teleconference. Prior to the conference call, you are directed to click on this hyper link: https://teleconference.uc.att.com/ecm/?bp=4044432170&mac=2413900. Once you are on Judge Kendall's teleconference page, you are directed to join the conference as A GUEST. It is imperative that you ENTER YOUR NAME and click on the CALL ME option. Fill in your phone number (no hypens) and NAME. You are directed to use the CALL ME option because your name will appear for the Judge and the Court Reporter and they will better be able to discern who is speaking. If you do not have access to a computer Dial: (877)848−7030, the access code is: 2413900#. Given the increased volume of users that is anticipated, you are directed to mute your phone until your case is called. In spite of using the CALL ME option please also remember to SAY YOUR NAME EACH TIME YOU SPEAK so that the record of the proceedings is accurate. You are directed not to use the speaker phone function and to test the sound quality of your listening and speaking device in advance. If you experience an issue being heard or hearing, please log off and either call in or log back in.The Court prefers that you use the procedure that requires that the system calls your phone and you enter your name so that the Court and the Court reporter can see who is speaking during the hearing. Mailed notice (lk, ) (Entered: 01/04/2022) |
| 01/04/2022 | 360 | MINUTE entry before the Honorable Virginia M. Kendall. Motion hearing set for 1/10/2022 is reset for 10:00 AM (PLEASE NOTE TIME CHANGE ONLY). Please refer to Minute Entry 359 regarding Teleconference instructions. Mailed notice. (lk, ) (Entered: 01/04/2022) |
| 01/04/2022 | 361 | EMAIL LETTER from Lynette Grilo, AT&T Global Legal Demand Center dated 1/04/2022. (jj, ) (Entered: 01/04/2022) |
| 01/04/2022 | 362 | MINUTE entry before the Honorable Gabriel A. Fuentes: On 1/4/22, the Court received an email from third party AT&T seeking to confirm interpretation(s) of discovery orders the Court has entered concerning third−party discovery certain of the litigants have sought from AT&T. The email is being entered on the docket. Enter Document (doc. # 361 ). The parties are directed to confer concerning the question AT&T posed in the email. The party propounding the AT&T subpoena(s), through its counsel, is then directed to contact Ms. Grilo at AT&T to respond to her question. If there is a disagreement between the parties as to the response to her question, the proponent is directed to file a motion no later than noon on 1/14/22 to clarify, and the Court will act promptly. If there is no disagreement, AT&T should receive prompt instruction by noon on 1/14/22 on how to comply with the subpoena(s) within the limits of any applicable discovery order(s). If the Court orders a hearing on such a motion, a representative of AT&T will be notified and may appear. The proponent of the subpoena(s) is directed to send a copy of this minute order forthwith to Ms. Grilo of AT&T. Mailed notice. (jj, ) (Entered: 01/04/2022) |
| 01/06/2022 | 363 | MOTION by deponent Michigan Turkey Producers, LLC to withdraw *Pro Hac Vice Appearances (Unopposed)* (Lichtenberg, John) (Entered: 01/06/2022) |
| 01/06/2022 | 364 | NOTICE of Motion by John Morrill Lichtenberg for presentment of motion to withdraw 363 before Honorable Virginia M. Kendall on 1/12/2022 at 09:00 AM. (Lichtenberg, John) (Entered: 01/06/2022) |
| 01/08/2022 | 365 | MINUTE entry before the Honorable Virginia M. Kendall: Attorneys John M. Lichtenberg and Bruce A. Courtade's unopposed motion to withdraw *pro hac vice* appearances 363 is granted. Motion presentment hearing set for 1/12/2022 is stricken. Mailed notice (cn). (Entered: 01/08/2022) |
| 01/10/2022 | 366 | MINUTE entry before the Honorable Virginia M. Kendall: Teleconference Motion hearing held on 1/10/2022. Direct Purchaser Plaintiff's Motion for an Award of Costs and Ongoing Litigation Expenses from the Tyson Settlement Fund 320 is granted. Oral request to file an amended exclusion list is granted. Mailed notice (vcf, ) (Entered: |

| | | 01/10/2022) |
|---|---|---|
| 01/10/2022 | 367 | ORDER Granting Direct Purchaser Plaintiff's Motion for an Award for Costs and ongoing Litigation Expenses from the Tyson Settlement Fund. Signed by the Honorable Virginia M. Kendall on 1/10/2022. Mailed notice(vcf, ) (Entered: 01/10/2022) |
| 01/10/2022 | 368 | AMENDED motion for miscellaneous relief 348 *[Amended Proposed] Order and Final Judgment Granting Direct Purchaser Plaintiffs' Motion for Final Approval of Settlement with Tyson Defendants* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Scarlett, Shana) (Entered: 01/10/2022) |
| 01/10/2022 | 369 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to seal *the Memorandum in Support of Plaintiffs' Motion for Leave to File Amended Complaints and Plaintiffs' Second Amended Class Action Complaints* (Scarlett, Shana) (Entered: 01/10/2022) |
| 01/10/2022 | 370 | NOTICE of Motion by Shana Scarlett for presentment of (Scarlett, Shana) (Entered: 01/10/2022) |
| 01/10/2022 | 371 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. for leave to file *Amended Complaints* (Scarlett, Shana) (Entered: 01/10/2022) |
| 01/10/2022 | 372 | NOTICE of Motion by Shana Scarlett for presentment of (Scarlett, Shana) (Entered: 01/10/2022) |
| 01/10/2022 | 373 | SEALED DOCUMENT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. − *Memorandum in Support of Plaintiffs' Motion for Leave to File Amended Complaints* (Scarlett, Shana) (Entered: 01/10/2022) |
| 01/10/2022 | 374 | SEALED DOCUMENT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. − *Direct Purchaser Plaintiffs' Second Amended Class Action Complaint* (Scarlett, Shana) (Entered: 01/10/2022) |
| 01/10/2022 | 375 | SEALED DOCUMENT by Plaintiffs Bi−Lo Holding, LLC, Winn−Dixie Stores, Inc. *DIRECT ACTION PLAINTIFFS WINN−DIXIE STORES, INC.'S AND BI−LO HOLDING, LLC'S NOTICE OF JOINDER TO CLASS PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINTS (ECF 371)* (Attachments: # 1 Exhibit Exhibit 1 − Proposed First Amended Complaint)(Ahern, Patrick) (Entered: 01/10/2022) |
| 01/10/2022 | 376 | MOTION by Plaintiff Winn−Dixie Stores, Inc. to seal *THE WINN−DIXIE PLAINTIFFS' MOTION FOR LEAVE TO THEIR PROPOSED AMENDED COMPLAINT UNDER SEAL* (Ahern, Patrick) (Entered: 01/11/2022) |
| 01/11/2022 | 377 | MINUTE entry before the Honorable Virginia M. Kendall. Plaintiffs' Motion to seal Memorandum in Support of Motion to file amended Complaints 369 is granted. Plaintiffs' Motion for leave to file amended Complaints 371 is granted. Plaintiffs' Motion for leave to file amended Complaint under file 376 is granted. Mailed notice (lk, ) (Entered: 01/11/2022) |
| 01/11/2022 | 378 | SEALED DOCUMENT by Plaintiffs Sandee's Bakery, Gnemi, LLC d/b/a Logan Farms, Maquoketa Care Center, Thyme Cafe & Market, Bernie's LLC, Music Matters, LLC, Martin's BBQ, LLC, Social Kitchen, Liberty Holding Company *Third Amended Class Action Complaint* (Aldridge, Sarah) (Entered: 01/11/2022) |
| 01/11/2022 | 379 | SEALED DOCUMENT by Plaintiffs Bi−Lo Holding, LLC, Winn−Dixie Stores, Inc. *FIRST AMENDED COMPLAINT* (Ahern, Patrick) (Entered: 01/11/2022) |
| 01/11/2022 | 380 | SEALED DOCUMENT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. − *Direct Purchaser Plaintiffs' Second Amended Class Action Complaint* (Scarlett, Shana) (Entered: 01/11/2022) |
| 01/20/2022 | 381 | SEALED DOCUMENT (cxr, ) (Entered: 01/20/2022) |
| 01/24/2022 | 382 | SEALED DOCUMENT. (lw, ) (Entered: 01/25/2022) |
| 01/25/2022 | 383 | STIPULATION *(Joint Stipulation and Agreed Motion to Set Briefing Schedule for Rule 12 Motions to Dismiss Plaintiffs' Amended Complaints)* (Miller, Britt) (Entered: |

| | | |
|---|---|---|
| | | 01/25/2022) |
| 01/26/2022 | | SUMMONS Issued as to Defendants Jennie−O Turkey Store, Inc., Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. (ey, ) (Entered: 02/01/2022) |
| 01/27/2022 | 384 | SEALED DOCUMENT (rp, ) (Entered: 01/27/2022) |
| 01/27/2022 | 385 | SEALED DOCUMENT (rp, ) (Entered: 01/27/2022) |
| 01/27/2022 | 386 | SEALED DOCUMENT (rp, ) (Entered: 01/27/2022) |
| 01/28/2022 | 387 | *PUBLIC REDACTED VERSION OF DPP's SECOND* AMENDED complaint by John Gross and Company, Inc., Maplevale Farms, Inc. against Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC *of Sealed Document filed at ECF 380* (Clark, Brian) (Entered: 01/28/2022) |
| 01/28/2022 | 388 | SEALED DOCUMENT by Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. (rp, ) (Entered: 01/28/2022) |
| 01/31/2022 | 389 | ORDER signed by the Honorable Virginia M. Kendall on 1/31/2022. The Court adopts briefing schedule as outlined in Stipulation 383 . Defendants' Rule 12 motions shall be due 45 days after entry of this Order; Plaintiffs' opposition briefs shall be due 45 days thereafter; and Defendants' reply briefs shall be due 30 days following the opposition briefs. Not later than 15 days before Defendants' Rule 12 motions are due, the Parties shall file a stipulation setting forth the terms of their agreement regarding page limitations for Defendants' Rule 12 motions and related briefing; or if the Parties are unable to agree regarding these matters, they may file a status report setting forth each side's proposal, not to exceed two pages double−spaced each, regarding appropriate page limitations. On or before February 4, 2022, Plaintiffs (combined) and Defendants (combined) may each file a supplement not to exceed two pages double−spaced (excluding the case caption and signature blocks) to the December 17, 2021 Status Report (ECF No. 342) that is currently under advisement with Magistrate Judge Fuentes, limited to addressing the extent to which, if any, Plaintiffs' filing of the Amended Complaints should affect the Court's evaluation of Plaintiffs' and Defendants' proposed schedules for the completion of fact and expert discovery set forth in the December 17 Status Report. Mailed notice(lk, ) (Entered: 01/31/2022) |
| 01/31/2022 | 390 | ATTORNEY Appearance for Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. by Amy Rich Paulus (Paulus, Amy) (Entered: 01/31/2022) |
| 01/31/2022 | 391 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. (Paulus, Amy) (Entered: 01/31/2022) |
| 01/31/2022 | 392 | ATTORNEY Appearance for Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. by Daniel Patrick Johnston (Johnston, Daniel) (Entered: 01/31/2022) |
| 01/31/2022 | 393 | STIPULATION *Regarding Reassignment, Consolidation, and Coordination of Direct Action Plaintiff Complaint* (Miller, Britt) (Entered: 01/31/2022) |
| 02/01/2022 | 394 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−19110950. (Koltookian, Stephanie) (Entered: 02/01/2022) |
| 02/01/2022 | 395 | ATTORNEY Appearance for Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. by Davy Hem Raistrick (Raistrick, Davy) (Entered: 02/01/2022) |
| 02/01/2022 | 396 | MINUTE entry before the Honorable Gabriel A. Fuentes: The parties' Joint Motion for Entry of Stipulations (doc. #307) is granted in part and entered and continued in part, as stated in the accompanying order, resolving all but one of the parties' deposition |

| | | |
|---|---|---|
| | | protocol issues. Enter Order. The remaining issue concerning discovery into work performed by "non−testifying consultants" is under advisement pending the Court's soon−to−be completed disposition of pending motions relating to pre−litigation investigative materials, which are referenced in defendants' opposition brief to these motions (doc. #275). Motions to compel concerning the unresolved discovery issues referenced in the recent status report (doc. #344) and summarized in today's order are due by noon on 2/28/22, if they remain unresolved, and such motions shall comply with Local Rule 37.2. The parties are requested to update the district court accordingly, including on their thoughts concerning the fact discovery schedule, in a status report already due on 2/4/22 in advance of the 2/7/22 district court status hearing. The magistrate judge may enter a further order after the next district court order. Mailed notice (lxs, ) (Entered: 02/01/2022) |
| 02/01/2022 | 397 | ORDER Signed by the Honorable Gabriel A. Fuentes on 2/1/2022. Mailed notice(lxs, ) (Entered: 02/01/2022) |
| 02/02/2022 | 398 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−19115510. (Attachments: # 1 Exhibit A)(Cherry, William) (Entered: 02/02/2022) |
| 02/02/2022 | 399 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−19115629. (Attachments: # 1 Exhibit A)(Wilson, Jonathan) (Entered: 02/02/2022) |
| 02/02/2022 | 400 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−19115910. (Attachments: # 1 Exhibit Ex. A − List of Medford Admissions)(Medford, Michael) (Entered: 02/02/2022) |
| 02/03/2022 | 401 | MINUTE entry before the Honorable Virginia M. Kendall. Attorneys Stephanie Koltookian, William Cherry, Jonathan Wilson and Michael Medford's Motions to appear pro hac vice 394 , 398 , 399 and 400 are granted. Mailed notice (lk, ) (Entered: 02/03/2022) |
| 02/03/2022 | 402 | MINUTE entry before the Honorable Virginia M. Kendall. Status hearing set for 2/7/2022 at 10:00 AM stands and will now proceed via Webex. Prior to the hearing, you are directed to click on this hyper link: https://us−courts.webex.com/join/virginia_kendallilnd.uscourts.gov. If you do not have access to a computer Dial: (650)−479−3207, the access code is: 180 698 4009. Given the increased volume of users that is anticipated, you are directed to mute your phone and turn off your video until your case is called. If calling in due to not having access to a computer, please remember to SAY YOUR NAME EACH TIME YOU SPEAK so that the record of the proceedings is accurate. You are directed not to use the speaker phone function. Please test the sound quality and video functions of your device in advance. Members of the public and media are directed to call in to listen to hearings. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (lk, ) (Entered: 02/03/2022) |
| 02/03/2022 | 403 | MINUTE entry before the Honorable Virginia M. Kendall. Status hearing set for 2/7/2022 at 10:00 AM will proceed after numerous other civil and criminal hearings, it is requested that Parties log on to the Webex conference closer to 10:00 AM so the other hearings can proceed without interruption. The Webex Link is as follows: https://us−courts.webex.com/join/virginia_kendallilnd.uscourts.gov. Participant instruction are also attached. Mailed notice (Attachments: # 1 Webex Participant Instructions) (lk, ) (Entered: 02/03/2022) |
| 02/03/2022 | 404 | ATTORNEY Appearance for Defendants Hormel Foods Corporation, Hormel Foods, LLC by Jonathan Harold Todt (Todt, Jonathan) (Entered: 02/03/2022) |
| 02/03/2022 | 405 | STIPULATION and Order Regarding Reassignment, Consolidation and Coordination of Direct Action Plaintiff Complaint signed by the Honorable Virginia M. Kendall on 2/3/2022. The Clerk of Court is directed to reassign case number 21 C 6600 to Judge Kendall and consolidate case number 19 C 8318 with case number 21 C 6600 for all purposes. The Clerk shall transmit this order to the Executive Committee so it can |

| | | |
|---|---|---|
| | | process the reassignment. Mailed notice(lk, ) (Entered: 02/03/2022) |
| 02/03/2022 | 406 | AMENDED Order and Final Judgment Granting Direct Purchaser Plaintiffs' Motion for Final Approval of the Settlement with Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. and the Hillshire Brands Company signed by the Honorable Virginia M. Kendall on 2/3/2022. Mailed notice(lk, ) (Entered: 02/04/2022) |
| 02/04/2022 | 407 | SUMMONS Returned Executed by John Gross and Company, Inc., Maplevale Farms, Inc. as to Jennie−O Turkey Store, Inc. on 1/21/2022, answer due 2/11/2022. (Clark, Brian) (Entered: 02/04/2022) |
| 02/04/2022 | 408 | SUMMONS Returned Executed by John Gross and Company, Inc., Maplevale Farms, Inc. as to Prestage Farms of South Carolina, LLC on 1/21/2022, answer due 2/11/2022. (Clark, Brian) (Entered: 02/04/2022) |
| 02/04/2022 | 409 | SUMMONS Returned Executed by John Gross and Company, Inc., Maplevale Farms, Inc. as to Prestage Farms, Inc. on 1/21/2022, answer due 2/11/2022. (Clark, Brian) (Entered: 02/04/2022) |
| 02/04/2022 | 410 | SUMMONS Returned Executed by John Gross and Company, Inc., Maplevale Farms, Inc. as to Prestage Foods, Inc. on 1/21/2022, answer due 2/11/2022. (Clark, Brian) (Entered: 02/04/2022) |
| 02/04/2022 | 411 | MOTION by Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. for extension of time (Cherry, William) (Entered: 02/04/2022) |
| 02/04/2022 | 412 | STATUS Report *Joint Supplement to Status Report of December 17, 2021* by John Gross and Company, Inc., Maplevale Farms, Inc. (Attachments: # 1 Exhibit A)(Scarlett, Shana) (Entered: 02/04/2022) |
| 02/07/2022 | 413 | SUMMONS Returned Executed by Sandee's Bakery, Liberty Holding Company, Maquoketa Care Center, Social Kitchen, Gnemi, LLC d/b/a Logan Farms, Bernie's LLC, Music Matters, LLC, Thyme Cafe & Market, Martin's BBQ, LLC as to Prestage Foods, Inc. on 2/3/2022, answer due 2/24/2022. (Aldridge, Sarah) (Entered: 02/07/2022) |
| 02/07/2022 | 414 | SUMMONS Returned Executed by Sandee's Bakery, Liberty Holding Company, Maquoketa Care Center, Social Kitchen, Gnemi, LLC d/b/a Logan Farms, Bernie's LLC, Music Matters, LLC, Thyme Cafe & Market, Martin's BBQ, LLC as to Prestage Farms, Inc. on 2/3/2022, answer due 2/24/2022. (Aldridge, Sarah) (Entered: 02/07/2022) |
| 02/07/2022 | 415 | SUMMONS Returned Executed by Sandee's Bakery, Liberty Holding Company, Maquoketa Care Center, Social Kitchen, Gnemi, LLC d/b/a Logan Farms, Bernie's LLC, Music Matters, LLC, Thyme Cafe & Market, Martin's BBQ, LLC as to Prestage Farms of South Carolina, LLC on 2/3/2022, answer due 2/24/2022. (Aldridge, Sarah) (Entered: 02/07/2022) |
| 02/07/2022 | 416 | SUMMONS Returned Executed by Sandee's Bakery, Liberty Holding Company, Maquoketa Care Center, Social Kitchen, Gnemi, LLC d/b/a Logan Farms, Bernie's LLC, Music Matters, LLC, Thyme Cafe & Market, Martin's BBQ, LLC as to Jennie−O Turkey Store, Inc. on 2/3/2022, answer due 2/24/2022. (Aldridge, Sarah) (Entered: 02/07/2022) |
| 02/07/2022 | 417 | *PUBLIC REDACTED VERSION OF CIIPPs' THIRD* AMENDED complaint by Sandee's Bakery, Liberty Holding Company, Maquoketa Care Center, Social Kitchen, Gnemi, LLC d/b/a Logan Farms, Bernie's LLC, Music Matters, LLC, Thyme Cafe & Market, Martin's BBQ, LLC against Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, LLC, Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc., The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. *[RE: Sealed Dkt. No. 378]* (Aldridge, Sarah) (Entered: 02/07/2022) |

| 02/07/2022 | 421 | MINUTE entry before the Honorable Virginia M. Kendall. Status hearing held on 2/7/2022 via Webex. The Court adopts Defendant's Proposed Discovery schedule as outlined in Status Report 412 . Fact discovery ordered closed on 9/1/2022. End of Fact Discovery Status hearing set for 9/7/2022 at 10:00 AM. Plaintiffs to serve initial class expert reports by 10/3/2022. Defendants to serve class expert reports by 12/2/2022. Plaintiffs to serve rebuttal reports by 1/3/2023. Class expert discovery to be completed by 3/16/2023. Class certification and Plaintiffs' Daubert motions due 3/6/2023. Responses and Defendants' Daubert motions due 6/30/2023. Plaintiffs' replies and responses to Defendants' Daubert motions due 8/28/2023. Defendants' replies in support of their Daubert motions due 9/25/2023. Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc. and Prestage Foods, Inc.'s Motion for extension of time to respond 411 to Direct Purchaser Plaintiffs' Second Amended Class Action Complaint 380 is granted. Deadlines as set forth in Order 389 apply. Mailed notice (lk, ) (Entered: 02/08/2022) |
|---|---|---|
| 02/07/2022 | 431 | MINUTE entry (Corrected) before the Honorable Virginia M. Kendall. Status hearing held on 2/7/2022 via Webex. The Court adopts Defendant's Proposed Discovery schedule as outlined in Status Report 412 . Fact discovery ordered closed on 9/1/2022. End of Fact Discovery Status hearing set for 9/7/2022 at 10:00 AM. Plaintiffs to serve initial class expert reports by 10/3/2022. Defendants to serve class expert reports by 12/2/2022. Plaintiffs to serve rebuttal reports by 1/3/2023. Class expert discovery to be completed by 3/16/2023. Class certification and Plaintiffs' Daubert motions due 3/6/2023. Responses and Defendants' Daubert motions due 6/30/2023. Plaintiffs' replies and responses to Defendants' Daubert motions due 8/28/2023. Defendants' replies in support of their Daubert motions due 9/25/2023. Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc. and Prestage Foods, Inc.'s Motion for extension of time to respond 411 to Direct Purchaser Plaintiffs' Second Amended Class Action Complaint 380 and Commercial and Institutional Indirect Purchaser Plaintiff's Third Amended Class Action Complaint 378 is granted. Deadlines as set forth in Order 389 apply. Mailed notice (lk, ) (Entered: 02/09/2022) |
| 02/08/2022 | 418 | ATTORNEY Appearance for Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. by Daniel Patrick Johnston *Re: William S. Cherry* (Johnston, Daniel) (Entered: 02/08/2022) |
| 02/08/2022 | 419 | ATTORNEY Appearance for Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. by Daniel Patrick Johnston *Re: Michael T. Medford* (Johnston, Daniel) (Entered: 02/08/2022) |
| 02/08/2022 | 420 | ATTORNEY Appearance for Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. by Daniel Patrick Johnston *Re: Jonathan G. Wilson* (Johnston, Daniel) (Entered: 02/08/2022) |
| 02/08/2022 | 422 | MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market For an Award of Costs, Ongoing Litigation Expenses and Representative Service Awards from the Tyson Settlement Fund (Aldridge, Sarah) (Entered: 02/08/2022) |
| 02/08/2022 | 423 | NOTICE of Motion by Sarah Sterling Aldridge for presentment of motion for miscellaneous relief, 422 before Honorable Virginia M. Kendall on 2/22/2022 at 01:00 PM. (Aldridge, Sarah) (Entered: 02/08/2022) |
| 02/08/2022 | 424 | MEMORANDUM by Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market in support of motion for miscellaneous relief, 422 *For an Award of Costs, Ongoing Litigation Expenses and Representative Service Awards from the Tyson Settlement Fund* (Aldridge, Sarah) (Entered: 02/08/2022) |
| 02/08/2022 | 425 | DECLARATION regarding motion for miscellaneous relief, 422 *in Support of Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for an Award of Costs, Ongoing Litigation Expenses and Representative Service Awards from the Tyson Settlement Fund* (Attachments: # 1 Exhibit A − Litigation Fund Costs, # 2 Exhibit B − Firm Costs)(Aldridge, Sarah) (Entered: 02/08/2022) |

| 02/08/2022 | [426](#) | MOTION by Plaintiffs Gnemi, LLC d/b/a Logan Farms, Sandee's Bakery for Final Approval of Settlement with Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., and The Hillshire Brands Company (Finley, Alec) (Entered: 02/08/2022) |
|---|---|---|
| 02/08/2022 | [427](#) | NOTICE of Motion by Alec Blaine Finley, Jr for presentment of motion for miscellaneous relief [426](#) before Honorable Virginia M. Kendall on 2/22/2022 at 01:00 PM. (Finley, Alec) (Entered: 02/08/2022) |
| 02/08/2022 | [428](#) | MEMORANDUM by Gnemi, LLC d/b/a Logan Farms, Sandee's Bakery in support of motion for miscellaneous relief [426](#) *for Final Approval of Their Settlement with Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., and The Hillshire Brands Company* (Finley, Alec) (Entered: 02/08/2022) |
| 02/08/2022 | [429](#) | DECLARATION of Alec Blaine Finley, Jr. regarding memorandum in support of motion, [428](#) *for Final Approval of Their Settlement with Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., and The Hillshire Brands Company* (Finley, Alec) (Entered: 02/08/2022) |
| 02/08/2022 | [430](#) | DECLARATION of Cameron R. Azari regarding memorandum in support of motion, [428](#) *for Final Approval of Their Settlement with Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., and The Hillshire Brands Company* (Finley, Alec) (Entered: 02/08/2022) |
| 02/09/2022 | [432](#) | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−19138868. (Gallup, Robert) (Entered: 02/09/2022) |
| 02/10/2022 | [433](#) | ORDER and Final Judgment Granting Commercial and Institution Indirect Purchaser Plaintiff's Motion for Approval of Their Settlement with Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., and The Hillshire Brands Company [426](#) signed by the Honorable Virginia M. Kendall on 2/10/2022. Mailed notice(lk, ) (Additional attachment(s) added on 2/22/2022: # [1](#) Exhibit A) (lk, ). (Entered: 02/10/2022) |
| 02/10/2022 | [434](#) | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Robert Gallup's Motion to appear pro hac vice [432](#) is granted. Mailed notice (lk, ) (Entered: 02/10/2022) |
| 02/14/2022 | [435](#) | MINUTE entry before the Honorable Gabriel A. Fuentes: On the pending motions (doc. # [275](#) ) relating to the so−called "pre−client" investigative materials possessed by third−party On Point Investigations, LLC ("On Point"), plaintiffs are directed to file a status report by no later than noon on 2/18/22 with a proposal for *in camera* production by plaintiff and/or On Point, to the Court for its review, of the subpoenaed materials being withheld on work product grounds and responsive to Request Nos. 1, 3, 4, 5, and 9 of the On−Point subpoena (doc. # [275](#) −1). The Court is considering an *in camera* review to facilitate decision of the pending motion to quash and cross−motion to compel (doc. # [275](#) ). Plaintiffs' status report should discuss the general nature and volume of the materials and the time needed to gather and produce them to the Court. The proposal should not disclose the content of the materials and is not a vehicle for objections to the breadth or construction of specific document requests in the subpoena, as the Court already has narrowed the scope of subpoenaed materials it is considering reviewing, if the Court deems such a review necessary. Mailed notice. (jj, ) (Entered: 02/14/2022) |
| 02/15/2022 | [436](#) | MOTION by Plaintiffs Gnemi, LLC d/b/a Logan Farms, Sandee's Bakery to withdraw *attorney Yifei Li as counsel for Commercial and Institutional Indirect Purchaser Plaintiffs* (Finley, Alec) (Entered: 02/15/2022) |
| 02/16/2022 | [437](#) | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Yifei Li's Motion to withdraw [436](#) is granted. Mailed notice (lk, ) (Entered: 02/16/2022) |
| 02/17/2022 | [438](#) | MINUTE entry before the Honorable Virginia M. Kendall. Motion hearing set for 2/22/2022 at 1:00 PM stands and will proceed via Webex. Webex instructions are as follows: Prior to the hearing, you are directed to cut and paste this hyper link into a browser: https://us−courts.webex.com/join/virginia_kendallilnd.uscourts.gov. If you do not have access to a computer Dial: (650)−479−3207, the access code is: 180 698 4009. Given the increased volume of users that is anticipated, you are directed to mute your phone and turn off your video until your case is called. If calling in due to not |

| | | |
|---|---|---|
| | | having access to a computer, please remember to SAY YOUR NAME EACH TIME YOU SPEAK so that the record of the proceedings is accurate. You are directed not to use the speaker phone function. Please test the sound quality and video functions of your device in advance. Members of the public and media are directed to call in to listen to hearings. Members of the public and media are also directed to mute phones/devices. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Participant instructions for Webex are attached.Mailed notice (Attachments: # 1 Webex Participant Instructions) (lk, ) (Entered: 02/17/2022) |
| 02/18/2022 | 439 | STATUS Report *(Direct Purchaser Plaintiffs' Status Report Regarding In Camera Production of Subpoenaed Materials)* by John Gross and Company, Inc., Maplevale Farms, Inc. (Scarlett, Shana) (Entered: 02/18/2022) |
| 02/18/2022 | 440 | STIPULATION *Regarding Discovery between Plaintiffs and Defendants Prestage* (Morbey, Simeon) (Entered: 02/18/2022) |
| 02/18/2022 | 441 | MINUTE entry before the Honorable Gabriel A. Fuentes: The Court has reviewed the status report by plaintiffs on the proposed details of in camera review (doc. #439). The Court orders plaintiffs to supply these materials (as referenced in the report, as in 96 pages) to the Court for in camera review (in connection with the Court's consideration of the motions involving investigative materials (doc. #275)) by supplying them to the courtroom deputy, Jenny Jauregui, by email (available on the Court's website) at plaintiffs' earliest convenience and no later than noon on 2/23/22. Mailed notice (sxw) (Entered: 02/18/2022) |
| 02/18/2022 | 442 | TRANSCRIPT OF PROCEEDINGS held on 02/07/2022 before the Honorable Virginia M. Kendall. Status Hearing (Via Videoconference). Order Number: 42628. Court Reporter Contact Information: Gayle A. McGuigan, CSR, RMR, CRR, (312) 435−6047, Gayle_McGuigan@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/11/2022. Redacted Transcript Deadline set for 3/21/2022. Release of Transcript Restriction set for 5/19/2022. (McGuigan, Gale) (Entered: 02/18/2022) |
| 02/22/2022 | 443 | STIPULATION *Regarding Discovery between Plaintiffs and Defendant Jennie−O Turkey Store, Inc.* (Morbey, Simeon) (Entered: 02/22/2022) |
| 02/22/2022 | 444 | ATTORNEY Appearance for Plaintiffs Bernie's LLC, Social Kitchen by David M Cialkowski (Cialkowski, David) (Entered: 02/22/2022) |
| 02/22/2022 | 447 | MINUTE entry before the Honorable Virginia M. Kendall. Motion hearing held on 2/22/2022 via Webex. Plaintiffs' Motion for an Award of Costs, Ongoing Litigation Expenses and Representative Service Awards from the Tyson Settlement Fund 422 is taken under advisement. Mailed notice (lk, ) (Entered: 02/23/2022) |
| 02/23/2022 | 445 | MINUTE entry before the Honorable Gabriel A. Fuentes: In connection with the magistrate judge's consideration of the pending motions to quash the On Point and Henterly subpoenas and the cross−motion to compel production of so−called "pre−client" investigative materials (doc. # 275 ), the Court kindly directs plaintiffs to provide to the courtroom deputy, by email, a copy of plaintiffs' Rule 26(a)(1) disclosure(s) (or other documents in which plaintiffs identified CWs 1, 2, and 3 to defendants and confirmed to them that these persons were identified in the disclosures) referenced in the Pierce declarations attached to the motions to quash at plaintiffs' earliest convenience. Plaintiffs shall copy opposing counsel on the transmittal but are directed not to file the disclosures on the docket. If the Court relies on the disclosures, it will include all necessary information in the publicly filed or will attach |

| | | |
|---|---|---|
| | | the disclosures as an appendix as necessary to comply with Seventh Circuit law. See Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545−46 (7th Cir. 2002) (stating that filed discovery documents "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long−term confidentiality"). Mailed notice. (jj, ) (Entered: 02/23/2022) |
| 02/23/2022 | 446 | MINUTE entry before the Honorable Gabriel A. Fuentes: The Court has reviewed the parties' discovery stipulation and proposed order concerning written discovery from defendant Jennie−O Turkey Store (doc. # 443 ) and hereby orders that the provisions and deadlines in the stipulation are adopted by the Court and are binding on the parties. Mailed notice. (jj, ) (Entered: 02/23/2022) |
| 02/23/2022 | | (Court only) ***Motions terminated: MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc.for Final Approval of Settlement with Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., and The Hillshire Brands Company 348 (lk, ) (Entered: 02/23/2022) |
| 02/24/2022 | 448 | ORDER Granting Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Award of Costs, Ongoing Litigation Expenses, and Incentive Service Awards from the Tyson Settlement signed by the Honorable Virginia M. Kendall on 2/24/2022. Mailed notice(lk, ) (Entered: 02/24/2022) |
| 02/24/2022 | | (Court only) ***Motions terminated: MOTION to compel, MOTION to compel 275 ; filed as a Motion, it is a Memorandum. (lk, ) (Entered: 02/24/2022) |
| 02/24/2022 | | (Court only) ***Reopen Document MOTION to compel 275 (lk, ) (Entered: 02/24/2022) |
| 02/24/2022 | 449 | MINUTE entry before the Honorable Gabriel A. Fuentes: The Court thanks plaintiffs for their having promptly supplied the Court with copies of certain requested *in camera* and disclosure material. Plaintiff supplied them electronically, with the *in camera* material being encrypted. The encryption creates significant access problems for the Court. Plaintiffs are kindly requested, at their earliest convenience, to either (1) resend the *in camera* materials to the courtroom deputy by unencrypted email, or (2) have a hard copy set of those materials delivered to the Court at Room 1828, 219 S. Dearborn St., Chicago, IL 60604. The Court has the proposed deposition protocol under consideration and would like to resolve it upon resolving the pending motions to quash and cross−motion to compel (doc. # 275 ), which are under active consideration. Mailed notice. (jj, ) (Entered: 02/24/2022) |
| 02/28/2022 | 450 | MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market for leave to file *under seal* (Aldridge, Sarah) (Entered: 02/28/2022) |
| 02/28/2022 | 451 | *Notice of Motion for Leave to File Under Seal* NOTICE of Motion by Sarah Sterling Aldridge for presentment of (Aldridge, Sarah) (Entered: 02/28/2022) |
| 02/28/2022 | 452 | MOTION by Defendant Butterball LLC to compel − *Defendants' Motion to Compel Responses to their Phone Records Interrogatory* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Text of Proposed Order)(Rosenthal, Marc) (Entered: 02/28/2022) |
| 02/28/2022 | 453 | *Notice of Defendants' Motion to Compel Responses to their Phone Records Interrogatory* − NOTICE of Motion by Marc Eric Rosenthal for presentment of (Rosenthal, Marc) (Entered: 02/28/2022) |
| 02/28/2022 | 454 | MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market to compel *Custodian and Search Methodology* (Aldridge, Sarah) (Entered: 02/28/2022) |
| 02/28/2022 | 455 | *Notice of Motion to Compel Custodian and Search Methodology* NOTICE of Motion by Sarah Sterling Aldridge for presentment of (Aldridge, Sarah) (Entered: 02/28/2022) |
| 02/28/2022 | 456 | MOTION by Defendant Butterball LLC to compel − *Defendants' Motion to Compel Written Discovery Responses* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # |

| | | |
|---|---|---|
| | | <u>10</u> Exhibit 10, # <u>11</u> Text of Proposed Order)(Rosenthal, Marc) (Entered: 02/28/2022) |
| 02/28/2022 | <u>457</u> | *Notice of Defendants' Motion to Compel Written Discovery Responses* − NOTICE of Motion by Marc Eric Rosenthal for presentment of (Rosenthal, Marc) (Entered: 02/28/2022) |
| 02/28/2022 | <u>458</u> | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to compel *PUBLIC REDACTED* (Attachments: # <u>1</u> Declaration Declaration of Simeon A. Morbey, # <u>2</u> Exhibit Ex. A, # <u>3</u> Exhibit Ex. B, # <u>4</u> Exhibit Ex. C (filed under seal), # <u>5</u> Exhibit Ex. D, # <u>6</u> Exhibit Ex. E (filed under seal))(Morbey, Simeon) (Entered: 02/28/2022) |
| 02/28/2022 | <u>459</u> | SEALED DOCUMENT by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market *Memorandum in Support of CIIPPs' and DPPs' Motion to Compel <u>454</u>* (Aldridge, Sarah) (Entered: 02/28/2022) |
| 02/28/2022 | <u>460</u> | *Class Plaintiffs'* NOTICE of Motion by Simeon Andrew Morbey for presentment of (Morbey, Simeon) (Entered: 02/28/2022) |
| 02/28/2022 | <u>461</u> | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. for leave to file *Document Under Seal* (Morbey, Simeon) (Entered: 02/28/2022) |
| 02/28/2022 | <u>462</u> | NOTICE of Motion by Simeon Andrew Morbey for presentment of (Morbey, Simeon) (Entered: 02/28/2022) |
| 02/28/2022 | <u>463</u> | Meet and Confer Statement by John Gross and Company, Inc., Maplevale Farms, Inc. (Morbey, Simeon) (Entered: 02/28/2022) |
| 02/28/2022 | <u>464</u> | SEALED MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. (Attachments: # <u>1</u> Exhibit SEALED Ex. C, # <u>2</u> Exhibit SEALED Ex. E)(Morbey, Simeon) (Entered: 02/28/2022) |
| 02/28/2022 | <u>465</u> | SEALED DOCUMENT by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market *Declaration of Sarah Sterling Aldridge in Support of CIIPPs' and DPPs' Motion to Compel Custodian and Search Methodology* (Attachments: # <u>1</u> Exhibit 1 − 3/12/21 Email Chain between S. Morbey and G. Wrobel, # <u>2</u> Exhibit 2 − 11/17/21 Letter from S. Morbey to G. Wrobel, # <u>3</u> Exhibit 3 − 3/30/21 Email from G. Wrobel to S. Morbey, # <u>4</u> Exhibit 4 − 12/31/21 Email Chain between S. Morbey and G. Wrobel, # <u>5</u> Exhibit 5 − 2/28/22 Email Chain between S. Aldridge and G. Wrobel, # <u>6</u> Exhibit 6 − HRF−Turkey_0000154502 (Under Seal), # <u>7</u> Exhibit 7 − HRF−Turkey_0000003651 (Under Seal), # <u>8</u> Exhibit 8 − HRF−Turkey_0000002288 (Under Seal), # <u>9</u> Exhibit 9 − HRF−Turkey_0000004008 (Under Seal), # <u>10</u> Exhibit 10 − HRF−Turkey_0000005399 (Under Seal), # <u>11</u> Exhibit 11 − HRF−Turkey_0000003555 (Under Seal), # <u>12</u> Exhibit 12 − HRF−Turkey_0000140906 (Under Seal), # <u>13</u> Exhibit 13 − HRF−Turkey_000014850 (Under Seal), # <u>14</u> Exhibit 14 − BB001703451 (Under Seal), # <u>15</u> Exhibit 15 − BB001702912 (Under Seal), # <u>16</u> Exhibit 16 − BB001702605 (Under Seal), # <u>17</u> Exhibit 17 − BB001701533 (Under Seal), # <u>18</u> Exhibit 18 − BB001695494 (Under Seal), # <u>19</u> Exhibit 19 − BB001697297 (Under Seal), # <u>20</u> Exhibit 20 − BB001703695 (Under Seal), # <u>21</u> Exhibit 21 − BB001689703 (Under Seal), # <u>22</u> Exhibit 22 − BB01701163 (Under Seal), # <u>23</u> Exhibit 23 − BB001701105 (Under Seal), # <u>24</u> Exhibit 24 − BB001703109 (Under Seal), # <u>25</u> Exhibit 25 − BB001691327 (Under Seal), # <u>26</u> Exhibit 26 − House of Raeford's Responses and Objections to Ps' Amended 1st Set of Requests for Production, Amended Request Prod. No. 4, # <u>27</u> Exhibit 27 − Ps' Proposed Search Terms to House of Raeford)(Aldridge, Sarah) (Entered: 02/28/2022) |
| 02/28/2022 | <u>466</u> | Meet and Confer STATEMENT by Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market (Aldridge, Sarah) (Entered: 02/28/2022) |

| 02/28/2022 | 467 | MINUTE entry before the Honorable Gabriel A. Fuentes: The motions by various plaintiffs (doc. #'s 450 , 461 ) to file under seal portions of their pending discovery−related motions are denied without prejudice. The motions recite compliance with Local Rule 26.2 but do not address applicable Seventh Circuit case law limiting the type of discovery material that may be filed under seal when submitted to a court as a basis for decision. See Bond v. Utreras, 585 F.3d 1061, 1073 (7th Cir. 2009) (noting that public "has a presumptive right to access discovery materials that are filed with the court"); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545−46 (7th Cir. 2002) (stating that filed discovery documents "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long−term confidentiality... In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney−client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of sexual assault) is entitled to be kept secret"); Union Oil Co. of Cal. v. Leavell, 220 F.3d 562, 567−68 (7th Cir. 2000) ("Many a litigant would prefer that the subject matter of a case... be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."); Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945−46 (7th Cir. 1999) (warning courts not to allow parties "to seal whatever they want" and urging them to apply "a neutral balancing of the relevant interests" in connection with any good−cause determination presented by a motion to seal). Moreover, the Protective Order itself explicitly states that nothing in the order itself authorizes the filing of discovery material under seal; therefore, stating that material may be sealed simply because a party, ipse dixit, has said that the material should be sealed because it is designated at some level of confidentiality under the order is not sufficient to justify sealing. See Protective Order (doc.# 201 ) 9. Before ordering any redacted, sealed material from these motions to be unsealed, the Court allows time for the movants or other parties to file amended motions to seal certifying that the requested sealing complies with the foregoing law, and if movants wish to reduce the amount of material they wish to seal, of course they may do so. Mailed notice. (jj, ) (Entered: 02/28/2022) |
| 02/28/2022 | 468 | MINUTE entry before the Honorable Gabriel A. Fuentes: As to the motions by defendant Butterball to compel (doc. #'s 452 , 456 ), plaintiffs Bernie's, et al., to compel (doc. # 454 ), and plaintiffs' John Gross and Maplevale to compel defendant Hormel (doc. #'s 458 , 464 ), respondents to these motions may file written responses by 5:00 p.m. (Central Time) on 3/7/22. The Court will be unavailable for hearings during the week of 3/7/22 and thus appreciates the short−turnaround for the parties. No replies are ordered or permitted at this time. Further, although the Court plans to decide these motions without oral argument, the Court will set the matter for a video oral argument if the movants and respondents will permit junior attorneys to present argument under senior attorney supervision. The parties should jointly notify the Court by 5:00 p.m. on 3/8/22, of whether or not they mutually wish junior attorneys to argue, by filing a notice on the docket, and the Court then would schedule a video oral argument hearing during the week of 3/14/22. Finally, the parties are kindly requested to submit their Local Rule 37.2 "meet−and−confer" certifications, in the future, as attachments to their motion papers, and not as separate docket entries. The motions relating to On Point and Henterly (doc. # 275 ) remain under consideration. Mailed notice. (jj, ) (Entered: 02/28/2022) |
| 03/02/2022 | 469 | STIPULATION regarding order,,,,, 389 *Stipulation Concerning Motions to Dismiss Page Limits* (Scarlett, Shana) (Entered: 03/02/2022) |
| 03/07/2022 | 470 | NOTICE by Butterball LLC re MOTION by Defendant Butterball LLC to compel − *Defendants' Motion to Compel Responses to their Phone Records Interrogatory* 452 − *Notice of Record Supplementation in Support of Defendants' Motion to Compel Responses to their Phone Records Interrogatory (Dkt. No. 452)* (Kass, Colin) (Entered: 03/07/2022) |
| 03/07/2022 | 471 | MINUTE entry before the Honorable Gabriel A. Fuentes: The Court has noted that with today being the due date, by 5 p.m., for plaintiffs' response to defendant Butterball's motion to compel (doc. # 452 ), Butterball has filed a document styled as a "notice of additional authority" (doc. # 470 ) containing additional argument along with what Butterball describes as "new factual information," although the Court had difficulty finding the new information as opposed to the additional argument. If a reply is needed, the Court will order one, or any movant may request leave to file one if it |

| | | |
|---|---|---|
| | | has not been ordered. But filing supplemental briefs in support on the due date of opposing counsel's response is disfavored. The notice of supplemental authority will not be stricken, but the due date of plaintiffs' response to Butterball's motion is extended to 5 p.m. on 3/10/22. Mailed notice (cn). (Entered: 03/07/2022) |
| 03/07/2022 | 472 | RESPONSE by Hormel Foods Corporation in Opposition to MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to compel *PUBLIC REDACTED 458 Hormel to Produce Responsive Text Message Content* (Attachments: # 1 Declaration of Isaac B. Hall's Declaration in Support of Hormel Foods Corporation's Response in Opposition to Class Plaintiffs' Motion to Compel Hormel to Produce Responsive Text Message Content)(Chow, Emily) (Entered: 03/07/2022) |
| 03/07/2022 | 473 | MOTION by Defendant Hormel Foods Corporation to seal *Exhibit E to the Declaration of Isaac B. Hall Filed in Support of Hormel Foods Corporation's Response in Opposition to Class Plaintiffs' Motion to Compel Hormel to Produce Responsive Text Message Content* (Chow, Emily) (Entered: 03/07/2022) |
| 03/07/2022 | 474 | SEALED EXHIBIT by Defendant Hormel Foods Corporation regarding response in opposition to motion, 472 , MOTION by Defendant Hormel Foods Corporation to seal *Exhibit E to the Declaration of Isaac B. Hall Filed in Support of Hormel Foods Corporation's Response in Opposition to Class Plaintiffs' Motion to Compel Hormel to Produce Responsive Tex 473 (Chow, Emily) (Entered: 03/07/2022)* |
| 03/07/2022 | 475 | RESPONSE by House of Raeford Farms, Inc. in Opposition to MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market to compel *Custodian and Searc 454 (Attachments: # 1 Declaration for House of Raeford Farms, Inc., # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9)(Wrobel, Gregory) (Entered: 03/07/2022)* |
| 03/07/2022 | 476 | MEMORANDUM by John Gross and Company, Inc., Maplevale Farms, Inc. in Opposition to motion to compel, 456 *Plaintiffs' Opposition to Defendants' Motion to Compel Written Discovery Responses* (Scarlett, Shana) (Entered: 03/07/2022) |
| 03/08/2022 | 477 | MINUTE entry before the Honorable Gabriel A. Fuentes: Defendant Hormel Foods's motion to seal its employee mobile device policy (doc. # 473 ) is granted. The Court concluded that the business secret information contained in the mobile device policy barely cleared the hurdle of constituting confidential business information subject to seal. The Court was not persuaded that another court in another district sealed the document, the Court not having been informed about what Hormel or other parties told that other court about the grounds for sealing. The Court also noted that the District of Maryland decision cited by Hormel appeared to refer to sealing an entire employee handbook, as opposed to merely a mobile device policy. Nonetheless, on review of the sealed document, the Court determined that it represented significant enough of an investment of business resources and acumen to warrant being filed under seal. Mailed notice (cn). (Entered: 03/08/2022) |
| 03/08/2022 | 478 | ORDER Adopting Stipulation Concerning Motions to Dismiss Page Limits signed by the Honorable Virginia M. Kendall on 3/8/2022. Mailed notice(lk, ) (Entered: 03/08/2022) |
| 03/08/2022 | 479 | MOTION by Defendant Hormel Foods Corporation to seal document SEALED MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. 464 *Hormel Foods Corporation's Motion to Seal Exhibit C and E to the Declaration of Simeon A. Morbey in Support of Class Plaintiffs' Motion to Compel Hormel to Produce Responsive Text Message Content* (Chow, Emily) (Entered: 03/08/2022) |
| 03/08/2022 | 480 | Notice Regarding Oral Argument on Pending Discovery Motions by Cargill Meat Solutions Corporation, Cargill, Inc. (Miller, Britt) (Entered: 03/08/2022) |
| 03/09/2022 | 481 | MINUTE entry before the Honorable Gabriel A. Fuentes: Defendant Hormel Foods's motion (doc. # 479 ) to seal Exhibits C and E to the Declaration of Simeon A. Morbey in Support of Class Plaintiffs' Motion to Compel Hormel (doc. #s 464−1 and 464−2) is partially granted and partially denied. Exhibit E and Exhibit C interrogatory response Nos. 1 (which contains personal identifying information of individuals), and 6 and 10 (both of which contain business information that is competitively sensitive enough to |

| | | |
|---|---|---|
| | | warrant sealing) are ordered sealed. Plaintiffs are ordered to file publicly a version of Exhibit C with the redaction of response Nos. 1, 6 and 10 by 5 p.m. on 3/16/22. Mailed notice (cn). (Entered: 03/09/2022) |
| 03/10/2022 | 482 | MOTION by Defendant House of Raeford Farms, Inc. to seal exhibits 6, 8, 10 and 11 to the declaration of Sterling Aldridge in support of class plaintiffs' motion to compel custodian and search methodology (Wrobel, Gregory) (Entered: 03/10/2022) |
| 03/10/2022 | 483 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−19236202. (Fishbein, Gregg) (Entered: 03/10/2022) |
| 03/10/2022 | 484 | MEMORANDUM by John Gross and Company, Inc., Maplevale Farms, Inc. in Opposition to motion to compel 452 *responses to their phone records interrogatory* (Attachments: # 1 Declaration of Simeon A. Morbey in Support of Class Plaintiffs' Opposition to Defendants' Motion to Compel Responses to Their Phone Records Interrogatory, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D (with redactions), # 6 Exhibit E (with redactions), # 7 Exhibit F)(Morbey, Simeon) (Entered: 03/10/2022) |
| 03/10/2022 | 485 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to seal *Exhibits D and E to the Declaration of Simeon A. Morbey in Support of Plaintiffs' Opposition to Defendants' Motion to Compel Responses to Their Phone Records Interrogatory* (Morbey, Simeon) (Entered: 03/10/2022) |
| 03/10/2022 | 486 | SEALED DOCUMENT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. *Ex. D to the Declaration of Simeon A. Morbey in Support of Plaintiffs' Opposition to Defendants' Motion to Compel Responses to Their Phone Records Interrogatory* (Attachments: # 1 Exhibit Ex. E to the Declaration of Simeon A. Morbey in Support of Plaintiffs' Opposition to Defendants' Motion to Compel Responses to Their Phone Records Interrogatory)(Morbey, Simeon) (Entered: 03/10/2022) |
| 03/10/2022 | 487 | RESPONSE by Cargill Meat Solutions Corporation, Cargill, Inc.in Support of MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to seal *Exhibits D and E to the Declaration of Simeon A. Morbey in Support of Plaintiffs' Opposition to Defendants' Motion to Compel Responses to Their Phone Records 485 (Miller, Britt) (Entered: 03/10/2022)* |
| 03/11/2022 | 488 | MINUTE entry before the Honorable Gabriel A. Fuentes: The motion (doc. # 485 ) by Plaintiffs John Gross and Maplevale to seal exhibits D and E to the Morbey Declaration in support of Plaintiffs' opposition (doc. # 484 ) to Defendants' motion to compel responses to their phone records interrogatory is granted, as the proposed sealing of documents containing telephone numbers of various persons is appropriate to protect individual privacy interests, and leave is granted to permit Plaintiffs to have filed redacted versions of Exhibits D and E. The motion (doc. # 482 ) by Defendant House of Raeford Farms to seal Exhibits 6, 8, 10 and 11 to the Aldridge Declaration in support of Plaintiffs' motion to compel custodian and search methodology (doc. # 465 ) is denied without prejudice because it fails to specify which portions of those exhibits are contended by HRF to contain trade secret or competitively sensitive information. In any event, the Court previously denied (doc. # 467 ) Plaintiffs Bernies' LLC, et. al's motion to seal its entire memorandum of law and the entire Aldridge declaration under seal, but those documents have remained under seal pending the parties' resolution of what may and may not be sealed. The Court appreciates HRF's effort to seal only a portion of Exhibits 6, 8, 10, and 11 (and presumably not the entire Bernie's memorandum in support of its motion), but to obtain such relief, HRF needs to file a motion that makes clear which portions of those documents are so business−sensitive that they must be redacted. HRF may do so by 5 p.m. on 3/18/22. Meanwhile, the Bernie's memorandum (doc. # 459 ) and the Aldridge declaration (doc. # 465 ) will remain under seal. Mailed notice (cn). (Entered: 03/11/2022) |
| 03/11/2022 | 489 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Gregg Fishbein's Motion to appear pro hac vice 483 is granted. Mailed notice (lk, ) (Entered: 03/11/2022) |
| 03/16/2022 | 490 | CERTIFICATE of Service *Proof of Service* by Sara Romina Strom on behalf of The Kroger Co. (Strom, Sara) (Entered: 03/16/2022) |

| | | |
|---|---|---|
| 03/16/2022 | 491 | MOTION by Defendant The Kroger Co. to intervene *Intervenor Defendant, Motion for Leave to Intervene* (Strom, Sara) (Entered: 03/16/2022) |
| 03/16/2022 | 492 | MOTION by Defendant The Kroger Co. to quash *Subpoena and for Attorneys' Fees and Costs* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Strom, Sara) (Entered: 03/16/2022) |
| 03/16/2022 | 493 | MINUTE entry before the Honorable Gabriel A. Fuentes: The two motions to quash by Hagens Berman, Lockridge Grindal, On Point and Henterly (docs. # 275 , # 275 −8 in 19 C 8318, doc. #1 in 21 C 3551, and doc. #1 in 21 C 3763), the On Point and Henterly subpoenas (see doc. # 275 −8) are quashed, and Defendants' cross−motion to compel compliance with those subpoenas (docs. # 275 , # 275 −1 in 19 C 8318) is denied, all for the reasons set forth in the accompanying Memorandum Opinion and Order. Enter Memorandum Opinion and Order. Mailed notice (lp, ) (Entered: 03/16/2022) |
| 03/16/2022 | 494 | MEMORANDUM Opinion and Order. Signed by the Honorable Gabriel A. Fuentes on 3/16/2022: Mailed notice (lp, ) (Entered: 03/16/2022) |
| 03/16/2022 | 495 | MINUTE entry before the Honorable Gabriel A. Fuentes: The parties' joint motion for entry of (1) Stipulation and Proposed Order Concerning the Expert Discovery and (2) Stipulation and Proposed Order Concerning Depositions and Position Statements of the Parties Concerning Areas of Dispute (D.E. 307) is granted. Enter Agreed Deposition Protocol Order. Mailed notice (lp, ) (Entered: 03/16/2022) |
| 03/16/2022 | 496 | AGREED DEPOSITION PROTOCOL ORDER. Signed by the Honorable Gabriel A. Fuentes on 3/16/2022: Mailed notice (lp, ) (Entered: 03/16/2022) |
| 03/16/2022 | 497 | NOTICE by John Gross and Company, Inc., Maplevale Farms, Inc. *of Filing of Redacted Version of Exhibit C to the Declaration of Simeon A. Morbey in Support of Class Plaintiff's Motion to Compel Hormel to Produce Responsive Test Message Content (Dkt. # 458−4)* (Attachments: # 1 Exhibit Redacted Exhibit C)(Morbey, Simeon) (Entered: 03/16/2022) |
| 03/17/2022 | 498 | MOTION by Defendants Cargill Meat Solutions Corporation, Cargill, Inc. to dismiss *Plaintiffs' amended complaints − (Jointly Submitted).* (Miller, Britt) (Entered: 03/17/2022) |
| 03/17/2022 | 499 | NOTICE of Motion by Britt Marie Miller for presentment of (Miller, Britt) (Entered: 03/17/2022) |
| 03/17/2022 | 500 | MEMORANDUM by Cargill Meat Solutions Corporation, Cargill, Inc. in support of motion to dismiss 498 (Miller, Britt) (Entered: 03/17/2022) |
| 03/17/2022 | 501 | DECLARATION of Britt M. Miller regarding motion to dismiss 498 *(redacted)* (Attachments: # 1 Exhibit A (under seal), # 2 Exhibit B, # 3 Exhibit C (under seal), # 4 Exhibit D (under seal), # 5 Exhibit E (under seal), # 6 Exhibit F (under seal), # 7 Exhibit G (under seal), # 8 Exhibit H (under seal), # 9 Exhibit I (under seal), # 10 Exhibit J)(Miller, Britt) (Entered: 03/17/2022) |
| 03/17/2022 | 502 | SEALED DOCUMENT by Defendants Cargill Meat Solutions Corporation, Cargill, Inc. *Memorandum In Support of Defendants' Joint Motion to Dismiss* (Miller, Britt) (Entered: 03/17/2022) |
| 03/17/2022 | 503 | SEALED DOCUMENT by Defendants Cargill Meat Solutions Corporation, Cargill, Inc. *Declaration of Britt M. Miller* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Miller, Britt) (Entered: 03/17/2022) |
| 03/17/2022 | 504 | MOTION by Defendants Cargill Meat Solutions Corporation, Cargill, Inc. for leave to file *Exhibits and Portions of Memorandum In Support of Defendants' Joint Motion to Dismiss Under Seal* (Miller, Britt) (Entered: 03/17/2022) |
| 03/17/2022 | 505 | NOTICE of Motion by Britt Marie Miller for presentment of (Miller, Britt) (Entered: 03/17/2022) |
| 03/18/2022 | 506 | MOTION by Defendant House of Raeford Farms, Inc. to seal *Exhibits 6, 8, 10 and 11 to the Declaration of Sterling Aldridge in Support of Class Plaintiffs' Motion to Compel Custodian and Search Methodology (Amended Motion)* (Wrobel, Gregory) |

| | | (Entered: 03/18/2022) |
|---|---|---|
| 03/21/2022 | 507 | ORDER: Plaintiffs' motion to compel custodian and search methodology directed at defendant House of Raeford Farms ("HRF") (doc. # 454 ) is denied, Defendants' motion to compel responses to their phone records interrogatory (doc. # 452 ) is partially granted and partially denied as set forth in the accompanying order, defendants' motion to compel written (contention) discovery responses (doc. # 456 ) is denied without prejudice, and Plaintiffs' motion to compel disclosure of text message content from defendant Hormel Foods (doc. # 458 ) is entered and continued, all for the reasons stated in the accompanying order. Enter Order. Further, defendant HRF's amended motion (doc. # 506 ) to seal portions of certain exhibits 6, 8, 10, and 11 to the Aldridge declaration in support of plaintiffs' custodian and search methodology motion (doc. # 454 ) is granted, and defendant is given leave to file a public version of those exhibits with redactions as specified in HRF's motion to seal, as HRF has established that those portions of the exhibits are competitively sensitive enough to remain under seal. To the extent the full exhibits themselves were already filed under seal, they shall remain under seal. Plaintiffs further are ordered to file their memorandum in support of their motion to compel custodian and search methodology (doc. # 459 ) in full, unredacted form, as "HRF does not request that Class Plaintiffs' Motion to Compel, or the Memorandum and Declaration in Support, be redacted or filed under seal." Amended Motion to Seal (doc. # 506 ) at 1. Signed by the Honorable Gabriel A. Fuentes on 3/21/2022. Mailed notice (ags) (Entered: 03/21/2022) |
| 03/21/2022 | 508 | MINUTE entry before the Honorable Gabriel A. Fuentes: Motions by non−party Kroger to intervene (doc. # 491 ) and to quash subpoena (doc. # 492 ) are denied without prejudice for failure to comply with Local Rule 37.2. Kroger is encouraged to review the rule carefully, to meet and confer as required by the rule, and, to the extent a motion remains necessary, to include the required certification under the terms in the Rule. The Court also notes that to the extent Kroger's opposition is based on the production material not being subject to a protective order, the Court presumes that reasonable counsel can come to an agreement concerning protective order coverage. Mailed notice (ags) (Entered: 03/21/2022) |
| 03/21/2022 | 509 | MEMORANDUM *in Support of CIIPPs' Motion to Compel Custodian and Search Methodology [Dkt. No. 454]* (Aldridge, Sarah) (Entered: 03/21/2022) |
| 03/28/2022 | 510 | ORDER signed by the Honorable Virginia M. Kendall on 3/28/2022. Defendants' Joint Motion for Leave to File Exhibits and Portions of Memorandum in Support of Defendants' Joint Motion to Dismiss Under Seal 504 is granted. Exhibits A and C − I to the Declaration and portions of the Memorandum shall be Sealed.Mailed notice(lk, ) (Entered: 03/28/2022) |
| 03/29/2022 | 511 | MINUTE entry before the Honorable Gabriel A. Fuentes: The minute order dated 3/16/22 (doc. # 495 ) is memorialized to reflect that Court's ruling on the parties' joint motion (doc. # 307 ) is granted as to the remaining additional relief concerning discovery into work performed by "non−testifying consultants". In all other respects, the order remains unchanged. Mailed notice. (jj, ) (Entered: 03/29/2022) |
| 03/29/2022 | 512 | MINUTE entry before the Honorable Gabriel A. Fuentes: Minute order only entered and memorialized to reflect the Court's ruling on the remaining relief for motion to compel (doc. # 275 ) on 3/16/22 (doc. # 493 ), which is denied for the reasons set forth in the Court's Memorandum Opinion and Order dated 3/16/22 (doc. # 494 ). Mailed notice. (jj, ) (Entered: 03/29/2022) |
| 04/05/2022 | 513 | STATUS Report *[Jointly] among Direct Purchaser Plaintiffs, Commercial and Institutional Indirect Purchaser Plaintiffs and Hormel Foods Corporation filed* by John Gross and Company, Inc., Maplevale Farms, Inc. (Attachments: # 1 Exhibit A)(Morbey, Simeon) (Entered: 04/05/2022) |
| 04/05/2022 | 514 | MINUTE entry before the Honorable Gabriel A. Fuentes: On review of the parties' joint status report (doc. # 513 ) concerning a decision in the Pork litigation (pending in the District of Minnesota) relevant to plaintiff's pending motion to compel defendant Hormel to produce responsive text message content (doc. # 458 ), the Court grants the parties' reasonable request for time to meet and confer "to determine whether a decision by the Court on the pending motion [doc. #458] will be necessary in light of the Pork order." A further joint written status report on the plaintiff's pending motion is due by noon on 4/15/22. Mailed notice. (ecw, ) (Entered: 04/05/2022) |

| | | |
|---|---|---|
| 04/07/2022 | 515 | MINUTE entry before the Honorable Gabriel A. Fuentes: With the time having passed for Rule 72 objections to the magistrate judge's discovery rulings granting the motions to quash the On Point/Henterly subpoenas and denying defendants' motion to enforce those subpoenas (doc. #s 493, 494), the magistrate judge recommends that the district court terminate the miscellaneous actions in which the enforceability of those subpoenas was the sole matter at issue. See Olean v. Agri Stats, No. 21 C 3551, and Agri Stats v. Hagens Berman Sobol Shapiro, No. 21 C 3763. Plaintiffs' motion to compel defendant Hormel to produce responsive text message content (doc. #s 458, 464) is denied without prejudice, with leave to renew (with all briefing reinstated) on or about 4/15/22 depending on the parties' joint status report due on that date. Mailed notice (lp, ) (Entered: 04/07/2022) |
| 04/15/2022 | 516 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−19346446. (Thompson, T. Nute) (Entered: 04/15/2022) |
| 04/15/2022 | 517 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−19346697. (Jones, Lori) (Entered: 04/15/2022) |
| 04/15/2022 | 518 | STATUS Report *[Jointly] among Direct Purchaser Plaintiffs, Commercial and Institutional Indirect Purchaser Plaintiffs and Hormel Foods Corporation* by John Gross and Company, Inc., Maplevale Farms, Inc. (Morbey, Simeon) (Entered: 04/15/2022) |
| 04/18/2022 | 519 | ATTORNEY Appearance for Defendants Cargill Meat Solutions Corporation, Cargill, Inc. by Matthew David Provance (Provance, Matthew) (Entered: 04/18/2022) |
| 04/19/2022 | 520 | MINUTE entry before the Honorable Virginia M. Kendall. Attorneys Lori Jones and T. Nute Thompson's Motions Motion to appear pro hac vice 516 and 517 are granted. Mailed notice (lk, ) (Entered: 04/19/2022) |
| 04/19/2022 | 521 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−19356594. (Zhao, Xiaochuan) (Entered: 04/19/2022) |
| 04/20/2022 | 522 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−19360734. (Lamorte, Rachel) (Entered: 04/20/2022) |
| 04/25/2022 | 523 | MINUTE entry before the Honorable Virginia M. Kendall. Attorneys Xiaochuan Zhao and Rachel Lamorte's Motions to appear pro hac vice 521 and 522 are granted. Mailed notice (lk, ) (Entered: 04/25/2022) |
| 04/27/2022 | 524 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752−19382961. (Landers Hawthorne, Kelly) (Entered: 04/27/2022) |
| 05/02/2022 | 525 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Kelly Hawthorne Landers's Motion to appear pro hac vice 524 is granted. Mailed notice (lk, ) (Entered: 05/02/2022) |
| 05/02/2022 | 526 | MEMORANDUM by John Gross and Company, Inc., Maplevale Farms, Inc. in Opposition to motion to dismiss 498 *Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss [Public Version]* (Scarlett, Shana) (Entered: 05/02/2022) |
| 05/02/2022 | 527 | DECLARATION of Shana E. Scarlett regarding memorandum in opposition to motion 526 (Attachments: # 1 Exhibit A)(Scarlett, Shana) (Entered: 05/02/2022) |
| 05/02/2022 | 528 | SEALED DOCUMENT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. *Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss [Sealed Version]* (Scarlett, Shana) (Entered: 05/02/2022) |
| 05/02/2022 | 529 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to seal *Plaintiffs' Motion for Leave to File Their Opposition to Defendants' Joint Motion to Dismiss Under Seal* (Scarlett, Shana) (Entered: 05/02/2022) |
| 05/02/2022 | 530 | NOTICE of Motion by Shana Scarlett for presentment of (Scarlett, Shana) (Entered: 05/02/2022) |
| 05/04/2022 | 531 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire |

| | | |
|---|---|---|
| | | Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. to compel *Winn−Dixie Stores, Inc. and Bi−Lo Holdings, Inc. to Comply with Court−Ordered Discovery Obligations* (Attachments: # <u>1</u> Declaration of Jennifer A. L. Battle, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9)(Battle, Jennifer) (Entered: 05/04/2022) |
| 05/04/2022 | <u>532</u> | NOTICE of Motion by Jennifer A. L. Battle, I for presentment of (Battle, Jennifer) (Entered: 05/04/2022) |
| 05/04/2022 | <u>533</u> | MINUTE entry before the Honorable Gabriel A. Fuentes: Defendants' motion to compel (doc. # <u>531</u> ) is denied without prejudice for the reasons stated in the accompanying order. Enter Order. A status report on this motion is due and to be filed from the movants and respondents by no later than noon on 5/11/22 as stated in the order. Mailed notice. (jj, ) (Entered: 05/04/2022) |
| 05/04/2022 | <u>534</u> | ORDER. Signed by the Honorable Gabriel A. Fuentes on 5/4/2022. Mailed notice.(jj, ) (Entered: 05/04/2022) |
| 05/04/2022 | <u>535</u> | MINUTE entry before the Honorable Virginia M. Kendall. Plaintiffs' Motion for leave to file under seal <u>529</u> is granted. Mailed notice (lk, ) (Entered: 05/04/2022) |
| 05/11/2022 | <u>536</u> | STATUS Report *JOINT* by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. (Battle, Jennifer) (Entered: 05/11/2022) |
| 05/11/2022 | <u>537</u> | MINUTE entry before the Honorable Gabriel A. Fuentes: In light of the parties' joint status report (doc. # <u>536</u> ) indicating that Defendants will not be renewing their motion to compel, a status report detailing the Winn Dixie Plaintiffs' compliance with outstanding discovery is due and to be filed from the movants and respondents by no later than noon on 6/15/22. Mailed notice. (jj, ) (Entered: 05/11/2022) |
| 05/13/2022 | <u>538</u> | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−19461796. (Munkittrick, David) (Entered: 05/13/2022) |
| 05/18/2022 | <u>539</u> | MINUTE entry before the Honorable Virginia M. Kendall. Attorney David Munkittrick's Motion to appear pro hac vice <u>538</u> is granted. Mailed notice (lk, ) (Entered: 05/18/2022) |
| 05/19/2022 | <u>540</u> | ATTORNEY Appearance for Defendants Hormel Foods Corporation, Hormel Foods, LLC by Lance Lange (Lange, Lance) (Entered: 05/19/2022) |
| 05/20/2022 | <u>541</u> | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−19486059. (John, Yi) (Entered: 05/20/2022) |
| 05/24/2022 | <u>542</u> | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−19496441. (Samuels, Reut) (Entered: 05/24/2022) |
| 05/24/2022 | <u>543</u> | MINUTE entry before the Honorable Virginia M. Kendall. Attorneys John Yi and Reut Samuels's Motions to appear pro hac vice <u>541</u> and <u>542</u> are granted. Mailed notice (lk, ) (Entered: 05/24/2022) |
| 05/31/2022 | <u>544</u> | Notice of Joinder by Winn−Dixie Stores, Inc. (Ahern, Patrick) (Entered: 05/31/2022) |
| 06/01/2022 | <u>545</u> | Exhibit 1 to Notice of Joinder (Dkt. 544) by Winn−Dixie Stores, Inc. (Ahern, Patrick) (Entered: 06/01/2022) |
| 06/01/2022 | <u>546</u> | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−19521182. (Koger, Kristin) (Entered: 06/01/2022) |
| 06/01/2022 | <u>547</u> | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−19521198. (Rivers, Andrea) (Entered: 06/01/2022) |
| 06/01/2022 | <u>548</u> | SEALED REPLY by Cargill Meat Solutions Corporation, Cargill, Inc. to MOTION by Defendants Cargill Meat Solutions Corporation, Cargill, Inc. to dismiss *Plaintiffs' amended complaints − (Jointly Submitted).* <u>498</u> (Miller, Britt) (Entered: 06/01/2022) |

| | | |
|---|---|---|
| 06/01/2022 | 549 | REPLY by Cargill Meat Solutions Corporation, Cargill, Inc. to memorandum in opposition to motion 526 *(redacted)* (Miller, Britt) (Entered: 06/01/2022) |
| 06/01/2022 | 550 | MOTION by Defendants Cargill Meat Solutions Corporation, Cargill, Inc. to seal *the Reply in Support of Their Motion to Dismiss.* (Miller, Britt) (Entered: 06/01/2022) |
| 06/02/2022 | 551 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−19523517. (Vissichelli, Allison) (Entered: 06/02/2022) |
| 06/02/2022 | 552 | CORRECTED Pro Hac Vice motion by Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. for leave to appear as (Rivers, Andrea) Modified on 6/3/2022 (nsf, ). (Entered: 06/02/2022) |
| 06/02/2022 | 553 | CORRECTED Pro Hac Vice motion by Defendants The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. for leave to appear as (Rivers, Andrea) Modified on 6/3/2022 (nsf, ). (Entered: 06/02/2022) |
| 06/02/2022 | 554 | CORRECTED Pro Hac Vice motion by Defendants The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. for leave to appear as Modified on 6/3/2022 (nsf, ). (Entered: 06/02/2022) |
| 06/07/2022 | 555 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−19538607. (Kitze−Collins, Rachel) (Entered: 06/07/2022) |
| 06/07/2022 | 556 | MINUTE entry before the Honorable Virginia M. Kendall. Attorneys Allison Vissicelli and Andrea River's Motions and Corrected Motions for leave to appear pro hac vice 551 , 552 , 553 , and 554 are granted. Mailed notice (lk, ) (Entered: 06/07/2022) |
| 06/07/2022 | 557 | MINUTE entry before the Honorable Virginia M. Kendall. Defendants' Motion to seal 550 is granted. Mailed notice (lk, ) (Entered: 06/07/2022) |
| 06/07/2022 | 558 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Kristin Koger's Motion to appear pro hac vice 546 is granted. Mailed notice (lk, ) (Entered: 06/07/2022) |
| 06/08/2022 | 559 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Rachel Kitze−Collins'sMotion to appear pro hac vice 555 is granted. Mailed notice (lk, ) (Entered: 06/08/2022) |
| 06/09/2022 | 560 | MOTION by Attorney Madeline A. Greathouse to withdraw as attorney for The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc.. No party information provided (Lee, Kenina) (Entered: 06/09/2022) |
| 06/13/2022 | 561 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Madeline Greathouse'sMotion to withdraw as attorney 560 is granted. Mailed notice (lk, ) (Entered: 06/13/2022) |
| 06/13/2022 | 562 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−19557314. (Le, Christopher) (Entered: 06/13/2022) |
| 06/15/2022 | 563 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Christopher Le'sMotion to appear pro hac vice 562 is granted. Mailed notice (lk, ) (Entered: 06/15/2022) |
| 06/15/2022 | 564 | STATUS Report *JOINT* by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. (Battle, Jennifer) (Entered: 06/15/2022) |
| 06/21/2022 | 565 | STATUS Report *Updated* by Winn−Dixie Stores, Inc. (Ahern, Patrick) (Entered: 06/21/2022) |
| 06/30/2022 | 566 | MOTION by Attorney Theodore Bell to withdraw as attorney for Amory Investments LLC. No party information provided (Bell, Theodore) (Entered: 06/30/2022) |

| 06/30/2022 | 567 | MOTION by Attorney Theodore Bell to withdraw as attorney for Bi−Lo Holding, LLC, Winn−Dixie Stores, Inc.. No party information provided (Bell, Theodore) (Entered: 06/30/2022) |
|---|---|---|
| 07/08/2022 | 568 | MINUTE entry before the Honorable Gabriel A. Fuentes: A telephonic status hearing is set on the progress of discovery is set for 9 a.m. on 7/18/22. The hearing is intended as an opportunity to check in with the parties and solicit any current input from the parties concerning case management issues. The call−in number for the hearing is (888) 684−8852 and the access code is 2006804. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Participants are further directed to keep their devices muted when they are not speaking. Mailed notice. (jj, ) (Entered: 07/08/2022) |
| 07/11/2022 | 569 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Theodore Beloyeannis Bell'sMotions to withdraw as attorney 566 , 567 are granted. Mailed notice (lk, ) (Entered: 07/11/2022) |
| 07/14/2022 | 570 | STIPULATION *Joint Stipulation and Agreed Motion Regarding Extension of Minute Entry (Ecf No. 431) Deadline for Close of Fact Discovery* (Clark, Brian) (Joint motion to extend the fact discovery Deadline) Modified on 7/14/2022 (jj, ). (Entered: 07/14/2022) |
| 07/14/2022 | 571 | MINUTE entry before the Honorable Gabriel A. Fuentes: The joint motion to extend the fact discovery deadline (doc. # 570 ) is granted, insofar as the fact discovery cutoff is extended from 9/1/22 to 11/1/22 and should now be considered firm. The telephone status hearing set for 7/18/22 with the magistrate judge is hereby vacated. Additionally, the parties' joint request to adjust the expert and class discovery deadlines accordingly is granted, so that plaintiffs serve initial class expert reports by 12/2/22, defendants serve class expert reports by 2/7/23, plaintiffs serve rebuttal reports by 3/6/23, and class expert discovery closes 5/5/23. As for the remaining proposed scheduling adjustments (concerning status hearing(s), class certification, and Daubert litigation) in the joint motion, these are within the province of the district court, and the magistrate judge kindly suggests that the parties submit to the district court by the close of business on 7/22/22 a proposed order that incorporates these other scheduling adjustments under a joint agreed motion to enter them. Further, the parties are ordered to exchange their remaining party witness lists by 7/15/22, within the limits on additionally noticed plaintiffs' witnesses per defendant family, all as stated in the joint motion. Scheduling of individual witness depositions will proceed in accordance with Paragraph III of the Agreed Deposition Protocol Order (doc. #496). In addition, the noticing party will respond to proposals for alternative deposition dates from the noticed party within seven (7) business days, and by 9/1/22, the parties will serve any remaining subpoenas for the deposition of non−party witnesses, subject to the procedures set forth in Paragraph III of the Agreed Deposition Protocol Order. Mailed notice. (jj, ) (Entered: 07/14/2022) |
| 07/25/2022 | 572 | ATTORNEY Appearance for Defendant Hormel Foods Corporation by Jacob D. Bylund *Appearance for Hormel Foods Corporation, Hormel Foods, LLC, and Jennie−O Turkey Store, Inc.* (Bylund, Jacob) (Entered: 07/25/2022) |
| 07/28/2022 | 573 | MOTION by Defendants Cargill Meat Solutions Corporation, Cargill, Inc. for extension of time *(Agreed Motion to Extend Certain Case Management Deadlines)* (Miller, Britt) (Entered: 07/28/2022) |
| 08/03/2022 | 574 | MINUTE entry before the Honorable Gabriel A. Fuentes: The Court is in receipt of Defendants' agreed motion to extend certain case management deadlines (doc. # 573 ), which references a proposed order. The proposed order was not attached to the filing, and while the Court is inclined to grant the motion, it requests that the parties submit their proposed scheduling order to Judge Fuentes' proposed order box for review first. Mailed notice. (jj, ) (Entered: 08/03/2022) |
| 08/03/2022 | 575 | ORDER On Extension of Certain Case Management Deadlines signed by the Honorable Virginia M. Kendall on 8/3/2022. End of Fact Discovery Status hearing set for November 7, 2022, at 10:00 a.m.; Class certification and Plaintiffs' Daubert motions due May 15, 2023; Responses and Defendants' Daubert motions due August 29, 2023; Plaintiffs' replies and responses to Defendants' Daubert motions due October 27, 2023; Defendants' replies in support of their Daubert motions due November 30, 2023. Mailed notice(lk, ) (Entered: 08/03/2022) |

| | | |
|---|---|---|
| 08/03/2022 | 576 | MINUTE entry before the Honorable Virginia M. Kendall. Status hearing set for 11/7/2022 at 10:00 AM will proceed via Webex. Prior to the hearing, you are directed to cut and paste this hyper link into a browser: https://us−courts.webex.com/join/virginia_kendalllilnd.uscourts.gov If you do not have access to a device with video capability, please use the dial in option: (650)−479−3207, the access code is: 180 698 4009. If you do have access to a device with video capability, you are directed to appear telephonically. Mailed notice (lk, ) (Entered: 08/03/2022) |
| 08/23/2022 | 577 | MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, John Gross and Company, Inc., Liberty Holding Company, Maplevale Farms, Inc., Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & MarketFor Permission to Serve Rule 45 Subpoenas (Morbey, Simeon) (Entered: 08/23/2022) |
| 08/23/2022 | 578 | NOTICE of Motion by Simeon Andrew Morbey for presentment of (Morbey, Simeon) (Entered: 08/23/2022) |
| 08/23/2022 | 579 | MEMORANDUM by Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, John Gross and Company, Inc., Liberty Holding Company, Maplevale Farms, Inc., Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market in support of motion for miscellaneous relief, 577 (Morbey, Simeon) (Entered: 08/23/2022) |
| 08/23/2022 | 580 | DECLARATION of Simeon A. Morbey regarding memorandum in support of motion, 579 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 (Redacted), # 3 Exhibit 3 (Redacted), # 4 Exhibit 4 (Redacted))(Morbey, Simeon) (Entered: 08/23/2022) |
| 08/23/2022 | 581 | SEALED DOCUMENT by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, John Gross and Company, Inc., Liberty Holding Company, Maplevale Farms, Inc., Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market (Attachments: # 1 Exhibit 2 (SEALED), # 2 Exhibit 3 (SEALED), # 3 Exhibit 4 (SEALED))(Morbey, Simeon) (Entered: 08/23/2022) |
| 08/23/2022 | 582 | MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, John Gross and Company, Inc., Liberty Holding Company, Maplevale Farms, Inc., Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market to seal (Morbey, Simeon) (Entered: 08/23/2022) |
| 08/24/2022 | 583 | MEMORANDUM by Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, John Gross and Company, Inc., Liberty Holding Company, Maplevale Farms, Inc., Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market in support of motion for miscellaneous relief, 577 *(Corrected/Amended)* (Morbey, Simeon) (Entered: 08/24/2022) |
| 08/24/2022 | 584 | MINUTE entry before the Honorable Gabriel A. Fuentes: Plaintiffs' Unopposed Motion for Leave to File Under Seal (doc. # 582 ) is granted. Portions of Exhibits 2, 3, and 4 to the Declaration of Simeon A. Morbey in Support of Plaintiffs' Unopposed Motion for Permission to Serve Rule 45 Subpoenas (doc. # 577 ) may be filed under seal. Additionally, Plaintiffs' Unopposed Motion for Permission to Serve Rule 45 Subpoenas (doc. # 577 ) is granted. Plaintiffs are given leave to serve written third−party discovery on the phone carriers corresponding to the phone numbers Defendants Prestage and JOTS disclosed after January 7, 2022. Mailed notice. (jj, ) (Entered: 08/24/2022) |
| 09/01/2022 | 585 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Foster Farms, LLC, Foster Poultry Farms *Amended Rule 3.2 Affiliates Disclosure Statement* (Medlock, Stephen) (Entered: 09/01/2022) |
| 09/13/2022 | 586 | ATTORNEY Appearance for Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. by Stephen Matthew Owen (Owen, Stephen) (Entered: 09/13/2022) |
| 09/16/2022 | 587 | MOTION by Defendants Hormel Foods Corporation, Jennie−O Turkey Store, Inc. for protective order *to preclude the deposition of Robert Tegt* (Attachments: # 1 Declaration Emily Chow's Declaration in Support of Motion for Protective Order, # 2 Exhibit A to Emily Chow's Declaration in Support of Motion for Protective Order, # 3 Exhibit B to Emily Chow's Declaration in Support of Motion for Protective Order, # 4 |

| | | |
|---|---|---|
| | | Exhibit C to Emily Chow's Declaration in Support of Motion for Protective Order, # <u>5</u><br>Exhibit D to Emily Chow's Declaration in Support of Motion for Protective Order, # <u>6</u><br>Exhibit E to Emily Chow's Declaration in Support of Motion for Protective Order, # <u>7</u><br>Exhibit F to Emily Chow's Declaration in Support of Motion for Protective Order, # <u>8</u><br>Exhibit G to Emily Chow's Declaration in Support of Motion for Protective Order, # <u>9</u><br>Exhibit H to Emily Chow's Declaration in Support of Motion for Protective Order, # <u>10</u> Exhibit I to Emily Chow's Declaration in Support of Motion for Protective Order, # <u>11</u> Declaration Robert Tegt's Declaration in Support of Motion for Protective Order)(Chow, Emily) (Entered: 09/16/2022) |
| 09/16/2022 | <u>588</u> | NOTICE of Motion by Emily Elizabeth Chow for presentment of (Chow, Emily) (Entered: 09/16/2022) |
| 09/19/2022 | <u>589</u> | MINUTE entry before the Honorable Gabriel A. Fuentes: On the motion by defendants Hormel Foods and Jennie−O Turkey Store for a protective order barring the deposition of witness Tegt (doc. # <u>587</u> ), plaintiffs' response is due by noon on 9/26/22, and defendants' reply is due by 5 p.m. on 9/30/22. Mailed notice. (jj, ) (Entered: 09/19/2022) |
| 09/23/2022 | <u>590</u> | STIPULATION *Regarding Third−Party Michael Kennedy* (Coleman, Craig) (Entered: 09/23/2022) |
| 09/26/2022 | <u>591</u> | SEALED RESPONSE by John Gross and Company, Inc., Maplevale Farms, Inc. to MOTION by Defendants Hormel Foods Corporation, Jennie−O Turkey Store, Inc. for protective order *to preclude the deposition of Robert Tegt* 587 (Attachments: # <u>1</u> Declaration of Shana E. Scarlett, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Exhibit 10, # <u>12</u> Exhibit 11)(Scarlett, Shana) (Entered: 09/26/2022) |
| 09/26/2022 | <u>592</u> | NOTICE of Motion by Shana Scarlett for presentment of (Scarlett, Shana) (Entered: 09/26/2022) |
| 09/26/2022 | <u>593</u> | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to seal *Plaintiffs' Opposition 591 to Motion No. 587* (Attachments: # <u>1</u> Text of Proposed Order)(Scarlett, Shana) (Entered: 09/26/2022) |
| 09/28/2022 | <u>594</u> | MINUTE entry before the Honorable Virginia M. Kendall. Plaintiffs' Motion for leave to file under seal <u>593</u> is granted. Mailed notice (lk, ) (Entered: 09/28/2022) |
| 09/30/2022 | <u>595</u> | REPLY by Defendants Hormel Foods Corporation, Jennie−O Turkey Store, Inc. to sealed response,, <u>591</u> , motion for protective order,,,, <u>587</u> (Chow, Emily) (Entered: 09/30/2022) |
| 10/03/2022 | <u>596</u> | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−19903122. (Lu, Victoria) (Entered: 10/03/2022) |
| 10/04/2022 | <u>597</u> | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−19906305. (Beck, David) (Entered: 10/04/2022) |
| 10/05/2022 | <u>598</u> | MINUTE entry before the Honorable Virginia M. Kendall. Attorneys Victoria Lu and David Beck'sMotions to appear pro hac vice <u>596</u> and <u>597</u> are granted. Mailed notice (lk, ) (Entered: 10/05/2022) |
| 10/10/2022 | <u>599</u> | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−19926229. (Rogoff, Corey) (Entered: 10/10/2022) |
| 10/13/2022 | <u>600</u> | ATTORNEY Appearance for Defendant Cooper Farms, Inc. by David Alan Beck (Beck, David) (Entered: 10/13/2022) |
| 10/18/2022 | <u>601</u> | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Corey Rogoff's Motion to appear pro hac vice <u>599</u> is granted. Mailed notice (lk, ) (Entered: 10/18/2022) |
| 10/18/2022 | <u>602</u> | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−19955667. (Keiper, Caitlin) (Entered: 10/18/2022) |
| 10/18/2022 | <u>603</u> | MINUTE entry before the Honorable Gabriel A. Fuentes: The Court is in receipt of a telephone communication from a party, with consent, about the entry of a proposed order concerning expert discovery (doc. # <u>307</u> ). This matter is set for a telephonic |

| | | |
|---|---|---|
| | | status hearing on 9:30 a.m. on 10/26/22, at which time the parties should be prepared to discuss what issues, if any, remain outstanding that have not been previously addressed by the Court's orders on 02/01/22 (doc. ## 396 and 397 ), 03/16/22 (doc. # 495 ), and 03/29/22 (doc. # 511 ). The call−in number for the hearing is (888) 684−8852 and the access code is 2006804. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Participants are further directed to keep their devices muted when they are not speaking. Mailed notice. (jj, ) (Entered: 10/18/2022) |
| 10/18/2022 | 604 | MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, John Gross and Company, Inc., Liberty Holding Company, Maplevale Farms, Inc., Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market to amend/correct *the Scheduling & Discovery Order for Depositions Related to Evidentiary Issues* (Attachments: # 1 Text of Proposed Order)(Clark, Brian) (Entered: 10/18/2022) |
| 10/18/2022 | 605 | NOTICE of Motion by Brian David Clark for presentment of (Clark, Brian) (Entered: 10/18/2022) |
| 10/18/2022 | 606 | Meet and Confer Statement by Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, John Gross and Company, Inc., Liberty Holding Company, Maplevale Farms, Inc., Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Social Kitchen, Thyme Cafe & Market (Clark, Brian) (Entered: 10/18/2022) |
| 10/18/2022 | 607 | MEMORANDUM by Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, John Gross and Company, Inc., Liberty Holding Company, Maplevale Farms, Inc., Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market in support of motion to amend/correct, 604 (Clark, Brian) (Entered: 10/18/2022) |
| 10/18/2022 | 608 | AFFIDAVIT by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, John Gross and Company, Inc., Liberty Holding Company, Maplevale Farms, Inc., Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market in Support of MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, John Gross and Company, Inc., Liberty Holding Company, Maplevale Farms, Inc., Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, 604 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Clark, Brian) (Entered: 10/18/2022) |
| 10/20/2022 | 609 | MINUTE entry before the Honorable Gabriel A. Fuentes: With a telephonic hearing currently set for 9:30 a.m. Chicago time on 10/26/22 to discuss expert discovery (doc. # 603 ), and with the pendency of the Hormel and Jennie−O defendants' fully briefed motion to preclude the deposition of witness Tegt (doc. # 597 ) as well as plaintiffs' recently filed motion to amend the scheduling and discovery order (doc. # 604 ), the Court would like to offer junior counsel an opportunity to speak to the expert discovery issue and to argue the two motions. The Court strikes the 10/26/22 hearing and resets it to 10:30 a.m. Chicago time on 11/1/22, when there will be ample time to address all three issues. If the parties do not indicate that they will permit junior associates to argue the motions, the Court will hold the hearing telephonically on the expert discovery issue only and will decide the two motions on the paper submissions. The Court kindly requests that the parties confer and notify the courtroom deputy by the close of business on 10/25/22 whether counsel with less than four years of experience after law school will be permitted to speak and argue; ideally, different counsel would argue the two different motions for the arguing parties. Also, multiple junior counsel could divide a party's arguments on a single motion if it makes logical sense to do so. Senior counsel of course may and should attend in a supervisory role and will be permitted to add or clarify as they see fit. No inferences should be drawn about the importance of any motion to the Court based on the Court's attempt to create professional development opportunities for junior counsel. Additionally, the status hearing on the expert discovery issue strikes the Court as one that could be addressed by junior counsel. The 11/1/22 may be converted to a video hearing if the parties wish junior counsel to address the foregoing issues. The Court will await further word from the parties on 10/25/22. In the meantime, defendants may file a written response (preferably a consolidated one) to the scheduling and discovery order motion by noon on 10/28/22. No reply is ordered at this time. Mailed notice. (jj, ) (Entered: |

| | | |
|---|---|---|
| | | 10/20/2022) |
| 10/22/2022 | 610 | STIPULATION *Joint Stipulation and Proposed Order Regarding Witnesses and Deposition after the Close of Discovery* (Spiker, Jill) (Entered: 10/22/2022) |
| 10/25/2022 | 611 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Caitlin Keiper's Motion to appear pro hac vice 602 is granted. Mailed notice (lk, ) (Entered: 10/25/2022) |
| 10/26/2022 | 612 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−19982326. (Pershing, Abigail) (Entered: 10/26/2022) |
| 10/26/2022 | 613 | AMENDED stipulation 610 *Amended Joint Stipulation and Proposed Order* (Battle, Jennifer) (Entered: 10/26/2022) |
| 10/27/2022 | 614 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Abigail Pershing'sMotion to appear pro hac vice 612 is granted. Mailed notice (lk, ) (Entered: 10/27/2022) |
| 10/27/2022 | 615 | AMENDED amended document 613 *Second Amended Joint Stipulation and Proposed Order* (Battle, Jennifer) (Entered: 10/27/2022) |
| 10/28/2022 | 616 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−19991376. (Tuggle, Anderson) (Entered: 10/28/2022) |
| 10/28/2022 | 617 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−19991637. (Loureiro, Raul) (Entered: 10/28/2022) |
| 10/28/2022 | 618 | MEMORANDUM by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc., The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. in Opposition to motion to amend/correct, 604 (Attachments: # 1 Declaration of Britt M. Miller, # 2 Exhibit 1 to Miller Declaration, # 3 Exhibit 2 to Miller Declaration)(Miller, Britt) (Entered: 10/28/2022) |
| 10/28/2022 | 619 | CORRECTED MEMORANDUM in Opposition to 604 Plaintiffs' Motion to Amend the Scheduling and Discovery Order for Depositions Related to Evidentiary Issues by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. *Correction re 618* (Miller, Britt) (Entered: 10/28/2022) |
| 10/28/2022 | 620 | STIPULATION *Joint Stipulation and Proposed Order Regarding Supplemental Document Production, Depositions, and Potential Follow−Up after the Close of Fact Discovery* (Battle, Jennifer) (Entered: 10/28/2022) |
| 10/31/2022 | 621 | ATTORNEY Appearance for Defendants Cargill Meat Solutions Corporation, Cargill, Inc. by Nathan Rice (Rice, Nathan) (Entered: 10/31/2022) |
| 11/01/2022 | 622 | MINUTE entry before the Honorable Gabriel A. Fuentes: Late on the afternoon of 10/31/22, the Court reached out to counsel for plaintiffs and counsel for Hormel, telephonically, to advise them that because of a logistical issue, the Court would be unable to conduct today's scheduled motion hearing by video as the Court had expected. The Court requested that these counsel notify their colleagues on both respective sides in this case, and the Court expressed its regrets for the situation and its timing. The Court wished to postpone the hearing so that it could be by video, to enhance the experience for the junior attorneys arguing. Unfortunately, the rescheduling may pose logistical issues, given the schedules of many attorneys. The 11/1/22 is stricken, to be reset after counsel involved in arguing the motions have an opportunity to confer and propose a rescheduled hearing time that will accommodate those who have invested time in preparing. The parties are requested to send one joint email to the courtroom deputy by the close of business on 11/4/22 with two proposed times/dates for the rescheduling. The Court again regrets the inconvenience.Mailed |

| | | |
|---|---|---|
| | | notice. (jj, ) (Entered: 11/01/2022) |
| 11/01/2022 | 623 | MINUTE entry before the Honorable Virginia M. Kendall. Attorneys Anderson Tuggle and Raul Loureiro's Motions to appear pro hac vice 616 and 617 are granted. Mailed notice (lk, ) (Entered: 11/01/2022) |
| 11/01/2022 | 624 | STIPULATION *(Joint Stipulation and Agreed Motion Regarding Deposition and Potential Follow−Up After the Close of Fact Discovery)* (McGhee, Davida) (Entered: 11/01/2022) |
| 11/01/2022 | 625 | STIPULATION *(Joint Stipulation and Agreed Motion Regarding Document Productions After the Close of Fact Discovery)* (Miller, Britt) (Entered: 11/01/2022) |
| 11/01/2022 | 626 | STIPULATION *(Joint Stipulation and Agreed Motion Regarding Depositions After the Close of Fact Discovery)* (Morbey, Simeon) (Entered: 11/01/2022) |
| 11/01/2022 | 627 | STIPULATION *Joint Stipulation and Agreed Motion Regarding Tyson Deposition and Briefing of Motion for Protective Order* (Miller, Britt) (Entered: 11/01/2022) |
| 11/02/2022 | 628 | STIPULATION *(JOINT STIPULATION AND AGREED MOTION REGARDING PLAINTIFFS' RESPONSES TO DEFENDANTS' INTERROGATORIES AND REQUESTS FOR ADMISSION)* (Attachments: # 1 Text of Proposed Order)(Rosenthal, Marc) (Entered: 11/02/2022) |
| 11/03/2022 | 629 | MINUTE entry before the Honorable Virginia M. Kendall. On the Court's own Motion, Status hearing set for 11/7/2022 is reset for 11/17/2022 at 10:00 AM. Prior to the hearing, you are directed to cut and paste this hyper link into a browser: https://us−courts.webex.com/join/virginia_kendallilnd.uscourts.gov If you do not have access to a device with video capability, please use the dial in option: (650)−479−3207, the access code is: 180 698 4009. If you do have access to a device with video capability, you are directed to appear telephonically. Mailed notice (lk, ) (Entered: 11/03/2022) |
| 11/03/2022 | 630 | MINUTE entry before the Honorable Gabriel A. Fuentes: The Court thanks the parties for conferring and proposing a rescheduled hearing time (doc. # 622 ) for oral argument on Hormel and Jennie−O defendants' motion to preclude the deposition of witness Tegt (doc. # 597 ) and plaintiffs' motion to amend the scheduling and discovery order (doc. # 604 ), as well as to discuss expert discovery (doc. # 603 ). The hearing is set for 11/9/22 at 9:30 a.m. Chicago time and will proceed by video, with further instruction and information concerning the video connection to be included in a further order shortly. In the meantime, the parties are directed to provide the courtroom deputy, Jenny Jauregui, by email by the close of business on 11/4/22 with the contact information (in one, single joint email) of all counsel connecting by video. The hearing will be accessible to the public and to any counsel by telephone at (888) 684−8852, access code is 2006804. Mailed notice. (jj, ) (Entered: 11/03/2022) |
| 11/04/2022 | 631 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to quash *Motion to Quash Subpoena Served on Tyson Foods, Inc., The Hillshire Brands Company, Tyson Fresh Meats, Inc. And Tyson Prepared Foods, Inc. and Motion for Protective Order* (Attachments: # 1 Declaration of Shana E. Scarlett, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Errata 3, # 5 Text of Proposed Order)(Scarlett, Shana) (Entered: 11/04/2022) |
| 11/04/2022 | 632 | NOTICE of Motion by Shana Scarlett for presentment of (Scarlett, Shana) (Entered: 11/04/2022) |
| 11/07/2022 | 633 | MINUTE entry before the Honorable Gabriel A. Fuentes: At the motion hearing set for 11/9/22, any counsel for class plaintiffs and for defendants should be prepared to discuss the plaintiffs' motion to quash the Tyson subpoena (doc. # 631 ) and specifically the proportionality of the subpoena's proposed discovery given the possible burdens on settlement considerations and obligations. The Court may require additional briefing on this motion but wants to hear out the parties (including the Tyson defendants, if their counsel wishes to participate), briefly on it. In the meantime, the parties are directed to provide the courtroom deputy, Jenny Jauregui, by email by noon on 11/8/22 with the contact information (in one, single joint email) of all additional counsel connecting by video for the motion to quash (doc. # 631 ), as only arguing counsel are receiving video invites. As a reminder, the hearing will be |

| | | |
|---|---|---|
| | | accessible to the public and to any counsel by telephone at (888) 684−8852, access code is 2006804. Mailed notice. (jj, ) (Entered: 11/07/2022) |
| 11/09/2022 | 634 | MINUTE entry before the Honorable Gabriel A. Fuentes: Hearings held by Cisco Webex video on defendant JOTS motion for protective order ("motion for protective order"; doc. # 587 ), plaintiffs' motion to amend/correct the scheduling and discovery order ("motion to amend scheduling"; doc. # 604 ), and plaintiff's motion to quash the Tyson subpoena ("motion to quash"; doc. # 631 ). For the reasons stated on the record: (1) the motion for protective order is granted in part and denied in part, as plaintiffs are given leave to depose Mr. Tegt but for no more than three hours of actual deposition time in total; (2) the motion to amend scheduling is denied without prejudice, and the parties are ordered to submit by noon on 12/8/22 a joint status report on the progress of their efforts to reach agreement as to the evidentiary issues that gave rise to the motion to amend scheduling; and (3) the motion to quash is entered and continued, with defendants given until noon on 11/23/22 to file a response to the motion; no Reply is currently ordered, although plaintiffs may file a brief by noon on 11/23/22 responding to the arguments made today in open court by defense counsel. The Court is attempting to resolve this motion expeditiously with as little resource expenditure as possible. Fed. R. Civ. P. 1. The Court extends its thanks to the parties and counsel for allowing junior associates to argue and address these matters, and the associates are commended for an excellent performance. Mailed notice. (jj, ) (Entered: 11/09/2022) |
| 11/15/2022 | 635 | MINUTE entry before the Honorable Virginia M. Kendall. Status hearing set for 11/17/2022 is reset for 10:15 AM (PLEASE NOTE TIME CHANGE ONLY). Prior to the hearing, you are directed to cut and paste this hyper link into a browser: https://us−courts.webex.com/join/virginia_kendallilnd.uscourts.gov If you do not have access to a device with video capability, please use the dial in option: (650)−479−3207, the access code is: 180 698 4009. If you do have access to a device with video capability, you are directed to appear telephonically.Mailed notice (lk, ) (Entered: 11/15/2022) |
| 11/16/2022 | 636 | MOTION by Attorney Stephen M. Medlock to withdraw as attorney for Foster Farms, LLC, Foster Poultry Farms. No party information provided (Zarlenga, Carmine) Modified on 11/16/2022 (cxr, ). (Entered: 11/16/2022) |
| 11/16/2022 | 637 | MINUTE entry before the Honorable Virginia M. Kendall. By request of Counsel, Motion to Withdraw by Stephen Medlock 636 is withdrawn and stricken. Mailed notice (lk, ) (Entered: 11/16/2022) |
| 11/17/2022 | 638 | MINUTE entry before the Honorable Virginia M. Kendall. Status hearing held on 11/17/2022 via Webex. The Court orally addressed the Motion to Dismiss 498 on the record in open Court indicating a written Opinion is forthcoming. Status hearing set for 2/24/2023 at 12:00 PM. The Court advised that Counsel arguing Motions shall appear in person. Webex information is as follows for those appearing remotely: Prior to the hearing, you are directed to cut and paste this hyper link into a browser: https://us−courts.webex.com/join/virginia_kendallilnd.uscourts.gov If you do not have access to a device with video capability, please use the dial in option: (650)−479−3207, the access code is: 180 698 4009. If you do have access to a device with video capability, you are directed to appear telephonically. Mailed notice (lk, ) (Entered: 11/17/2022) |
| 11/21/2022 | 639 | MEMORANDUM Opinion and Order signed by the Honorable Virginia M. Kendall on 11/21/2022. The Court denies Defendants' Joint Motion to Dismiss 498 , except as to Prestage. Plaintiffs' claim of per se violation against Prestage is dismissed without prejudice. See Opinion for further details. Mailed notice(lk, ) (Entered: 11/21/2022) |
| 11/22/2022 | 640 | TRANSCRIPT OF PROCEEDINGS held on 11/09/22 before the Honorable Gabriel A. Fuentes. Order Number: 44552. Court Reporter Contact Information: Patrick Mullen, (312) 435−5565, patrick_mullen@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |

| | | |
|---|---|---|
| | | Redaction Request due 12/13/2022. Redacted Transcript Deadline set for 12/23/2022. Release of Transcript Restriction set for 2/20/2023. (Mullen, Patrick) (Entered: 11/22/2022) |
| 11/23/2022 | 641 | MEMORANDUM by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. in Opposition to motion to quash, 631 (Attachments: # 1 Declaration of Britt M. Miller, # 2 Exhibit 1 to the Miller Declaration, # 3 Exhibit 2 to the Miller Declaration, # 4 Exhibit 3 to the Miller Declaration, # 5 Exhibit 4 to the Miller Declaration, # 6 Exhibit 5 to the Miller Declaration, # 7 Exhibit 6 to the Miller Declaration, # 8 Exhibit 7 to the Miller Declaration, # 9 Exhibit 8 to the Miller Declaration, # 10 Exhibit 9 to the Miller Declaration)(Miller, Britt) (Entered: 11/23/2022) |
| 11/23/2022 | 642 | SEALED RESPONSE by Maplevale Farms, Inc. to MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to quash *Motion to Quash Subpoena Served on Tyson Foods, Inc., The Hillshire Brands Company, Tyson Fresh Meats, Inc. And Tyson Prepared Foods, Inc. and Motion for Protective Or 631 (Attachments: # 1 Declaration of Shana E. Scarlett, # 2 Exhibit 1, # 3 Exhibit 2)(Scarlett, Shana) (Entered: 11/23/2022)* |
| 11/23/2022 | 643 | MOTION by Plaintiff Maplevale Farms, Inc. to seal document sealed response, 642 (Attachments: # 1 Text of Proposed Order)(Scarlett, Shana) (Entered: 11/23/2022) |
| 11/23/2022 | 644 | NOTICE of Motion by Shana Scarlett for presentment of (Scarlett, Shana) (Entered: 11/23/2022) |
| 11/28/2022 | 645 | MINUTE entry before the Honorable Virginia M. Kendall. Plaintiff's Motion for leave to file under seal 643 is granted. Mailed notice (lk, ) (Entered: 11/28/2022) |
| 12/02/2022 | 646 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. for leave to file *Third and Fourth Amended Complaints* (Attachments: # 1 Text of Proposed Order)(Scarlett, Shana) (Entered: 12/02/2022) |
| 12/02/2022 | 647 | SEALED DOCUMENT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. *Memorandum in Support of Motion for Leave to File Third and Fourth Amended Complaints* (Attachments: # 1 Declaration of Shana E. Scarlett, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12)(Scarlett, Shana) (Entered: 12/02/2022) |
| 12/02/2022 | 648 | NOTICE of Motion by Shana Scarlett for presentment of (Scarlett, Shana) (Entered: 12/02/2022) |
| 12/02/2022 | 649 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to seal document sealed document, 647 (Attachments: # 1 Text of Proposed Order)(Scarlett, Shana) (Entered: 12/02/2022) |
| 12/02/2022 | 650 | NOTICE of Motion by Shana Scarlett for presentment of (Scarlett, Shana) (Entered: 12/02/2022) |
| 12/05/2022 | 651 | MINUTE entry before the Honorable Gabriel A. Fuentes: Motion by Plaintiffs John Gross and Company, Inc, Maplevale Farms, Inc., to Quash Subpoena Served on Tyson Foods, Inc., The Hillshire Brands Company, Tyson Fresh Meats, Inc., and Tyson Prepared Foods, Inc., and Motion for Protective Order (doc. #631) is granted. After considering the parties' arguments and submissions (doc. #s 631, 641, 642), and in light of the magistrate judge's substantial discretion to manage discovery, Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013), the Court agrees that in this case, "All good things must come to an end." See Geoffrey Chaucer, Troilus and Criseyde, Book III, Verse 88 (ca. 1380), reprinted in Mortimer Adler, Great Books of the Western World, Vol. 22 at 66 (Encyclopaedia Britannica 1952) ("But at the laste, as every thing hath ende, She took hir leve, and nedes wolde wende."). In so holding, we note that Defendants have been aware of their purported need to obtain Rule 30(b)(6) deposition information from Tyson for months, admitting that they anticipated the Plaintiffs' moving for such a deposition instead, and only pursued their |

| | | |
|---|---|---|
| | | own examination of Tyson when it became aware Plaintiffs would not do so. Allowing the deposition to go forward at this late date is not proportional to the needs of the case, as it would burden Plaintiffs with an eleventh−hour need to prepare for a deposition covering the central liability issues in the case with a defendant with which class Plaintiffs' settled more than 17 months ago. Denying the motion to quash could also require answering the legal question of whether Tyson is a third−party subject to Rule 45 or still a party defendant as well as potentially involve the court in interpreting the settlement agreement between Tyson and the Plaintiffs to further determine the potential burden on Tyson should it be ordered to sit for a Rule 30(b)(6) deposition now. Defendants had more than ample time to pursue a deposition of Tyson and the Court does not find any of its explanations for delay persuasive. Fact discovery was to have closed in this case on 11/1/22 and should be considered closed in the wake of the granting of the motion to quash the Tyson discovery and the presumed completion of the Tegt deposition. A brief joint written status report is due by noon on 12/8/22 as to the closure of fact discovery and the launch of expert discovery. Mailed notice. (lxk, ) (Entered: 12/05/2022) |
| 12/05/2022 | 652 | STIPULATION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. for extension of time to file answer (Miller, Britt) (Entered: 12/05/2022) |
| 12/06/2022 | 653 | MINUTE entry before the Honorable Virginia M. Kendall. Plaintiffs' Motion for leave to file under seal 649 is granted. Mailed notice (lk, ) (Entered: 12/06/2022) |
| 12/06/2022 | 654 | MINUTE entry before the Honorable Virginia M. Kendall. Any response to the Motions to Amend the Complaints 646 shall be filed on or before 12/19/2022; replies on or before 1/3/2023. Mailed notice (lk, ) (Entered: 12/06/2022) |
| 12/06/2022 | 655 | MINUTE entry before the Honorable Virginia M. Kendall. Defendants' Agreed Motion for extension of time to Answer the operative DPP Complaint 652 is granted. Answer shall be filed by 2/3/2023. Mailed notice (lk, ) (Entered: 12/06/2022) |
| 12/06/2022 | 656 | TRANSCRIPT OF PROCEEDINGS held on 11/17/2022 before the Honorable Virginia M. Kendall. Status Hearing. Order Number: 44690. Court Reporter Contact Information: Gayle A. McGuigan, CSR, RMR, CRR, Gayle_McGuigan@ilnd.uscourts.gov. |
| | | IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |
| | | Redaction Request due 12/27/2022. Redacted Transcript Deadline set for 1/6/2023. Release of Transcript Restriction set for 3/6/2023. (McGuigan, Gale) (Entered: 12/06/2022) |
| 12/08/2022 | 657 | STATUS Report *(Joint)* by John Gross and Company, Inc., Maplevale Farms, Inc. (Attachments: # 1 Exhibit A)(Morbey, Simeon) (Entered: 12/08/2022) |
| 12/08/2022 | 658 | MINUTE entry before the Honorable Virginia M. Kendall. Minute Entry 652 is corrected as follows: Defendants' Agreed Motion for extension of time to Answer 652 is granted. Defendants shall answer the operative DPP Complaint by January 19,2023, and the operative CIIPP Complaint by February 3, 2023. Mailed notice (lk, ) (Entered: 12/08/2022) |
| 12/09/2022 | 659 | MINUTE entry before the Honorable Gabriel A. Fuentes: On review of the parties' joint status report (doc. # 657 ), the Court: (1) grants leave for the parties to report further concerning their conferral on evidentiary issues that may bear upon any motion to amend discovery scheduling in this matter, so that the report is due by noon on 1/19/23; (2) fact discovery is now closed in this matter except as the parties have agreed per three separate stipulations (doc. #s 615 , 620 , and 626 ), but rather than |

| | | |
|---|---|---|
| | | have the Court parse these multiple documents to understand the parties' agreement in this respect, the parties are directed to submit a single proposed order to the Court's proposed order email box at Proposed_Order_Fuentes@ilnd.uscourts.gov to address precisely what addition time is permitted, beyond fact discovery closure, but precisely which depositions; and (3) no adjustments are made to the expert discovery schedule. Mailed notice. (lxk, ) (Entered: 12/09/2022) |
| 12/12/2022 | 660 | MINUTE entry before the Honorable Gabriel A. Fuentes: On further review of the parties' joint status report (doc. # 657 ), the Court enters the attached agreed Expert Stipulation Proposed Order Concerning Expert Discovery which the parties represent incorporates and consolidates several of the Court's previously orders regarding expert discovery into a single document. (doc. #[657−1]). ENTER ORDER. Mailed notice. (lxk, ) (Entered: 12/12/2022) |
| 12/12/2022 | 661 | ORDER Concerning Expert Discovery Signed by the Honorable Gabriel A. Fuentes on 12/12/2022. Mailed notice. (lxk, ) (Entered: 12/12/2022) |
| 01/06/2023 | 662 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−20208656. (Graham, Lawrence) (Entered: 01/06/2023) |
| 01/06/2023 | 663 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Lawrence Grahham'sMotion to appear pro hac vice 662 is granted. Mailed notice (lk, ) (Entered: 01/06/2023) |
| 01/13/2023 | 664 | ORDER Granting Class Plaintiffs' Unopposed Motion for Leave to File Third and Fourth Amended Complaints 646 signed by the Honorable Virginia M. Kendall on 1/13/2023. Mailed notice(lk, ) (Entered: 01/13/2023) |
| 01/13/2023 | 665 | SEALED DOCUMENT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. *Direct Purchaser Plaintiffs' Third Amended Class Action Complaint* (Scarlett, Shana) (Entered: 01/13/2023) |
| 01/16/2023 | 666 | SEALED DOCUMENT by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market *Commercial and Institutional Indirect Purchaser Plaintiffs' Fourth Amended Class Action Complaint* (Aldridge, Sarah) (Entered: 01/16/2023) |
| 01/18/2023 | 667 | STIPULATION *(Joint) Regarding Certain Documents Produced By Cargill Meat Solutions Corporation* (Miller, Britt) (Entered: 01/18/2023) |
| 01/19/2023 | 668 | MOTION by Defendants Agri Stats, Inc., Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to seal *certain Defendants' Answers to Direct Purchaser Plaintiffs' Third Amended Complaint and Commercial and Institutional Indirect Plaintiffs' Fourth Amended Complaint* (Baldridge, James) (Entered: 01/19/2023) |
| 01/19/2023 | 669 | NOTICE of Motion by James Douglas Baldridge for presentment of (Baldridge, James) (Entered: 01/19/2023) |
| 01/19/2023 | 670 | STATUS Report *(Joint)* by John Gross and Company, Inc., Maplevale Farms, Inc. (Morbey, Simeon) (Entered: 01/19/2023) |
| 01/19/2023 | 671 | MOTION by Defendant Butterball LLC to seal − *Butterball's Unopposed Motion for Leave to File Under Seal Portions of Its Answer to Direct Purchasers' Third Amended Class Action Complaint* (Attachments: # 1 Text of Proposed Order)(Kass, Colin) (Entered: 01/19/2023) |
| 01/19/2023 | 672 | *Notice of Butterball's Motion for Leave to File Under Seal Portions of Its Answer to Direct Purchasers' Third Amended Class Action Complaint* − NOTICE of Motion by Colin R. Kass for presentment of (Kass, Colin) (Entered: 01/19/2023) |
| 01/19/2023 | 673 | SEALED DOCUMENT by Defendant Butterball LLC − *Butterball's Answer to Direct Purchasers' Third Amended Class Action Complaint* (Kass, Colin) (Entered: 01/19/2023) |

| 01/19/2023 | [674](#) | SEALED DOCUMENT by Defendants Cargill Meat Solutions Corporation, Cargill, Inc. *(Answer to Plaintiffs' Third Amended Class Action Complaint)* (McGhee, Davida) (Entered: 01/19/2023) |
|---|---|---|
| 01/19/2023 | [675](#) | SEALED DOCUMENT by Defendants Hormel Foods Corporation, Hormel Foods, LLC *ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT* (Coleman, Craig) (Entered: 01/19/2023) |
| 01/19/2023 | [676](#) | SEALED DOCUMENT by Defendant House of Raeford Farms, Inc. *(House of Raeford Farms, Inc. Answer and Defenses to Third Amended Class Action Complaint)* (Wrobel, Gregory) (Entered: 01/19/2023) |
| 01/19/2023 | [677](#) | SEALED DOCUMENT by Defendants Hormel Foods Corporation, Jennie−O Turkey Store, Inc. *ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT* (Coleman, Craig) (Entered: 01/19/2023) |
| 01/19/2023 | [678](#) | SEALED DOCUMENT by Defendant Cooper Farms, Inc. *Answer and Affirmative Defenses to the Direct Purchaser Plaintiffs' Third Amended Class Action Complaint* (Battle, Jennifer) (Entered: 01/19/2023) |
| 01/19/2023 | [679](#) | SEALED DOCUMENT by Defendant Farbest Foods, Inc. *Answer and Affirmative Defenses to Third Amended Class Action Complaint* (Bono, Gaspare) (Entered: 01/19/2023) |
| 01/19/2023 | [680](#) | SEALED DOCUMENT by Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. *Answer to Third Amended Class Action Complaint* (Cherry, William) (Entered: 01/19/2023) |
| 01/19/2023 | [681](#) | SEALED DOCUMENT by Defendants Perdue Farms, Inc., Perdue Foods LLC *Answer and Affirmative Defenses to the Direct Purchaser Plaintiffs' Third Amended Class Action Complaint* (Baldridge, James) (Entered: 01/19/2023) |
| 01/19/2023 | [682](#) | SEALED DOCUMENT by Defendants Foster Farms, LLC, Foster Poultry Farms *Answer to the Direct Purchasers' Third Amended Class Action Complaint* (Zarlenga, Carmine) (Entered: 01/19/2023) |
| 01/19/2023 | [683](#) | RESPONSE by Defendant Butterball LLC to sealed document [665](#) − *Butterball's Answer to the Direct Purchasers' Third Amended Class Action Complaint − Redacted Version* (Kass, Colin) (Entered: 01/19/2023) |
| 01/19/2023 | [684](#) | SEALED DOCUMENT by Defendant Agri Stats, Inc. *Answer and Affirmative Defenses to the Direct Purchaser Plaintiffs' Third Amended Class Action Complaint* (Bernick, Justin) (Entered: 01/19/2023) |
| 01/20/2023 | [685](#) | MINUTE entry before the Honorable Gabriel A. Fuentes: The Court has read the parties' joint status report (doc. # [670](#) ) and appreciates the effort shown by both sides to resolve outstanding discovery disputes concerning the authentication of documents. The next joint status report is due 3/24/23 at noon, in which the parties should report on their continued progress with regards to the authentication of documents, including the total number of documents Plaintiff has identified and whether (if they know) they anticipate that Plaintiffs will seek leave to take a 30(b)(6) deposition or depositions after Defendants have completed their review of documents identified by Plaintiff. Mailed notice. (lxk, ) (Entered: 01/20/2023) |
| 01/23/2023 | [686](#) | MINUTE entry before the Honorable Gabriel A. Fuentes: In accordance with the Court's 12/9/22 order (doc. # [659](#) ), the Court enters the agreed Order Regarding Fact Discovery. ENTER ORDER. Mailed notice. (lxk, ) (Entered: 01/23/2023) |
| 01/23/2023 | [687](#) | ORDER Regarding Fact Discovery. Signed by the Honorable Gabriel A. Fuentes on 1/23/2023. Mailed notice. (lxk, ) (Entered: 01/23/2023) |
| 01/23/2023 | [688](#) | MINUTE entry before the Honorable Virginia M. Kendall. Defendants' Motion for leave to file under seal [668](#) and [671](#) are granted. Mailed notice (lk, ) (Entered: 01/23/2023) |
| 01/25/2023 | [689](#) | STATUS Report *Jointly filed with Amory Investments LLC* by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue |

| | | |
|---|---|---|
| | | Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. (Battle, Jennifer) (Entered: 01/25/2023) |
| 01/27/2023 | 690 | MINUTE entry before the Honorable Gabriel A. Fuentes: After review of Plaintiff Amory Investment's and Defendants' joint status report (doc. # 689 ), which describes a number of deadlines Amory intends to meet in the next week, the Court sets a further joint status report to be due 2/10/23, at which time the parties should report on the status of Amory's service of its initial disclosures, the scheduling of Amory's 30(b)(6) deposition(s) and topic designation for the depositions, Amory's production of structured data, and any other matters still outstanding. Mailed notice. (lxk, ) (Entered: 01/27/2023) |
| 01/30/2023 | 691 | STIPULATION regarding sealed document 665 *Joint Stipulation & Proposed Order Regarding DPPs' Third Amended Complaint* (Rohrbaugh, Tiffany) (Entered: 01/30/2023) |
| 01/30/2023 | 692 | STIPULATION regarding sealed document, 666 *Joint Stipulation & Proposed Order Regarding CIIPPs Fourth Amended Complaint* (Rohrbaugh, Tiffany) (Entered: 01/30/2023) |
| 02/03/2023 | 693 | MOTION by Defendant Butterball LLC to seal document − *Butterball's Unopposed Motion for Leave to File Under Seal Portions of Its Answer to Commercial and Institutional Indirect Purchaser Plaintiffs' Fourth Amended Class Action Complaint* (Attachments: # 1 Text of Proposed Order)(Kass, Colin) (Entered: 02/03/2023) |
| 02/03/2023 | 694 | *Notice of Butterball's Motion for Leave to File Under Seal Portions of Its Answer to Commercial and Institutional Indirect Purchaser Plaintiffs' Fourth Amended Class Action Complaint* NOTICE of Motion by Colin R. Kass for presentment of (Kass, Colin) (Entered: 02/03/2023) |
| 02/03/2023 | 695 | SEALED DOCUMENT by Defendant Butterball LLC − *Butterball's Answer to Commercial and Institutional Indirect Purchaser Plaintiffs' Fourth Amended Class Action Complaint* (Kass, Colin) (Entered: 02/03/2023) |
| 02/03/2023 | 696 | RESPONSE by Defendant Butterball LLC to sealed document, 666 − *Butterball's Answer to the Commercial and Institutional Indirect Purchaser Plaintiffs' Fourth Amended Class Action Complaint − Redacted Version* (Kass, Colin) (Entered: 02/03/2023) |
| 02/03/2023 | 697 | SEALED DOCUMENT by Defendants Hormel Foods Corporation, Jennie−O Turkey Store, Inc. *'s Answer to Fourth Amended Class Action Complaint* (Coleman, Craig) (Entered: 02/03/2023) |
| 02/03/2023 | 698 | SEALED DOCUMENT by Defendants Cargill Meat Solutions Corporation, Cargill, Inc. *'s Answer to Fourth Amended Class Action Complaint* (McGhee, Davida) (Entered: 02/03/2023) |
| 02/03/2023 | 699 | SEALED DOCUMENT by Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. *Answer to Fourth Amended Class Action Complaint* (Cherry, William) (Entered: 02/03/2023) |
| 02/03/2023 | 700 | SEALED DOCUMENT by Defendant Farbest Foods, Inc. *Answer and Affirmative Defenses to Fourth Amended Class Action Complaint* (Bono, Gaspare) (Entered: 02/03/2023) |
| 02/03/2023 | 701 | SEALED DOCUMENT by Defendant House of Raeford Farms, Inc. *House of Raeford Farms, Inc. Answer and Defenses to Fourth Amended Class Action Complaint* (Wrobel, Gregory) (Entered: 02/03/2023) |
| 02/03/2023 | 702 | SEALED DOCUMENT by Defendant Cooper Farms, Inc. *Defendant Cooper Farms, Inc.'s Answer and Affirmative Defenses to the Commercial and Institutional Indirect Purchase Plaintiffs' Fourth Amended Class Action Complaint* (Battle, Jennifer) (Entered: 02/03/2023) |
| 02/03/2023 | 703 | SEALED DOCUMENT by Defendants Foster Farms, LLC, Foster Poultry Farms *Answer to the Commercial and Institutional Indirect Purchaser Plaintiffs' Fourth Amended Class Action Complaint* (Zarlenga, Carmine) (Entered: 02/03/2023) |

| 02/03/2023 | 704 | SEALED DOCUMENT by Defendant Agri Stats, Inc. *Answer and Affirmative Defenses to the Commercial and Institutional Indirect Purchaser Plaintiffs' Fourth Amended Class Action Complaint* (Bernick, Justin) (Entered: 02/03/2023) |
|---|---|---|
| 02/03/2023 | 705 | SEALED DOCUMENT by Defendants Perdue Farms, Inc., Perdue Foods LLC *Answer and Affirmative Defenses to the Commercial and Institutional Indirect Purchase Plaintiffs' Fourth Amended Class Action Complaint* (Baldridge, James) (Entered: 02/03/2023) |
| 02/06/2023 | 706 | MINUTE entry before the Honorable Virginia M. Kendall. Defendants' Motion for leave to file under seal 693 is granted. Mailed notice (lk, ) (Entered: 02/06/2023) |
| 02/10/2023 | 707 | NOTICE by Abigail D Pershing of Change of Address (Pershing, Abigail) (Entered: 02/10/2023) |
| 02/10/2023 | 708 | STATUS Report *JOINT* by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. (Battle, Jennifer) (Entered: 02/10/2023) |
| 02/10/2023 | 709 | STATUS Report *JOINT* by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. (Battle, Jennifer) (Entered: 02/10/2023) |
| 02/16/2023 | 710 | [Public Redacted Version of ECF 591] Plaintiffs' Opposition to Defendant Jennie−O Turkey Store, Inc's Motion for a Protective Order to Preclude the Deposition of Robert Tegt by John Gross and Company, Inc., Maplevale Farms, Inc. (Attachments: # 1 Declaration of Shana E. Scarlett (Redacted Version), # 2 Exhibit 1−5 (Sealed), # 3 Exhibit 6, # 4 Exhibit 7−11 (Sealed))(Scarlett, Shana) (Entered: 02/16/2023) |
| 02/16/2023 | 711 | [Public Redacted Version of ECF 642] Class Plaintiffs' Response to Their Motion to Quash Subpoena Served on Tyson Foods, Inc., The Hillshire Brands Company, Tyson Fresh Meats, Inc., and Tyson Prepared Foods, Inc. and Motion for a Protective Order by John Gross and Company, Inc., Maplevale Farms, Inc. (Attachments: # 1 Declaration of Shana E. Scarlett (Redacted Version), # 2 Exhibit 1−2 (Sealed))(Scarlett, Shana) (Entered: 02/16/2023) |
| 02/16/2023 | 712 | [Public Redacted Version of ECF 647] Memorandum in Support of Class Plaintiffs' Motion for Leave to File Third and Fourth Amended Complaints by John Gross and Company, Inc., Maplevale Farms, Inc. (Attachments: # 1 Declaration of Shana E. Scarlett (Redacted Version), # 2 Exhibit 1 (Sealed), # 3 Exhibit 2 (Redacted Version), # 4 Exhibit 3 (Redacted Version), # 5 Exhibit 4−11 (Sealed))(Scarlett, Shana) (Entered: 02/16/2023) |
| 02/16/2023 | 713 | [Public Redacted Version of ECF 665] Third Amended Class Action Complaint by John Gross and Company, Inc., Maplevale Farms, Inc. (Scarlett, Shana) (Entered: 02/16/2023) |
| 02/17/2023 | 714 | [Public Redacted Version of ECF 666] Commercial and Institutional Indirect Purchaser Plaintiffs' Fourth Amended Class Action Complaint by Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market (Aldridge, Sarah) (Entered: 02/17/2023) |
| 02/17/2023 | 715 | STIPULATION *(Joint) and Agreed Motion to Continue February 24, 2023 Status Hearing* (Miller, Britt) (Entered: 02/17/2023) |
| 02/17/2023 | 716 | MOTION by Defendants Agri Stats, Inc., Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC to compel *Direct Action Plaintiffs to Comply with Their Discovery Obligations* (Attachments: # 1 Exhibit A, # 2 Exhibit A−1, # 3 Exhibit A−2, # 4 Exhibit A−3, # 5 Exhibit A−4, # 6 Exhibit A−5, # 7 Exhibit |

| | | |
|---|---|---|
| | | A−6, # 8 Exhibit A−7, # 9 Exhibit A−8, # 10 Exhibit A−9, # 11 Exhibit A−10, # 12 Exhibit A−11, # 13 Exhibit A−12, # 14 Exhibit A−13, # 15 Exhibit A−14, # 16 Exhibit A−15, # 17 Exhibit A−16, # 18 Exhibit A−17, # 19 Exhibit A−18, # 20 Exhibit A−19, # 21 Exhibit A−20, # 22 Exhibit A−21, # 23 Exhibit A−22)(Spiker, Jill) (Entered: 02/17/2023) |
| 02/17/2023 | 717 | NOTICE of Motion by Jill Rogers Spiker for presentment of (Spiker, Jill) (Entered: 02/17/2023) |
| 02/20/2023 | 718 | MINUTE entry before the Honorable Gabriel A. Fuentes: On defendants' motion to compel direct action plaintiffs (doc. #716), a motion hearing is set for 10 a.m. on 2/21/23 in person in Courtroom 1838 of the Dirksen U.S. Courthouse. The Court sees the essential participants appearing in person as (1) attorney Patrick Ahern for the Winn−Dixie and Amory plaintiffs, and (2) the attorneys who submitted the motion from defendant Cooper Farms, namely the Eimer Stahl firm and/or attorney Jill Rogers Spiker, who is granted leave to appear telephonically. Counsel for all other parties in the matter are granted leave to appear by telephone. No additional briefing is to be filed on this motion absent further order of court. The call−in number for the hearing is 888−684−8852, passcode 2006804. (rbf, ) (Entered: 02/20/2023) |
| 02/21/2023 | 719 | ORDER On Joint Stipulation and Agreed Motion to Continue Status Hearing signed by the Honorable Virginia M. Kendall on 2/21/2023. The February 24, 2023, status hearing is hereby CONTINUED until May 18, 2023, at 10:00 a.m. (PLEASE NOTE DATE CHANGE) which will proceed in Courtroom 2503. Mailed notice(lk, ) (Entered: 02/21/2023) |
| 02/21/2023 | 720 | MINUTE entry before the Honorable Gabriel A. Fuentes: In−person and telephonic motion hearing held on defendants' motion to compel (doc. # 716 ). Attorneys Birk for defendant and movant Cooper Farms and Ahern for DAPs Amory and Winn−Dixie appeared in person, and attorneys Battle and Spiker appeared telephonically for movant Cooper Farms, with attorney Battle arguing. Numerous other counsel appeared by telephone but did not argue. For the reasons stated on the record, the motion is granted in part and denied in part, as follows: (1) granted as to structured data from Amory, with the data due to be produced no later than 3/15/23; (2) denied without prejudice as to the questions concerning the Winn−Dixie structured data, with the parties further meeting and conferring and any motion to compel being due by noon on 3/10/23; (3) granted as to compelled interrogatory and RFA responses or supplemental responses from Amory and Winn−Dixie, to be served no later than noon on 3/10/23 with leave to supplement no later than 4/12/23; (4) granted as to the overdue discovery response verifications from Winn−Dixie, to be served no later than noon on 3/10/23; and (5) denied as moot as to the Amory 30(b)(6) deposition now scheduled for 3/22/23. Further, the parties have leave to postpone the 2/24/23 30(b)(6) deposition of Winn−Dixie so long as it is completed no later than 3/22/23, and the fact discovery closure for discovery concerning Amory and Winn−Dixie (which includes Bi−Lo) is set at 3/22/23 and is declared firm, all other fact discovery having closed. Finally, as to expert discovery, the Court did enter an order for class expert discovery scheduling on 7/14/23 (doc. # 571 ) but was advised today by counsel for Amory and Winn−Dixie that there is no expert discovery schedule in place. Counsel may have been referring to the late−consolidated Amory and Winn−Dixie matters, but the Court's scheduling orders have applied to "all actions" because separate scheduling for individual consolidated matters is not efficient or consistent with consolidation. To clear up any confusion on the matter, the parties (in all the consolidated matters) are ordered to confer concerning the discovery schedule for all experts and for all purposes, and to submit a joint status report with a proposed agreed or contested modification or supplement to the existing expert discovery schedule (doc. # 571 ) no later than 3/31/23. Mailed notice. (lxk, ) (Entered: 02/21/2023) |
| 02/23/2023 | 721 | MINUTE entry before the Honorable Gabriel A. Fuentes: With the parties (Amory, Winn−Dixie, and Cooper Farms (among possibly other defendants involved in the completion of the Amory/Winn−Dixie discovery)) having informed the Court by email that they have continued to meet and confer concerning matters including deposition scheduling, the fact discovery closure for the Amory/Winn−Dixie discovery is extended to 3/31/23 to ensure completion of the necessary depositions. Mailed notice. (lxk, ) (Entered: 02/23/2023) |

| | | |
|---|---|---|
| 03/07/2023 | 722 | STIPULATION *Joint Stipulation and Agreed Motion Regarding Extension of Deadlines for Class Expert Discovery and Briefing* (Attachments: # 1 Text of Proposed Order)(Scarlett, Shana) (Entered: 03/07/2023) |
| 03/10/2023 | 723 | MINUTE entry before the Honorable Gabriel A. Fuentes: The parties' Joint Stipulation and Agreed Motion Regarding Extension of Deadlines for Class Expert Discovery and Briefing (doc. # 722 ) is granted in part. The deadline for the close of class expert discovery be extended to 5/19/23, with Plaintiffs to serve rebuttal reports by 3/31/23. The parties are kindly requested to submit a proposed order for entry by the district court setting the deadline for class certification and Plaintiffs' Daubert motions on 5/30/23, Responses and Defendants' Daubert motions on 9/13/23, Plaintiffs' replies and responses to Defendants' Daubert motions on 11/13/23, and Defendants' replies in support of their Daubert motions on 12/15/23. The parties may also include in their proposal an extension of the district court status hearing from 5/18/23 to 10 a.m. on 6/1/23 (or the next convenient date and time for the district court). The magistrate judge recommends that district court enter such an order, after any adjustments to suit the district court's schedule. Going forward on discovery management in this matter, the parties are directed to make all requests for court action in a motion and to style that document clearly as a motion, rather than include such requests in documents styled as stipulations. If the parties are in fact agreeing to the requested judicial relief, the Court kindly asks that the motion simply be styled as agreed motion. Mailed notice. (lxk, ) (Entered: 03/10/2023) |
| 03/13/2023 | 724 | MOTION by Plaintiff Winn−Dixie Stores, Inc. for extension of time *Winn−Dixie and Amory Plaintiffs' Unopposed Motion for Two−Day Extension* (Ahern, Patrick) (Entered: 03/13/2023) |
| 03/13/2023 | 725 | MINUTE entry before the Honorable Gabriel A. Fuentes: The unopposed motion by plaintiffs Winn−Dixie and Amory for an extension of time to serve their amended interrogatory and request for admission responses to 3/14/23 (doc. # 724 ) is granted, good cause having been shown. Mailed notice. (lxk, ) (Entered: 03/13/2023) |
| 03/15/2023 | | (Court only) ***Motions terminated: MOTION by Plaintiff Winn−Dixie Stores, Inc. for extension of time *Winn−Dixie and Amory Plaintiffs' Unopposed Motion for Two−Day Extension* 724 ; Judge Fuentes granted the Motion. (lk, ) (Entered: 03/15/2023) |
| 03/24/2023 | 726 | STATUS Report *[FILED JOINTLY]* by John Gross and Company, Inc., Maplevale Farms, Inc. (Morbey, Simeon) (Entered: 03/24/2023) |
| 03/24/2023 | 727 | RESPONSE by Defendants Cargill Meat Solutions Corporation, Cargill, Inc. to sealed document 665 *Cargill's Response to Plaintiffs' Third Amended Class Action Complaint − Redacted Version* (McGhee, Davida) (Entered: 03/24/2023) |
| 03/24/2023 | 728 | RESPONSE by Defendants Cargill Meat Solutions Corporation, Cargill, Inc. *Cargill's Answer to Plaintiffs' Fourth Amended Class Action Complaint − Redacted Version* (McGhee, Davida) (Entered: 03/24/2023) |
| 03/24/2023 | 729 | RESPONSE by Defendants Hormel Foods Corporation, Jennie−O Turkey Store, Inc. to sealed document 677 *ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT − REDACTED VERSION* (Coleman, Craig) (Entered: 03/24/2023) |
| 03/24/2023 | 730 | RESPONSE by Defendants Hormel Foods Corporation, Jennie−O Turkey Store, Inc. to sealed document 697 *ANSWER TO FOURTH AMENDED CLASS ACTION COMPLAINT − REDACTED VERSION* (Coleman, Craig) (Entered: 03/24/2023) |
| 03/24/2023 | 731 | RESPONSE by Defendants Foster Farms, LLC, Foster Poultry Farms to sealed document 665 *Answer to Third Amended Class Action Complaint − Redacted* (Zarlenga, Carmine) (Entered: 03/24/2023) |
| 03/24/2023 | 732 | RESPONSE by Defendants Foster Farms, LLC, Foster Poultry Farms *Answer to the Commercial and Institutional Indirect Purchaser Plaintiffs' Fourth Amended Class Action Complaint − Redacted* (Zarlenga, Carmine) (Entered: 03/24/2023) |
| 03/24/2023 | 733 | RESPONSE by Defendant Cooper Farms, Inc. to sealed document 665 *Answer and Affirmative Defenses to the Direct Purchaser Plaintiffs' Third Amended Class Action Complaint − Redacted* (Battle, Jennifer) (Entered: 03/24/2023) |

| | | |
|---|---|---|
| 03/24/2023 | 734 | RESPONSE by Defendant Cooper Farms, Inc. to sealed document, 666 *Answer and Affirmative Defenses to the Commercial and Institutional Indirect Purchaser Plaintiffs' Fourth Amended Class Action Complaint − Redacted* (Battle, Jennifer) (Entered: 03/24/2023) |
| 03/24/2023 | 735 | RESPONSE by Defendant Farbest Foods, Inc. to sealed document 665 *(Answer and Affirmative Defenses to Third Amended Class Action Complaint − Redacted)* (Bono, Gaspare) (Entered: 03/24/2023) |
| 03/24/2023 | 736 | RESPONSE by Defendant Farbest Foods, Inc. to sealed document, 666 *(Answer and Affirmative Defenses to Fourth Amended Class Action Complaint − Redacted)* (Bono, Gaspare) (Entered: 03/24/2023) |
| 03/24/2023 | 737 | RESPONSE by Defendants Perdue Farms, Inc., Perdue Foods LLC to sealed document 665 *Perdue's Answer and Affirmative Defenses to the Direct Purchaser Plaintiffs' Third Amended Class Action Complaint − Redacted* (Baldridge, James) (Entered: 03/24/2023) |
| 03/24/2023 | 738 | RESPONSE by Defendants Perdue Farms, Inc., Perdue Foods LLC to sealed document, 666 *Perdue's Answer and Affirmative Defenses to the Commercial and Institutional Indirect Purchaser Plaintiffs' Fourth Amended Class Action Complaint − Redacted* (Baldridge, James) (Entered: 03/24/2023) |
| 03/27/2023 | 739 | RESPONSE by Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to sealed document 680 − *Redacted* (Cherry, William) (Entered: 03/27/2023) |
| 03/27/2023 | 740 | RESPONSE by Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to sealed document 699 *Answer to Fourth Amended Class Action Complaint − Redacted* (Cherry, William) (Entered: 03/27/2023) |
| 03/27/2023 | 741 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−20477765. (McCracken, Cody) (Entered: 03/27/2023) |
| 03/27/2023 | 742 | MINUTE entry before the Honorable Gabriel A. Fuentes: The Court has reviewed the joint status report (doc. # 726 ) and appreciates the efforts of the parties to use stipulations and requests for admission to determine authenticity and admissibility of certain discovery. The next joint status report about the status of such efforts is due by noon on 7/13/23, which also is the deadline for any further discovery motion practice on these issues, which are all that remain in discovery that is otherwise closed. Mailed notice. (lxk, ) (Entered: 03/27/2023) |
| 03/27/2023 | 743 | ANSWER to Complaint with Jury Demand *(House of Raeford Farms, Inc. Answer and Defenses to Third Amended Class Action Complaint)(Redacted)* by House of Raeford Farms, Inc.(Wrobel, Gregory) (Entered: 03/27/2023) |
| 03/27/2023 | 744 | ANSWER to Complaint with Jury Demand *(House of Raeford Farms, Inc. Answer and Defenses to Fourth Amended Class Action Complaint)(Redacted)* by House of Raeford Farms, Inc.(Wrobel, Gregory) (Entered: 03/27/2023) |
| 03/28/2023 | 745 | TRANSCRIPT OF PROCEEDINGS held on 02/21/23 before the Honorable Gabriel A. Fuentes. Order Number: 45393. Court Reporter Contact Information: Patrick Mullen, (312) 435−5565, patrick_mullen@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/18/2023. Redacted Transcript Deadline set for 4/28/2023. Release of Transcript Restriction set for 6/26/2023. (Mullen, Patrick) (Entered: 03/28/2023) |
| 03/28/2023 | 746 | *REDACTED* ANSWER to Complaint *(Agri Stats Inc.'s Answer & Affirmative Defenses to the Commercial and Institutional Indirect Purchaser Plaintiffs' Fourth Amended Class Action Complaint)* by Agri Stats, Inc.(Bernick, Justin) (Entered: |

| | | |
|---|---|---|
| | | 03/28/2023) |
| 03/29/2023 | 747 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Cody McCracken's Motion to appear pro hac vice 741 is granted. Mailed notice (lk, ) (Entered: 03/29/2023) |
| 03/31/2023 | 748 | MOTION by Plaintiff Winn−Dixie Stores, Inc. for extension of time *Direct Action Plaintiffs' Unopposed Motion to Extend Deadline for Filing Joint Status Report* (Ahern, Patrick) (Entered: 03/31/2023) |
| 04/03/2023 | 749 | MINUTE entry before the Honorable Gabriel A. Fuentes: The unopposed motion by Winn−Dixie stores (doc. # 748 ) for a one−week extension of time to file a joint status report, to 4/6/23, on any proposed modification(s) of the expert discovery schedule, is granted. Mailed notice. (lxk, ) (Entered: 04/03/2023) |
| 04/06/2023 | 750 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. to take deposition of 30(b)(6) designee of Amory *Unopposed Motion for Leave to Re−Open Deposition* (Attachments: # 1 Text of Proposed Order)(Battle, Jennifer) (Entered: 04/06/2023) |
| 04/06/2023 | 751 | MINUTE entry before the Honorable Gabriel A. Fuentes: Defendants' agreed motion for leave to depose the Amory 30(b)(6) deponent for an additional 90 minutes (doc. # 750 ) is granted for the purposes stated in the motion. Rather than schedule a further status report on scheduling of this deposition, the Court will simply order that the deposition be completed no later than 4/28/23. The parties are kindly reminded that the next joint status report about the status of efforts to resolve any disputes concerning the use of stipulations and requests for admission to determine authenticity and admissibility of certain discovery is due by noon on 7/13/23, which also is the deadline for any further discovery motion practice on these issues, which are all that remain in fact discovery that is otherwise closed. Mailed notice. (lxk, ) (Entered: 04/06/2023) |
| 04/06/2023 | 752 | STATUS Report − *JOINT STATUS REPORT REGARDING EXPERT DISCOVERY IN THE DIRECT ACTION CASES* by Cargill Meat Solutions Corporation, Cargill, Inc. (Miller, Britt) (Entered: 04/06/2023) |
| 04/12/2023 | 753 | MINUTE entry before the Honorable Gabriel A. Fuentes: On review of the joint status report (doc. # 752 ), no adjustment to the discovery schedule is made. The parties are directed to file a Rule 26(f) report on expert discovery in the Direct Actions and merits expert discovery in the class actions 14 calendar days after resolution of the class certification issues. Mailed notice. (lxk, ) (Entered: 04/12/2023) |
| 04/14/2023 | 754 | MOTION by Defendants Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to seal document *(UNOPPOSED MOTION)* (Kass, Colin) (Entered: 04/14/2023) |
| 04/14/2023 | 755 | NOTICE of Motion by Colin R. Kass for presentment of motion to seal document, 754 before Honorable Virginia M. Kendall on 4/24/2023 at 09:00 AM. (Kass, Colin) (Entered: 04/14/2023) |
| 04/14/2023 | 756 | MOTION by Defendants Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to supplement *EXPERT TESTIMONY, ALTERNATIVE MOTION TO STRIKE, AND MOTION FOR EXPEDITED CONSIDERATION OF THE INSTANT MOTION* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order Proposed Order)(Kass, Colin) (Entered: 04/14/2023) |

| 04/14/2023 | [757](#) | NOTICE of Motion by Colin R. Kass for presentment of motion to supplement,, [756](#) before Honorable Virginia M. Kendall on 4/24/2023 at 09:00 AM. (Kass, Colin) (Entered: 04/14/2023) |
|---|---|---|
| 04/14/2023 | [758](#) | SEALED DOCUMENT by Defendants Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. − *EXHIBIT A TO DEFENDANTS' MOTION TO SUPPLEMENT EXPERT TESTIMONY, ALTERNATIVE MOTION TO STRIKE, AND MOTION FOR EXPEDITED CONSIDERATION OF THE INSTANT MOTION* (Kass, Colin) (Entered: 04/14/2023) |
| 04/14/2023 | [759](#) | SEALED DOCUMENT by Defendants Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. − *EXHIBIT B TO DEFENDANTS' MOTION TO SUPPLEMENT EXPERT TESTIMONY, ALTERNATIVE MOTION TO STRIKE, AND MOTION FOR EXPEDITED CONSIDERATION OF THE INSTANT MOTION* (Kass, Colin) (Entered: 04/14/2023) |
| 04/18/2023 | [760](#) | MINUTE entry before the Honorable Virginia M. Kendall. The referral to Judge Fuentes is expanded to include ruling on Plaintiff's motion to supplement expert testimony, alternative motion to strike and motion for expedited consideration [756](#) . Motion hearing set for 4/24/2023 is stricken. Mailed notice (lk, ) (Entered: 04/18/2023) |
| 04/18/2023 | [761](#) | MINUTE entry before the Honorable Virginia M. Kendall. Defendants' Unopposed Motion for leave to file under seal [754](#) is granted. Mailed notice (lk, ) (Entered: 04/18/2023) |
| 04/19/2023 | [762](#) | MOTION by Attorney Isaac B. Hall to withdraw as attorney for Hormel Foods Corporation, Jennie−O Turkey Store, Inc.. No party information provided (Hall, Isaac) (Entered: 04/19/2023) |
| 04/20/2023 | [763](#) | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Isaac Baxter Hall'sMotion to withdraw as attorney [762](#) is granted. Mailed notice (lk, ) (Entered: 04/20/2023) |
| 04/21/2023 | [764](#) | MINUTE entry before the Honorable Gabriel A. Fuentes: On Plaintiff's motion to supplement expert testimony, alternative motion to strike and motion for expedited consideration [756](#) , Defendants may file a response by 5 p.m. on 5/1/23; no reply is ordered at this time. Mailed notice. (lxk, ) (Entered: 04/21/2023) |
| 04/25/2023 | [765](#) | MOTION by Plaintiff Amory Investments LLC for extension of time *Unopposed Motion for One Week Extension of Deposition* (Ahern, Patrick) (Entered: 04/25/2023) |
| 04/25/2023 | [766](#) | MINUTE entry before the Honorable Gabriel A. Fuentes: Plaintiff Amory's unopposed motion (doc. # [765](#) ) to be allowed to complete the final 1.5 hours of a Rule 30(b)(6) deposition by 5/5/23 is granted. Mailed notice. (lxk, ) (Entered: 04/25/2023) |
| 05/01/2023 | [767](#) | ATTORNEY Appearance for Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. by Elaine Teresa Byszewski (Byszewski, Elaine) (Entered: 05/01/2023) |
| 05/01/2023 | [768](#) | MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, John Gross and Company, Inc., Liberty Holding Company, Maplevale Farms, Inc., Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market to seal document *(Unopposed Motion)* (Morbey, Simeon) (Entered: 05/01/2023) |
| 05/01/2023 | [769](#) | *Notice of Motion of Presentment [ECF 768]* NOTICE of Motion by Simeon Andrew Morbey for presentment of (Morbey, Simeon) (Entered: 05/01/2023) |
| 05/01/2023 | [770](#) | SEALED RESPONSE by Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, John Gross and Company, Inc., Liberty Holding Company, Maplevale Farms, Inc., Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market to MOTION by Defendants Butterball LLC, Cargill |

| | | Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc 756 (Attachments: # 1 Exhibit A − Sealed Expert Report of Michael A. Williams, Ph.D., # 2 Exhibit B − Sealed Expert Report of Russell W. Mangum III, Ph.D., # 3 Exhibit C − Sealed Declaration and Report of Lauren J. Stiroh, Ph.D.)(Morbey, Simeon) (Entered: 05/01/2023) |
|---|---|---|
| 05/01/2023 | 771 | RESPONSE by Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, John Gross and Company, Inc., Liberty Holding Company, Maplevale Farms, Inc., Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Marketin Opposition to MOTION by Defendants Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc 756 *Public Redacted Version of ECF 770* (Morbey, Simeon) (Entered: 05/01/2023) |
| 05/02/2023 | 772 | MINUTE entry before the Honorable Gabriel A. Fuentes: With the defendants' motion to supplement expert testimony and other relief (doc. # 756 ) referred to the magistrate judge (doc. # 760 ), defendants shall file a reply in support of their motion by noon on 5/9/23. Plaintiffs' unopposed motion to seal portions of their opposition brief and the entirely of three expert reports ("Motion to Seal"; doc. # 768 ) is granted in view of the district court's having granted defendants' unopposed motion to seal their opening brief (doc. # 761 ), and based on the Motion to Seal's representation that the provisionally sealed material contain "current or future business strategies" and "projections or plans regarding performance," as well as pricing information and research materials that defendants consider "confidential." Motion to Seal 6. But even a cursory review of the sealed material shows that the reports are replete with information drawn from publicly available sources, contain the experts' background and summary opinions, and discuss pricing reflecting past and not current or future trends or plans. The redacted portions of the opposition brief appear to be quoted passages from the expert reports, and the sole basis for sealing those quotes and the entire content of the three expert reports appears to be that the parties gave the reports a confidentiality designation for purposes of the protective order. The Protective Order ("Prot. Order"; doc. # 201 ) "does not, by itself, authorize the filing of any document under seal," Prot. Ord. 9, and the backdrop for the "good cause" requirement of Local Rule 26.2 is the applicable Seventh Circuit law on the treatment of filed discovery materials. See Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545−46 (7th Cir. 2002) (stating that filed discovery documents "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long−term confidentiality... In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney−client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of sexual assault) is entitled to be kept secret."). The Court may revisit the sealing related to these briefs on consideration of the underlying motion, to the extent that any of the sealed material may be said to underpin the judicial decision on that motion. Mailed notice. (lxk, ) (Entered: 05/02/2023) |
| 05/05/2023 | 773 | MINUTE entry before the Honorable Gabriel A. Fuentes: The Court having been informed by email that counsel for a party involved in the taking of a deposition that had a 5/5/23 deadline, that deadline is suspended, and a joint status report on the status of that deposition, whether completed or rescheduled, is due by noon on 5/19/23. The Court wishes all counsel good health. Mailed notice. (lxk, ) (Entered: 05/05/2023) |
| 05/09/2023 | 774 | REPLY by Defendants Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to motion to supplement,, 756 *(REPLY IN SUPPORT OF DEFENDANTS' MOTION TO SUPPLEMENT EXPERT TESTIMONY, AND ALTERNATIVE MOTION TO STRIKE)* (Kass, Colin) (Entered: 05/09/2023) |
| 05/09/2023 | 775 | MINUTE entry before the Honorable Virginia M. Kendall. On the Court's own Motion, Status hearing set for 5/18/2023 is reset for 7/11/2023 at 10:00 AM. Mailed notice(lk, ) (Entered: 05/09/2023) |

| 05/09/2023 | 776 | MINUTE entry before the Honorable Virginia M. Kendall. On the Court's own Motion, Status hearing set for 5/18/2023 is reset for 7/11/2023 at 10:00 AM.Mailed notice (lk, ) (Entered: 05/09/2023) |
|---|---|---|
| 05/11/2023 | 777 | ORDER on Joint Stipulation and Agreed Motion Regarding Extension of Deadlines for Class Expert Discovery and Briefing signed by the Honorable Virginia M. Kendall on 5/11/2023. Class certification and Plaintiffs' Daubert motions due May 30, 2023; Responses and Defendants' Daubert motions due September 13, 2023;Plaintiffs' replies and responses to Defendants' Daubert motions due November 13, 2023; Defendants' replies in support of their Daubert motions due December 15, 2023. Status hearing is hereby CONTINUED until July 11, 2023, at 10:00 a.m. Mailed notice(lk, ) (Entered: 05/11/2023) |
| 05/15/2023 | 778 | MINUTE entry before the Honorable Gabriel A. Fuentes: Defendants' motion to supplement their expert disclosures or, in the alternative, to strike Plaintiffs' experts' reply reports ("Motion"; doc. # 756 ) is before the magistrate judge on expanded referral (doc. # 760 ). The now fully briefed motion is granted in that Defendants are granted leave to file a supplemental expert report or reports in response to Plaintiffs' experts' reply reports by 5 p.m. on 5/31/23, and Plaintiffs may file further responsive expert disclosures by 5 p.m. on 6/14/23. No expert report of plaintiffs is stricken. The Court reaches this resolution in its broad discretion to manage discovery, Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013), and deliberately without resolving the parties' disagreement about whether Plaintiffs' reply expert reports go beyond the permissible limit of reply with respect to complex questions including but not limited to whether the Plaintiffs' reply reports contain "new regressions, new elasticity calculations, new models, new robustness tests, and new class member opinions," see Motion at 1, or are merely responsive to Defendants' expert disclosures, as Plaintiffs contend. See Plaintiffs' Response to Motion (doc. # 770 ) at 1−2. Instead, and insofar as Plaintiffs have responded that "if Defendants are permitted to file a supplemental report, Plaintiffs request that they receive an equal amount of time to file a response to that report," id. at 3, the Court simply offers both sets of parties a limited additional ability to provide expert discovery and disclosure on these disputed issues, in the interests of justice. See Fed. R. Civ. P. 1. In view of today's order and the district court's 5/11/23 scheduling order (doc. # 777 ), the parties are directed to confer and submit promptly any agreed or contested motion to the district court for adjustments to the litigation or briefing schedule as may be necessary, and, by noon on 5/25/23 to the magistrate judge, any agreed or contested motion (and not a stipulation or stipulated order) for adjustments to the expert discovery schedule upon good cause. Mailed notice. (lxk, ) (Entered: 05/15/2023) |
| 05/17/2023 | 779 | STATUS Report *Jointly filed with Amory Investments LLC* by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc.<br><br>Presented before Magistrate Judge<br><br>(Spiker, Jill) (Entered: 05/17/2023) |
| 05/22/2023 | 780 | STATUS Report *Jointly filed with Amory Investments LLC* by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc.<br><br>Presented before Magistrate Judge<br><br>(Battle, Jennifer) (Entered: 05/22/2023) |
| 05/24/2023 | 781 | *REDACTED* ANSWER to Complaint with Jury Demand *(Agri Stats Inc.'s Answer & Affirmative Defenses to the Direct Purchaser Plaintiffs' Third Amended Class Action Complaint)* by Agri Stats, Inc.(Bernick, Justin) (Entered: 05/24/2023) |

| 05/24/2023 | 782 | MINUTE entry before the Honorable Gabriel A. Fuentes: On review of the 5/22/23 joint status report (doc. # 780), the Court finds that fact discovery is now closed as to all parties. Mailed notice. (lxk, ) (Entered: 05/24/2023) |
|---|---|---|
| 05/25/2023 | 783 | STIPULATION *Joint Stipulation and Agreed Upon Motion Regarding Extension of Deadlines for Class Expert Discovery (ECF No. 778) and Class Certification Briefing (ECF No. 777* (Morbey, Simeon) (Entered: 05/25/2023) |
| 05/25/2023 | 784 | MINUTE entry before the Honorable Gabriel A. Fuentes: On the parties' agreed motion to extend the expert discovery schedule (doc. # 783 ), the motion is granted, so that defendant's supplemental expert report is served no later than 5/31/2023, plaintiffs' supplemental reply report is served by 6/28/23, and class expert discovery ends 9/8/23. The magistrate judge recommends that the district court adopt the proposed schedule for litigation of certification and Daubert motions. Mailed notice. (lxk, ) (Entered: 05/25/2023) |
| 05/30/2023 | 785 | MINUTE entry before the Honorable Virginia M. Kendall. The Court adopts schedule as proposed in Motion 783 . Class certification and Plaintiffs' Dabuert motions due by 9/22/2023. Responses and Defendants' Daubert motions due 1/19/2024. Plaintiffs' replies and responses to Defendants' Daubert motions due 1/19/2024. Plaintiffs' replies and responses to Defendants' Daubert motions due 4/4/2024; Defendants' replies in support of their Daubert motions due 5/10/2024. Status hearing set for 7/11/2023 is reset for 9/13/2023 at 9:00 AM. Mailed notice (lk, ) (Entered: 05/30/2023) |
| 05/31/2023 | 786 | MINUTE entry before the Honorable Gabriel A. Fuentes: The parties are directed to review and comply with the Court's Standing Order for Civil Cases Before Magistrate Judge Fuentes, available on the Court's website and revised as of 5/31/23, with the most recent revisions concerning the use of generative artificial intelligence in the preparation of documents filed with the magistrate judge under any applicable referral, or all filed documents if the matter is before the magistrate judge on consent. Mailed notice. (lxk, ) (Entered: 05/31/2023) |
| 06/14/2023 | 787 | ATTORNEY Appearance for Defendant Farbest Foods, Inc. by Adam Joseph Wallstein (Wallstein, Adam) (Entered: 06/14/2023) |
| 06/16/2023 | 788 | MOTION by Attorney Michael K. Sciaccotta to withdraw as attorney for Farbest Foods, Inc.. No party information provided

Presented before Presiding Judge

(Bono, Gaspare) (Entered: 06/16/2023) |
| 06/20/2023 | 789 | MINUTE entry before the Honorable Virginia M. Kendall. Michael K. Sciaccotta'sMotion to withdraw as attorney 788 is granted. Mailed notice (lk, ) (Entered: 06/20/2023) |
| 07/10/2023 | 790 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. for extension of time − *Jointly Agreed Upon Motion Regarding Extension of Deadlines for Limited Evidentiary Discovery*

Presented before Magistrate Judge

(Morbey, Simeon) (Entered: 07/10/2023) |
| 07/12/2023 | 791 | MINUTE entry before the Honorable Gabriel A. Fuentes: Plaintiff's agreed motion to extend deadline for motion practice related to limited evidentiary discovery (doc. # 790 ) is granted as stated in the attached order, and parties are ordered to file interim status reports on 7/13/23, 9/28/23, and 11/10/23. Mailed notice. (lxk, ) (Entered: 07/12/2023) |
| 07/12/2023 | 792 | ORDER Granting Agreed Motion Regarding Limited Evidentiary Discovery. Signed by the Honorable Gabriel A. Fuentes on 7/12/2023. Mailed notice. (lxk, ) (Entered: 07/12/2023) |
| 07/13/2023 | 793 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Amory Investments LLC (Ahern, Patrick) (Entered: 07/13/2023) |

| | | |
|---|---|---|
| 07/13/2023 | <u>794</u> | STATUS Report *(Joint)* by Cargill Meat Solutions Corporation, Cargill, Inc.<br><br>Presented before Magistrate Judge<br><br>(McGhee, Davida) (Entered: 07/13/2023) |
| 07/14/2023 | <u>795</u> | MOTION by Defendant Farbest Foods, Inc. for leave to file *Under Seal Motion for Leave To File Instanter Motion For Summary Judgment on Champerty and Public Policy Grounds*<br><br>Presented before Presiding Judge<br><br>(Bono, Gaspare) (Entered: 07/14/2023) |
| 07/14/2023 | <u>796</u> | MOTION by Defendant Farbest Foods, Inc. for leave to file *Instanter Motion for Summary Judgment on Champerty and Public Policy Grounds to Dismiss Amory Investments, LLC.'s Complaint with Prejudice (Redacted)*<br><br>Presented before Presiding Judge<br><br>(Attachments: # <u>1</u> Exhibit A − Defendants' Motion for Summary Judgment on Champerty and Public Policy Grounds to Dismiss Amory Investments, LLC.'s Complaint with Prejudice, # <u>2</u> Exhibit B − Memorandum of Law in Support (Redacted), # <u>3</u> Exhibit C − Statement of Material Facts (Redacted), # <u>4</u> Exhibit D − Declaration of Gaspare J. Bono (and Exhibits 1−3 (Under Seal)))(Bono, Gaspare) (Entered: 07/14/2023) |
| 07/14/2023 | <u>797</u> | SEALED DOCUMENT by Defendant Farbest Foods, Inc. *(Defendants' Motion for Leave to File Instanter Motion for Summary Judgment on Champerty and Public Policy Grounds to Dismiss Amory Investments, LLC.'s Complaint with Prejudice)* (Attachments: # <u>1</u> Exhibit A − Defendants' Motion for Summary Judgment on Champerty and Public Policy Grounds to Dismiss Amory Investments, LLC.'s Complaint with Prejudice, # <u>2</u> Exhibit B − Memorandum of Law in Support, # <u>3</u> Exhibit C − Statement of Material Facts, # <u>4</u> Exhibit D − Declaration of Gaspare J. Bono (and Exhibits 1−3))(Bono, Gaspare) (Entered: 07/14/2023) |
| 07/14/2023 | <u>798</u> | MOTION by Attorney Stephanie A. Koltookian to withdraw as attorney for Hormel Foods Corporation, Jennie−O Turkey Store, Inc.. No party information provided<br><br>Presented before Presiding Judge<br><br>(Kingsbury, Colby) (Entered: 07/14/2023) |
| 07/17/2023 | <u>799</u> | MINUTE entry before the Honorable Virginia M. Kendall. Defendants' Motions to file Motion for Summary Judgment Instanter <u>795</u> and <u>796</u> are granted. Defendants are directed to file Motions for Summary Judgment on the docket and not just as an exhibit to Motions to file Instanter. Responses to Motion for Summary Judgments shall be filed by 8/14/2023; Replies due by 8/28/2023. Attorney Stephanie A Koltookian's Motion for leave to withdraw <u>798</u> is granted. Mailed notice (lk, ) (Entered: 07/17/2023) |
| 07/17/2023 | <u>800</u> | MOTION by Defendant Farbest Foods, Inc. for summary judgment *(Defendants' Motion for Summary Judgment on Champerty and Public Policy Grounds to Dismiss Amory Investments, LLC.'s Complaint with Prejudice)*<br><br>Presented before Presiding Judge<br><br>(Bono, Gaspare) (Entered: 07/17/2023) |
| 07/17/2023 | <u>801</u> | MEMORANDUM by Farbest Foods, Inc. in support of motion for summary judgment, <u>800</u> *(Memorandum of Law in Support of Defendants' Motion for Summary Judgment on Champerty and Public Policy Grounds Dismissing Amory Investments, LLC.'s Complaint with Prejudice) (Redacted)* (Bono, Gaspare) (Entered: 07/17/2023) |
| 07/17/2023 | <u>802</u> | RULE 56.1 Statement by Farbest Foods, Inc. regarding motion for summary judgment, <u>800</u> *(Defendants' Local Rule 56.1 Statement of Material Facts) (Redacted)* (Bono, Gaspare) (Entered: 07/17/2023) |

| 07/17/2023 | 803 | DECLARATION of Gaspare J. Bono regarding motion for summary judgment, 800 *(Declaration of Gaspare J. Bono in Support of Defendants' Motion for Summary Judgment on Champerty and Public Policy Grounds with Exhibits 1−3 (Under Seal))* (Bono, Gaspare) (Entered: 07/17/2023) |
|---|---|---|
| 07/17/2023 | 804 | SEALED DOCUMENT by Defendant Farbest Foods, Inc. *(Memorandum of Law in Support of Defendants' Motion for Summary Judgment on Champerty and Public Policy Grounds Dismissing Amory Investments, LLC.'s Complaint with Prejudice)* (Bono, Gaspare) (Entered: 07/17/2023) |
| 07/17/2023 | 805 | SEALED DOCUMENT by Defendant Farbest Foods, Inc. *(Local Rule 56.1 Statement of Material Facts)* (Bono, Gaspare) (Entered: 07/17/2023) |
| 07/17/2023 | 806 | SEALED DOCUMENT by Defendant Farbest Foods, Inc. *(Declaration of Gaspare J. Bono in Support of Defendants' Motion for Summary Judgment on Champerty and Public Policy Grounds with Exhibits 1−3)* (Bono, Gaspare) (Entered: 07/17/2023) |
| 08/09/2023 | 807 | MOTION by Attorney J. Douglas Baldridge to withdraw as attorney for Perdue Farms, Inc., Perdue Foods LLC. No party information provided<br><br>Presented before District Judge<br><br>(Foley, Danielle) (Entered: 08/09/2023) |
| 08/09/2023 | 808 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−20913017.<br><br>Presented before District Judge<br><br>(Ho, Derek) (Entered: 08/09/2023) |
| 08/10/2023 | 809 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney James Douglas Baldridge's Motion to withdraw as attorney 807 is granted. Attorney Derek Ho's Motion to appear pro hac vice 808 is granted. Mailed notice (lk, ) (Entered: 08/10/2023) |
| 08/10/2023 | 810 | EXECUTIVE COMMITTEE ORDER: It appearing that Magistrate Judge Cox retired on August 9, 2023; therefore It is hereby ordered that no new designations, referrals, or reassignments shall be made to Magistrate Judge Cox; and It is further ordered that the Hon. Keri L. Holleb Hotaling has entered on duty as a magistrate judge for the Northern District of Illinois; and It is furthered ordered that the Clerk of Court is to add Magistrate Judge Holleb Hotaling's name to the Court's magistrate judge civil case assignment system on August 10, 2023, so that she shall receive a full share of such cases. Case reassigned to the Honorable Keri L Holleb Hotaling. Signed by Honorable Rebecca R. Pallmeyer on 8/10/2023.(td, ) (Entered: 08/10/2023) |
| 08/14/2023 | 811 | RESPONSE by Amory Investments LLCin Opposition to MOTION by Defendant Farbest Foods, Inc. for summary judgment *(Defendants' Motion for Summary Judgment on Champerty and Public Policy Grounds to Dismiss Amory Investments, LLC.'s Complaint with Prejudice)*<br><br>Presented before Presiding 800 *(Redacted)* (Attachments: # 1 Amory Investments LLC's Responses to Defendants' Local Rule 56.1 Statement (Redacted), # 2 Amory Investments LLC's Local Rule 56.1 Statement of Additional Material Facts (Redacted), # 3 Declaration of Derek T. Ho, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5 (Filed Under Seal), # 9 Exhibit 6, # 10 Exhibit 7)(Ho, Derek) (Entered: 08/14/2023) |
| 08/14/2023 | 812 | MOTION by Plaintiff Amory Investments LLCfor Leave to File Under Seal *Amory's Opposition to Defendants' Motion for Summary Judgment and Corollary Filings*<br><br>Presented before District Judge<br><br>(Ho, Derek) (Entered: 08/14/2023) |
| 08/14/2023 | 813 | SEALED DOCUMENT by Plaintiff Amory Investments LLC *(Amory Investments LLC's Opposition to Defendants' Motion for Summary Judgment)* (Attachments: # 1 Amory Investments LLC's Responses to Defendants' Local Rule 56.1 Statement (Filed |

| | | |
|---|---|---|
| | | Under Seal), # 2 Amory Investments LLC's Local Rule 56.1 Statement of Additional Material Facts (Filed Under Seal), # 3 Declaration of Derek T. Ho (Filed Under Seal), # 4 Exhibit 5 (Filed Under Seal))(Ho, Derek) (Entered: 08/14/2023) |
| 08/16/2023 | 814 | MOTION by Attorney Jonathan W. Cuneo to withdraw as attorney for Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market. No party information provided<br><br>Presented before District Judge<br><br>(Finley, Alec) (Entered: 08/16/2023) |
| 08/17/2023 | 815 | MINUTE entry before the Honorable Virginia M. Kendall. Plaintiffs' Motion for leave to file under seal 812 is granted. Mailed notice (lk, ) (Entered: 08/17/2023) |
| 08/18/2023 | 816 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Jonathan W. Cuneo'sMotion to withdraw as attorney 814 is granted. Mailed notice (lk, ) (Entered: 08/18/2023) |
| 08/18/2023 | 817 | MINUTE entry before the Honorable Keri L. Holleb Hotaling: This matter has been transferred to the calendar of Magistrate Judge Keri Holleb Hotaling. The Court has reviewed the docket, including the joint status report of 7/13/2023. 794 The 9/8/2023 class expert discovery end date 784 and the 11/10/2023 deadline for motion practice on limited evidentiary discovery 791 792 stand, as do the joint status report dates of 9/28/2023 and 11/10/2023 791 . Mailed notice. (exr, ) (Entered: 08/18/2023) |
| 08/28/2023 | 818 | MOTION by Defendant Farbest Foods, Inc. for leave to file *Under Seal Defendants' Reply in Support of Motion for Summary Judgment*<br><br>Presented before District Judge<br><br>(Bono, Gaspare) (Entered: 08/28/2023) |
| 08/28/2023 | 819 | REPLY by Farbest Foods, Inc. to MOTION by Defendant Farbest Foods, Inc. for summary judgment *(Defendants' Motion for Summary Judgment on Champerty and Public Policy Grounds to Dismiss Amory Investments, LLC.'s Complaint with Prejudice)*<br><br>Presented before Presiding 800 *(Reply in Support of Motion for Summary Judgment (Redacted))* (Attachments: # 1 Defendants' Response to Amory's Local Rule 56.1 Statement (Redacted), # 2 Declaration of Jennifer A.L. Battle (Redacted), # 3 Exhibit A, # 5 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E (Filed Under Seal))(Bono, Gaspare) (Entered: 08/28/2023) |
| 08/28/2023 | 820 | SEALED DOCUMENT by Defendant Farbest Foods, Inc. *(Reply in Support of Motion for Summary Judgment)* (Attachments: # 1 Defendants' Response to Amory's Local Rule 56.1 Statement, # 2 Declaration of Jennifer A.L. Battle, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E)(Bono, Gaspare) (Entered: 08/28/2023) |
| 08/29/2023 | 821 | MINUTE entry before the Honorable Virginia M. Kendall. Defendants' Motion for leave to file under seal 818 is granted. Mailed notice (lk, ) (Entered: 08/29/2023) |
| 09/06/2023 | 822 | MOTION by Attorney Davy H. Raistrick to withdraw as attorney for Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc.. No party information provided<br><br>Presented before District Judge<br><br>(Johnston, Daniel) (Entered: 09/06/2023) |
| 09/06/2023 | 823 | ATTORNEY Appearance for Defendant House of Raeford Farms, Inc. by Julia L. Koechley (Koechley, Julia) (Entered: 09/06/2023) |
| 09/06/2023 | 824 | STATUS Report *Joint Status Report* by Hormel Foods Corporation, Jennie−O Turkey Store, Inc. |

| | | |
|---|---|---|
| | | Presented before District Judge<br><br>(Kingsbury, Colby) (Entered: 09/06/2023) |
| 09/08/2023 | 825 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Davy Hem Raistrick'sMotion to withdraw as attorney 822 is granted. Mailed notice (lk, ) (Entered: 09/08/2023) |
| 09/13/2023 | 826 | MINUTE entry before the Honorable Virginia M. Kendall. Status hearing held on 9/13/2023 via Webex and in person. By agreement of Parties, Class Certification hearings set for 5/20/2024 and 5/21/2024 to begin at 10:00 AM. Class Plaintiffs' request for extra pages regarding their Reply brief as outlined in Joint Status Report 824 is granted. Parties' Agreed oral motion to reassign and consolidate case number 23 C 4404 is granted. The Clerk of Court is directed to reassign and consolidate case number 23 C 4404 (Aramark Food and Support Services Group, Inc. v. Butterball, LLC, et al) into case number 19 C 8318 for all purposes. All future filings shall be filed in 19 C 8318. Mailed notice (lk, ) (Entered: 09/13/2023) |
| 09/22/2023 | 827 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to seal *Direct Purchaser Plaintiffs' Motion for Leave to File Under Seal Documents Related to Class Certification Briefing*<br><br>Presented before District Judge<br><br>(Attachments: # 1 Text of Proposed Order)(Scarlett, Shana) (Entered: 09/22/2023) |
| 09/22/2023 | 828 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to certify class *Direct Purchaser Plaintiffs' Notice of Motion and Motion for Class Certification*<br><br>Presented before District Judge<br><br>Responses due by 1/19/2024 (Attachments: # 1 Text of Proposed Order)(Scarlett, Shana) (Entered: 09/22/2023) |
| 09/22/2023 | 829 | MEMORANDUM by John Gross and Company, Inc., Maplevale Farms, Inc. in support of motion to certify class, 828 (Attachments: # 1 Declaration of Shana E. Scarlett (Public Version), # 2 Exhibit 1−63 (filed under seal), # 3 Exhibit 64, # 4 Exhibit 65−67 (filed under seal), # 5 Exhibit 68, # 6 Exhibit 70−107 (filed under seal), # 7 Exhibit 108, # 8 Exhibit 109, # 9 Exhibit 110, # 10 Exhibit 111 (filed under seal), # 11 Exhibit 112, # 12 Exhibit 113−132 (filed under seal))(Scarlett, Shana) (Entered: 09/22/2023) |
| 09/22/2023 | 830 | SEALED DOCUMENT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. *Direct Purchaser Plaintiffs' Memorandum in Support of Motion for Class Certification (Sealed Version)* (Attachments: # 1 Declaration of Shana E. Scarlett, # 2 Exhibit 1 (sealed), # 3 Exhibit 2 (sealed), # 4 Exhibit 3 (sealed), # 5 Exhibit 4 (sealed), # 6 Exhibit 5 (sealed), # 7 Exhibit 6 (sealed), # 8 Exhibit 7 (sealed), # 9 Exhibit 8 (sealed), # 10 Exhibit 9 (sealed), # 11 Exhibit 10 (sealed), # 12 Exhibit 11 (sealed), # 13 Exhibit 12 (sealed), # 14 Exhibit 13 (sealed), # 15 Exhibit 14 (sealed), # 16 Exhibit 15 (sealed), # 17 Exhibit 16 (sealed), # 18 Exhibit 17 (sealed), # 19 Exhibit 18 (sealed), # 20 Exhibit 19 (sealed), # 21 Exhibit 20 (sealed), # 22 Exhibit 21 (sealed), # 23 Exhibit 22 (sealed), # 24 Exhibit 23 (sealed), # 25 Exhibit 24 (sealed), # 26 Exhibit 25 (sealed), # 27 Exhibit 26 (sealed), # 28 Exhibit 27 (sealed), # 29 Exhibit 28 (sealed), # 30 Exhibit 29 (sealed), # 31 Exhibit 30 (sealed), # 32 Exhibit 31 (sealed), # 33 Exhibit 32 (sealed), # 34 Exhibit 33 (sealed), # 35 Exhibit 34 (sealed), # 36 Exhibit 35 (sealed), # 37 Exhibit 36 (sealed), # 38 Exhibit 37 (sealed), # 39 Exhibit 38 (sealed), # 40 Exhibit 39 (sealed), # 41 Exhibit 40 (sealed), # 42 Exhibit 41 (sealed), # 43 Exhibit 42 (sealed), # 44 Exhibit 43 (sealed), # 45 Exhibit 44 (sealed), # 46 Exhibit 45 (sealed), # 47 Exhibit 46 (sealed), # 48 Exhibit 47 (sealed), # 49 Exhibit 48 (sealed), # 50 Exhibit 49 (sealed), # 51 Exhibit 50 (sealed), # 52 Exhibit 51 (sealed), # 53 Exhibit 52 (sealed), # 54 Exhibit 53 (sealed), # 55 Exhibit 54 (sealed), # 56 Exhibit 55 (sealed), # 57 Exhibit 56 (sealed), # 58 Exhibit 57 (sealed), # 59 Exhibit 58 (sealed), # 60 Exhibit 59 (sealed), # 61 Exhibit 60 (sealed), # 62 Exhibit 61 (sealed), # 63 Exhibit 62 (sealed), # 64 Exhibit 63 (sealed), # 65 Exhibit 65 (sealed), # 66 Exhibit 66 (sealed), # 67 Exhibit 67 (sealed), # 68 Exhibit 70 (sealed), # 69 Exhibit 71 |

| | | |
|---|---|---|
| | | (sealed), # <u>70</u> Exhibit 72 (sealed), # <u>71</u> Exhibit 73 (sealed), # <u>72</u> Exhibit 74 (sealed), # <u>73</u> Exhibit 75 (sealed), # <u>74</u> Exhibit 76 (sealed), # <u>75</u> Exhibit 77 (sealed), # <u>76</u> Exhibit 78 (sealed), # <u>77</u> Exhibit 79 (sealed), # <u>78</u> Exhibit 80 (sealed), # <u>79</u> Exhibit 81 (sealed), # <u>80</u> Exhibit 82 (sealed), # <u>81</u> Exhibit 83 (sealed), # <u>82</u> Exhibit 84 (sealed), # <u>83</u> Exhibit 85 (sealed), # <u>84</u> Exhibit 86 (sealed), # <u>85</u> Exhibit 87 (sealed), # <u>86</u> Exhibit 88 (sealed), # <u>87</u> Exhibit 89 (sealed), # <u>88</u> Exhibit 90 (sealed), # <u>89</u> Exhibit 91 (sealed), # <u>90</u> Exhibit 92 (sealed), # <u>91</u> Exhibit 93 (sealed), # <u>92</u> Exhibit 94 (sealed), # <u>93</u> Exhibit 95 (sealed), # <u>94</u> Exhibit 96 (sealed), # <u>95</u> Exhibit 97 (sealed), # <u>96</u> Exhibit 98 (sealed), # <u>97</u> Exhibit 99 (sealed), # <u>98</u> Exhibit 100 (sealed), # <u>99</u> Exhibit 101 (sealed), # <u>100</u> Exhibit 102 (sealed), # <u>101</u> Exhibit 103 (sealed), # <u>102</u> Exhibit 104 (sealed), # <u>103</u> Exhibit 105 (sealed), # <u>104</u> Exhibit 106 (sealed), # <u>105</u> Exhibit 107 (sealed), # <u>106</u> Exhibit 111 (sealed), # <u>107</u> Exhibit 113 (sealed), # <u>108</u> Exhibit 114 (sealed), # <u>109</u> Exhibit 115 (sealed), # <u>110</u> Exhibit 116 (sealed), # <u>111</u> Exhibit 117 (sealed), # <u>112</u> Exhibit 118 (sealed), # <u>113</u> Exhibit 119 (sealed), # <u>114</u> Exhibit 120 (sealed), # <u>115</u> Exhibit 121 (sealed), # <u>116</u> Exhibit 122 (sealed), # <u>117</u> Exhibit 123 (sealed), # <u>118</u> Exhibit 124 (sealed), # <u>119</u> Exhibit 125 (sealed), # <u>120</u> Exhibit 126 (sealed), # <u>121</u> Exhibit 127 (sealed), # <u>122</u> Exhibit 128 (sealed), # <u>123</u> Exhibit 129 (sealed), # <u>124</u> Exhibit 130 (sealed), # <u>125</u> Exhibit 131 (sealed), # <u>126</u> Exhibit 132 (sealed))(Scarlett, Shana) (Entered: 09/22/2023) |
| 09/22/2023 | <u>831</u> | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc.Direct Purchaser Plaintiffs' and Commercial Institutional Indirect Purchaser Plaintiffs' Notice of Motion and Motion to Exclude Expert Testimony of Lauren Stiroh <br><br> Presented before District Judge <br><br> (Attachments: # <u>1</u> Text of Proposed Order)(Scarlett, Shana) (Entered: 09/22/2023) |
| 09/22/2023 | <u>832</u> | MEMORANDUM by John Gross and Company, Inc., Maplevale Farms, Inc. in support of motion for miscellaneous relief, <u>831</u> *Memorandum of Points and Authorities in Support of Direct Purchaser Plaintiffs and Commercial and Institutional Indirect Purchaser Plaintiffs' Motion to Exclude Expert Testimony of Lauren Stiroh (Public Version)* (Attachments: # <u>1</u> Declaration of Shana E. Scarlett (Public Version), # <u>2</u> Exhibit 1 (filed under seal), # <u>3</u> Exhibit 2 (filed under seal))(Scarlett, Shana) (Entered: 09/22/2023) |
| 09/22/2023 | <u>833</u> | SEALED DOCUMENT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. *Memorandum of Points and Authorities in Support of Direct Purchaser Plaintiffs and Commercial and Institutional Indirect Purchaser Plaintiffs' Motion to Exclude Expert Testimony of Lauren Stiroh (Sealed Version)* (Attachments: # <u>1</u> Declaration of Shana E. Scarlett, # <u>2</u> Exhibit 1 (sealed), # <u>3</u> Exhibit 2 (sealed))(Scarlett, Shana) (Entered: 09/22/2023) |
| 09/22/2023 | <u>834</u> | MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen to seal *Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Leave to File Under Seal Documents Related to Class Certification Briefing* <br><br> Presented before District Judge <br><br> (Attachments: # <u>1</u> Text of Proposed Order)(Finley, Alec) (Entered: 09/22/2023) |
| 09/22/2023 | <u>835</u> | *Notice of Motion for Leave to File Under Seal* NOTICE of Motion by Alec Blaine Finley, Jr for presentment of (Finley, Alec) (Entered: 09/22/2023) |
| 09/22/2023 | <u>836</u> | MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen to certify class *Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Class Certification and for Appointment of Class Counsel* <br><br> Presented before District Judge <br><br> Responses due by 1/19/2024 (Attachments: # <u>1</u> Text of Proposed Order)(Finley, Alec) (Entered: 09/22/2023) |

| 09/22/2023 | 837 | *Notice of Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Class Certification and for Appointment of Class Counsel* NOTICE of Motion by Alec Blaine Finley, Jr for presentment of motion to certify class, 836 before Honorable Virginia M. Kendall on 5/20/2024 at 10:00 AM. (Finley, Alec) (Entered: 09/22/2023) |
|---|---|---|
| 09/22/2023 | 838 | MEMORANDUM by Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen in support of motion to certify class, 836 (Attachments: # 1 Appendix A, # 2 Appendix B, # 3 Appendix C, # 4 Declaration of Blaine Finley, # 5 Exhibit A − Cuneo Gilbert & LaDuca, LLP Firm Resume, # 6 Exhibit Exhibits 1−6 (Filed Under Seal), # 7 Exhibit 7, # 8 Exhibit 8−129 (Filed Under Seal), # 9 Declaration of Sterling Aldridge, # 10 Exhibit A − Barrett Law Group Firm Resume)(Finley, Alec) (Entered: 09/22/2023) |
| 09/23/2023 | 839 | SEALED DOCUMENT by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen *Commercial and Institutional Indirect Purchaser Plaintiffs' Memorandum in Support of Motion for Class Certification and for Appointment of Class Counsel (Sealed Version)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 8, # 8 Exhibit 9, # 9 Exhibit 10, # 10 Exhibit 11, # 11 Exhibit 12, # 12 Exhibit 13, # 13 Exhibit 14, # 14 Exhibit 15, # 15 Exhibit 16, # 16 Exhibit 17, # 17 Exhibit 18, # 18 Exhibit 19, # 19 Exhibit 20, # 20 Exhibit 21, # 21 Exhibit 22, # 22 Exhibit 23, # 23 Exhibit 24 Part A, # 24 Exhibit 24 Part B, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58, # 59 Exhibit 59, # 60 Exhibit 60, # 61 Exhibit 61, # 62 Exhibit 62, # 63 Exhibit 63, # 64 Exhibit 64, # 65 Exhibit 65, # 66 Exhibit 66, # 67 Exhibit 67, # 68 Exhibit 68, # 69 Exhibit 69, # 70 Exhibit 70, # 71 Exhibit 71, # 72 Exhibit 72 Part A, # 73 Exhibit 72 Part B, # 74 Exhibit 73, # 75 Exhibit 74, # 76 Exhibit 75, # 77 Exhibit 76, # 78 Exhibit 77, # 79 Exhibit 78, # 80 Exhibit 79, # 81 Exhibit 80, # 82 Exhibit 81, # 83 Exhibit 82, # 84 Exhibit 83, # 85 Exhibit 84 Part A, # 86 Exhibit 84 Part B, # 87 Exhibit 85, # 88 Exhibit 86, # 89 Exhibit 87, # 90 Exhibit 88, # 91 Exhibit 89, # 92 Exhibit 90, # 93 Exhibit 91, # 94 Exhibit 92, # 95 Exhibit 93, # 96 Exhibit 94, # 97 Exhibit 95, # 98 Exhibit 96, # 99 Exhibit 97, # 100 Exhibit 98, # 101 Exhibit 99, # 102 Exhibit 100, # 103 Exhibit 101, # 104 Exhibit 102, # 105 Exhibit 103, # 106 Exhibit 104, # 107 Exhibit 105, # 108 Exhibit 106, # 109 Exhibit 107, # 110 Exhibit 108, # 111 Exhibit 109, # 112 Exhibit 110, # 113 Exhibit 111, # 114 Exhibit 112, # 115 Exhibit 113, # 116 Exhibit 114, # 117 Exhibit 115, # 118 Exhibit 116, # 119 Exhibit 117, # 120 Exhibit 118, # 121 Exhibit 119, # 122 Exhibit 120, # 123 Exhibit 121, # 124 Exhibit 122, # 125 Exhibit 123, # 126 Exhibit 124, # 127 Exhibit 125, # 128 Exhibit 126, # 129 Exhibit 127, # 130 Exhibit 128, # 131 Exhibit 129)(Finley, Alec) (Entered: 09/23/2023) |
| 09/28/2023 | 840 | STATUS Report *[FILED JOINTLY]* by John Gross and Company, Inc., Maplevale Farms, Inc.<br><br>Presented before Magistrate Judge<br><br>(Morbey, Simeon) (Entered: 09/28/2023) |
| 09/28/2023 | 841 | MINUTE entry before the Honorable Virginia M. Kendall. Plaintiffs' Motion for leave to file under seal 834 is granted. Mailed notice (lk, ) (Entered: 09/28/2023) |
| 10/02/2023 | 842 | MINUTE entry before the Honorable Keri L. Holleb Hotaling: The Court has reviewed the parties' joint status report [Dkt. 840 ]. The parties are working on preparing a joint evidentiary stipulation, but if they cannot reach agreement, Plaintiffs may seek to take Rul3 30(b)(6) depositions. The 11/10/2023 deadline for motion practice on limited evidentiary discovery [Dkts. 791 792 , 817 ] remains set. The parties' updated joint status report date of 11/10/2023 remains set; the parties are to file a joint status report on that date, or any motion practice necessary related to the limited evidentiary discovery referenced above. Mailed notice (ec) (Entered: 10/02/2023) |

| | | |
|---|---|---|
| 10/03/2023 | <u>843</u> | NOTICE by John Gross and Company, Inc., Maplevale Farms, Inc. *Notice of Related Case* (Attachments: # <u>1</u> Exhibit A − United States v. Agri Stats Complaint)(Scarlett, Shana) (Entered: 10/03/2023) |
| 10/04/2023 | <u>844</u> | MOTION to withdraw as attorney for John Gross and Company, Inc., Maplevale Farms, Inc..<br><br>(Keiper, Caitlin) (Entered: 10/04/2023) |
| 10/05/2023 | <u>845</u> | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Caitlin E. Keiper's Motion to withdraw as attorney <u>844</u> is granted. Mailed notice (lk, ) (Entered: 10/05/2023) |
| 10/06/2023 | <u>846</u> | MOTION by Attorney J. Gray Wilson to withdraw as attorney for Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc.. No party information provided<br><br>Presented before District Judge<br><br>(Cherry, William) (Entered: 10/06/2023) |
| 10/09/2023 | <u>847</u> | STIPULATION *(Stipulation [and Proposed Order] Regarding Reassignment, Consolidation, and Coordination of Direct Action Plaintiff Complaint)* (Miller, Britt) (Entered: 10/09/2023) |
| 10/10/2023 | <u>848</u> | STIPULATION and Order Regarding Reassignment, Consolidation and Coordination of Direct Action Plaintiff Complaint signed by the Honorable Virginia M. Kendall on 10/10/2023. Mailed notice(lk, ) (Entered: 10/10/2023) |
| 10/10/2023 | <u>849</u> | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Jonathan Gray Wilson'sMotion to withdraw as attorney <u>846</u> is granted. Mailed notice (lk, ) (Entered: 10/10/2023) |
| 10/12/2023 | <u>850</u> | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−21212888.<br><br>Presented before District Judge<br><br>(Attachments: # <u>1</u> Additional Court Admissions)(Cohen, Daniel) (Entered: 10/12/2023) |
| 10/13/2023 | <u>851</u> | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Daniel Cohen'sMotion to appear pro hac vice <u>850</u> is granted. Mailed notice (lk, ) (Entered: 10/13/2023) |
| 10/17/2023 | <u>852</u> | MOTION by Attorney Andrea N. Rivers to withdraw as attorney for Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., and the Hillshire Brands Company. No party information provided<br><br>Presented before District Judge<br><br>(Lee, Kenina) (Docket Text Modified by Clerk's Office) Modified on 10/19/2023 (aee, ). (Entered: 10/17/2023) |
| 10/20/2023 | <u>853</u> | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Andrea Nicole Rivers'Motion to withdraw as attorney <u>852</u> is granted. Mailed notice (lk, ) (Entered: 10/20/2023) |
| 11/09/2023 | <u>854</u> | STATUS Report *[FILED JOINTLY]* by John Gross and Company, Inc., Maplevale Farms, Inc.<br><br>Presented before Magistrate Judge<br><br>(Morbey, Simeon) (Entered: 11/09/2023) |
| 11/09/2023 | <u>855</u> | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. for extension of time − *Jointly Agreed Motion Regarding Extension of Deadlines for Limited Evidentiary Discovery* |

| | | |
|---|---|---|
| | | Presented before Magistrate Judge<br><br>(Morbey, Simeon) (Entered: 11/09/2023) |
| 11/13/2023 | 856 | MINUTE entry before the Honorable Keri L. Holleb Hotaling: Magistrate Judge Keri L. Holleb Hotaling has reviewed the parties' joint status report [Dkt. 854] and agreed motion for extension of the 11/10/2023 deadline for limited evidentiary discovery [Dkt. 855]. The parties report [Dkt. 854] that they continue to exchange draft stipulations but have not yet reached an agreement as to the stipulation terms. The motion for extension of deadlines [Dkt. 855] is granted. The deadline for motion practice related to the evidentiary issues raised by Plaintiffs in their motion to amend the scheduling order and discovery order [DKt. 604] is reset to 5/29/2024. Unless otherwise notified by the Court, the parties shall submit status reports regarding their efforts to reach agreement on the issues raised in that motion on 2/20/2024, 4/2/2024, and 5/22/2024; if the parties have not reached agreement by 5/22/2024, they shall also file on that date any motions necessary as to the limited discovery. Mailed notice. (exr, ) (Entered: 11/13/2023) |
| 11/22/2023 | 857 | STIPULATION *(Stipulation [and Proposed Order] Regarding Extension of Certain Deadlines to Answer Discovery Requests and the Direct Action Plaintiff Complaint)* (Miller, Britt) (Entered: 11/22/2023) |
| 12/04/2023 | 858 | STIPULATION and Order Regarding Extension of Certain Deadlines to Answer Discovery Requests and the Direct Action Plaintiff Complaint signed by the Honorable Virginia M. Kendall on 12/4/2023. Mailed notice(lk, ) (Entered: 12/04/2023) |
| 12/12/2023 | 859 | STIPULATION *[and Proposed Order] Regarding Leave to File Aramark's Amended Complaint* (Miller, Britt) (Entered: 12/12/2023) |
| 12/22/2023 | 860 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc.<br><br>Presented before District Judge<br><br>(Miller, Britt) (Entered: 12/22/2023) |
| 12/22/2023 | 861 | MEMORANDUM by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. in support of Motion to Dismiss for Failure to State a Claim, 860 (Miller, Britt) (Entered: 12/22/2023) |
| 12/28/2023 | 862 | MOTION by Attorney Julia L. Koechley to withdraw as attorney for House of Raeford Farms, Inc.. No party information provided<br><br>Presented before District Judge<br><br>(Wrobel, Gregory) (Entered: 12/28/2023) |
| 12/28/2023 | 863 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this |

| | | process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/28/2023) |
|---|---|---|
| 01/02/2024 | 864 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Julia L. Koechley'sMotion to withdraw as attorney 862 is granted. Mailed notice (lk, ) (Entered: 01/02/2024) |
| 01/03/2024 | 865 | MOTION by Attorney Amy R. Paulus to withdraw as attorney for Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc.. No party information provided<br><br>Presented before District Judge<br><br>(Paulus, Amy) (Entered: 01/03/2024) |
| 01/04/2024 | 866 | STIPULATION regarding Motion to Dismiss for Failure to State a Claim, 860 *(Stipulation and Proposed Briefing Schedule Regarding Defendants' Motion to Dismiss Plaintiff Aramark's Amended Complaint for Failure to State a Claim)* (Miller, Britt) (Entered: 01/04/2024) |
| 01/05/2024 | 867 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Amy Rich Paulus's Motion to withdraw as attorney 865 is granted. Mailed notice (lk, ) (Entered: 01/05/2024) |
| 01/09/2024 | 868 | ORDER signed by the Honorable Virginia M. Kendall on 1/9/2024. The briefing schedule regarding Defendants' Motion to Dismiss Plaintiff Aramark's Amended Complaint 860 is modified as follows:Aramark's response shall be filed on or before January 26, 2024; andDefendants' reply shall be filed on or before February 23, 2024. Mailed notice(lk, ) (Entered: 01/09/2024) |
| 01/18/2024 | 869 | STIPULATION *(Stipulation Regarding Extension of Deadlines for Class Certification Briefing)* (Miller, Britt) (Entered: 01/18/2024) |
| 01/24/2024 | 870 | MOTION by Defendant Butterball LLC to substitute attorney<br><br>Presented before District Judge<br><br>(Ohlms, Todd) (Entered: 01/24/2024) |
| 01/24/2024 | 871 | ORDER signed by the Honorable Virginia M. Kendall on 1/24/2024. Upon consideration of the Parties' Stipulation Regarding Extension of Deadlines for Class Certification Briefing, the Parties' Stipulation is APPROVED. The operative Class Certification Briefing Schedule (ECF No. 785 ) is modified as follows:Defendants' Responses and Daubert motions shall be filed on or before January 26, 2024; Plaintiffs' replies and responses to Defendants' Daubert motions shall be filed on or before April 11, 2024. Mailed notice(lk, ) (Entered: 01/24/2024) |
| 01/26/2024 | 872 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Todd Ohlms's Motion to Substitute for Attorney Marc Rosenthal to represent Defendant Butterball 870 is granted. Mailed notice (lk, ) (Entered: 01/26/2024) |
| 01/26/2024 | 873 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc., The Hillshire Brands Company, The Kroger Co., Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. to reassign case<br><br>Presented before District Judge<br><br>(Attachments: # 1 Proposed Order)(Coleman, Craig) (Entered: 01/26/2024) |
| 01/26/2024 | 874 | MEMORANDUM by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of |

| | | |
|---|---|---|
| | | South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. in Opposition to motion to certify class, 828 *(Defendants' Opposition to the Direct Purchaser Plaintiffs' Motion for Class Certification) (Redacted)* (Attachments: # 1 Declaration of Matthew D. Provance in Support of Defendants' Opposition to the Direct Purchaser Plaintiffs' Opposition for Class Certification, # 2 Exhibit 1 (Filed Under Seal), # 3 Exhibit 2 (Filed Under Seal), # 4 Exhibit 3 (Filed Under Seal), # 5 Exhibit 4 (Filed Under Seal), # 6 Exhibit 5 (Filed Under Seal), # 7 Exhibit 6 (Filed Under Seal), # 8 Exhibit 7, # 9 Exhibit 8 (Filed Under Seal), # 10 Exhibit 9 (Filed Under Seal), # 11 Exhibit 10 (Filed Under Seal), # 12 Exhibit 11 (Filed Under Seal), # 13 Exhibit 12, # 14 Exhibit 13 (Filed Under Seal), # 15 Exhibit 14 (Filed Under Seal), # 16 Exhibit 15 (Filed Under Seal), # 17 Exhibit 16, # 18 Exhibit 17 (Filed Under Seal), # 19 Exhibit 18 (Filed Under Seal), # 20 Exhibit 19, # 21 Exhibit 20 (Filed Under Seal), # 22 Exhibit 21 (Filed Under Seal), # 23 Exhibit 22 (Filed Under Seal), # 24 Exhibit 23 (Filed Under Seal), # 25 Exhibit 24 (Filed Under Seal), # 26 Exhibit 25 (Filed Under Seal), # 27 Exhibit 26 (Filed Under Seal), # 28 Exhibit 27 (Filed Under Seal), # 29 Exhibit 28 (Filed Under Seal), # 30 Exhibit 29 (Filed Under Seal), # 31 Exhibit 30 (Filed Under Seal), # 32 Exhibit 31 (Filed Under Seal), # 33 Exhibit 32 (Filed Under Seal), # 34 Exhibit 33 (Filed Under Seal), # 35 Exhibit 34 (Filed Under Seal), # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38 (Filed Under Seal), # 40 Exhibit 39 (Filed Under Seal), # 41 Exhibit 40 (Filed Under Seal), # 42 Exhibit 41 (Filed Under Seal), # 43 Exhibit 42 (Filed Under Seal), # 44 Exhibit 43, # 45 Exhibit 44, # 46 Exhibit 45, # 47 Exhibit 46 (Filed Under Seal), # 48 Exhibit 47 (Filed Under Seal), # 49 Exhibit 48, # 50 Exhibit 49 (Filed Under Seal), # 51 Exhibit 50 (Filed Under Seal), # 52 Exhibit 51 (Filed Under Seal), # 53 Exhibit 52 (Filed Under Seal), # 54 Exhibit 53 (Filed Under Seal), # 55 Exhibit 54 (Filed Under Seal), # 56 Exhibit 55 (Filed Under Seal), # 57 Exhibit 56 (Filed Under Seal), # 58 Exhibit 57 (Filed Under Seal), # 59 Exhibit 58 (Filed Under Seal), # 60 Exhibit 59 (Filed Under Seal), # 61 Exhibit 60 (Filed Under Seal), # 62 Exhibit 61 (Filed Under Seal), # 63 Exhibit 62 (Filed Under Seal), # 64 Exhibit 63 (Filed Under Seal), # 65 Exhibit 64 (Filed Under Seal), # 66 Exhibit 65 (Filed Under Seal), # 67 Exhibit 66 (Filed Under Seal), # 68 Exhibit 67 (Filed Under Seal), # 69 Exhibit 68 (Filed Under Seal), # 70 Exhibit 69 (Filed Under Seal), # 71 Exhibit 70 (Filed Under Seal), # 72 Exhibit 71 (Filed Under Seal), # 73 Exhibit 72 (Filed Under Seal), # 74 Exhibit 73 (Filed Under Seal), # 75 Exhibit 74 (Filed Under Seal), # 76 Exhibit 75 (Filed Under Seal), # 77 Exhibit 76 (Filed Under Seal), # 78 Exhibit 77 (Filed Under Seal), # 79 Exhibit 78 (Filed Under Seal), # 80 Exhibit 79, # 81 Exhibit 80 (Filed Under Seal), # 82 Exhibit 81 (Filed Under Seal), # 83 Exhibit 82 (Filed Under Seal), # 84 Exhibit 83 (Filed Under Seal), # 85 Exhibit 84 (Filed Under Seal), # 86 Exhibit 85 (Filed Under Seal), # 87 Exhibit 86 (Filed Under Seal), # 88 Exhibit 87 (Filed Under Seal), # 89 Exhibit 88 (Filed Under Seal), # 90 Exhibit 89 (Filed Under Seal), # 91 Exhibit 90 (Filed Under Seal), # 92 Exhibit 91 (Filed Under Seal), # 93 Exhibit 92 (Filed Under Seal), # 94 Exhibit 93 (Filed Under Seal), # 95 Exhibit 94 (Filed Under Seal), # 96 Exhibit 95 (Filed Under Seal), # 97 Exhibit 96 (Filed Under Seal), # 98 Exhibit 97 (Filed Under Seal), # 99 Exhibit 98 (Filed Under Seal), # 100 Exhibit 99 (Filed Under Seal), # 101 Exhibit 100 (Filed Under Seal), # 102 Exhibit 101 (Filed Under Seal), # 103 Exhibit 102 (Filed Under Seal), # 104 Exhibit 103 (Filed Under Seal), # 105 Exhibit 104 (Filed Under Seal), # 106 Exhibit 105 (Filed Under Seal), # 107 Exhibit 106 (Filed Under Seal), # 108 Exhibit 107, # 109 Exhibit 108 (Filed Under Seal), # 110 Exhibit 109 (Filed Under Seal), # 111 Exhibit 110 (Filed Under Seal), # 112 Exhibit 111 (Filed Under Seal), # 113 Exhibit 112 (Filed Under Seal), # 114 Exhibit 113 (Filed Under Seal), # 115 Exhibit 114 (Filed Under Seal), # 116 Exhibit 115 (Filed Under Seal), # 117 Exhibit 116 (Filed Under Seal), # 118 Exhibit 117 (Filed Under Seal), # 119 Exhibit 118, # 120 Exhibit 119 (Filed Under Seal), # 121 Exhibit 120, # 122 Exhibit 121, # 123 Exhibit 122, # 124 Exhibit 123 (Filed Under Seal), # 125 Exhibit 124 (Filed Under Seal), # 126 Exhibit 125 (Filed Under Seal), # 127 Exhibit 126 (Filed Under Seal))(Miller, Britt) (Entered: 01/26/2024) |
| 01/26/2024 | 875 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to seal *(Defendants' Joint Motion for Leave to File Exhibits and Portions of their Opposition to the Direct Purchaser Plaintiffs' Motion for Class Certification Under Seal)* |

| | | |
|---|---|---|
| | | Presented before District Judge<br><br>(Miller, Britt) (Entered: 01/26/2024) |
| 01/26/2024 | 876 | NOTICE of Motion by Britt Marie Miller for presentment of motion to seal,, 875 before Honorable Virginia M. Kendall on 2/1/2024 at 09:00 AM. (Miller, Britt) (Entered: 01/26/2024) |
| 01/26/2024 | 877 | SEALED RESPONSE by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to certify class *Direct Purchaser Plaintiffs' Notice of Motion and Motion for Class Certification*<br><br>Presented before District Judge<br><br>828 *(Defendants' Opposition to the Direct Purchaser Plaintiffs' Motion for Class Certification) (SEALED)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 8, # 8 Exhibit 9, # 9 Exhibit 10, # 10 Exhibit 11, # 11 Exhibit 13, # 12 Exhibit 14, # 13 Exhibit 15, # 14 Exhibit 17, # 15 Exhibit 18, # 16 Exhibit 20, # 17 Exhibit 21, # 18 Exhibit 22, # 19 Exhibit 23, # 20 Exhibit 24, # 21 Exhibit 25, # 22 Exhibit 26, # 23 Exhibit 27, # 24 Exhibit 28, # 25 Exhibit 29, # 26 Exhibit 30, # 27 Exhibit 31, # 28 Exhibit 32, # 29 Exhibit 33, # 30 Exhibit 34, # 31 Exhibit 38, # 32 Exhibit 39, # 33 Exhibit 40, # 34 Exhibit 41, # 35 Exhibit 42, # 36 Exhibit 46, # 37 Exhibit 47, # 38 Exhibit 49, # 39 Exhibit 50, # 40 Exhibit 51, # 41 Exhibit 52, # 42 Exhibit 53, # 43 Exhibit 54, # 44 Exhibit 55, # 45 Exhibit 56, # 46 Exhibit 57, # 47 Exhibit 58, # 48 Exhibit 59, # 49 Exhibit 60, # 50 Exhibit 61, # 51 Exhibit 62, # 52 Exhibit 63, # 53 Exhibit 64, # 54 Exhibit 65, # 55 Exhibit 66, # 56 Exhibit 67, # 57 Exhibit 68, # 58 Exhibit 69, # 59 Exhibit 70, # 60 Exhibit 71, # 61 Exhibit 72, # 62 Exhibit 73, # 63 Exhibit 74, # 64 Exhibit 75, # 65 Exhibit 76, # 66 Exhibit 77, # 67 Exhibit 78, # 68 Exhibit 80, # 69 Exhibit 81, # 70 Exhibit 82, # 71 Exhibit 83, # 72 Exhibit 84, # 73 Exhibit 85, # 74 Exhibit 86, # 75 Exhibit 87, # 76 Exhibit 88, # 77 Exhibit 89, # 78 Exhibit 90, # 79 Exhibit 91, # 80 Exhibit 92, # 81 Exhibit 93, # 82 Exhibit 94, # 83 Exhibit 95, # 84 Exhibit 96, # 85 Exhibit 97, # 86 Exhibit 98, # 87 Exhibit 99, # 88 Exhibit 100, # 89 Exhibit 101, # 90 Exhibit 102, # 91 Exhibit 103, # 92 Exhibit 104, # 93 Exhibit 105, # 94 Exhibit 106, # 95 Exhibit 108, # 96 Exhibit 109, # 97 Exhibit 110, # 98 Exhibit 111, # 99 Exhibit 112, # 100 Exhibit 113, # 101 Exhibit 114, # 102 Exhibit 115, # 103 Exhibit 116, # 104 Exhibit 117, # 105 Exhibit 119, # 106 Exhibit 123, # 107 Exhibit 124, # 108 Exhibit 125, # 109 Exhibit 126)(Miller, Britt) (Entered: 01/26/2024) |
| 01/26/2024 | 878 | MEMORANDUM by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. in Opposition to motion for miscellaneous relief, 831 *(Defendants' Opposition to Direct Purchaser Plaintiffs' and Commercial and Institutional Purchaser Plaintiffs' Motion to Exclude Expert Testimony of Lauren Stiroh)(Redacted)* (Attachments: # 1 Declaration of Matthew D. Provance in Support of Defendants' Opposition, # 2 Exhibit 1 (Filed Under Seal))(Miller, Britt) (Entered: 01/26/2024) |
| 01/26/2024 | 879 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to seal *(Defendants' Joint Motion for Leave to File Exhibits and Portions of Their Opposition to Direct Purchaser Plaintiffs' and Commercial and Institutional Indirect Purchaser Plaintiffs' Motion to Exclude Expert Testimony of Lauren Stiroh Under Seal)*<br><br>Presented before District Judge |

| | | |
|---|---|---|
| | | (Miller, Britt) (Entered: 01/26/2024) |
| 01/26/2024 | 880 | NOTICE of Motion by Britt Marie Miller for presentment of motion to seal,, 879 before Honorable Virginia M. Kendall on 2/1/2024 at 09:00 AM. (Miller, Britt) (Entered: 01/26/2024) |
| 01/26/2024 | 881 | SEALED RESPONSE by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc.Direct Purchaser Plaintiffs' and Commercial Institutional Indirect Purchaser Plaintiffs' Notice of Motion and Motion to Exclude Expert Testimony of Lauren Stiroh 831 *(Defendants' Opposition to Direct Purchaser Plaintiffs' and Commercial and Institutional Indirect Purchaser Plaintiffs' Motion to Exclude Expert Testimony of Lauren Stiroh)* (Attachments: # 1 Exhibit 1)(Miller, Britt) (Entered: 01/26/2024) |
| 01/26/2024 | 882 | RESPONSE by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc.in Opposition to MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen to certify class *Commercial and Institutional Indirect Purchaser Plai 836 (Attachments: # 1 Declaration of Craig S. Coleman, # 2 Exhibit 1−26 (FILED UNDER SEAL))(Coleman, Craig) (Entered: 01/26/2024)* |
| 01/26/2024 | 883 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc.To Seal<br><br>Presented before District Judge<br><br>(Coleman, Craig) (Entered: 01/26/2024) |
| 01/26/2024 | 884 | NOTICE of Motion by Craig Stuart Coleman for presentment of motion for miscellaneous relief, 883 before Honorable Virginia M. Kendall on 2/1/2024 at 09:00 AM. (Coleman, Craig) (Entered: 01/26/2024) |
| 01/26/2024 | 885 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to seal document *DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE PORTIONS OF MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE EXPERT OPINIONS OF DR. RUSSELL MANGUM AND EXHIBIT UNDER SEAL*<br><br>Presented before District Judge<br><br>(Attachments: # 1 Text of Proposed Order)(Foley, Danielle) (Entered: 01/26/2024) |
| 01/26/2024 | 886 | *NOTICE OF JOINT MOTION FOR LEAVE TO FILE PORTIONS OF MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE EXPERT OPINIONS OF DR. RUSSELL MANGUM AND EXHIBIT UNDER SEAL* NOTICE of Motion by Danielle R Foley for presentment of (Foley, Danielle) (Entered: 01/26/2024) |
| 01/26/2024 | 887 | *DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT OPINIONS OF DR. RUSSELL MANGUM* NOTICE of Motion by Danielle R Foley for presentment of (Foley, Danielle) (Entered: 01/26/2024) |

| | | |
|---|---|---|
| 01/26/2024 | 888 | SEALED RESPONSE by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Foods, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen to certify class *Commercial and Institutional Indirect Purchaser Plai 836 (Attachments: # 1 Declaration of Craig S. Coleman, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26)(Coleman, Craig) (Entered: 01/26/2024)* |
| 01/26/2024 | 889 | MMEMORANDUM of Law in Support of Defendants' Motion to Exclude Expert Opinions of Dr. Russell Mangum filed by Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. (Attachments: # 1 Declaration Dec;aration of Danielle R. Foley, # 2 Exhibit Filed Under Seal)(Foley, Danielle) Modified on 1/30/2024; incorrectly filed as a Motion initially (lk, ). (Entered: 01/26/2024) |
| 01/26/2024 | 890 | SEALED DOCUMENT by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. *MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINIONS OF DR. RUSSELL MANGUM* (Attachments: # 1 Exhibit)(Foley, Danielle) (Entered: 01/26/2024) |
| 01/26/2024 | 891 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to seal document *Defendants' Motion to Exclude the Opinions of Michael A. Williams, Ph.D.*<br><br>Presented before District Judge<br><br>(Attachments: # 1 Text of Proposed Order)(Kass, Colin) (Entered: 01/26/2024) |
| 01/26/2024 | 892 | NOTICE of Motion by Colin R. Kass for presentment of motion to seal document,, 891 before Honorable Virginia M. Kendall on 2/1/2024 at 09:00 AM. (Kass, Colin) (Entered: 01/26/2024) |
| 01/26/2024 | 893 | MOTION by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. *Defendants' Motion to Exclude the Opinions of Michael A. Williams, Ph.D.* (Attachments: # 1 Declaration of Colin R. Kass, # 2 Appendix Filed Under Seal, # 3 Exhibit 1 − Filed Under Seal, # 4 Text of Proposed Order)(Kass, Colin) (Entered: 01/26/2024) |
| 01/26/2024 | 894 | *Defendants' Motion to Exclude the Opinions of Michael A. Williams, Ph.D.* NOTICE of Motion by Colin R. Kass for presentment of before Honorable Virginia M. Kendall on 2/1/2024 at 09:00 AM. (Kass, Colin) (Entered: 01/26/2024) |
| 01/26/2024 | 895 | SEALED DOCUMENT by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. *Defendants' Motion to Exclude the Opinions of Michael A. Williams, Ph.D.* (Attachments: # 1 |

| | | |
|---|---|---|
| | | Appendix, # 2 Exhibit 1)(Kass, Colin) (Entered: 01/26/2024) |
| 01/26/2024 | 896 | RESPONSE by Aramark Food and Support Services Group, Inc.in Opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporatio 860 (Ahern, Patrick) (Entered: 01/26/2024) |
| 01/30/2024 | 897 | MINUTE entry before the Honorable Virginia M. Kendall. Defendants' Motions for leave to file under seal 875 , 879 , 883 and 885 are granted. Motion hearing set for 2/1/2024 is stricken. Mailed notice (lk, ) (Entered: 01/30/2024) |
| 01/31/2024 | 898 | ORDER regarding Defendant's Unopposed Motion to reassign case 23 C 16948 873 signed by the Honorable Virginia M. Kendall on 1/31/2024. Case 23 C 16948 shall be reassigned to Judge Kendall. Mailed notice(lk, ) (Entered: 01/31/2024) |
| 02/09/2024 | 899 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Cooper Farms, Inc. *Amended* (Battle, Jennifer) (Entered: 02/09/2024) |
| 02/15/2024 | 900 | TRANSCRIPT OF PROCEEDINGS held on 09/13/2023 before the Honorable Virginia M. Kendall. Status Hearing. Order Number: 48027. Court Reporter Contact Information: Gayle A. McGuigan, CSR, RMR, CRR, Gayle_McGuigan@ilnd.uscourts.gov. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 3/7/2024. Redacted Transcript Deadline set for 3/18/2024. Release of Transcript Restriction set for 5/15/2024. (McGuigan, Gale) (Entered: 02/15/2024) |
| 02/20/2024 | 901 | STATUS Report *[FILED JOINTLY]* by John Gross and Company, Inc., Maplevale Farms, Inc. Presented before Magistrate Judge (Morbey, Simeon) (Entered: 02/20/2024) |
| 02/22/2024 | 902 | MINUTE entry before the Honorable Virginia M. Kendall. By agreement of Parties, Class Certification hearings are reset for 6/3/2024 and 6/4/2024 to begin at 10:00 AM. By 4/5/2024 Parties are to either submit an agreed proposal, or if unable to agree, a Joint Status Report outlining each side's proposal that will be accompanied by brief supporting statements. Mailed notice (lk, ) (Entered: 02/22/2024) |
| 02/23/2024 | 903 | REPLY by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporatio 860 *Reply In Support of Defendants' Motion to Dismiss Aramark's Amended Complaint* (Miller, Britt) (Entered: 02/23/2024) |
| 03/01/2024 | 904 | Defendants' Notice of Supplemental Authority in Support of Defendants' Motion for Summary Judgment on Champerty and Public Policy Grounds by Farbest Foods, Inc. (Attachments: # 1 Exhibit A)(Bono, Gaspare) (Entered: 03/01/2024) |
| 03/01/2024 | 905 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−21698000. Presented before District Judge |

| | | |
|---|---|---|
| | | (Attachments: # 1 Appendix List of Court Admissions)(Flannery, Michael) (Entered: 03/01/2024) |
| 03/01/2024 | 906 | NOTICE by Amory Investments LLC re other 904 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Ho, Derek) (Entered: 03/01/2024) |
| 03/04/2024 | 907 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Michael Flannery'sMotion to appear pro hac vice 905 is granted. Mailed notice (lk, ) (Entered: 03/04/2024) |
| 03/07/2024 | 908 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−21717321.<br><br>Presented before District Judge<br><br>(Morgans, Melissa) (Entered: 03/07/2024) |
| 03/11/2024 | 909 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Melissa Morgans' Motion to appear pro hac vice 908 is granted. Mailed notice (lk, ) (Entered: 03/11/2024) |
| 03/13/2024 | 910 | NOTICE by Farbest Foods, Inc. re other 904 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bono, Gaspare) (Entered: 03/13/2024) |
| 03/22/2024 | 911 | NOTICE by Amory Investments LLC re sealed document, 813 (Attachments: # 1 Exhibit A)(Ho, Derek) (Entered: 03/22/2024) |
| 03/28/2024 | 912 | MEMORANDUM Opinion and Order signed by the Honorable Virginia M. Kendall on 3/28/2024. Defendants' Motion for summary judgment 800 is denied. Please refer to Opinion for further details. Mailed notice(lk, ) (Entered: 03/28/2024) |
| 04/01/2024 | 913 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. for leave to file excess pages *AGREED MOTION FOR LEAVE TO FILE EXCESS PAGES FOR DIRECT PURCHASER PLAINTIFFS' OPPOSITION AND DEFENDANTS' REPLY TO DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS OF MICHAEL A. WILLIAMS, PH.D.*<br><br>Presented before District Judge<br><br>(Attachments: # 1 Text of Proposed Order)(Scarlett, Shana) (Entered: 04/01/2024) |
| 04/02/2024 | 914 | STATUS Report *[FILED JOINTLY]* by John Gross and Company, Inc., Maplevale Farms, Inc.<br><br>Presented before Magistrate Judge<br><br>(Morbey, Simeon) (Entered: 04/02/2024) |
| 04/02/2024 | 915 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. for leave to file excess pages *CORRECTED AGREED MOTION FOR LEAVE TO FILE EXCESS PAGES FOR DIRECT PURCHASER PLAINTIFFS' OPPOSITION AND DEFENDANTS' REPLY TO DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS OF MICHAEL A. WILLIAMS, PH.D.*<br><br>Presented before District Judge<br><br>(Attachments: # 1 Text of Proposed Order)(Scarlett, Shana) (Entered: 04/02/2024) |
| 04/02/2024 | 916 | MINUTE entry before the Honorable Virginia M. Kendall. Plaintiffs' Corrected Agreed Motion for leave to file excess pages 915 is granted. Motion 913 is stricken due to Corrected Motion 915 being filed. Mailed notice (lk, ) (Entered: 04/02/2024) |
| 04/02/2024 | 917 | EXECUTIVE COMMITTEE ORDER: GENERAL ORDER 24−0008: IT APPEARING THAT, the civil cases on the attached list have been selected for reassignment to form the initial calendar of the Honorable Sunil R. Harjani; therefore IT IS HEREBY ORDERED that the attached list of 290 cases be reassigned to the Honorable Sunil R. Harjani; and IT IS FURTHER ORDERED that all parties affected by this Order must review the Honorable Sunil R. Harjani's webpage on the Court's |

| | | |
|---|---|---|
| | | website for the purpose of reviewing instructions regarding scheduling and case management procedures; and IT IS FURTHER ORDERED that any civil case that has been reassigned pursuant to this Order will not be randomly reassigned to create the initial calendar of a new district judge for twelve months from the date of this Order; and IT IS FURTHER ORDERED that the Clerk of Court is directed to add the Honorable Sunil R. Harjani to the Court's civil case assignment system during the next business day, so that he shall receive a full share of such cases; and IT IS FURTHER ORDERED that the Clerk of Court is directed to add the Honorable Sunil R. Harjani to the Court's criminal case assignment system ninety (90) days so that Judge Harjani shall thereafter receive a full share of such cases. Case reassigned to the Honorable Sunil R. Harjani for all further proceedings. Honorable Virginia M. Kendall no longer assigned to the case. Signed by Honorable Rebecca R. Pallmeyer on 4/02/2024.(tg, ) (Entered: 04/02/2024) |
| 04/02/2024 | 918 | MOTION by Attorney Blaine Finley to withdraw as attorney for Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market. No party information provided<br><br>Presented before District Judge<br><br>(Finley, Alec) (Entered: 04/02/2024) |
| 04/03/2024 | 919 | MINUTE entry before the Honorable Sunil R. Harjani: Motion for withdrawal of counsel Blaine Finely 918 is granted. Mailed notice (lxs, ) (Entered: 04/03/2024) |
| 04/03/2024 | | (Court only) *** Attorney Alec Blaine Finley, Jr terminated. (lxs, ) (Entered: 04/03/2024) |
| 04/03/2024 | 920 | MINUTE entry before the Honorable Virginia M. Kendall. Class Certification hearings set for 6/3/2024 and 6/4/2024 are stricken due to case being reassigned to Judge Harjani. Mailed notice (lk, ) (Entered: 04/03/2024) |
| 04/04/2024 | 921 | MINUTE entry before the Honorable Keri L. Holleb Hotaling: The Court has reviewed the parties' joint status report [Dkt. 914]. The next joint status report remains due 5/22/2024. (rbf, ) (Entered: 04/04/2024) |
| 04/06/2024 | 922 | MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market to substitute attorney / *Motion for Appointment*<br><br>Presented before District Judge<br><br>(Aldridge, Sarah) (Entered: 04/06/2024) |
| 04/06/2024 | 923 | MEMORANDUM by Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Music Matters, LLC, Sandee's Bakery, Social Kitchen, Thyme Cafe & Market in support of motion to substitute attorney, 922 (Aldridge, Sarah) (Entered: 04/06/2024) |
| 04/06/2024 | 924 | DECLARATION of Michael J. Flannery regarding motion to substitute attorney, 922 *and Motion for Appointment* (Attachments: # 1 Exhibit A − Cuneo Gilbert & LaDuca, LLP's Firm Resume)(Aldridge, Sarah) (Entered: 04/06/2024) |
| 04/08/2024 | 925 | Entered in Error. Modified on 4/8/2024 (lxs, ). (Entered: 04/08/2024) |
| 04/08/2024 | 926 | MINUTE entry before the Honorable Sunil R. Harjani: This case has been reassigned to Judge Sunil R. Harjani. In light of the lengthy litigation history, the Court orders the parties to file a Joint Initial Status Report, which can be found on the Court's website by 4/12/24 so that the Court can get up to speed on this litigation. Tracking status hearing is set for 4/18/24 at 9:15 a.m. by telephone. Members of the public and media will be able to call in to listen to this hearing but will be placed on mute. The call−in number is (855) 244−8681 and the access code is 172 628 1276##. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Mailed notice (lxs, ) (Entered: 04/08/2024) |

| | | |
|---|---|---|
| 04/11/2024 | 927 | MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen to seal *Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Leave to File Under Seal Documents Related to Class Certification Briefing*<br><br>Presented before District Judge<br><br>(Attachments: # 1 Text of Proposed Order)(Aldridge, Sarah) (Entered: 04/11/2024) |
| 04/11/2024 | 928 | *Notice of Motion for Leave to File Under Seal* NOTICE of Motion by Sarah Sterling Aldridge for presentment of (Aldridge, Sarah) (Entered: 04/11/2024) |
| 04/11/2024 | 929 | REPLY by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen to motion to certify class, 836 *Redacted Reply Memorandum in Support of Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Class Certification and Appointment of Class Counsel* (Attachments: # 1 Appendix A, # 2 Declaration of Sarah Sterling Aldridge, # 3 Declaration of Michael J. Flannery, # 4 Exhibit 1−5 (Filed Under Seal))(Aldridge, Sarah) (Entered: 04/11/2024) |
| 04/11/2024 | 930 | SEALED REPLY by Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen to MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen to certify class *Commercial and Institutional Indirect Purchaser Plai 836 Sealed Reply Memorandum in Support of Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Class Certification and Appointment of Class Counsel (Attachments: # 1 Appendix A, # 2 Declaration of Sarah Sterling Aldridge, # 3 Declaration of Michael J. Flannery, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5)(Aldridge, Sarah) (Entered: 04/11/2024)* |
| 04/11/2024 | 931 | MOTION by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen to seal *Commercial and Institutional Indirect Purchaser Plaintiffs' Memorandum in Opposition to Defendants' Motion to Exclude CIIPPs' Expert Dr. Russell Mangum*<br><br>Presented before District Judge<br><br>(Attachments: # 1 Text of Proposed Order)(Aldridge, Sarah) (Entered: 04/11/2024) |
| 04/11/2024 | 932 | *Notice of Motion for Leave to File Under Seal* NOTICE of Motion by Sarah Sterling Aldridge for presentment of (Aldridge, Sarah) (Entered: 04/11/2024) |
| 04/11/2024 | 933 | RESPONSE by Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen to notice of motion 887 *Redacted Commercial and Institutional Indirect Purchaser Plaintiffs' Memorandum in Opposition to Defendants' Motion to Exclude Expert Opinions of Dr. Russell Mangum* (Aldridge, Sarah) (Entered: 04/11/2024) |
| 04/11/2024 | 934 | SEALED RESPONSE by Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen to notice of motion 887 *Commercial and Institutional Indirect Purchaser Plaintiffs' Memorandum in Opposition to Defendants' Motion to Exclude Expert Opinions of Dr. Russell Mangum* (Aldridge, Sarah) (Entered: 04/11/2024) |
| 04/11/2024 | 935 | MINUTE entry before the Honorable Sunil R. Harjani: Notice of Motion for Leave to File Under Seal 932 is stricken as motions should not be noticed before Judge Harjani. Mailed notice (lxs, ) (Entered: 04/11/2024) |
| 04/11/2024 | 936 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to seal *DIRECT PURCHASER PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS RELATED TO CLASS CERTIFICATION REPLY AND DAUBERT BRIEFING* |

| | | |
|---|---|---|
| | | Presented before District Judge<br><br>(Attachments: # 1 Text of Proposed Order)(Scarlett, Shana) (Entered: 04/11/2024) |
| 04/11/2024 | 937 | REPLY by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. *[REDACTED] REPLY IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION* (Attachments: # 1 Declaration FURTHER DECLARATION OF SHANA E. SCARLETT, # 2 Exhibits 133−141 (filed under seal), # 3 Exhibit 142, # 4 Exhibits 143−166 (filed under seal), # 5 Exhibit 167, # 6 Exhibit 168, # 7 Exhibit 169, # 8 Exhibits 170−180 (filed under seal), # 9 Exhibit 181, # 10 Exhibits 182−187 (filed under seal), # 11 Exhibit 188, # 12 Exhibit 189 (filed under seal), # 13 Exhibit 190, # 14 Exhibit 191, # 15 Exhibit 192, # 16 Exhibit 193, # 17 Exhibit 194 (filed under seal))(Scarlett, Shana) (Entered: 04/11/2024) |
| 04/11/2024 | 938 | SEALED DOCUMENT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. *[UNDER SEAL] REPLY IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION* (Attachments: # 1 Declaration FURTHER DECLARATION OF SHANA E. SCARLETT, # 2 Exhibit 133 (sealed), # 3 Exhibit 134 (sealed), # 4 Exhibit 135 (sealed), # 5 Exhibit 136 (sealed), # 6 Exhibit 137 (sealed), # 7 Exhibit 138 (sealed), # 8 Exhibit 139 (sealed), # 9 Exhibit 140 (sealed), # 10 Exhibit 141 (sealed), # 11 Exhibit 143 (sealed), # 12 Exhibit 144 (sealed), # 13 Exhibit 145 (sealed), # 14 Exhibit 146 (sealed), # 15 Exhibit 147 (sealed), # 16 Exhibit 148 (sealed), # 17 Exhibit 149 (sealed), # 18 Exhibit 150 (sealed), # 19 Exhibit 151 (sealed), # 20 Exhibit 152 (sealed), # 21 Exhibit 153 (sealed), # 22 Exhibit 154 (sealed), # 23 Exhibit 155 (sealed), # 24 Exhibit 156 (sealed), # 25 Exhibit 157 (sealed), # 26 Exhibit 158 (sealed), # 27 Exhibit 159 (sealed), # 28 Exhibit 160 (sealed), # 29 Exhibit 161 (sealed), # 30 Exhibit 162 (sealed), # 31 Exhibit 163 (sealed), # 32 Exhibit 164 (sealed), # 33 Exhibit 165 (sealed), # 34 Exhibit 166 (sealed), # 35 Exhibit 170 (sealed), # 36 Exhibit 171 (sealed), # 37 Exhibit 172 (sealed), # 38 Exhibit 173 (sealed), # 39 Exhibit 174 (sealed), # 40 Exhibit 175 (sealed), # 41 Exhibit 176 (sealed), # 42 Exhibit 177 (sealed), # 43 Exhibit 178 (sealed), # 44 Exhibit 179 (sealed), # 45 Exhibit 180 (sealed), # 46 Exhibit 182 (sealed), # 47 Exhibit 183 (sealed), # 48 Exhibit 184 (sealed), # 49 Exhibit 185 (sealed), # 50 Exhibit 186 (sealed), # 51 Exhibit 187 (sealed), # 52 Exhibit 189 (sealed), # 53 Exhibit 194 (sealed))(Scarlett, Shana) (Entered: 04/11/2024) |
| 04/11/2024 | 939 | RESPONSE by John Gross and Company, Inc., Maplevale Farms, Inc.in Opposition to MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Fa 891 *[REDACTED] DIRECT PURCHASER PLAINTIFF' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS OF MICHAEL A. WILLIAMS, PH.D.* (Scarlett, Shana) (Entered: 04/11/2024) |
| 04/11/2024 | 940 | SEALED DOCUMENT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. *[UNDER SEAL] DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS OF MICHAEL A. WILLIAMS, PH.D.* (Scarlett, Shana) (Entered: 04/11/2024) |
| 04/11/2024 | 941 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to strike *Direct Purchaser Plaintiffs' Motion to Strike Lauren Stiroh's Unauthorized Further Rebuttal Reports and Exhibits*<br><br>Presented before District Judge<br><br>(Scarlett, Shana) (Entered: 04/11/2024) |
| 04/11/2024 | 942 | MEMORANDUM by John Gross and Company, Inc., Maplevale Farms, Inc. in support of motion to strike, 941 *Direct Purchaser Plaintiffs' Memorandum of Points and Authorities in Support of Their Motion to Strike Lauren Stiroh's Unauthorized Further Rebuttal Reports and Exhibits* (Scarlett, Shana) (Entered: 04/11/2024) |
| 04/11/2024 | 943 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to seal document MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to strike *Direct Purchaser Plaintiffs' Motion to Strike Lauren Stiroh's* |

| | | *Unauthorized Further Rebuttal Reports and Exhibits* |
|---|---|---|
| | | Presented before District Judge < 941 , memorandum in support of motion, 942 *Direct Purchaser Plaintiffs' Memorandum of Points and Authorities in Support of Their Motion to Strike Lauren Stiroh's Unauthorized Further Rebuttal Reports and Exhibits*

Presented before District Judge

(Scarlett, Shana) (Entered: 04/11/2024) |
| 04/11/2024 | 944 | SEALED DOCUMENT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. *Direct Purchaser Plaintiffs' Memorandum of Points and Authorities in Support of Their Motion to Strike Lauren Stiroh's Unauthorized Further Rebuttal Reports and Exhibits* (Scarlett, Shana) (Entered: 04/11/2024) |
| 04/11/2024 | 945 | REPLY by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to motion for miscellaneous relief, 831 *Reply in Support of Direct Purchaser Plaintiffs' and Commercial and Institutional Indirect Purchasers' Motion to Exclude Expert Testimony of Lauren Stiroh* (Attachments: # 1 Declaration of Shana E. Scarlett, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Scarlett, Shana) (Entered: 04/11/2024) |
| 04/11/2024 | 946 | SEALED REPLY by John Gross and Company, Inc., Maplevale Farms, Inc. to MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc.Direct Purchaser Plaintiffs' and Commercial Institutional Indirect Purchaser Plaintiffs' Notice of Motion and Motion to Exclude Expert Testimony of Lauren Stiroh 831 *Reply in Support of Direct Purchaser Plaintiffs' and Commercial Institutional Indirect Purchaser Plaintiffs' Motion to Exclude Expert Testimony of Lauren Stiroh* (Scarlett, Shana) (Entered: 04/11/2024) |
| 04/11/2024 | 947 | SEALED DOCUMENT by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. *Under Seal Declaration and Exhibits for Reply in Support of Direct Purchaser Plaintiffs' and Commercial Institutional Indirect Purchaser Plaintiffs' Motion to Exclude Expert Testimony of Lauren Stiroh* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Scarlett, Shana) (Entered: 04/11/2024) |
| 04/12/2024 | 948 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Aramark Food and Support Services Group, Inc. (Ahern, Patrick) (Entered: 04/12/2024) |
| 04/12/2024 | 949 | STATUS Report *(Joint)* by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc., The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc.

Presented before District Judge

(Attachments: # 1 Exhibit 1)(Miller, Britt) (Entered: 04/12/2024) |
| 04/16/2024 | 950 | MINUTE entry before the Honorable Sunil R. Harjani: The Court has reviewed the Joint Status Report filed 4/12/2024 949 as well as the docket. The Court grants Plaintiff's unopposed motion for appointment of substitute interim co−lead counsel 922 . Mr. Flannery of Cuneo Gilbert & LaDuca, LLP has significant experience in complex antitrust and class action matters 923 924 and his firm has already been acting as co−lead counsel under former colleague, Blaine Finley 924 . The co−lead counsel at Barrett Law Group support the substitution 923 and Defendants do not oppose 922 , thus the motion is granted. The Court clarifies this has no effect on the pending motion by the Commercial and Institutional Indirect Purchaser Plaintiffs for Class Certification and Appointment of Class Counsel 836 . The parties have filed briefing related to the pending Daubert motions and motions to seal for class certification. Along with the briefing both parties filed motions to seal the briefs 827 891 927 931 936 which include sensitive information marked as Confidential or Highly Confidential pursuant to the Protective Order in this case. Because good cause has been shown, the motions to seal 827 891 927 931 936 are granted. However, the Court strikes plaintiff's motion to seal 943 without prejudice as upon review it appears to be |

| | | |
|---|---|---|
| | | a duplicative filing of Plaintiff's sealed memorandum in support of their Daubert motion 944 . Defendants' replies in support of their Daubert motions remain due 5/10/2024 785 and the Court takes the pending fully briefed motions under advisement 828 831 836 860 . The status hearing set for April 18, 2024, is stricken and reset for May 30, 2024 to track the case. The Court shall reset the hearing on class certification at a later date. Mailed notice (lxs, ) (Entered: 04/16/2024) |
| 04/23/2024 | 951 | ATTORNEY Appearance for Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Social Kitchen by Cody Douglas McCracken (Attachments: # 1 Appendix A)(McCracken, Cody) (Entered: 04/23/2024) |
| 04/23/2024 | 952 | ATTORNEY Appearance for Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen by Melissa Jean Morgans (Attachments: # 1 Appendix A)(Morgans, Melissa) (Entered: 04/23/2024) |
| 04/23/2024 | 953 | ATTORNEY Appearance for Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen by Michael J Flannery (Attachments: # 1 Appendix A)(Flannery, Michael) (Entered: 04/23/2024) |
| 04/23/2024 | 954 | ATTORNEY Appearance for Plaintiffs Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen by Daniel M. Cohen (Attachments: # 1 Appendix A)(Cohen, Daniel) (Entered: 04/23/2024) |
| 04/26/2024 | 955 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Kraft Foods Group Brands LLC, Kraft Heinz Foods Company, Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc., The Hillshire Brands Company, The Kroger Co., Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. to Certify the Court's March 28, 2024 Order for Interlocutory Appeal<br><br>Presented before District Judge<br><br>(Bono, Gaspare) (Entered: 04/26/2024) |
| 04/26/2024 | 956 | MEMORANDUM by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Kraft Foods Group Brands LLC, Kraft Heinz Foods Company, Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc., The Hillshire Brands Company, The Kroger Co., Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. in support of motion for miscellaneous relief,, 955 *(Memorandum of Law in Support of Defendants' Motion to Certify the Court's March 28, 2024 Order for Interlocutory Appeal)* (Bono, Gaspare) (Entered: 04/26/2024) |
| 04/29/2024 | 957 | MINUTE entry before the Honorable Sunil R. Harjani: Defendants' opposed motion to Certify the Court's March 28, 2024 Order for Interlocutory Appeal Under 28 U.S.C. &para 1292(b) 955 shall be briefed as follows: Responses are due 5/13/2024, Reply briefs are due by 5/28/2024. Mailed notice (lxs, ) (Entered: 04/29/2024) |
| 05/01/2024 | 958 | MOTION by Attorney Raul C. Loureiro and Nathan A. Rice to withdraw as attorney for Cargill Meat Solutions Corporation, Cargill, Inc.. No party information provided<br><br>Presented before District Judge<br><br>(Miller, Britt) (Entered: 05/01/2024) |
| 05/01/2024 | 959 | MINUTE entry before the Honorable Sunil R. Harjani: Motion by Attorney Raul C. Loureiro and Nathan A. Rice to withdraw as attorney for Cargill Meat Solutions Corporation, Cargill, Inc. 958 is granted. Mailed notice (lxs, ) (Entered: 05/01/2024) |

| 05/06/2024 | 960 | MOTION by Defendant Cooper Farms, Inc. for extension of time *(Agreed Motion)* |
| | | Presented before Magistrate Judge |
| | | (Battle, Jennifer) (Entered: 05/06/2024) |
| 05/10/2024 | 961 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to seal document *Joint Motion for Leave to File Portions of Reply in Support of Motion to Exclude Expert Opinions of Dr. Russell Mangum and Exhibit Under Seal* |
| | | Presented before District Judge |
| | | (Foley, Danielle) (Entered: 05/10/2024) |
| 05/10/2024 | 962 | REPLY by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to notice of motion 887 *Reply in Support of Defendants' Motion to Exclude Expert Opinions of Dr. Russell Mangum* (Attachments: # 1 Declaration of Danielle R. Foley, # 2 Exhibit 2)(Foley, Danielle) (Entered: 05/10/2024) |
| 05/10/2024 | 963 | SEALED REPLY by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Far 889 , Response, 933 *Reply in Support of Defendants' Motion to Exclude Expert Opinions of Dr. Russell Mangum* (Attachments: # 1 Exhibit 2)(Foley, Danielle) (Entered: 05/10/2024) |
| 05/10/2024 | 964 | REPLY by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to notice of motion 894 *Reply in Support of Defendants' Motion to Exclude the Opinions of Michael A. Williams, Ph.D.* (Kass, Colin) (Entered: 05/10/2024) |
| 05/10/2024 | 965 | RESPONSE by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc.in Opposition to MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to strike *Direct Purchaser Plaintiffs' Motion to Strike Lauren Stiroh's Unauthorized Further Rebuttal Reports and Exhibits* |
| | | Presented before District Judge < 941 *[REDACTED]* (Attachments: # 1 Declaration of Matthew D. Provance, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Miller, Britt) (Entered: 05/10/2024) |
| 05/10/2024 | 966 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. for leave to file *Exhibits and Portions of Opposition to the Direct* |

| | | |
|---|---|---|
| | | *Purchaser Plaintiffs' Motion to Strike Under Seal and in Native Format*<br><br>Presented before District Judge<br><br>(Miller, Britt) (Entered: 05/10/2024) |
| 05/10/2024 | 967 | SEALED RESPONSE by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. to strike *Direct Purchaser Plaintiffs' Motion to Strike Lauren Stiroh's Unauthorized Further Rebuttal Reports and Exhibits*<br><br>Presented before District Judge < 941 (Attachments: # 1 Declaration of Matthew D. Provance, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Miller, Britt) (Entered: 05/10/2024) |
| 05/13/2024 | 968 | RESPONSE by Amory Investments LLCin Opposition to MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Far 955 (Attachments: # 1 Exhibit A)(Ho, Derek) (Entered: 05/13/2024) |
| 05/13/2024 | 969 | SEALED EXHIBIT. (td, ) (Entered: 05/15/2024) |
| 05/15/2024 | 970 | MINUTE entry before the Honorable Sunil R. Harjani: For the reasons stated in the motions, defendants' joint motion for leave to file portions of reply in support of motion to exclude expert opinions of Dr. Russell Mangum and exhibit under seal 961 and joint motion for leave to file exhibits and portions of their opposition to the direct purchaser plaintiffs' motion to strike under seal and in native format 966 are granted. Mailed notice (lxs, ) (Entered: 05/15/2024) |
| 05/17/2024 | 971 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. for extension of time − *Agreed Motion Before the Magistrate Judge Regarding Extension of Deadlines for Limited Evidentiary Discovery*<br><br>Presented before Magistrate Judge<br><br>(Morbey, Simeon) (Entered: 05/17/2024) |
| 05/17/2024 | 972 | MOTION by Plaintiff John Gross and Company, Inc. to seal document *Related to Direct Purchaser Plaintiffs' Motion to Strike Lauren Stiroh's Unauthorized Further Rebuttal Reports and Exhibits*<br><br>Presented before District Judge<br><br>(Scarlett, Shana) (Entered: 05/17/2024) |
| 05/17/2024 | 973 | REPLY by Plaintiff John Gross and Company, Inc. to motion to strike, 941 *Lauren Stiroh's Unauthorized Further Rebuttal Reports and Exhibits* (Attachments: # 1 Declaration of Shana Scarlett in Support of DPP Motion to Strike, # 2 Exhibit 185 (corrected) − placeholder for exhibit filed under seal)(Scarlett, Shana) (Entered: 05/17/2024) |
| 05/17/2024 | 974 | SEALED DOCUMENT by Plaintiff John Gross and Company, Inc. *Corrected Exhibit 185 (filed under seal)* (Scarlett, Shana) (Entered: 05/17/2024) |
| 05/20/2024 | 975 | MINUTE entry before the Honorable Sunil R. Harjani: Plaintiffs' Motion for Leave to File a Document Under Seal Related to Direct Purchaser Plaintiffs' Motion to Strike Lauren Stiroh's Unauthorized Further Rebuttal Reports and Exhibits 972 is granted. Mailed notice (lxs, ) (Entered: 05/20/2024) |
| 05/21/2024 | 976 | MINUTE entry before the Honorable Keri L. Holleb Hotaling: The parties' agreed motion [Dkt. 971] seeking extension of the deadlines related to limited evidentiary discovery is granted. The deadline for motion practice related to the evidentiary issues |

| | | |
|---|---|---|
| | | raised by Plaintiffs in their Motion to Amend the Scheduling Order & Discovery Order for Depositions Related to Evidentiary Issues (Dkt. 604) ("Plaintiffs' Motion") is reset to December 5, 2024. The Parties are to submit joint status reports regarding their efforts to reach agreement on the issues raised in Plaintiffs' Motion on August 14, 2024; October 17, 2024; and November 14, 2024. (rbf, ) (Entered: 05/21/2024) |
| 05/22/2024 | 977 | STATUS Report *[FILED JOINTLY]* by John Gross and Company, Inc., Maplevale Farms, Inc.<br><br>Presented before Magistrate Judge<br><br>(Morbey, Simeon) (Entered: 05/22/2024) |
| 05/23/2024 | 978 | MINUTE entry before the Honorable Sunil R. Harjani: Telephone conference previously set for 5/30/2024 at 9:15 a.m. is converted to a videoconference. Parties must ensure that they have the proper technology for the conference and should join the WebEx at 9:00 a.m. for a test run. The Court does not permit the use of cell phones for the videoconference. Members of the public and media will be able to call in to listen to this hearing but will be placed on mute. The call−in number is (855) 244−8681 and the access code is 2315 378 3098##. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Mailed notice (lxs, ) (Entered: 05/23/2024) |
| 05/23/2024 | 979 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−22007857.<br><br>Presented before District Judge<br><br>(Gott, Aaron) (Entered: 05/23/2024) |
| 05/23/2024 | 980 | MINUTE entry before the Honorable Keri L. Holleb Hotaling: The Court has reviewed the parties' joint status report [Dkt. 977]. The parties' next status reports remain due on August 14, 2024; October 17, 2024; and November 14, 2024. (rbf, ) (Entered: 05/23/2024) |
| 05/23/2024 | 981 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−22008182.<br><br>Presented before District Judge<br><br>(Bona, Jarod) (Entered: 05/23/2024) |
| 05/23/2024 | 982 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−22008389.<br><br>Presented before District Judge<br><br>(Lerner, James) (Entered: 05/23/2024) |
| 05/23/2024 | 983 | MINUTE entry before the Honorable Sunil R. Harjani: MOTION for Leave to Appear Pro Hac Vice by Attorney Aaron Gott 979 , Jarod Bona 981 and James Lerner 982 on behalf of Foster Farms, LLC and Foster Poultry Farms are granted. Mailed notice (lxs, ) (Entered: 05/23/2024) |
| 05/23/2024 | 984 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−22008604.<br><br>Presented before District Judge<br><br>(Donovan, Molly) (Entered: 05/23/2024) |
| 05/24/2024 | 985 | MINUTE entry before the Honorable Sunil R. Harjani: Motion to appear pro hac vice by attorney Molly Donovan as counsel for Foster Farms, LLC and Foster Poultry Farms 984 is granted. Mailed notice (lxs, ) (Entered: 05/24/2024) |
| 05/24/2024 | 986 | ATTORNEY Appearance for Defendants Foster Farms, LLC, Foster Poultry Farms by Aaron Robert Gott (Gott, Aaron) (Entered: 05/24/2024) |

| 05/24/2024 | 987 | ATTORNEY Appearance for Defendants Foster Farms, LLC, Foster Poultry Farms by Jarod Michael Bona (Bona, Jarod) (Entered: 05/24/2024) |
|---|---|---|
| 05/24/2024 | 988 | ATTORNEY Appearance for Defendants Foster Farms, LLC, Foster Poultry Farms by James F Lerner (Lerner, James) (Entered: 05/24/2024) |
| 05/24/2024 | 989 | ATTORNEY Appearance for Defendants Foster Farms, LLC, Foster Poultry Farms by Molly Murphey Donovan (Donovan, Molly) (Entered: 05/24/2024) |
| 05/28/2024 | 990 | REPLY by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Kraft Foods Group Brands LLC, Kraft Heinz Foods Company, Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, The Kroger Co., Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. to MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Far 955 *(Reply in Support of Defendants' Opposed Motion to Certify the Court's March 28, 2024 Order For Interlocutory Appeal Under 28 U.S.C § 1292(b))* (Bono, Gaspare) Modified on 5/30/2024 (gcy, ). (Entered: 05/28/2024) |
| 05/30/2024 | 991 | MINUTE entry before the Honorable Sunil R. Harjani: Video status hearing held. The parties shall provide as many dates as possible for oral argument on the pending motion for class certification 828 836 by (next Wednesday). During that argument, the parties may also argue their positions on whether an evidentiary hearing is necessary on that motion. Mailed notice (lxs, ) (Entered: 05/30/2024) |
| 06/05/2024 | 992 | Defendants' Notice of Supplemental Authority in Support of Defendants' Opposed Motion to Certify the Court's March 28, 2024 Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b) (ECF no. 955) by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. (Attachments: # 1 Exhibit A)(Bono, Gaspare) (Entered: 06/05/2024) |
| 06/06/2024 | 993 | MINUTE entry before the Honorable Sunil R. Harjani: Oral argument on the pending motion for class certification 828 836 is set for 7/24/2024 at 10:00 a.m. in Courtroom 1725. Mailed notice (lxs, ) (Entered: 06/06/2024) |
| 06/12/2024 | 994 | TRANSCRIPT OF PROCEEDINGS held on May 30, 2024, before the Honorable Sunil R. Harjani. Order Number: 48954. Court Reporter Contact Information: Laura LaCien, laura_lacien@ilnd.uscourts.gov, 312−408−5032.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 7/3/2024. Redacted Transcript Deadline set for 7/15/2024. Release of Transcript Restriction set for 9/10/2024. (Lacien, Laura) (Entered: 06/12/2024) |
| 06/13/2024 | 995 | ATTORNEY Appearance for Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. by Ilene M. Korey (Korey, Ilene) (Entered: 06/13/2024) |
| 06/17/2024 | 996 | WITHDRAWING *Daniel P. Johnston* as counsel for Defendants Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. and substituting Ilene M. Korey as counsel of record (Korey, Ilene) Modified on 6/18/2024 (lxs, ). (Entered: 06/17/2024) |

| 06/18/2024 | 997 | MINUTE entry before the Honorable Sunil R. Harjani: Motion by Daniel Patrick Johnston to withdraw as counsel 996 is granted. Mailed notice (lxs, ) (Entered: 06/18/2024) |
|---|---|---|
| 06/20/2024 | 998 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−22163009.<br><br>Presented before District Judge<br><br>(Attachments: # 1 Appendix A − List of Plaintiffs, # 2 Appendix B − List of Court Admissions)(Riley, Evelyn) (Entered: 06/20/2024) |
| 06/24/2024 | 999 | MINUTE entry before the Honorable Sunil R. Harjani: Motion to appear pro hac vice by attorney Evelyn Y. Riley for Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, and for Social Kitchen 998 is granted. Mailed notice (lxs, ) (Entered: 06/24/2024) |
| 06/26/2024 | 1000 | MOTION by Attorney James T. McKeown to withdraw as attorney for Kraft Foods Group Brands LLC, Kraft Heinz Foods Company. No party information provided<br><br>Presented before District Judge<br><br>(McKeown, James) (Entered: 06/26/2024) |
| 06/26/2024 | 1001 | MINUTE entry before the Honorable Sunil R. Harjani: MOTION by Attorney James T. McKeown to withdraw as attorney for Kraft Foods Group Brands LLC, Kraft Heinz Foods Company 1000 is granted. Mailed notice (lxs, ) (Entered: 06/26/2024) |
| 07/08/2024 | 1002 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. for leave to file *Exhibits and Portions of Their Motion for an Extension of Time to Complete Deposition of Former Aramark Employee Under Seal*<br><br>Presented before District Judge<br><br>(Spiker, Jill) (Entered: 07/08/2024) |
| 07/08/2024 | 1003 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. for extension of time *to Complete Deposition of Former Aramark Employee*<br><br>Presented before Magistrate Judge<br><br>(Attachments: # 1 Declaration of Jill Rogers Spiker with attached exhibits)(Spiker, Jill) (Entered: 07/08/2024) |
| 07/08/2024 | 1004 | SEALED MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. *for an Extension of Time to Complete Deposition of Former Aramark Employee*<br><br>Presented before Magistrate Judge<br><br>(Attachments: # 1 Exhibit Exhibits A−1, A−4, A−5, A−6, and A−7 to Declaration)(Spiker, Jill) (Entered: 07/08/2024) |
| 07/09/2024 | 1005 | MINUTE entry before the Honorable Keri L. Holleb Hotaling:Defendants' motion for leave to file under seal [Dkt. 1002] is granted; that document has already been filed |

| | | |
|---|---|---|
| | | under seal at Dkt. 1004, so no further action needs to be taken in this regard. Defendants' opposed Motion for an Extension of Time to Complete Deposition of Former Aramark Employee Joe Arrasmith [Dkts. 1003/1004] is granted. The Court understands [see Dkts. 1003/1004, para 13] that Aramark opposes this extension because it wanted to deviate from the Stipulation and Order already entered in this case [Dkt. 848]. However, Defendants' motion details good cause for Mr. Arrasmith's deposition to be taken by 8/5/2024. If Aramark wishes to deviate from the Stipulation and Order providing that "Defendants shall not be required to produce any additional witnesses for deposition" [Dkt., 848 at para 13], Aramark may file a separate motion detailing good cause for any action it wishes the Court to take in that regard. The parties are granted until 8/5/2024 to depose Mr. Arrasmith. Additionally, the parties' Agreed Motion for an Extension of Time to Complete Three Depositions of Aramark Witnesses by 7/12/2024 [Dkt. 960] is granted. (rbf, ) (Entered: 07/09/2024) |
| 07/09/2024 | | (Court only) ***Motions terminated: MOTION by Defendant Cooper Farms, Inc. for extension of time *(Agreed Motion)*<br><br>Presented before Magistrate Judge<br><br>960 (rbf, ) (Entered: 07/09/2024) |
| 07/09/2024 | 1006 | NOTICE by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. *(Defendants' Notice of Supplemental Authority in Support of Defendants' Opposition to the Direct Purchaser Plaintiffs' Motion for Class Certification and Defendants' Opposition to Direct Purchaser Plaintiffs' and Commercial and Institutional Indirect Purchaser Plaintiffs' Motion to Exclude Expert Testimony of Lauren Stiroh)* (Attachments: # 1 Exhibit A)(Miller, Britt) (Entered: 07/09/2024) |
| 07/12/2024 | 1007 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−22238990.<br><br>Presented before District Judge<br><br>(McCarty, Andrew) (Entered: 07/12/2024) |
| 07/15/2024 | 1008 | MINUTE entry before the Honorable Sunil R. Harjani: Motion to appear pro hac vice by Attorney Andrew F. McCarty for Hormel Foods Corporation, Hormel Foods, LLC, and Jennie−O Turkey Store, Inc. 1007 is granted. Mailed notice (lxs, ) (Entered: 07/15/2024) |
| 07/16/2024 | 1009 | ATTORNEY Appearance for Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. by Antonia Marie Konkoly (Konkoly, Antonia) (Entered: 07/16/2024) |
| 07/17/2024 | 1010 | MINUTE entry before the Honorable Sunil R. Harjani: In−person oral argument set for 7/24/2024 at 10:00 a.m. 993 , stands. Members of the public and media will be able to call in to listen to this hearing but will be placed on mute. The call−in number is (855) 244−8681 and the access code is 172 628 1276##. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Mailed notice (lxs, ) (Entered: 07/17/2024) |
| 07/17/2024 | 1011 | MOTION by Attorney Elizabeth A. N. Haas to withdraw as attorney for Kraft Heinz Foods Company. No party information provided<br><br>Presented before District Judge<br><br>(Haas, Elizabeth) (Entered: 07/17/2024) |
| 07/17/2024 | 1012 | MINUTE entry before the Honorable Sunil R. Harjani: Motion to withdraw Elizabeth Ann Nestor Haas as attorney for Kraft Heinz Foods Company and Kraft Foods Group Brands LLC 1011 is granted. Mailed notice (lxs, ) (Entered: 07/17/2024) |

| 07/19/2024 | 1013 | MOTION by Attorney Molly Donovan to withdraw as attorney for Foster Farms, LLC, Foster Poultry Farms. No party information provided<br><br>Presented before District Judge<br><br>(Gott, Aaron) (Entered: 07/19/2024) |
|---|---|---|
| 07/19/2024 | 1014 | MINUTE entry before the Honorable Sunil R. Harjani: MOTION by Attorney Molly Donovan to withdraw as attorney for Foster Farms, LLC and Foster Poultry Farms 1013 is granted. Mailed notice (lxs, ) (Entered: 07/19/2024) |
| 07/23/2024 | 1015 | MINUTE entry before the Honorable Sunil R. Harjani: For clarity of the docket, the Carina case 23 cv 2685 has been consolidated into 19 cv 8318. All pending dates still stand, and Magistrate Judge Holleb Hotaling will continue to supervise discovery and rule on any discovery motions. If the parties in the Carina case need to address this Court, they may request a status hearing with the Courtroom Deputy. Otherwise, the Court will allow the magistrate judge to supervise the proceedings at this time. Mailed notice (lxs, ) (Entered: 07/23/2024) |
| 07/24/2024 | 1016 | MINUTE entry before the Honorable Sunil R. Harjani: In−person oral argument held. By 7/31/2024, counsel will provide available dates for an in−person expert−related evidentiary hearing to the Courtroom Deputy. Mailed notice (lxs, ) (Entered: 07/24/2024) |
| 07/25/2024 | 1017 | NOTICE by Joshua Goldberg of Change of Address (Goldberg, Joshua) (Entered: 07/25/2024) |
| 07/25/2024 | 1018 | MOTION by Attorney Joshua S. Goldberg to withdraw as attorney for Cooper Farms, Inc.. No party information provided<br><br>Presented before District Judge<br><br>(Goldberg, Joshua) (Entered: 07/25/2024) |
| 07/26/2024 | 1019 | MINUTE entry before the Honorable Sunil R. Harjani: Motion to withdraw appearance of Joshua Goldberg 1018 is granted. Mailed notice (lxs, ) (Entered: 07/26/2024) |
| 07/30/2024 | 1020 | MOTION by Defendants The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. for extension of time to complete discovery *Unopposed Motion for Extension of Time on Expedited Jurisdictional Fact Discovery*<br><br>Presented before District Judge<br><br>(Rohrbaugh, Tiffany) (Entered: 07/30/2024) |
| 07/30/2024 | 1021 | MINUTE entry before the Honorable Sunil R. Harjani: Unopposed motion for extension of time to expedite jurisdictional fact discovery 1020 is referred to Magistrate Judge Holleb Hotaling. Mailed notice (lxs, ) (Entered: 07/30/2024) |
| 08/01/2024 | 1022 | MINUTE entry before the Honorable Keri L. Holleb Hotaling: The unopposed motion to extend the cutoff for expedited jurisdictional fact discovery [Dkt. 1020 ] is granted. The jurisdictional fact discovery deadline is extended to 8/31/2024 solely for the limited purpose of taking the deposition of third party Sysco Corporation. Emailed notice (yt) (Entered: 08/01/2024) |
| 08/05/2024 | 1023 | MINUTE entry before the Honorable Sunil R. Harjani: By agreement of the parties, an in−person expert−related evidentiary hearing is scheduled for October 9 and 10, 2024 at 10:00 a.m. The post−hearing argument is set for October 24, 2024 at 10:00 a.m. Mailed notice (lxs, ) (Entered: 08/05/2024) |
| 08/06/2024 | 1024 | TRANSCRIPT OF PROCEEDINGS held on July 24, 2024, before the Honorable Sunil R. Harjani. Order Number: 49383. Court Reporter Contact Information: Laura LaCien, 312.408.5032, laura_lacien@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of |

| | | |
|---|---|---|
| | | Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 8/27/2024. Redacted Transcript Deadline set for 9/6/2024. Release of Transcript Restriction set for 11/4/2024. (Lacien, Laura) (Entered: 08/06/2024) |
| 08/07/2024 | 1025 | NOTICE by Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, John Gross and Company, Inc., Liberty Holding Company, Maplevale Farms, Inc., Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen *Commercial & Institutional Indirect Purchaser Plaintiffs and Direct Purchaser Plaintiffs' Joint Notice of Supplemental Authority in Support of Their Motions for Class Certification and Their Oppositions to Defendants' Motions to Exclude Expert Testimony* (Attachments: # 1 Exhibit A)(Flannery, Michael) (Entered: 08/07/2024) |
| 08/14/2024 | 1026 | STATUS Report *[FILED JOINTLY]* by John Gross and Company, Inc., Maplevale Farms, Inc.<br><br>Presented before Magistrate Judge<br><br>(Morbey, Simeon) (Entered: 08/14/2024) |
| 08/15/2024 | 1027 | MINUTE entry before the Honorable Keri L. Holleb Hotaling: The Court is in receipt of the parties' joint status report [Dkt. 1026]. The parties' next status reports remain due on 10/17/2024; and 11/14/2024. (rbf, ) (Entered: 08/15/2024) |
| 08/16/2024 | 1028 | MINUTE entry before the Honorable Sunil R. Harjani: For the reasons stated in the Memorandum Opinion and Order entered this day, Defendants' Motion to Dismiss Plaintiff Aramark's Amended Complaint 860 is denied. Defendants shall answer the amended complaint by 9/6/2024. Mailed notice (lxs, ) (Entered: 08/16/2024) |
| 08/16/2024 | 1029 | MEMORANDUM Opinion and Order Signed by the Honorable Sunil R. Harjani on 8/16/2024. Mailed notice(lxs, ) (Entered: 08/16/2024) |
| 08/21/2024 | 1030 | ATTORNEY Appearance for Plaintiffs Amory Investments LLC, Carina Ventures LLC by Derek T. Ho (Ho, Derek) (Entered: 08/21/2024) |
| 08/21/2024 | 1031 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−22386670.<br><br>Presented before District Judge<br><br>(White, Collin) (Entered: 08/21/2024) |
| 08/21/2024 | 1032 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−22386722.<br><br>Presented before District Judge<br><br>(Goodnow, Christopher) (Entered: 08/21/2024) |
| 08/21/2024 | 1033 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−22386744.<br><br>Presented before District Judge<br><br>(Edwards, Travis) (Entered: 08/21/2024) |
| 08/21/2024 | 1034 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−22386760.<br><br>Presented before District Judge<br><br>(Graber, Dustin) (Entered: 08/21/2024) |

| 08/21/2024 | 1035 | MINUTE entry before the Honorable Sunil R. Harjani: MOTION to appear pro hac vice by attorneys Collin R. White, Christopher C. Goodnow, Travis G. Edwards and Dustin G. Graber for Amory Investments LLC and Carina Ventures LLC 1031 , 1032 , 1033 , 1034 are granted. Mailed notice (lxs, ) (Entered: 08/21/2024) |
|---|---|---|
| 08/21/2024 | 1036 | ATTORNEY Appearance for Plaintiffs Amory Investments LLC, Carina Ventures LLC by Collin R. White (White, Collin) (Entered: 08/21/2024) |
| 08/21/2024 | 1037 | ATTORNEY Appearance for Plaintiffs Amory Investments LLC, Carina Ventures LLC by Christopher C Goodnow (Goodnow, Christopher) (Entered: 08/21/2024) |
| 08/21/2024 | 1038 | ATTORNEY Appearance for Plaintiffs Amory Investments LLC, Carina Ventures LLC by Travis G. Edwards (Edwards, Travis) (Entered: 08/21/2024) |
| 08/21/2024 | 1039 | ATTORNEY Appearance for Plaintiffs Amory Investments LLC, Carina Ventures LLC by Dustin G. Graber (Graber, Dustin) (Entered: 08/21/2024) |
| 08/21/2024 | 1040 | STATUS Report *Jointly Filed with Defendants* by Carina Ventures LLC<br><br>Presented before Magistrate Judge<br><br>(Ho, Derek) (Entered: 08/21/2024) |
| 08/28/2024 | 1041 | MOTION by Plaintiff John Gross and Company, Inc. to seal *exhibit slides used during the July 24, 2024 hearing of the Direct Purchaser Plaintiffs' motion for class certification*<br><br>Presented before District Judge<br><br>(Scarlett, Shana) (Entered: 08/28/2024) |
| 08/28/2024 | 1042 | Letter attaching exhibit slides used during the July 24, 2024 hearing of the Direct Purchaser Plaintiffs' motion for class certification by John Gross and Company, Inc. (Attachments: # 1 Exhibit 1 − redacted)(Scarlett, Shana) (Entered: 08/28/2024) |
| 08/28/2024 | 1043 | SEALED DOCUMENT by Plaintiff John Gross and Company, Inc. *exhibit slides used during the July 24, 2024 hearing of the Direct Purchaser Plaintiffs' motion for class certification* (Scarlett, Shana) (Entered: 08/28/2024) |
| 08/29/2024 | 1044 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−22419230.<br><br>Presented before District Judge<br><br>(Attachments: # 1 Exhibit A − Bar Admissions)(Vickers, Jessica) (Entered: 08/29/2024) |
| 08/30/2024 | 1045 | MINUTE entry before the Honorable Sunil R. Harjani: Plaintiff's motion 1041 is denied without prejudice. Simply designating documents as Confidential or Highly Confidential, by itself, is not a sufficient legal basis to seal materials on a public docket. Plaintiff and/or Defendant may refile the motion with a proper legal basis and analysis of the issue. Mailed notice (lxs, ) (Entered: 08/30/2024) |
| 08/30/2024 | 1046 | MINUTE entry before the Honorable Sunil R. Harjani: Motion to appear pro hac vice by Attorney Jesscia B Vickers for Prestage Farms of South Carolina, LLC, Prestage Farms, Inc. and Prestage Foods, Inc. 1044 is granted. Mailed notice (lxs, ) (Entered: 08/30/2024) |
| 08/30/2024 | 1047 | MOTION by Defendants Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. to amend/correct Order on Motion to Dismiss for Failure to State a Claim,, terminate motions, 1028 *(Defendants' Motion to Amend or Correct the Court's August 16, 2024 Order Requiring Defendants to Answer Direct−Action Plaintiff Aramark's First Amended Complaint)* |

| | | |
|---|---|---|
| | | Presented before District Judge<br><br>(Provance, Matthew) (Entered: 08/30/2024) |
| 08/30/2024 | 1048 | MINUTE entry before the Honorable Sunil R. Harjani: Aramark shall file a statement on 9/3/24 stating whether the motion to correct 1047 is opposed or unopposed. Mailed notice (lxs, ) (Entered: 08/30/2024) |
| 09/04/2024 | 1049 | LETTER by Bernie's LLC, Gnemi, LLC d/b/a Logan Farms, Liberty Holding Company, Maquoketa Care Center, Martin's BBQ, LLC, Sandee's Bakery, Social Kitchen *Letter Attaching Exhibit Slides from July 24, 2024 Hearing of Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Class Certification* (Attachments: # 1 Exhibit 1 − CIIPP Appendices 1−10)(Flannery, Michael) (Entered: 09/04/2024) |
| 09/04/2024 | 1050 | MINUTE entry before the Honorable Sunil R. Harjani: Evidentiary Hearing set for 10/9/2024 and 10/10/2024 is amended to begin at 9:00 a.m. Mailed notice (lxs, ) (Entered: 09/04/2024) |
| 09/04/2024 | 1051 | Letter attaching exhibit slides used during the July 24, 2024 hearing of the Direct Purchaser Plaintiffs' motion for class certification by John Gross and Company, Inc. (Attachments: # 1 Exhibit 1)(Scarlett, Shana) (Entered: 09/04/2024) |
| 09/04/2024 | 1052 | Letter attaching exhibit slides used by Defendants during the July 24, 2024 hearing on the Direct Purchaser Plaintiffs' motion for class certification by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Miller, Britt) (Entered: 09/04/2024) |
| 09/04/2024 | 1053 | STATEMENT by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc. *Defendants' Statement regarding their Motion to Amend or Correct the Court's August 16, 2024 Order Requiring Defendants to Answer Plaintiff's First Amended Complaint* (Miller, Britt) (Entered: 09/04/2024) |
| 09/05/2024 | 1054 | MINUTE entry before the Honorable Sunil R. Harjani: Given that no statement was filed opposing Defendants' motion 1048 , Defendant's motion to amend or correct 1047 is granted as unopposed and the date for Defendants to answer the Aramark Complaint that was previously set for 9/6/24 is stricken. Mailed notice (lxs, ) (Entered: 09/05/2024) |
| 09/25/2024 | 1055 | STATUS Report *(Joint Status Report Regarding Evidentiary Hearing on Motion for Class Certification)* by Agri Stats, Inc., Butterball LLC, Cargill Meat Solutions Corporation, Cargill, Inc., Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC, Foster Poultry Farms, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Jennie−O Turkey Store, Inc., Perdue Farms, Inc., Perdue Foods LLC, Prestage Farms of South Carolina, LLC, Prestage Farms, Inc., Prestage Foods, Inc.<br><br>Presented before District Judge<br><br>(Miller, Britt) (Entered: 09/25/2024) |
| 09/26/2024 | 1056 | MINUTE entry before the Honorable Sunil R. Harjani: Docket entry no. 1050 is enhanced to include the following: Members of the public and media will be able to call in to listen to this hearing but will be placed on mute. The call−in number is (855) 244−8681 and the access code is 172 628 1276##. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Mailed notice (lxs, ) (Entered: 09/26/2024) |

| 09/26/2024 | 1057 | MOTION by Attorney Stephen M. Owen to withdraw as attorney for John Gross and Company, Inc., Maplevale Farms, Inc.. No party information provided<br><br>Presented before District Judge<br><br>(Clark, Brian) (Entered: 09/26/2024) |
|---|---|---|
| 09/26/2024 | 1058 | MINUTE entry before the Honorable Sunil R. Harjani: MOTION by Attorney Stephen M. Owen to withdraw as attorney for John Gross and Company, Inc. and Maplevale Farms, Inc. 1057 is granted. Mailed notice (lxs, ) (Entered: 09/26/2024) |
| 10/08/2024 | 1059 | Direct Purchaser Plaintiffs' and Commercial & Institutional Indirect Purchaser Plaintiffs' Joint Notice of Supplemental Authority in Support of Their Motions for Class Certification and Their Oppositions to Defendants' Motions to Exclude Expert Testimony by John Gross and Company, Inc., Maplevale Farms, Inc. (Attachments: # 1 Exhibit A)(Scarlett, Shana) (Entered: 10/08/2024) |
| 10/09/2024 | 1060 | MINUTE entry before the Honorable Sunil R. Harjani: Evidentiary hearing regarding Daubert motions and motions for class certification are continued to 10/10/24 at 8:30 a.m. Mailed notice (lxs, ) (Entered: 10/10/2024) |
| 10/10/2024 | 1062 | MINUTE entry before the Honorable Sunil R. Harjani: Evidentiary hearing as to Daubert motions and motions for class certification held on 10/10/24 and concluded. Mailed notice (lxs, ) (Entered: 10/15/2024) |
| 10/15/2024 | 1061 | Direct Purchaser Plaintiffs' Slides Used in Evidentiary Hearing on October 9, 2024 and October 10, 2024 by John Gross and Company, Inc., Maplevale Farms, Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Clark, Brian) (Entered: 10/15/2024) |
| 10/16/2024 | 1063 | ORDER Signed by the Honorable Sunil R. Harjani on 10/16/2024: Defendants' motion to certify the Court's March 28, 2024 Order for Interlocutory Appeal 955 is denied. [See Order For Details] Mailed notice(lxs, ) (Entered: 10/16/2024) |
| 10/17/2024 | 1064 | SLIDES by Sandee's Bakery, Gnemi, LLC d/b/a Logan Farms, Maquoketa Care Center, Bernie's LLC, Martin's BBQ, LLC, Social Kitchen, Liberty Holding Company *Commercial and Institutional Indirect Purchaser Plaintiffs' Slides Used in Evidentiary Hearing on October 9, 2024 and October 10, 2024* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Flannery, Michael) (Entered: 10/17/2024) |
| 10/17/2024 | 1065 | STATUS Report *[FILED JOINTLY]* by John Gross and Company, Inc., Maplevale Farms, Inc.<br><br>Presented before Magistrate Judge<br><br>(Morbey, Simeon) (Entered: 10/17/2024) |
| 10/21/2024 | 1066 | MINUTE entry before the Honorable Keri L. Holleb Hotaling: Telephonic status hearing to address the issues raised in the parties' joint status report [Dkt. 1065] is set for 11/5/2024 at 10:30 a.m. The call−in information is 888−684−8852, and the passcode is 3214701. (rbf, ) (Entered: 10/21/2024) |
| 10/21/2024 | 1067 | NOTICE by Foster Poultry Farms, The Hillshire Brands Company, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., The Kroger Co., Perdue Farms, Inc., Perdue Foods LLC, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., Agri Stats, Inc., Butterball LLC, Cargill, Inc., Cargill Meat Solutions Corporation, Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC re evidentiary hearing 1062 , evidentiary hearing 1060 (Attachments: # 1 Exhibit Ex. 1 − Dr. Stiroh Direct Exam Slides, # 2 Exhibit Ex. 2 − Dr. Williams Cross Examination Materials) (Miller, Britt) (Entered: 10/21/2024) |
| 10/23/2024 | 1068 | MINUTE entry before the Honorable Sunil R. Harjani: In−person post−hearing argument set for 10/24/2024 at 10:00 a.m., stands. Members of the public and media will be able to call in to listen to this hearing but will be placed on mute. The call−in number is (855) 244−8681 and the access code is 172 628 1276##. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Mailed notice (lxs, |

| | | |
|---|---|---|
| | | ) (Entered: 10/23/2024) |
| 10/24/2024 | <u>1069</u> | MINUTE entry before the Honorable Sunil R. Harjani: Post evidentiary hearing oral argument held. The Court will issue a written ruling as to Daubert motions and motions for class certification via CM/ECF. Mailed notice (lxs, ) (Entered: 10/24/2024) |
| 10/28/2024 | <u>1070</u> | Direct Purchaser Plaintiffs' Slides Used During Closing Argument Regarding Class Certification by John Gross and Company, Inc., Maplevale Farms, Inc. (Attachments: # <u>1</u> Exhibit 1)(Scarlett, Shana) (Entered: 10/28/2024) |
| 10/30/2024 | <u>1071</u> | SLIDES by Sandee's Bakery, Gnemi, LLC d/b/a Logan Farms, Maquoketa Care Center, Bernie's LLC, Martin's BBQ, LLC, Social Kitchen, Liberty Holding Company *Commercial and Institutional Indirect Purchaser Plaintiffs' Slides Used in Post−Hearing Argument on October 24th, 2024* (Attachments: # <u>1</u> Exhibit 1)(Flannery, Michael) (Entered: 10/30/2024) |
| 10/30/2024 | <u>1072</u> | SLIDES by Foster Poultry Farms, The Hillshire Brands Company, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., The Kroger Co., Perdue Farms, Inc., Perdue Foods LLC, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., Agri Stats, Inc., Butterball LLC, Cargill, Inc., Cargill Meat Solutions Corporation, Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC (Attachments: # <u>1</u> Exhibit 1 − Defendants' DPP Slides, # <u>2</u> Exhibit 2 − Defendants' CIIPP Slides)(Miller, Britt) (Entered: 10/30/2024) |
| 11/05/2024 | <u>1073</u> | MINUTE entry before the Honorable Keri L. Holleb Hotaling: Telephonic status held on 11/5/2024 and continued to 2/4/2025 at 10:00 a.m., at which the parties should be prepared to address Plaintiffs' motion to amend/correct the scheduling and discovery order Dkt. <u>604</u> . Mailed notice. (jn,) Modified on 11/5/2024 (jn, ). (Entered: 11/05/2024) |
| 11/06/2024 | <u>1074</u> | TRANSCRIPT OF PROCEEDINGS held on October 9, 2024, Pages 1−302, before the Honorable Sunil R. Harjani. Order Number: 49985. Court Reporter Contact Information: Laura LaCien, 312−408−5032, laura_lacien@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/27/2024. Redacted Transcript Deadline set for 12/9/2024. Release of Transcript Restriction set for 2/4/2025. (Lacien, Laura) (Entered: 11/06/2024) |
| 11/06/2024 | <u>1075</u> | TRANSCRIPT OF PROCEEDINGS held on October 10, 2024, Pages 303−546, before the Honorable Sunil R. Harjani. Order Number: 49985. Court Reporter Contact Information: Laura LaCien, 312−408−5032, laura_lacien@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/27/2024. Redacted Transcript Deadline set for 12/9/2024. Release of Transcript Restriction set for 2/4/2025. (Lacien, Laura) (Entered: 11/06/2024) |
| 11/07/2024 | <u>1076</u> | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−22703143.<br><br>Presented before District Judge |

| | | |
|---|---|---|
| | | (Fleysh, Olga) (Entered: 11/07/2024) |
| 11/08/2024 | 1077 | MINUTE entry before the Honorable Sunil R. Harjani: Motion to appear pro hac vice by Attorney Olga Fleysh for Agri Stats, Inc. 1076 is granted. Mailed notice (lxs, ) (Entered: 11/08/2024) |
| 11/13/2024 | 1078 | MINUTE entry before the Honorable Keri L. Holleb Hotaling: In light of the 2/4/2025 telephonic status hearing [see Dkt. 1073], the joint status report due 11/14/2024 [see Dkt. 1027] is hereby stricken. (rbf, ) (Entered: 11/13/2024) |
| 11/21/2024 | 1079 | TRANSCRIPT OF PROCEEDINGS held on October 24, 2024, before the Honorable Sunil R. Harjani. Order Number: 50178. Court Reporter Contact Information: Laura LaCien, 312−408−5032, laura_lacien@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 12/12/2024. Redacted Transcript Deadline set for 12/23/2024. Release of Transcript Restriction set for 2/19/2025. (Lacien, Laura) (Entered: 11/21/2024) |
| 12/05/2024 | 1080 | NOTICE by Evelyn Y Riley of Change of Address (Riley, Evelyn) (Entered: 12/05/2024) |
| 12/06/2024 | 1081 | NOTICE by Melissa Jean Morgans of Change of Address (Morgans, Melissa) (Entered: 12/06/2024) |
| 12/06/2024 | 1082 | NOTICE by Cody Douglas McCracken of Change of Address (McCracken, Cody) (Entered: 12/06/2024) |
| 12/06/2024 | 1083 | NOTICE by Daniel M. Cohen of Change of Address (Cohen, Daniel) (Entered: 12/06/2024) |
| 12/19/2024 | 1084 | MOTION by Attorney Richard A. Duncan to withdraw as attorney for Jennie−O Turkey Store, Inc., Hormel Foods Corporation, Hormel Foods, LLC. No party information provided<br><br>Presented before District Judge<br><br>(Chow, Emily) (Entered: 12/19/2024) |
| 12/20/2024 | 1085 | MINUTE entry before the Honorable Sunil R. Harjani: Motion to withdraw as counsel by Richard A. Duncan 1084 is granted. Mailed notice (lxs, ) (Entered: 12/20/2024) |
| 12/20/2024 | 1086 | MOTION by Attorney Rachel J. Adcox to withdraw as attorney for The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc.. No party information provided<br><br>Presented before District Judge<br><br>(Adcox, Rachel) (Entered: 12/20/2024) |
| 12/20/2024 | 1087 | MINUTE entry before the Honorable Sunil R. Harjani: Motion for leave to withdraw appearance by Rachel J. Adcox as counsel 1086 is granted. Mailed notice (lxs, ) (Entered: 12/20/2024) |
| 12/27/2024 | 1088 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement |

| | | |
|---|---|---|
| | | their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Honorable Virginia M. Kendall on 12/27/2024: Mailed notice. (tg, ) (Entered: 12/27/2024) |
| 01/06/2025 | 1089 | NOTICE by Victoria J. Lu of Change of Address (Lu, Victoria) (Entered: 01/06/2025) |
| 01/08/2025 | 1090 | NOTICE by Henry W. Jones, Junio of Change of Address (Jones, Henry) (Entered: 01/08/2025) |
| 01/13/2025 | 1091 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by The Hillshire Brands Company, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc. (Rohrbaugh, Tiffany) (Entered: 01/13/2025) |
| 01/13/2025 | 1092 | MOTION by Plaintiff Carina Ventures LLC to Schedule a Status Conference<br><br>Presented before Magistrate Judge<br><br>(Attachments: # 1 Exhibit A)(Goodnow, Christopher) (Entered: 01/13/2025) |
| 01/13/2025 | 1093 | Commercial & Institutional Indirect Purchaser Plaintiffs' and Direct Purchaser Plaintiffs' Joint Notice of Supplemental Authority in Support of Their Motions for Class Certification and Their Oppositions to Defendants' Motions to Exclude Expert Testimony by Sandee's Bakery, Gnemi, LLC d/b/a Logan Farms, Maquoketa Care Center, Bernie's LLC, Martin's BBQ, LLC, Social Kitchen, Liberty Holding Company (Attachments: # 1 Exhibit A)(Flannery, Michael) (Entered: 01/13/2025) |
| 01/15/2025 | 1094 | RESPONSE by Defendants Foster Poultry Farms, The Hillshire Brands Company, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., Agri Stats, Inc., Butterball LLC, Cargill, Inc., Cargill Meat Solutions Corporation, Cooper Farms, LLC, Farbest Foods, Inc., Foster Farms, LLC to motion for miscellaneous relief 1092 (Attachments: # 1 Exhibit 1)(Coleman, Craig) (Entered: 01/15/2025) |
| 01/15/2025 | 1095 | REPLY by Plaintiff Carina Ventures LLC to motion for miscellaneous relief 1092 *(Reply in Support of Carina Ventures LLC's Opposed Motion to Schedule a Status Conference)* (Goodnow, Christopher) (Entered: 01/15/2025) |
| 01/15/2025 | 1096 | MINUTE entry before the Honorable Keri L. Holleb Hotaling: The Court is in receipt of both Carina's Opposed Motion to Schedule a Status Conference [Dkt. 1092] and Defendants' Response to Carina's Opposed Motion to Schedule a Status Conference [Dkt. 1094]. What is clear from both pleadings is that the parties disagree about the schedule, but it is apparent that Court intervention is necessary and welcomed in the form of a status conference. Therefore, solely to the extent Carina's motion requests a status conference, that motion [Dkt. 1092] is granted. The Court hereby sets a telephonic status hearing on 1/22/2025 at 9:30 a.m. to set the discovery deadlines related to the merits of Carina Ventures LLC's claims. The call in information is 855−244−8681, and the participant access code is 2315 0911 461#. (rbf, ) (Entered: 01/15/2025) |
| 01/15/2025 | 1097 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. for leave to file excess pages<br><br>Presented before District Judge<br><br>(Clark, Brian) (Entered: 01/15/2025) |
| 01/15/2025 | 1098 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. Direct Purchaser Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Settlement Agreement with Cargill and Approval of Claims Process and Notice Plan<br><br>Presented before District Judge |

| | | |
|---|---|---|
| | | (Clark, Brian) (Entered: 01/15/2025) |
| 01/15/2025 | 1099 | MEMORANDUM by John Gross and Company, Inc., Maplevale Farms, Inc. in support of motion for miscellaneous relief, 1098 *Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement with Cargill and Approval of a Claims Process and Notice Plan* (Clark, Brian) (Entered: 01/15/2025) |
| 01/15/2025 | 1100 | DECLARATION of Brian D. Clark regarding memorandum in support of motion, 1099 *Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement with Cargill and Approval of a Claims Process and Notice Plan* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Clark, Brian) (Entered: 01/15/2025) |
| 01/15/2025 | 1101 | DECLARATION of Eric Schachter regarding memorandum in support of motion, 1099 *Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement with Cargill and Approval of a Claims Process and Notice Plan* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Clark, Brian) (Entered: 01/15/2025) |
| 01/15/2025 | 1102 | DECLARATION of Robyn Griffin regarding memorandum in support of motion, 1099 *Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement with Cargill and Approval of a Claims Process and Notice Plan* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Clark, Brian) (Entered: 01/15/2025) |
| 01/16/2025 | 1103 | MINUTE entry before the Honorable Sunil R. Harjani: Direct Purchaser Plaintiffs' motion for preliminary approval of settlement agreement with Cargill and approval of claims process and notice plan 1098 is set for 1/30/2025 at 10:00 a.m. via videoconference. **The Court does not permit the use of cell phones for the videoconference.** Mailed notice (lxs, ) Modified on 1/16/2025 (lxs, ). (Entered: 01/16/2025) |
| 01/16/2025 | 1104 | MINUTE entry before the Honorable Sunil R. Harjani: Direct Purchaser Plaintiffs Agreed Motion for Leave to File a Memorandum in Support of their Motion for Preliminary Approval of Settlement with Defendant Cargill and Approval of a Claims Process and Plan of Notice not to exceed 25 pages 1097 is granted. Mailed notice (lxs, ) (Entered: 01/16/2025) |
| 01/17/2025 | 1105 | RESPONSE by Defendants Foster Poultry Farms, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Agri Stats, Inc., Butterball LLC, Cargill, Inc., Cargill Meat Solutions Corporation, Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC to other, 1093 (Foley, Danielle) (Entered: 01/17/2025) |
| 01/22/2025 | 1106 | MINUTE entry before the Honorable Sunil R. Harjani: For the reasons and to the extent stated in the Memorandum Opinion and Order entered this day, Plaintiffs' motions for class certification [828, 836] are granted, Defendants' motions to exclude the expert opinions of Dr. Russell Mangum and Michael A. Williams, Ph.D. [887, 893] are denied, Plaintiffs' motion to exclude expert testimony of Lauren Stiroh 831 is granted in part and denied in part, and Direct Purchaser Plaintiffs' motion to strike 941 is granted in part as to the request to file exhibits 171 and 185 and denied in part as to the request to strike exhibits 81 and 123−125. Pursuant to the Scheduling and Discovery Order 210 , by 2/21/2025, the parties shall file a joint status report with a joint proposed schedule for the filing of dispositive motions, merits expert discovery, Daubert motions for merits experts, motions in limine, and other final pre−trial matters, if applicable. Telephone status hearing set for 2/27/2025 at 10:00 a.m. The call−in number is (855) 2448681 and the access code is 172 628 1276##. Attorneys of record may not use speakerphones during the status hearing. Members of the public and media will be able to call in to listen to this hearing but will be placed on mute. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Mailed notice (lxs, ) (Entered: 01/22/2025) |
| 01/22/2025 | 1107 | MEMORANDUM Opinion and Order Signed by the Honorable Sunil R. Harjani on 1/22/2025. Mailed notice(lxs, ) (Entered: 01/22/2025) |

| 01/22/2025 | 1108 | MINUTE entry before the Honorable Keri L. Holleb Hotaling: Telephonic status hearing held on 1/22/2205. Parties are to revise their proposed discovery schedule per the Court's comments in open court, and submit the same to the Court's proposed order inbox (Proposed_Order_HollebHotaling@ilnd.uscourts.gov) by COB today, 1/22/2025. The Court will enter that order as soon as possible upon receipt of the proposed schedule. (rbf, ) (Entered: 01/22/2025) |
|---|---|---|
| 01/23/2025 | 1109 | ORDER Signed by the Honorable Keri L. Holleb Hotaling on 1/23/2025.(rbf, ) (Entered: 01/23/2025) |
| 01/24/2025 | 1110 | Notice of Compliance by Cargill, Inc., Cargill Meat Solutions Corporation (Attachments: # 1 Declaration of Matthew D. Provance)(Provance, Matthew) (Entered: 01/24/2025) |
| 01/27/2025 | 1111 | TRANSCRIPT OF PROCEEDINGS held on 11/05/2024 before the Honorable Keri L. Holleb Hotaling. Order Number: 50785. Court Reporter Contact Information: Rosemary Scarpelli, (312)435−5885, Rosemary_Scarpelli@ilnd.uscourts.gov, on behalf of PAMELA WARREN.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 2/17/2025. Redacted Transcript Deadline set for 2/27/2025. Release of Transcript Restriction set for 4/28/2025. (Scarpelli, Rosemary) (Entered: 01/27/2025) |
| 01/27/2025 | 1112 | TRANSCRIPT OF PROCEEDINGS held on 01/22/2025 before the Honorable Keri L. Holleb Hotaling. Order Number: 50784. Court Reporter Contact Information: Rosemary Scarpelli, (312)435−5885, Rosemary_Scarpelli@ilnd.uscourts.gov, on behalf of PAMELA WARREN.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 2/17/2025. Redacted Transcript Deadline set for 2/27/2025. Release of Transcript Restriction set for 4/28/2025. (Scarpelli, Rosemary) (Entered: 01/27/2025) |
| 01/28/2025 | 1113 | MOTION by Defendants Foster Poultry Farms, The Hillshire Brands Company, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., The Kroger Co., Kraft Heinz Foods Company, Kraft Foods Group Brands LLC, Perdue Farms, Inc., Perdue Foods LLC, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., Agri Stats, Inc., Butterball LLC, Cargill, Inc., Cargill Meat Solutions Corporation, Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC for leave to file *Under Seal Motion for Leave to File Instanter Motion for Summary Judgment (Unopposed)*

Presented before District Judge

(Bono, Gaspare) (Entered: 01/28/2025) |
| 01/28/2025 | 1114 | MOTION by Defendants Foster Poultry Farms, The Hillshire Brands Company, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., The Kroger Co., Kraft Heinz Foods Company, Kraft Foods Group Brands LLC, Perdue Farms, Inc., Perdue Foods LLC, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., Agri Stats, Inc., Butterball LLC, |

| | | |
|---|---|---|
| | | Cargill, Inc., Cargill Meat Solutions Corporation, Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC for leave to file *Instanter Motion for Summary Judgment to Dismiss Carina Ventures, LLC's Amended Complaint with Prejudice (Opposed)*<br><br>Presented before District Judge<br><br>(Attachments: # 1 Exhibit A − Defendants' Motion for Summary Judgment to Dismiss Plaintiff Carina Ventures LLC's Amended Complaint with Prejudice, # 2 Exhibit B − Memorandum of Law in Support (Redacted), # 3 Exhibit C − Defendants' Local Rule 56.1 Statement of Material Facts (Redacted), # 4 Exhibit D − Declaration of Gaspare J. Bono and Exhibits 1−24 (Portions Under Seal))(Bono, Gaspare) (Entered: 01/28/2025) |
| 01/28/2025 | 1115 | SEALED MOTION by Defendants Foster Poultry Farms, The Hillshire Brands Company, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., The Kroger Co., Kraft Heinz Foods Company, Kraft Foods Group Brands LLC, Perdue Farms, Inc., Perdue Foods LLC, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., Agri Stats, Inc., Butterball LLC, Cargill, Inc., Cargill Meat Solutions Corporation, Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC *for leave to file Instanter Motion for Summary Judgment to Dismiss Carina Ventures, LLC's Amended Complaint with Prejudice (Opposed)*<br><br>Presented before District Judge<br><br>(Attachments: # 1 Exhibit A − Defendants' Motion for Summary Judgment to Dismiss Plaintiff Carina Ventures LLC's Amended Complaint with Prejudice, # 2 Exhibit B − Memorandum of Law in Support, # 3 Exhibit C − Defendants' Local Rule 56.1 Statement of Material Facts, # 4 Exhibit D − Declaration of Gaspare J. Bono and Exhibits 1−24)(Bono, Gaspare) (Entered: 01/28/2025) |
| 01/29/2025 | 1116 | MINUTE entry before the Honorable Sunil R. Harjani: Defendants' opposed motion for entry of an Order granting them leave to file instanter a Motion for Summary Judgment against Plaintiff Carina Ventures LLC 1114 is set for 2/5/2025 at 10:00 a.m. via videoconference. The Court will only address whether a motion for summary judgment is ripe for adjudication at this time in the litigation, and not the merits of any such motion. **The Court does not permit the use of cell phones for the videoconference.** Details to follow. Mailed notice (lxs, ) (Entered: 01/29/2025) |
| 01/29/2025 | 1117 | RESPONSE by Carina Ventures LLCin Opposition to MOTION by Defendants Foster Poultry Farms, The Hillshire Brands Company, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, 1114 *(Plaintiff Carina Ventures LLC's Opposition To Defendants' Motion For Leave To File Instanter Motion For Summary Judgment)* (Goodnow, Christopher) (Entered: 01/29/2025) |
| 01/29/2025 | 1118 | MINUTE entry before the Honorable Sunil R. Harjani: Docket entry no. 1103 is enhanced to include the following: The call in number is 855−244−8681 and the access code is 2315 694 4553##. Members of the public and media will be able to call in to listen to this hearing but will be placed on mute. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Mailed notice (lxs, ) (Entered: 01/29/2025) |
| 01/30/2025 | 1119 | MINUTE entry before the Honorable Sunil R. Harjani: Motion hearing held via videoconference. For the reasons stated on the record and the absence of any objectors, the Court finds on preliminary review that the proposed settlement is within the range of possible approval and is at this preliminary stage, fair, reasonable, and adequate. As a result, Direct Purchaser Plaintiffs ("DPPs") Motion for Preliminary Approval of the Settlement Agreement with Cargill and Approval of Claims Process and Notice Plan 1098 is granted. Fairness hearing set for 6/18/2025 at 10:00 a.m. via videoconference. The proposed order shall be submitted via email to Proposed_Order_Harjani@ilnd.uscourts.gov. The call−in number is (855) 244−8681 and the access code is 2319 163 9975##. Attorneys of record may not use speakerphones during the status hearing. Members of the public and media will be able to call in to listen to this hearing but will be placed on mute. Persons granted remote access to proceedings are reminded of the general prohibition against |

| | | |
|---|---|---|
| | | photographing, recording, and rebroadcasting of court proceedings. Mailed notice (lxs, ) (Entered: 01/30/2025) |
| 01/30/2025 | 1120 | MOTION by Plaintiffs John Gross and Company, Inc., Maplevale Farms, Inc. for extension of time *(Jointly Agreed Upon Motion) of the Deadline for Motion Practice Regarding Limited Evidentiary Discovery*<br><br>Presented before Magistrate Judge<br><br>(Morbey, Simeon) (Entered: 01/30/2025) |
| 01/30/2025 | 1121 | MINUTE entry before the Honorable Keri L. Holleb Hotaling: The parties' Agreed Motion for Extension of the Deadline for Motion Practice Regarding Limited Evidentiary Discovery [Dkt. 1120] will be heard at the 2/4/2025 status hearing, which is converted to a motion hearing. As before [see Dkt. 1173], Plaintiffs' motion to amend/correct the scheduling and discovery order [Dkt. 604] will be addressed at the same time. The call in information is 855−244−8681, and the participant access code is 2315 0911 461#. All participants on the call will be expected to mute themselves unless they are speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (ec) (Entered: 01/30/2025) |
| 01/30/2025 | 1128 | ORDER Granting Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement with Defendant Cargil and Approval of a Claims Process and Plan of Notice. Signed by the Honorable Sunil R. Harjani on 1/30/2025. Mailed notice (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (lxs, ) (Entered: 02/04/2025) |
| 02/03/2025 | 1122 | RESPONSE by John Gross and Company, Inc., Maplevale Farms, Inc. to MOTION by Defendants Foster Poultry Farms, The Hillshire Brands Company, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, 1114 *Response by Direct Purchaser Plaintiff Class and Commercial Institutional and Indirect Purchaser Plaintiff Class to Defendants' Motion for Leave to File Instanter Motion for Summary Judgment (ECF No. 1114)* (Clark, Brian) (Entered: 02/03/2025) |
| 02/03/2025 | 1123 | REPLY by Foster Poultry Farms, The Hillshire Brands Company, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, House of Raeford Farms, Inc., Perdue Farms, Inc., Perdue Foods LLC, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., Agri Stats, Inc., Butterball LLC, Cargill, Inc., Cargill Meat Solutions Corporation, Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC to MOTION by Defendants Foster Poultry Farms, The Hillshire Brands Company, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, 1114 *(Defendants' Reply in Support of Defendants' Opposed Motion for Leave to File Instanter Motion for Summary Judgment to Dismiss Carina Ventures LLC's Amended Complaint With Prejudice)* (Bono, Gaspare) (Entered: 02/03/2025) |
| 02/04/2025 | 1124 | MINUTE entry before the Honorable Sunil R. Harjani: Defendants' motion for leave to file a summary judgment motion as to Carina Ventures 114 is granted and the motion hearing set for 2/5/25 is stricken as unnecessary, in light of the fact that the motion is now fully briefed. This Court granted limited expedited discovery on the jurisdictional issues so that it may decide this issue earlier than the other merits−related issues. Carina provides this Court with no good reason as to why it should deviate from its original plan. But to be clear, Magistrate Judge Hotaling's discovery schedule entered on 1/23/25 1109 stands and discovery shall proceed as ordered. Defendants shall file their summary judgment brief as to Carina as a separate docket entry, Carina shall file its response by 3/4/25 and any reply brief shall be filed by 3/18/25. Mailed notice (lxs, ) (Entered: 02/04/2025) |

| | | |
|---|---|---|
| 02/04/2025 | 1125 | MOTION by Defendants Foster Poultry Farms, The Hillshire Brands Company, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., The Kroger Co., Kraft Heinz Foods Company, Kraft Foods Group Brands LLC, Perdue Farms, Inc., Perdue Foods LLC, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., Agri Stats, Inc., Butterball LLC, Cargill, Inc., Cargill Meat Solutions Corporation, Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC *for Summary Judgment to Dismiss Plaintiff Carina Ventures LLC's Amended Complaint with Prejudice*<br><br>Presented before District Judge<br><br>(Bono, Gaspare) (Entered: 02/04/2025) |
| 02/04/2025 | 1126 | MEMORANDUM by Foster Poultry Farms, The Hillshire Brands Company, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., The Kroger Co., Kraft Heinz Foods Company, Kraft Foods Group Brands LLC, Perdue Farms, Inc., Perdue Foods LLC, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., Agri Stats, Inc., Butterball LLC, Cargill, Inc., Cargill Meat Solutions Corporation, Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC in support of motion for miscellaneous relief,,, 1125 *(Memorandum of Law in Support of Defendants' Motion for Summary Judgment to Dismiss Plaintiff Carina Ventures LLC's Amended Complaint with Prejudice) (Redacted)* (Bono, Gaspare) (Entered: 02/04/2025) |
| 02/04/2025 | 1127 | RULE 56.1 (a)(2) Statement by Foster Poultry Farms, The Hillshire Brands Company, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., The Kroger Co., Kraft Heinz Foods Company, Kraft Foods Group Brands LLC, Perdue Farms, Inc., Perdue Foods LLC, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., Agri Stats, Inc., Butterball LLC, Cargill, Inc., Cargill Meat Solutions Corporation, Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC regarding motion for miscellaneous relief,,, 1125 *(Defendants' Local Rule 56.1 Statement of Material Facts) (Redacted)* (Bono, Gaspare) (Entered: 02/04/2025) |
| 02/04/2025 | 1129 | DECLARATION of Gaspare J. Bono regarding motion for miscellaneous relief,,, 1125 *(Declaration of Gaspare J. Bono in Support of Defendants' Motion for Summary Judgment to Dismiss Carina Ventures LLC's Amended Complaint with Prejudice) (Redacted)* (Bono, Gaspare) (Entered: 02/04/2025) |
| 02/04/2025 | 1130 | SEALED DOCUMENT by Defendants Foster Poultry Farms, The Hillshire Brands Company, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., The Kroger Co., Kraft Heinz Foods Company, Kraft Foods Group Brands LLC, Perdue Farms, Inc., Perdue Foods LLC, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., Agri Stats, Inc., Butterball LLC, Cargill, Inc., Cargill Meat Solutions Corporation, Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC *(Memorandum of Law in Support of Defendants' Motion for Summary Judgment to Dismiss Plaintiff Carina Ventures LLC's Amended Complaint with Prejudice)* (Bono, Gaspare) (Entered: 02/04/2025) |
| 02/04/2025 | 1131 | SEALED DOCUMENT by Defendants Foster Poultry Farms, The Hillshire Brands Company, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, Hormel Foods, LLC, House of Raeford Farms, Inc., The Kroger Co., Kraft Heinz Foods Company, Kraft Foods Group Brands LLC, Perdue Farms, Inc., Perdue Foods LLC, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., Agri Stats, Inc., Butterball LLC, Cargill, Inc., Cargill Meat Solutions Corporation, Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC *(Defendants' Local Rule 56.1 Statement of Material Facts)* (Bono, Gaspare) (Entered: 02/04/2025) |
| 02/04/2025 | 1132 | SEALED DOCUMENT by Defendants Foster Poultry Farms, The Hillshire Brands Company, Jennie−O Turkey Store, Inc., Prestage Farms, Inc., Prestage Foods, Inc., Prestage Farms of South Carolina, LLC, Hormel Foods Corporation, Hormel Foods, |

| | | |
|---|---|---|
| | | LLC, House of Raeford Farms, Inc., The Kroger Co., Kraft Heinz Foods Company, Kraft Foods Group Brands LLC, Perdue Farms, Inc., Perdue Foods LLC, Tyson Foods, Inc., Tyson Fresh Meats, Inc., Tyson Prepared Foods, Inc., Agri Stats, Inc., Butterball LLC, Cargill, Inc., Cargill Meat Solutions Corporation, Cooper Farms, Inc., Farbest Foods, Inc., Foster Farms, LLC *(Declaration of Gaspare J. Bono in Support of Defendants' Motion for Summary Judgment to Dismiss Carina Ventures LLC's Amended Complaint with Prejudice)* (Bono, Gaspare) (Entered: 02/04/2025) |
| 02/04/2025 | 1133 | MOTION by Attorney Melissa Morgans to withdraw as attorney for Sandee's Bakery, Gnemi, LLC d/b/a Logan Farms, Maquoketa Care Center, Bernie's LLC, Martin's BBQ, LLC, Social Kitchen, Liberty Holding Company. No party information provided

Presented before District Judge

(Morgans, Melissa) (Entered: 02/04/2025) |
| 02/04/2025 | 1134 | MINUTE entry before the Honorable Keri L. Holleb Hotaling: Telephonic motion hearing held 2/4/2025. Telephonic motion hearing continued to 4/1/2025 at 9:30 a.m. to address the parties' Agreed Motion for Extension of the Deadline for Motion Practice Regarding Limited Evidentiary Discovery [Dkt. 1120]. By 3/25/2025, the parties are to file a short statement regarding the remaining issues, if any, related to that motion [Dkt. 1120]. (rbf, ) (Entered: 02/05/2025) |
| 02/05/2025 | 1135 | MINUTE entry before the Honorable Sunil R. Harjani: Motion for leave to withdraw the appearance of Melissa Morgans 1113 is granted. Mailed notice (lxs, ) (Entered: 02/05/2025) |
| 02/05/2025 | | (Court only) *** Attorney Melissa Jean Morgans terminated. (lxs, ) (Entered: 02/05/2025) |
| 02/05/2025 | | (Court only) ***Deadlines and hearings Terminated., ***Deadlines terminated. (lxs, ) (Entered: 02/05/2025) |